Christopher J. Keller (*pro hac vice* forthcoming)
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice* forthcoming)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff Evy Gru
and Proposed Lead Counsel for the Class*

Brian Schall (#290685)
Rina Restaino (#285415)
**THE SCHALL LAW FIRM**
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Local Counsel for Proposed Lead Plaintiff Evy Gru
and Proposed Liaison Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VELODYNE LIDAR, INC., ANAND GOPALAN, and ANDREW HAMER, <br><br> Defendants. | Case No. 3:21-cv-01486-SI <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION AND MOTION OF EVY GRU FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: June 11, 2021 <br> Time: 10:00 a.m. <br> Courtroom: 1 – 17th Floor <br> Judge: Susan Illston |

| | | |
|---|---|---|
| 1 | ROBERT REESE, Individually and on Behalf of all Others Similarly Situated, | Case No. 3:21-cv-01736-VC |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | VELODYNE LIDAR, INC., ANAND GOPALAN, and ANDREW HAMER, | |
| 6 | | |
| 7 | Defendants. | |
| 8 | AROL E. NICK, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:21-cv-01950-JST |
| 9 | | |
| 10 | Plaintiff, | |
| 11 | v. | |
| 12 | VELODYNE LIDAR, INC. F/K/A GRAF INDUSTRIAL CORP., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, OC OPPORTUNITIES FUND II, L.P., OWL CREEK ASSET MANAGEMENT, L.P. and GRAF ACQUISITION LLC, | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | Defendants. | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

NOTICE OF MOTION AND MOTION ..................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED .......................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 2

I.   PRELIMINARY STATEMENT ..................................................................................... 2

II.  FACTUAL BACKGROUND .......................................................................................... 3

III. ARGUMENT ................................................................................................................... 5

    A.   The Related Actions Should Be Consolidated ..................................................... 5

    B.   Gru Should Be Appointed Lead Plaintiff ............................................................. 6

        1.   The PSLRA Standard for Appointing Lead Plaintiff ................................ 6

    C.   Gru Is the "Most Adequate Plaintiff" ................................................................... 7

        1.   Gru Satisfied the PSLRA's Procedural Requirements .............................. 7

        2.   Gru Has a Substantial Financial Interest ................................................... 7

        3.   Gru Satisfies Rule 23's Typicality and Adequacy Requirements ........................................................................................... 8

    D.   The Court Should Approve Gru's Choice of Counsel .......................................... 9

CONCLUSION ........................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ali v. Intel Corp.*,
  No. 18-cv-00507-YGR, 2018 WL 2412111 (N.D. Cal. May 29, 2018) ................................... 2

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ....................................................................................... 7, 8, 9, 10

*In re Cohen v. United States*,
  586 F.3d 703 (9th Cir. 2009) ..................................................................................................... 9

*In re Fastly, Inc. Sec. Litig.*,
  No. 20-cv-06024-PJH, 2021 WL 493386 (N.D. Cal. Feb. 10, 2021) ................................... 7, 8

*GGCC, LLC v. Dynamic Ledger Sols., Inc.*,
  No. 17-cv-06779-RS, 2018 WL 1388488 (N.D. Cal. Mar. 16, 2018) ...................................... 5

*Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*,
  877 F.2d 777 (9th Cir. 1989) ..................................................................................................... 5

*In re Solar City Corp. Sec. Litig.*,
  No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ..................................... 8

**Rules & Statutes**

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

Fed. R. Civ. P. 42 ................................................................................................................ *passim*

15 U.S.C. § 78u-4, *et seq.* ................................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-8141 (S.D.N.Y.) ..................................................................................................... 10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08-md-1963 (S.D.N.Y.) .................................................................................................... 10

*In re Broadcom Corp. Class Action Litig.*,
  No. 06-cv-05036 (C.D. Cal.) ................................................................................................... 11

*In re Countrywide Fin. Corp. Sec. Litig.*,
  No. 07-cv-5295 (C.D. Cal.) ..................................................................................................... 10

*In re Mercury Interactive Corp. Sec. Litig.*,
  No. 05-cv-3395 (N.D. Cal.) ..................................................................................................... 10

**Other Authorities**

*Newberg, et al.*, NEWBERG ON CLASS ACTIONS, §3:13 (4th ed. 2002) .......................................... 9

# NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Lead Plaintiff movant Evy Gru, ("Gru") by and through his counsel, hereby moves this Court in Courtroom 1 – 17th Floor of the Honorable Susan Illston at the United States District Court, Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, on June 11, 2021 at 10:00 a.m. or as soon thereafter as the matter may be heard, for the entry of an Order: (1) consolidating the above-captioned actions (the "Actions") pursuant to Rule 42 of the Federal Rules of Civil Procedure; (2) appointing Gru as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*; (3) approving the selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and the Schall Law Firm ("Schall Law") as Liaison Counsel for the Class (the "Motion"); and (4) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Gru believes he is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff. Specifically, Gru believes he has the "largest financial interest" in the relief sought by the Class in the Actions. Gru also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because his claims are typical of other Class members' claims, and because he will fairly and adequately represent the Class.

This Motion is based upon the accompanying Memorandum of Law in support thereof, the Declaration of Rina Restaino ("Restaino Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

**WHEREFORE**, Gru respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the Actions; (2) appointing Gru as Lead Plaintiff; (3) approving Gru's selection of Labaton Sucharow as Lead Counsel for the Class and Schall Law as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Court should consolidate the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Whether the Court should appoint Gru as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3. Whether the Court should approve of Gru's selection of Labaton Sucharow as Lead Counsel for the Class and Schall Law as Liaison Counsel to the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  PRELIMINARY STATEMENT**

Presently pending before the Court are three related securities class actions. The Actions allege that Velodyne Lidar, Inc. f/k/a Graf Industrial Corp. ("Velodyne" or the "Company"), certain of its executive officers, directors, and affiliates violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and have been brought on behalf of those who purchased or otherwise acquired Velodyne securities between July 2, 2020 and March 17, 2021, inclusive (the "Class Period"), who were damaged thereby (the "Class").[1]

In securities class actions, the PSLRA requires district courts to resolve consolidation prior to the appointment of a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, the Actions should be consolidated because they each involve identical legal and factual questions. *See* Fed. R. Civ. P. 42(a). As soon as practicable after its decision on consolidation, the PSLRA then instructs this Court to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which member of the Class has the "largest financial interest" in the relief sought by the Class, and also whether that movant

---

[1] The longest, most inclusive proposed class period has been used for the purposes of this motion, as is generally appropriate in the context of lead plaintiff appointment. *See, e.g.*, *Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 WL 2412111, at *2 n.6 (N.D. Cal. May 29, 2018) (collecting cases that use of "longer, most inclusive class period" appropriate at lead plaintiff stage) (citation omitted).

has made a *prima facie* showing of typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Gru respectfully submits that he should be appointed Lead Plaintiff because he has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA.  As discussed herein, Gru incurred *$204,999.33* in losses as a result of his transactions in Velodyne securities during the Class Period.[2]  In light of this significant loss, Gru has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any competing movant.  Gru also meets the typicality and adequacy requirements of Rule 23 because his claims are typical of those of absent Class members, and because he will fairly and adequately represent the interests of the Class.  Gru has further demonstrated his adequacy through his selection of Labaton Sucharow as proposed Lead Counsel for the Class.  Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Gru is the "most adequate plaintiff," and respectfully requests that the Court appoint him Lead Plaintiff and approve his selection of counsel.

## II.    FACTUAL BACKGROUND

Velodyne is a blank check company that used to be called Graf Industrial Corp. ("Graf Industrial").  On July 2, 2020, Graf Industrial issued a release announcing that it had entered into a merger agreement with a lidar laser company, to be funded by cash and new stock issuances, that valued the combined Company at $1.8 billion (the "Merger").  The release described Velodyne as a "pioneer" in the lidar field and highlighted the continued leadership of its "founder and industry icon," Hall, as well as the large equity stake that would purportedly

---

[2] A Copy of Gru's PSLRA Certification ("Certification") is attached as Exhibit A to the accompanying Restaino Decl., which sets forth all transactions for Gru in Velodyne securities during the Class Period.  In addition, a chart reflecting the calculation of Gru's losses as a result of his Class Period transactions in Velodyne securities ("Loss Analysis") is attached as Exhibit B to the Restaino Decl.

continue to be held by Ford Motor Co. ("Ford") following the Merger. The release represented that Velodyne was experiencing tremendous growth and on track to achieve $100 million in revenues in 2020 and $680 million in revenues by 2024.

The Actions allege that, throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Velodyne's iconic founder and Chairman, David Hall ("Hall"), was battling with Velodyne executives for control of the Company; (2) Velodyne was losing major customer contracts; (3) Velodyne was not on track to achieve its stated guidance and such guidance lacked a reasonable basis in fact; and (4) Velodyne's internal controls over financial reporting suffered from multiple material weaknesses.

On September 14, 2020, Defendants issued the final proxy statement for the Merger, which urged shareholders to vote in favor of the deal (the "Proxy"). The Complaint alleges that the Proxy misrepresented Velodyne's business, financials, and prospects, claiming, *inter alia*, that: (1) Hall would maintain leadership of Velodyne; (2) Ford would maintain a significant equity stake; (3) Velodyne was continuing to achieve considerable revenue growth and on track to achieve over $100 million in 2020 revenues; and (4) this growth rate was secure because of the high percentage of revenues already awarded under existing contracts. On the basis of the defective Proxy, on September 29, 2020, shareholders voted to approve the Merger at a special shareholders meeting. After the Merger, the Company was renamed Velodyne.

Then, on January 7, 2021, Velodyne issued a release providing the Company's preliminary fourth quarter and full year 2020 financial results. The release stated that Velodyne had only achieved approximately $94 million in annual 2020 revenues, 7% below the Company's previous annual revenue guidance and 30% below its fourth quarter revenue guidance. Velodyne also withdrew any future guidance, notwithstanding defendants' prior representations regarding the strong proportion of Company revenues purportedly under contract and favorable business trends. On this news, the price of Velodyne stock and warrants fell 7% and 13%, respectively.

On February 22, 2021, Velodyne announced that its Board had removed Hall as Chairman and terminated his wife's employment after an Audit Committee investigation concluded that Mr. Hall and Ms. Hall "each behaved inappropriately with regard to Board and Company processes, and failed to operate with respect, honesty, integrity, and candor in their dealings with Company officers and directors." In addition, Velodyne announced that the Board formally censured the Halls. The Halls would later publicly respond that the Company's actions represented an "ambush" and "power grab" by Velodyne management. On this news, the price of Velodyne stock and warrants fell 15% and 20%, respectively.

On March 15, 2021, Velodyne issued a release announcing that it had hired a new Chief Operating Officer ("COO"), effective immediately. On March 17, 2021, Velodyne revealed that the Company's former COO, Thomas Tewell, had resigned on March 14, 2021. Also on March 17, 2021, Velodyne revealed multiple material weaknesses in its annual report. On this news, the price of Velodyne stock and warrants fell 13% and 17%, respectively, over three trading days.

### III.   ARGUMENT

#### A.   The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a). "In applying this standard, courts have found that '[c]onsolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate.'" *GGCC, LLC v. Dynamic Ledger Sols., Inc.*, No. 17-cv-06779-RS, 2018 WL 1388488, at *2 (N.D. Cal. Mar. 16, 2018) (citation omitted). Furthermore, "[t]he district court has broad discretion . . . to consolidate cases pending in the same district." *Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989).

Consolidation of the related Actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. Each of the actions has been filed in this District alleging similar factual

and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act arising from the public dissemination of false and misleading information to investors. Accordingly, the actions should be consolidated pursuant to Rule 42(a) for all purposes.

### B. Gru Should Be Appointed Lead Plaintiff

Gru respectfully submits that he is the presumptively "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and adequacy requirements.

#### 1. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)  that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing three-step competitive process for selecting a lead plaintiff).  This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Fastly, Inc. Sec. Litig.*, No. 20-cv-06024-PJH, 2021 WL 493386, at *2 (N.D. Cal. Feb. 10, 2021) (same).

### C. Gru Is the "Most Adequate Plaintiff"

#### 1. Gru Satisfied the PSLRA's Procedural Requirements

Gru filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on March 2, 2021, counsel for the Plaintiff in the first-filed case caused notice regarding the pending nature of this case to be published on *Business Wire*, a widely circulated, national, business-oriented news reporting service.  *See* Notice, Restaino Decl. Ex. C.  Thus, as permitted by the PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within sixty (60) days after publication of the notice, *i.e.*, on or before May 3, 2021.  Gru filed his motion within the required period.

#### 2. Gru Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730.  During the Class Period, Gru suffered substantial losses of **$204,999.33** as a result of his transactions in Velodyne securities.  *See* Loss Analysis, Restaino Decl. Ex. B.  Gru is presently unaware of any other movant with a larger financial interest in the outcome of the Action.  Consequently, and because he also satisfies Rule 23's typicality and adequacy requirements, as discussed below, Gru is entitled to the legal presumption that he is the "most adequate plaintiff."

### 3. Gru Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). However, at the lead-plaintiff-selection stage, all that is required is a *preliminary showing* that the lead plaintiff's claims are typical and adequate. *See, e.g.*, *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017) ("Although the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor.") (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010)).

"The typicality requirement focuses on 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Fastly, Inc.*, 2021 WL 493386, at *6 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Here, the claims that Gru asserts are typical of the claims of the other members of the putative Class because, like all other Class members, Gru: (1) purchased Velodyne securities during the Class Period; (2) in reliance on Defendants' false and misleading statements; and (3) suffered harm when defendants' alleged misconduct was revealed. Because the claims that Gru asserts are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. *See Newberg, et al.*, NEWBERG ON CLASS ACTIONS, §3:13 (4th ed. 2002). Thus, Gru satisfies the typicality requirement.

"The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to

1  conduct the litigation." *Id.* (quoting *Hurst v. Enphase Energy, Inc.*, 2020 WL 7025085, at *5
2  (N.D. Cal. Nov. 30, 2020)).  Gru is adequate as he is not aware of any conflicts between his
3  claims and those asserted on behalf of the putative class and is not subject to any unique
4  defenses.  Moreover, after discussions with counsel concerning the facts of this case, the
5  responsibilities of a lead plaintiff and criteria for appointment, and most importantly, the
6  qualifications of his proposed counsel, that Gru selected the law firm of Labaton Sucharow as
7  proposed Lead Counsel and Schall Law as proposed Liaison Counsel.  *See generally id.*  A*s*
8  discussed *infra* Section III.D, Labaton Sucharow is highly experienced in prosecuting securities
9  class actions vigorously and efficiently.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).

10  Gru is 44 years old and resides in Las Vegas, Nevada.  *See* Declaration of Evy Gru,
11  Restaino Decl. Ex. D, ¶ 3.  Gru has been investing for 10 years and earns a living through these
12  investments.  *Id.*  As detailed in his Declaration, Gru determined to seek the role of Lead Plaintiff
13  because he believes in the importance of this matter in that it alleges serious misconduct that
14  caused substantial losses to investors and raises significant corporate governance concerns.  *Id.*
15  ¶¶ 2, 4.  In this regard, Gru is strongly motivated to recover investment losses in Velodyne
16  securities on behalf of himself and the Class, and therefore believes it is necessary this litigation
17  be entrusted to highly qualified counsel as Lead Counsel.  *Id.* ¶¶ 4-7.

18  Accordingly, Gru satisfies the adequacy requirement.

19  **D.   The Court Should Approve Gru's Choice of Counsel**

20  The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the
21  class, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  As such, this Court
22  should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests
23  of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. United States*, 586
24  F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel,
25  the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264
26  F.3d 201, 276 (3d Cir. 2001)); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in
27  whom a litigant has confidence is an important client prerogative and we will not lightly infer
28  that Congress meant to take away this prerogative from securities plaintiffs.  And, indeed, it did

1  not.  While the appointment of counsel is made subject to the approval of the court, the Reform
2  Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").
3        Here, Gru has selected Labaton Sucharow, highly qualified counsel, to serve as Lead
4  Counsel for the proposed Class.  Labaton Sucharow has significant experience in prosecuting
5  securities class actions and has excelled as lead counsel in numerous landmark securities class
6  actions throughout the United States on behalf of defrauded investors.  Labaton Sucharow served
7  as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-
8  8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured
9  investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities,*
10 *Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead
11 counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities*
12 *Litigation*, No. 05-cv-3395 (N.D. Cal.).  In addition, Labaton Sucharow was a lead counsel in *In*
13 *re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which
14 achieved a settlement of $624 million—one of the largest securities fraud settlements arising
15 from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead
16 counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.).  Labaton
17 Sucharow presently serves as lead and co-lead counsel in several significant investor class
18 actions.  *See* Restaino Decl., Ex. E.
19       Likewise, Schall Law is well qualified to represent the Class as Liaison Counsel.  Schall
20 Law maintains an office in this Circuit and is thus qualified to represent the Class as Liaison
21 Counsel.  *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of
22 liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as
23 the court.").
24       Accordingly, the Court may be assured that by granting this motion and approving Gru's
25 selection of Labaton Sucharow as Lead Counsel and Schall Law as Liaison Counsel, the Class
26 will receive the highest caliber of legal representation.
27
28

**CONCLUSION**

For the foregoing reasons, Gru respectfully requests that the Court: (1) consolidate the Actions; (2) appoint Gru as Lead Plaintiff; (3) approve the selection of Labaton Sucharow as Lead Counsel for the Class and Schall Law as Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  May 3, 2021                              Respectfully submitted,

                                                  */s/ Rina Restaino*

**THE SCHALL LAW FIRM**
Brian Schall (#290685)
Rina Restaino (#285415)
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Local Counsel for Proposed Lead Plaintiff Evy Gru and Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller (*pro hac vice* forthcoming)
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff Evy Gru and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 3, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Rina Restaino
Rina Restaino (#285415)