Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
912 Cole Street, # 251
San Francisco, California 94117
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Proposed Lead Counsel and Counsel
for Diane & William P. Smith*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VELODYNE LIDAR, INC., ANAND GOPALAN, and ANDREW HAMER,<br><br>Defendants. | Case No. 3:21-CV-01486-SI<br><br>**DIANE AND WILLIAM P. SMITH'S OMNIBUS OPPOSITION TO ALL OTHER MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br><u>**CLASS ACTION**</u><br><br>Judge:    Hon. Susan Illston<br>Date:     June 11, 2021<br>Time:     10:00 a.m.<br>Courtroom: 1 - 17th Floor |

SMITHS' OMNIBUS OPPOSITION TO ALL OTHER
MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

CASE NO. 3:21-CV-01486-SI

ROBERT REESE, Individually and On Behalf of All Others Similarly Situated,

                Plaintiff,

v.

VELODYNE LIDAR, INC., ANAND GOPALAN, and ANDREW HAMER,

                Defendants.

      )  Case No. 3:21-CV-01736-VC

CAROL E. NICK, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

v.

VELODYNE LIDAR, INC. f/k/a GRAF INDUSTRIAL CORP., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, FUND II, L.P., OWL CREEK ASSET MANAGEMENT, L.P., and GRAF ACQUISITION LLC,

                Defendants.

      )  Case No. 4:21-CV-1950-JST

## I.    INTRODUCTION

In addition to Diane and William P. Smith's lead plaintiff motion (ECF 45), two other such motions remain pending before the Court: (i) John Whitney and Krista Buccholz (ECF 18); and (ii) Scott Wentz (ECF 46).[1] Of the three remaining movants, the Smiths possess by far the "largest financial interest in the relief sought by the class," having suffered losses of approximately $3.5 million on their Velodyne transactions during the Class Period. *See In re Cavanaugh*, 306 F.3d 726, 730, 732 (9th Cir. 2002) ("a straightforward application of the statutory scheme . . . provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case."). The movant with the next largest claimed loss, Mr. Wentz, asserts a loss of $1.8 million—or nearly $1.7 million ***less*** than the Smiths' financial interest. The Smiths also readily satisfy the adequacy and typicality requirements of FED. R. CIV. P. 23 ("RULE 23"). *See* ECF 45 at 7-9; 45-4 at ¶¶ 1-12. Accordingly, the Smiths' lead plaintiff motion should be granted, and all other motions should be denied. *See Cavanaugh*, 306 F.3d at 732 (the PSLRA does not "authorize the district judge to examine the relative merits of plaintiffs seeking lead status on a round-robin basis").

## II.    LEGAL STANDARDS

While the PSLRA "contains a number of requirements, it is neither overly complex nor ambiguous[.]" *Id.* at 729; *see Monachelli v. Hortonworks, Inc.*, 2016 U.S. Dist. LEXIS 71575, at *4-5 (N.D. Cal. 2016); *In re Century Aluminum Co. Sec. Litig.*, 2009 U.S. Dist. LEXIS 81205, at *10-11 (N.D. Cal. 2009). Pursuant to the PSLRA, "[t]he 'most capable' plaintiff[]—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as [s]he meets the requirements of Rule 23." *Id.* To identify the presumptively most adequate plaintiff, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Id.* at 730. "It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he

---

[1]    Recognizing the Smiths' larger financial interest, David Handley, Brandon Welu, Evy Gru and the Velodyne Investor Group have each filed notices of non-opposition. *See* ECF 50, 51, 52, and 54 respectively.

satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id*. (emphasis in original).

"If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements[,] [s]he becomes the presumptively most adequate plaintiff." *Id*. The "Ninth Circuit has not provided clear guidance on which metrics district courts should use in determining which potential lead plaintiff has the largest financial interest in a case, noting only that 'the court may select accounting methods that are both rational and consistently applied.'" *Mulligan v. Impax Lab'ys, Inc.*, 2013 U.S. Dist. LEXIS 93119, at *14 (N.D. Cal. 2013).

Courts in this District, including this Court, sometimes consider the four *Olsten-Lax* factors to determine which movant has the largest financial interest. *See, e.g., Robb v. Fitbit Inc.*, 2016 U.S. Dist. LEXIS 62457, at *6-7 (N.D. Cal. 2016) (Illston, J.); *Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406, at *11 (N.D. Cal. 2007). The four factors are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Fitbit*, 2016 U.S. Dist. LEXIS 62457, at *8. Losses suffered, however, is typically outcome determinative in assessing financial interest. *Id.*; *see In re Diamond Foods, Inc.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012); *Nicolow v. Hewlett Packard Co.*, 2013 U.S. Dist. LEXIS 29876, at *18-19 (N.D. Cal. 2013) ("The weight of authority puts the most emphasis on the competing movants' estimated losses . . ."). As set forth below, the Smiths are the presumptive lead plaintiff under *Cavanaugh*'s sequential process. *See* 306 F.3d at 732.

**III.    ARGUMENT**

**A.    The Smiths are the PSLRA's Most Adequate Plaintiff**

**1.    The Smiths Possess the Largest Financial Interest**

The Smiths are the presumptive lead plaintiff under *Cavanaugh* because they suffered losses of $3.5 million, far exceeding those claimed by any other competing movant. *See* ECF 45-3; *see Diamond* Foods, 281 F.R.D. at 408 (losses given the most weight); *Sayce v. Forescout Techs.,* 2020 U.S. Dist. LEXIS 217198, at *10 (N.D. Cal. 2020) (equating loss with financial interest) (Illston, J.).

The table below ranks the remaining movants in accordance with their claimed financial interest:

| Proposed Lead Plaintiff | Claimed Losses | Gross Shares Purchased | Net Shares Purchased | Net Expenditures |
|---|---|---|---|---|
| 1.  The Smiths | $(3,529,579) | 675,842 | 45,000 | $(4,126,526) |
| 2.  Wentz | $(1,887,875) | 120,000 | 120,000 | $(3,479,733) |
| 3.  Whitney & Buccholz | $(69,499) | 20,613 | 9,304 | $(192,777) |

Notably, in addition to suffering by far the largest loss (*see id*.), the Smiths also possess the most total shares purchased of Velodyne securities, and the highest net expenditures. *See Malriat v. QuantumScape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *12 (N.D. Cal. 2021) (losses most important factor in determining financial interest). Accordingly, the Smiths are entitled to the statutory presumption under the PSLRA that they are the "most adequate plaintiff." *Cavanaugh*, 306 F.3d at 730.

### 2.    The Smiths are Typical and Adequate

After identifying the movant "with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory [adequacy and typicality] requirements." *Id.* at 732. "This inquiry 'is not a relative one.'" *Andrade v. Am. Apparel Inc.*, 2011 U.S. Dist. LEXIS 79795, at *40-41 (C.D. Cal. 2011); *see Cavanaugh*, 306 F.3d at 732 n.10 ("Once the presumption triggered . . . the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job."). As set forth in their opening memorandum, and in the Certification and Joint Declaration attached thereto, the Smiths are both typical and adequate under Rule 23. *See* ECF 45-2 and 45-4; *see also Century Aluminum*, 2009 U.S. Dist. LEXIS 81205, at *14-15 ("To make this [adequacy and typicality] determination, the Court reviews [the Smiths'] sworn certification and declarations."); *Cavanaugh*, 306 F.3d at 732.

Rule 23's typicality requirement is met when the putative lead plaintiff has been harmed in the same manner as absent class members by defendants' conduct. *See Century Aluminum*, 2009 U.S. Dist. LEXIS 81205, at *15 ("[i]f defendants' course of conduct gave rise to all class members' claims

and if 'defendants have not taken any action unique to the named plaintiff, then the representative's claim is typical.'"). The "central question . . . is whether defendants made misrepresentations that artificially inflated the company's stock price, and there is no suggestion that defendants took any action specific to [the Smiths] that would render [them] atypical." *Id*. at \*15-16. Like other putative class members, the Smiths: (i) purchased or otherwise acquired Velodyne securities during the Class Period; (ii) did so in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (iii) suffered damages from purchasing artificially inflated securities and then suffered harm when the truth was revealed. Accordingly, the Smiths are typical. *See id*. at \*16.

A representative party must also "fairly and adequately protect the interests of the class." *Ziolkowski v. Netflix, Inc.*, 2017 U.S. Dist. LEXIS 91848, at \*9-10 (N.D. Cal. 2017). The Smiths are adequate because their interests are clearly aligned with the members of the class and there is no antagonism between their interests and those of other class members. *See id*. In addition, both the Smiths and their counsel will vigorously fulfill their duties to the class. *See* ECF 45 at 8-9. The Smiths have also submitted a timely and accurate Certification pursuant to the PSLRA as well as an additional Joint Declaration describing their personal and professional background, attesting, *inter alia*, as follows: (i) "We understand and appreciate that any Lead Plaintiff's obligation under the PSLRA is to ***act as a fiduciary for the class*** . . ."; (ii) "We will direct Lead Counsel to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the Class . . ."; and (iii) "We will supervise Lead Counsel and actively oversee the prosecution of this action for the benefit of the Class . . . ." ECF 45-4 at ¶¶ 10-11; *see Cavanaugh*, 306 F.3d at 732 n.10; *see Century Aluminum*, 2009 U.S. Dist. LEXIS 81205, at \*16; *see also Andrade*, 2011 U.S. Dist. LEXIS 79795, at \*40-41 ("'speculative assertions are insufficient to rebut the presumption' regarding most adequate plaintiff.")

### B.    Wentz is Not the "Most Adequate Plaintiff"

As set forth in § III.A, *supra*, Mr. Wentz does not possess the largest financial interest. His gross purchases and net expenditures are both considerably less than the Smiths' and—most critically—Wentz's claimed losses are approximately ***$1.7 million less***. *Cf.* ECF 45-4 ($3.53 million) with ECF 46-4 ($1.88 million). *See Sayce,* 2020 U.S. Dist. LEXIS 217198, at \*10 (equating loss with

financial interest). Just **one** *Olsten-Lax* factor (net shares purchased) favors Wentz, which is insufficient to divest the Smiths of their status as the presumptive lead plaintiff. Judge Orrick's recent decision in *Malriat*, 2021 U.S. Dist. LEXIS 76914 is instructive. There, of the top two competing movants, one led in **three** *Olsten-Lax* factors, while the other led in claimed losses **only**. *Id*. at \*11-12. Judge Orrick appointed the movant with the largest claimed losses, reasoning that the difference of "nearly one million dollars" was sufficiently large to overcome the three other factors. *Id*. (". . . the size of the difference between Fish's claimed loss and Mullur's is sufficient to overcome the other three factors."). Here, not only is the gulf between Wentz and the Smiths' losses even wider than in *QuantumScape*, but the Smiths also outrank Wentz on two other *Olsten-Lax* factors.

Given the foregoing, Wentz may attempt to argue that courts occasionally focus on the most net shares in *lieu* of the movant with greater net losses. Such an argument, if raised, would be unpersuasive here because courts generally use a "net shares" approach under two scenarios – neither which apply here. **In the first,** there is a single corrective disclosure resulting in a uniform fraud premium throughout the Class Period. *See In re Critical Path*, 156 F. Supp. 2d 1102, 1107-08 (N.D. Cal. 2001). **In the second,** multiple corrective disclosures are alleged, but one movant has retained "the entirety of his [Velodyne] shares during the Class Period" while the other "held these shares only through the date of the first corrective disclosure, retaining none of those shares at the end of the Class Period." *Fialkov v. Celladon Corp.*, 2015 U.S. Dist. LEXIS 192311, at \*15-16 (S.D. Cal. 2015) (cleaned up).

Neither scenario is present here. There is no uniform fraud premium throughout the Class Period because multiple corrective disclosures have been alleged, each with its own corresponding stock drop. *See Nick* Compl., ¶¶ 1, 34-44 (alleging four corrective disclosures)[2]; *see also Bodri v. GoPro, Inc.*, 2016 U.S. Dist. LEXIS 57559, at \*12 (N.D. Cal. 2016) (rejecting net shares purchased/retained approaches, noting they are "less useful analytical tools" when "gradual disclosures are involved, because those methods assume a constant 'fraud premium' throughout the

---

[2]   The *Nick* Action's corrective partial disclosures occurred on January 7, 2021; February 12, 2021; and February 22, 2021. *See Nick* Compl., ¶¶ 34-39.

SMITHS' OMNIBUS OPPOSITION TO ALL OTHER MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF          5          CASE NO. 3:21-CV-01486-SI

class period.'"). Furthermore, the Smiths did **not** sell the entirety of their Velodyne common stock by the end of the Class Period. *Cf.* ECF 45-3 (45,000 shares held at the end of the Class Period) *with Celladon,* 2015 U.S. Dist. LEXIS 192311, at *15.

Ultimately, because the PSLRA "provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case[,]" *Cavanaugh*, 306 F.3d at 732, Wentz's motion should be denied. His motion should be denied for the added reason that he has selected two law firms as counsel—Pomerantz LLP and a firm called Kaskela Law LLC (neither of which has a presence in this District)—without providing any explanation for doing so. *See, e.g., In re Gemstar-Tv Guide Int'l Secs. Litig.,* 209 F.R.D. 447, 452 (C.D. Cal. 2002) (rejecting movant who, *inter alia*, selected multiple law firms to serve as lead counsel, noting: "[t]he court is concerned by the multitude of law firms representing the Gads in this matter . . . . The sheer number of attorneys seeking to represent the Gads suggests that counsel, rather than the Gads, would control this litigation, in contravention of the PSLRA's intent.").

### C.    The Whitney and Buccholz Group Is Not the "Most Adequate Plaintiff"

Though the Court need not consider the Whitney and Buccholz Group under *Cavanaugh*'s sequential process given that it suffered a loss of only $69,500, it nevertheless should not be appointed because it is inadequate. Save for brief and unsupported statements describing Whitney and Buccholz as "longtime friends that invested in Velodyne concurrently" and their current employment (*see* ECF 18 at 8), their motion contains **no** information enabling this Court—or the other movants—to meaningfully evaluate their adequacy. *See Reinschmidt v. Zillow, Inc.*, 2013 U.S. Dist. LEXIS 36793 (W.D. Wash. 2013), at *13 (declining to appoint applicant who "provided little information for the Court to assess his adequacy to serve as lead plaintiff"); *In re Gemstar-Tv Guide Int'l Secs. Litig.*, 209 F.R.D. at 452 (finding that the "record contains no evidence that [individual movants] are competent to serve as lead plaintiffs" or "to supervise the . . . attorneys representing them"). Indeed, courts routinely reject groups **even when** they **do** provide evidence of cohesion—something the Whitney and Buccholz Group has failed to do here by not submitting a joint declaration. *See Markette*, 2016 U.S. Dist. LEXIS 63701, at *28-29 (2016) (". . . the declaration says nothing about their level of

sophistication, the structure of decision-making in their group, or whether the investors are the true movants as opposed to their counsel. This kind of barebones declaration has been found insufficient in the past. . . . [The] Group is not an adequate lead plaintiff."). Accordingly, their motion should be denied.

### D.    All Remaining Motions Should Also Be Denied

Finally, none of the other movants should be appointed lead plaintiff because their respective financial interests in this case are each considerably smaller than the Smiths'. *See Cavanaugh*, 306 F.3d at 732 ("[t]he court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff [here, the Smiths] is found inadequate or atypical"). Recognizing as much, movants David Handley, Brandon Welu, Evy Gru and the Velodyne Investor Group have each filed notices of non-opposition. *See* ECF 50, 51, 52 and 54 respectively.

## IV.    CONCLUSION

For the foregoing reasons, Mrs. and Mr. Smith respectfully request that the Court: (i) consolidate the Actions; (ii) appoint them as Lead Plaintiff; and (iii) approve their selection of KSF as Lead Counsel for the class.

Dated: May 17, 2021                    Respectfully submitted,

**KAHN SWICK & FOTI, LLP**

By:_____*s/ Ramzi Abadou*_____
Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
912 Cole Street, # 251
San Francisco, California 94117
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander L. Burns
(to be admitted *pro hac vice*)

Alayne K. Gobeille
(to be admitted *pro hac vice*)
Morgan M. Embleton
(to be admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
alayne.gobeille@ksfcounsel.com
morgan.embleton@ksfcounsel.com

*Proposed Lead Counsel and Counsel*
*for Movant, Diane Smith & William P. Smith*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Ramzi Abadou*
RAMZI ABADOU

# Mailing Information for a Case 3:21-cv-01486-SI Moradpour v. Velodyne Lidar, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **William Zachary Brenc**
  william.brenc@wilmerhale.com,william-brenc-3258@ecf.pacerpro.com,barbara.palomo@wilmerhale.com,whdocketing@wilmerhale.com

- **Rachele R. Byrd**
  byrd@whafh.com,salas@whafh.com,loutsenhizer@whafh.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Sarah E. Maciel**
  Sarah.Maciel@wilmerhale.com

- **Kevin Peter Muck**
  Kevin.Muck@wilmerhale.com,whdocketing@wilmerhale.com,joann.ambrosini@wilmerhale.com

- **Susan Samuels Muck**
  susan.muck@wilmerhale.com,whdocketing@wilmerhale.com,susan-muck-3159@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,asoto@pomlaw.c

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Brian Jared Schall**
  brian@schallfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)