KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

ALISON C. JORDAN (SBN 311081)
alison.jordan@wilmerhale.com
SARAH E. MACIEL (SBN 333410)
sarah.maciel@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendants Velodyne Lidar, Inc.,
Anand Gopalan, Andrew Hamer, James A. Graf,
Michael Dee, and Joseph B. Culkin*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN,<br><br>Defendants. | Case No.  3:21-cv-01486-SI<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:    February 18, 2022<br>Time:    10:00 a.m.<br>Place:   Courtroom 1, 17th Floor<br>Judge:   The Honorable Susan Illston |

Defendants Velodyne Lidar, Inc. ("Velodyne" or the "Company"), Anand Gopalan, Andrew Hamer, James A. Graf, Michael Dee, and Joseph B. Culkin (collectively, "Defendants") submit this request that the Court consider the documents identified below in connection with Defendants' motion to dismiss the Consolidated Class Action Complaint (the "Complaint" or "CC").

When considering a motion to dismiss in a case governed by the Private Securities Litigation Reform Act ("PSLRA"), it is proper to consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The following documents, which are attached as Exhibits A through Y to the Declaration of William Z. Brenc (filed concurrently), are subject to both judicial notice and the incorporation by reference doctrine:

**Exhibit A**:  Excerpts of Velodyne's Form 10-K for the year ended December 31, 2020, filed with the United States Securities and Exchange Commission ("SEC") on March 17, 2021. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 30, 40, 160, 345 and 398.

**Exhibit B**:  Excerpts of a Registration Statement on Form S-1 that the Company filed with the SEC on October 19, 2020.  This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 40, 151, 152, 284-286, 288-291, 293 and 357.

**Exhibit C**:  Excerpts of Amendment No. 1 to a Registration Statement on Form S-1 that the Company filed with the SEC on September 22, 2020.  This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 48, 51, 265-269 and 271.

**Exhibit D**:  Press release dated July 2, 2020, which was attached to a Form 8-K that the Company filed with the SEC on July 2, 2020.  This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 20, 48, 94, 95, 100, 117, 170, 171 and 173.

**Exhibit E**:  July 2020 investor presentation, which was attached to a Form 8-K that the Company filed with the SEC on July 2, 2020.  This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 175 and 201.

**Exhibit F**:  Preliminary Proxy Statement on Schedule 14A that the Company filed with the SEC on July 15, 2020.  This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 86, 188-192, 194 and 197.

**Exhibit G**:  Excerpts of a revised Preliminary Proxy Statement on Schedule 14A that the Company filed with the SEC on August 21, 2020.  This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 148, 204-208, 210, 212, 214 and 215.

**Exhibit H**:  Excerpts of a revised Preliminary Proxy Statement on Schedule 14A that the Company filed with the SEC on September 8, 2020.  This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 236-240, 242 and 245.

**Exhibit I**: Excerpts of a Definitive Proxy Statement on Schedule 14A that the Company filed with the SEC on September 14, 2020. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 26, 28, 51, 86, 87, 97, 252-256, 258, 260, 262 and 263.

**Exhibit J**: Excerpts of a Prospectus on Form 424B3 dated September 29, 2020 that the Company filed with the SEC on October 1, 2020. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 50, 122, 274-276, 278 and 280.

**Exhibit K**: Press release dated January 7, 2021, which was attached to a Form 8-K that the Company filed with the SEC on January 8, 2021. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 18, 19, 22, 44, 125-127, 331, 332 and 389.

**Exhibit L**: Press release dated February 22, 2021, which was attached to a Form 8-K that the Company filed with the SEC on February 22, 2021. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 15, 92, 101, 394 and 395.

**Exhibit M**: Form 8-K that the Company filed with the SEC on September 9, 2021.

**Exhibit N**: Investor presentation dated July 20, 2020, which was attached to a Form 8-K that the Company filed with the SEC on July 20, 2020. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 48, 200 and 201.

**Exhibit O**: Press release dated August 31, 2020, which was attached to a Form 8-K that the Company filed with the SEC on September 1, 2020. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 21, 96, 118, 120, 228 and 229.

**Exhibit P**: Investor presentation dated September 2020, which was attached to a Form 8-K that the Company filed with the SEC on September 1, 2020. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 48, 121 and 230.

**Exhibit Q**: Transcript of a July 2, 2020 conference call, which was attached to a Form 8-K that the Company filed with the SEC on July 6, 2020. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 177-179, 182, 185 and 186.

**Exhibit R**: Transcript of a September 1, 2020 conference call, which was attached to a Form 8-K that the Company filed with the SEC on September 2, 2020. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 121 and 230-232.

**Exhibit S**: Transcript of Velodyne's November 5, 2020 conference call following announcement its financial results for the third quarter of 2020. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 311, 312, 314 and 316.

**Exhibit T**: Press release dated November 5, 2020, which was attached to a Form 8-K that the Company filed with the SEC on November 5, 2020. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 44, 123, 309 and 310.

**Exhibit U**: Velodyne investor presentation dated November 5, 2020.

RJN ISO MOTION TO DISMISS — 2 — Case No. 3:21-cv-01486-SI

**Exhibit V**: Excerpts of a Form 8-K that the Company filed with the SEC on October 5, 2020. This document is referred to, quoted and/or relied upon in the CC, including Paragraphs 39 and 47.

**Exhibit W**: Investor presentation dated September 2020, which was attached to a Form 8-K that the Company filed with the SEC on September 8, 2020. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 121, 231 and 232.

**Exhibit X**: Excerpts of a Registration Statement on Form S-1 dated August 26, 2020, which the Company filed with the SEC on August 27, 2020. This document is referred to, quoted and/or relied upon in the CC, including in Paragraphs 48, 51, 219-223 and 225.

**Exhibit Y**: Excerpts of a Prospectus on Form 424B2 dated November 4, 2020, which the Company filed with the SEC on that same date. This document is referred to, quoted and/or relied upon in the CC, including Paragraphs 305 and 306.

Because the CC purports to quote, refer to, and rely on portions of these SEC filings, press releases and transcripts (except Exhibits M and U), the incorporation-by-reference doctrine allows the Court to consider such materials on a motion to dismiss. *See, e.g.*, *Sayce v. Forescout Techs., Inc.*, 2021 WL 1146031, at *2 n.1 (N.D. Cal. Mar. 25, 2021) (considering "press releases, transcripts of earnings calls, Form 10-Qs and 10-Ks" under, *inter alia*, the incorporation-by-reference doctrine). Among other things, the doctrine permits the Court to consider the full context of statements where a complaint may only provide excerpts, and "prevent[s] plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020).

Additionally, pursuant to Fed. R. Evid. 201, courts routinely take judicial notice of SEC filings, press releases and conference call transcripts, particularly in cases brought under the federal securities laws. *See, e.g.*, *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Sayce*, 2021 WL 1146031, at *2 n.1; *Kong v. Fluidigm Corp.*, 2021 WL 3409258, at *5 (N.D. Cal. Aug. 4, 2021). Judicial notice of such materials is appropriate to establish, among other things, what information was in the public realm and communicated to investors. *See, e.g.*, *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021).

Finally, the PSLRA provides that, "[o]n any motion to dismiss based upon [the statutory safe harbor], the court shall consider any statement cited in the complaint and any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant."  15 U.S.C. § 78u-5(e).  Because Defendants submit that some of the statements challenged in this action are protected by the PSLRA's safe harbor, that provision is an independent reason why the Court may consider Exhibits B-J and N-Y.

Dated:  November 1, 2021

WILMER CUTLER PICKERING HALE
 AND DORR LLP

By:  /s/ Kevin P. Muck
         Kevin P. Muck

*Attorneys for Defendants Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer, James A. Graf, Michael Dee and Joseph B. Culkin*