Ramzi Abadou (SBN 222567)
**KAHN SWICK & FOTI, LLP**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Lead Counsel and Counsel for Lead Plaintiffs,*
*Diane Smith & William P. Smith*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN <br> Defendants. | Case No. 3:21-CV-01486-SI <br><br> **LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> **CLASS ACTION** <br><br> JURY TRIAL DEMANDED <br><br> Judge:      Hon. Susan Illston <br> Date:       April 22, 2022 <br> Time:       10:00 AM <br> Courtroom:  1 – 17th Floor |

LPS' RESPONSE TO DEFS' RJN                                    CASE NO. 3:21-CV-01486-SI

## I.    INTRODUCTION

Diane and William P. Smith ("Lead Plaintiffs" or "Plaintiffs") respectfully submit this response to Defendants' Request for Judicial Notice in Support of Motion to Dismiss Consolidated Amended Complaint (ECF 104, "RJN"). Defendants' RJN asserts that ***nine hundred forty-two pages*** of exhibits should either be judicially noticed or incorporated by reference (*see* ECF Nos. 103-1 through 103-26). Though judicial notice or incorporation by reference may be appropriate for certain documents, it is not appropriate—as Defendants attempt here—"to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).[1] Using extrinsic documents to resolve competing theories is "unscrupulous" and "risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.*[2] And yet, Defendants employ these documents and dedicate several pages of their dismissal motion (ECF 102, "Mot.") to rewrite the Consolidated Amended Class Action Complaint's (ECF 99, "Complaint") well-pled allegations and create their own version of the "facts."

Lead Plaintiff does not dispute that certain of these documents can and should be considered for the limited purpose of assessing things like where they were published, who signed or drafted them and when. *See McGovney v. Aerohive Networks, Inc.*, 2019 U.S. Dist. LEXIS 228702, at *22-23 (N.D. Cal. 2019). However, Defendants are prohibited from submitting them for the truth of their contents to contradict the Complaint's well-pled allegations because Lead Plaintiff has not had an opportunity to test Defendants' contentions by discovery and cross-examination. Failing this, Defendants' motion should be converted into a motion for summary judgment and Lead Plaintiff should be permitted to take meaningful discovery. FED. R. CIV. P. 56(D)(2); *Longo v. OSI Sys.*, 2020 U.S. Dist. LEXIS 104520, at *7-8 (C.D. Cal. 2020) (applying *Khoja*).

_____

[1]    Notably, Defendants nowhere cited *Khoja*, which is the Ninth Circuit's most recent decision criticizing Defendants' use of requests for judicial notice and incorporation by reference in securities class actions such as this.

[2]    All emphasis has been added and internal citations/quotations omitted unless otherwise indicated. References to "¶" or "¶¶" are to the Complaint.

## II.    LEGAL STANDARD

Courts "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Under Rule 12(b)(6), "[t]he Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff." *Maiman v. Talbott*, 2010 U.S. Dist. LEXIS 142712, at *5-6 (C.D. Cal. 2010). Courts must assess the sufficiency of the allegations in the complaint, not the merits of the case. *See*, *e.g.*, *Walker v. City of Fresno*, 2010 U.S. Dist. LEXIS 86562, at *11 (E.D. Cal. 2010). Additionally, "[o]n a motion to dismiss, it is not the court's function to weigh the evidence[.]" *Grooms v. Legge*, 2009 U.S. Dist. LEXIS 58818, at *6 (S.D. Cal. 2009). These time-honored standards are not relaxed simply because Plaintiffs assert claims for violations of the federal securities laws.[3]

### A.    Judicial Notice

Judicial notice permits the Court to notice adjudicative facts that are "not subject to reasonable dispute[,]" *i.e.*, if it is "generally known[,]" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(B); *Khoja*, 899 F.3d at 994; *Haideri v. Jumei Int'l Holding Ltd.*, 2021 U.S. Dist. LEXIS 174727, at *31 (N.D. Cal. 2021). "'[T]he kind of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958.'" *Mat Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 2008 U.S. Dist. LEXIS 8724, at *22-23 (S.D. Cal. 2008). But even when a fact is objectively verifiable, "[t]he Court may deny a request to take judicial notice of facts that are irrelevant to the instant motion." *Synopsys, Inc. v. Innogrit, Corp.*, 2019 U.S. Dist. LEXIS 171487, at *15 (N.D. Cal. 2019). While matters of public record may be judicially noticed, disputed

---

[3]    When, as here, a "plaintiff alleges facts to support a theory that is not facially implausible, [a] court's skepticism is best reserved for later stages of the proceedings[.]" *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008).

facts contained in those records may not. *See Khoja*, 899 F.3d at 999.[4] Recognizing as much, this Court has repeatedly taken judicial notice of certain SEC filings, while emphasizing that it did not assume the truth of their contents where they only disputed the facts stated in the complaint. *See Pirani v. Slack Techs., Inc.*, 445 F. Supp. 3d 367, 373 n.2 (N.D. Cal. 2020) (citing *Khoja*, 899 F.3d at 1003) (Illston, J.); *see also Elec. Workers Pension Fund, Local 103 v. HP Inc.*, 2021 U.S. Dist. LEXIS 52463, at *9 (N.D. Cal. 2021) ("The Court does not take judicial notice of the truth of the contents that are subject to reasonable dispute.") (Illston, J.). Properly used, judicial notice simply acknowledges what information was contemporaneously available to investors. *See McGovney*, 2019 U.S. Dist. LEXIS 228702, at *22-23.

### B.    Incorporation by Reference

Incorporation by reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. Created to prevent a party from quoting documents out of context, the incorporation by reference doctrine treats documents "extensively" referred to in the complaint as if they were a part of the complaint itself. *Id*. Generally, such references must occur more than once, or be a sufficiently lengthy one. *Id.* Unlike judicial notice, a court **generally** may assume that an incorporated document **is true** when deciding a motion to dismiss. *Id.* at 1003. But where, as here, Defendants "submit[] documents not mentioned in the complaint to create a defense" it "is nothing more than another way of disputing the factual allegations in the complaint. [. . .] Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.*

Still, the inferences which can be drawn from an incorporated document must "be approached with caution." *Id.* Even where a document is properly incorporated by reference, it remains improper to assume the truth of that incorporated document if that assumption only serves to dispute facts of a

---

4    Nor is judicial notice a tool "to get a court's attention like a businessman who's running late and trying to whistle down a taxi on a crowded downtown street. But courts aren't cabbies, and judicial notice isn't appropriately used this way." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1280 (C.D. Cal. 2016).

well-pleaded complaint. *Id.* In other words, the Court cannot accept the contents of the document as true when its assertions are expressly disputed. *See Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942 n.1 (9th Cir. 2008) (truth of a disability benefits plan's content, while referenced in complaint, could not be considered because the parties disputed whether defendant actually implemented the plan according to its terms).

        **C.**        **These Tools Are Commonly Abused at the Motion to Dismiss Stage in PSLRA Cases**

The Ninth Circuit has noted that judicial notice and the incorporation by reference doctrine are frequently abused at the dismissal stage by defendants, who "face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage." *Khoja*, 899 F.3d at 998. "[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery[,]" a risk "especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.*; *see also Hsu*, 213 F. Supp. 3d at 1281-82 (same).

Accordingly, where "defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief [. . .] Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Khoja*, 899 F.3d at 999.[5] Accordingly, the Court should rein in Defendants' use of extraneous documents to "exploit[] these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* at *998.

**III.**    **ARGUMENT**

Judicial notice and the incorporation by reference doctrine are two different things, subject to different standards, with different inferences the Court may draw from each. *See Hsu*, 213 F. Supp. 3d

---

[5]    Defendants' reliance upon *Sayce v. Forescout Techs., Inc.* is misplaced, as those plaintiffs did not oppose, as Plaintiffs do here, defendants' request for judicial notice. 2021 U.S. Dist. LEXIS 57256, at *4 n.1 (N.D. Cal. 2021).

at 1280 (the doctrines, while "often conflated" are "distinct"); *see also* §II, *supra*.

As a threshold, the party seeking judicial notice must identify which facts are at issue. FED R. EVID. 201(b). When a party fails to clearly identify such facts—as Defendants do here—it is proper to deny the request. *See Cota v. Aveda Corp.*, 2020 U.S. Dist. LEXIS 191223, at *28 (S.D. Cal. 2020) ("Due to Defendant's failure to specify of which facts it would like the Court to take judicial notice, the Court denies Defendant's request for judicial notice as vague and ambiguous."). Here, Defendants' RJN simply lists the exhibits, half-heartedly mentions that judicial notice "is appropriate to establish, ***among other things***, what information was in the public realm and communicated to investors." *See* RJN at 4. Defendants do not identify what ***facts*** are at issue for any of the exhibits listed, nor the "other things" their exhibits would purportedly establish.[6] In addition to the reasons further set forth below, the Court could deny their request for judicial notice on that basis.

### A.    Defendants Improperly Use Exhibits K, L, and M to Resolve Disputed Issues of Fact

***Exhibit K:*** This document is a Velodyne Form 8-K and press release dated January 7, 2021. ECF 103-11. Defendants improperly cite the document to resolve a disputed matter of fact to get the Court to conclude that Defendants' earnings miss was caused by the COVID-19 pandemic. *See* Mot. at 6, citing Ex. K (". . . its San Jose factory had its first confirmed cases of COVID-19 in the fourth quarter, ***which impaired its ability to satisfy customer orders in December***."). Judicial notice cannot be used to resolve a disputed causal relationship between the pandemic and Velodyne's fourth quarter earnings in Defendants' favor. *Cf.* Mot. at 6 *with* ¶¶ 30, 127, 150, 189 (Hall: "Sadly, the Board and management appear content blaming their own failings on the COVID-19 pandemic. While a convenient scapegoat, the reality is that similar lidar companies have been thriving during the pandemic."); *see also Khoja*, 899 F.3d at 999. Nor can incorporation by reference be abused to hold that Defendants' January 7, 2021 statements concerning the pandemic's effects on the Company's

---

[6]    Should Defendants attempt to clarify the facts they would have judicially noticed for the first time on reply, a sur-reply by Lead Plaintiffs may be warranted. *See Swearingen v. Santa Cruz Nat. Inc.*, 2014 U.S. Dist. LEXIS 90472, at *8 n.1 (N.D. Cal. 2014) (leave to file sur-reply is appropriate remedy for plaintiff when issues are raised for the first time in a defendant's reply brief) (Illston, J.).

fourth quarter were true when the Complaint expressly pleads they were false. *See* ¶¶377-78; 381(v)—(xiii); *see also Sgro*, 532 F.3d at 942 n.1; *see also Khoja,* 899 F.3d at 1015 ("declining to assume the truth of incorporated documents where it 'would mean assuming the truth of all of Defendants' allegedly false or misleading statements,' which would make it 'impossible ever to successfully plead a fraud claim.'") (quoting *In re ECOtality, Inc. Sec. Litig.*, 2014 WL 4634280, at *3 (N.D. Cal. 2014)).

*__Exhibits L and M__:* Defendants attempt to rewrite the Complaint with **Exhibit L** (ECF 103-12) and **Exhibit M** (ECF 103-13). Both are Form 8-K's, dated February 22, 2021 and September 9, 2021, respectively. The Court should not take judicial notice of the assertions contained in either document because Defendants use them to impermissibly attack Hall's credibility. *See* Mot. at 7, citing Ex. L (advancing their narrative surrounding his removal as Chairman); *see also* Mot. at 8, citing Ex. M (claiming that Hall, *__in an unrelated matter__*, allegedly misappropriated confidential information from the Company he himself founded). Credibility determinations are inappropriate at the motion to dismiss stage—particularly where, as here, Lead Plaintiffs cannot conduct discovery to answer these attacks. *See, e.g., Khoja*, 899 F.3d at 998-99 (collecting cases, noting "inappropriate efforts by defendants" to exploit the "'common situation of asymmetry, where a defendant starts off with sole possession of the information about the alleged wrongdoing.'"); *see also In re Mattel Sec. Litig.*, 2021 U.S. Dist. LEXIS 65480, at *29-30 (C.D. Cal. 2021) (court should not engage in sweeping credibility determinations on a motion to dismiss); *Van Noppen v. Innerworkings, Inc.*, 136 F. Supp. 3d 922, 945-46 (N.D. Ill. 2015) (same).[7] This Court should not take judicial notice of Exhibit L and M's contents, nor assume their truth as incorporated documents because those facts are disputed. *Pirani*, 445 F. Supp. 3d at 373 n.2 (citing *Khoja* 899 F.3d at 1003).

Defendants do not seek to deem Exhibit M incorporated by reference (*see* RJN at 3, omitting Ex. M)—nor should they, because the document is not quoted, referred to, or relied upon in the

---

7    Plaintiffs would further note that Mr. Hall has vigorously disputed Defendants' version of the facts; this matter is currently being litigated in a separate action in the Superior Court of the State of California for the County of Santa Clara, Case No. 21CV383938. Accordingly, the Court should not take judicial notice of the truth of the contents that are in dispute. *McCasland v. FormFactor Inc.*, 2008 U.S. Dist. LEXIS 60544, at *41 (N.D. Cal. 2008) (Illston, J.).

Complaint. *See* RJN at 2. Accordingly, it is inappropriate to consider on a motion to dismiss. Per the Ninth Circuit's holding in *Khoja*:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts.

*Khoja*, 899 F.3d at 1003; *see also Tyshkevich v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 5526, at *12 (E.D. Cal. 2016) ("This document is not referred to in the Complaint . . . and it meets none of the requirements for taking judicial notice."). Further, Exhibit M was filed six months after the Class Period ended and is not relevant to whether the Complaint states a claim. *Ferreira v. Funko Inc.*, 2021 U.S. Dist. LEXIS 59102, at *27 (C.D. Cal. 2021) (documents are "SEC forms for quarters or years outside the Class Period, which are not relevant to the Court's analysis. The Funko RJN is DENIED as to these documents.").

In sum, assuming the "truth" of Exhibits K, L, and M would, in turn, mean assuming the truth of every of Defendants' allegedly false or misleading statements publicly contradicted by Mr. Hall— this is obviously not the "intended result" of either judicial notice or the incorporation by reference doctrine. *See In re ECOtality, Inc. Sec. Litig.*, 2014 U.S. Dist. LEXIS 130499, at *12 n.2 (N.D. Cal. 2014) (cited with approval in *Khoja*). The Court should deny Defendants' request for these exhibits.[8]

**B.     Defendants Improperly Ask This Court to Rely on Exhibits D, E, O, and P as Evidence that they Identified Forward-Looking Statements and Provided Meaningful Cautionary Language in the Transcripts at Exhibit Q and R.**

Defendants also request that the Court take judicial notice of (or incorporate by reference) a Company press release, investor presentation, and transcript from the merger announcement of July

---

[8]     Defendants' use of judicial notice and incorporation by reference to impugn David Hall is clear by their submissions of Exhibit K, L, and M, while avoiding virtually all of the documents containing Hall's statements against the Company and the Individual Defendants. *See, e.g.,* ¶¶ 119, 121-22, 124-28, 130-34, 189-90. The sole exception is Hall's press release of January 21, 2022, announcing the commencement of his lawsuit against Graf, Dee, Gopalan, Hamer, and others, which Defendants have submitted as **Exhibit Z** (ECF 103-26). They did not submit a copy of Hall Complaint itself.

2, 2020. *See* **Exhibit D** (ECF 103-4), **Exhibit E** (ECF 103-5), and **Exhibit Q** (ECF 103-17), respectively. Defendants further suggest that the forward-looking language contained in the press release (Ex. D) and presentation (Ex. E) should also insulate their oral statements made during the conference call (Ex. Q). *See* Mot. at 19 (". . . the safe harbor applies where oral statements refer to such written materials."). Defendants do the same for another Company press release, investor presentation, and transcript dated September 1, 2020. *See* **Exhibit O** (ECF 103-15), **Exhibit P** (ECF 103-16), and **Exhibit R** (ECF 103-18), respectively; *see also* Mot. at 19; *id*. n.12, and 22.

But the transcripts at Ex's. Q and R do not contain verbal statements containing cautionary language, nor do they refer to similar language in any written materials.[9] *Contrast* Ex. Q at 1 (Graf, directing investors to skip disclosure slides during the July 2, 2020 investor call, stating: "You can move- move forward to page five, please.") *and* R (no referral language uttered in the transcript) *with* Ex. S at 2 (showing more robust, but still inadequate, cautionary disclaimer; *see infra.*). Plaintiffs dispute that Defendants provided any verbal cautionary warning regarding forward-looking statements to investors during the July 2, 2020 conference call or September 1, 2020 webinar. *See* Opposition to Motion to Dismiss at 23-24; *see also Khoja*, 899 F.3d at 999, 1003.

Accordingly, the Court cannot and should not take judicial notice or incorporate by reference those documents to resolve Defendants' merits-based argument that the oral statements contained in the transcripts are entitled to safe harbor. *Cf. In re Coinstar Inc. Sec. Litig.*, 2011 U.S. Dist. LEXIS 115794, at *23-24 (W.D. Wash. 2011) (where no verbal referral accompanied verbal earnings projections, Court declined to consider external documents, and "Defendants' statements did not contain sufficient cautionary language for the safe harbor provision to apply.") *with Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1242 (N.D. Cal. 1998) ("[B]ecause Plaintiff does not dispute that

---

[9]    To be entitled to safe harbor, "an oral forward-looking statement shall be deemed to satisfy the requirements of § 78u-5(c)(1)(A) if the oral forward-looking statement is accompanied by a cautionary statement and by an oral statement that additional information concerning factors that could cause actual results materially to differ is contained in a readily available written document." *In re Apple Comput., Inc.*, 2003 U.S. Dist. LEXIS 28303, at *6-7 (N.D. Cal. 2003).

the Lumisys executives uttered the words of caution reflected in the April Call transcript, the court must consider them.").

### C. Defendants Improperly Ask This Court to Notice Cautionary Language in Exhibit U

Defendants also requested that the Court take judicial notice of documents concerning their quarterly earnings announcements of November 5, 2020. *See* **Exhibit S** (ECF 103-19), **Exhibit T** (ECF 103-20), and **Exhibit U** (ECF 103-21). Lead Plaintiffs object to the Court taking judicial notice of Ex. U because, as in §III.B, *supra*, Defendants attempt to use the document to rely on further safe harbor disclaimers to which investors were not referred. *See* Mot. at 19, *citing* Ex. U at 2-4; *cf. with* Ex. S at 2 (referring investors solely to an 8-K filed on October 5, 2020). Because no oral statement directed investors to the purported safe harbor language referenced in Ex. U, the Court should not take judicial notice of it to resolve whether Defendants' oral statements at Ex. S fall under its purported protective language. The language in Ex. U was not contemporaneously invoked by Defendants and should not be judicially noticed here. *See Coinstar*, 2011 U.S. Dist. LEXIS 115794, at *23-24; *Apple*, 2003 U.S. Dist. LEXIS 28303, at *6-7.[10]

### D. Plaintiffs Do Not Object to Exhibit Z Being Incorporated by Reference and Judicially Noticed

Defendants have also submitted **Exhibit Z**, requesting that it be both incorporated by reference and judicially noticed. ECF 104 at 3. The document is a press release by David and Marta Hall, distributed by *Business Wire* on January 21, 2022, announcing the commencement of their lawsuit against, *inter alia*, Michael Dee, Anand Gopalan, James Graf, and Andrew Hamer. ECF 103-26. The filing of said lawsuit, the parties to same, and the nature of its claims are all matters of public record, and it is appropriate for the Court to take judicial notice of those facts. FED. R. EVID. 201(b); *Khoja*, 899 F.3d at 999. Further, to the degree that Exhibit Z restates the Halls' allegations against Defendants, Lead Plaintiffs also do not object to the Court incorporating it by reference, and assuming that its

---

[10]    Defendants have not requested that the Court deem the document incorporated by reference, tacitly acknowledging that it was not referenced in the complaint. *See* RJN at 3. Nor should they, for the same reasons as set forth in § III.A, *supra*, regarding Exhibit M.

contents are true for purposes of deciding the motion to dismiss. *Khoja*, 899 F.3d at 1003. In fact, incorporating Exhibit Z and accepting the Halls' allegations contained therein as true virtually precludes dismissal of the Consolidated Amended Complaint.

### E.    The Remaining Exhibits Should Only Be Considered to The Degree That They Present Facts Not Reasonably in Dispute

Lead Plaintiffs do not object to the Court taking judicial notice of the Defendants' remaining exhibits—Ex's. **A, B, C, F, G, H, I, J, N, V, W, X, and Y**—for demonstrating whether and when information was provided to the market. *See In re Apple Sec. Litig.*, 2020 U.S. Dist. LEXIS 96953, at *17-18 (N.D. Cal. 2020). Lead Plaintiffs, however, object to the Court accepting their contents as true to the degree Defendants submit them for that purpose. *Pirani*, 445 F. Supp. 3d at 373 n.2; *McGovney*, 2019 U.S. Dist. LEXIS 228702, at *22-23.

## IV.    CONCLUSION

For the foregoing reasons, the Court should: (i) decline to take judicial notice of or incorporate by reference Exhibits K, L, and M, as Defendants would use them to resolve disputed issues of fact in their favor; (ii) decline to take judicial notice of or incorporate by reference Exhibits D, E, Q, O, P, or R to the degree that Defendants would try to shield their oral statements by *post hoc* referrals to safe harbor language contained in then-unreferenced documents; (iii) decline to take judicial notice of or incorporate by reference Exhibits S, T, and U for the same scope and reasons; (iv) incorporate by reference and take judicial notice of Exhibit Z; and (v) consider the remaining documents only to the extent that they present facts that are not reasonably in dispute.

Dated: March 25, 2022                          Respectfully submitted,

                                               **KAHN SWICK & FOTI, LLP**

                                               By:___*s/ Ramzi Abadou*_____
                                               Ramzi Abadou (SBN 222567)
                                               KAHN SWICK & FOTI, LLP
                                               580 California Street, Suite 1200
                                               San Francisco, California 94104
                                               Telephone: (415) 459-6900
                                               Facsimile: (504) 455-1498

ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander L. Burns
(admitted *pro hac vice*)
Alayne K. Gobeille
(admitted *pro hac vice*)
Morgan M. Embleton
(admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
alayne.gobeille@ksfcounsel.com
morgan.embleton@ksfcounsel.com

*Lead Counsel and Counsel for*
*Lead Plaintiffs, Diane Smith & William P. Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Ramzi Abadou*
RAMZI ABADOU

LPs' Response to Defs' RJN                    11                    Case No. 3:21-CV-01486-SI

## Mailing Information for a Case 3:21-cv-01486-SI Moradpour v. Velodyne Lidar, Inc. et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **William Zachary Brenc**
  william.brenc@wilmerhale.com,william-brenc-3258@ecf.pacerpro.com,barbara.palomo@wilmerhale.com,whdocketing@wilmerhale.com

- **Alexander Louis Burns**
  alexander.burns@ksfcounsel.com

- **Rachele R. Byrd**
  byrd@whafh.com,fileclerk@whafh.com

- **Morgan Michelle Embleton**
  Morgan.Embleton@ksfcounsel.com

- **Alayne K Gobeille**
  alayne.gobeille@ksfcounsel.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Sarah E. Maciel**
  Sarah.Maciel@wilmerhale.com

- **Kevin Peter Muck**
  Kevin.Muck@wilmerhale.com,whdocketing@wilmerhale.com,joann.ambrosini@wilmerhale.com,lindy.patrick@wilmerhale.com

- **Susan Samuels Muck**
  susan.muck@wilmerhale.com,whdocketing@wilmerhale.com,susan-muck-3159@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,lobas@pomlaw.com,abarbosa@pomlaw.com

- **Ivan Panchenko**
  ivan.panchenko@wilmerhale.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Brian Jared Schall**
  brian@schallfirm.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)