KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

IVAN PANCHENKO (admitted *pro hac vice*)
ivan.panchenko@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

SARAH E. MACIEL (SBN 333410)
sarah.maciel@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendants Velodyne Lidar, Inc.,
Anand Gopalan, Andrew Hamer, James A. Graf,
Michael Dee and Joseph B. Culkin*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN,<br><br>Defendants. | Case No. 3:21-cv-01486-SI<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br><br>Date:    May 6, 2022<br>Time:    10:00 a.m.<br>Place:   Courtroom 1, 17th Floor<br>Judge:   The Honorable Susan Illston |

Plaintiffs' Response to Defendants' Request for Judicial Notice ("RJN Response" or "RJN Resp." [ECF No. 106]) is a transparent attempt to "circumvent the rules regarding page limits by filing additional documents containing argument that should have been included in their brief." *Blackin v. Red Brick Sys., Inc.*, 1999 WL 33953501, at *2 n.3 (N.D. Cal. Apr. 30, 1999) (disregarding arguments made by plaintiffs in connection with request for judicial notice where such arguments went to the merits of defendants' motion to dismiss).  Far from providing any basis for disputing that the documents submitted by Defendants are subject to judicial notice and/or are incorporated by reference in the Consolidated Amended Complaint ("CAC"), the ten-page RJN Response is an undisguised effort to supplement Plaintiffs' 30-page Opposition to Defendants' Motion to Dismiss ("Opp. to MTD" [ECF No. 105]).

The RJN Response is also an excuse for Plaintiffs to play games.  Thus, they complain about the quantity of documents Defendants have asked the Court to consider, but conveniently ignore that *all but two of the documents* are *explicitly relied upon*, and *extensively quoted or cited*, *by Plaintiffs in the CAC*.  It is certainly fair to ask why Plaintiffs want to prevent the Court from reviewing the documents that they themselves purport to rely upon in their own pleading.[1]

Similarly disingenuous is Plaintiffs' suggestion that Defendants have not identified the facts for which they seek judicial notice.  RJN Resp. at 5.  Defendants' Request for Judicial Notice ("RJN" [ECF No. 104]) and Memorandum of Points and Authorities ("Motion" or "Mot." [ECF No. 102]) specify and cite the portions of Exhibits A-Z that are relevant, and explain why the cited portions are judicially noticeable and for what purpose.  Plaintiffs' purported concerns are also plainly contrived, as the RJN Response goes on to challenge whether *specific facts* identified in the Motion are subject to judicial notice.  RJN Resp. at 5-9.  And given that Plaintiffs cannot seriously dispute that 24 of the 26 documents are incorporated by reference into the CAC, it is not clear what they hope to achieve by being willfully obtuse.[2]

---

[1] *See Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020) (incorporation by reference doctrine "prevent[s] plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims").

[2] Unsurprisingly, Plaintiffs' citation to *Cota v. Aveda Corp.*, 2020 WL 6083423 (S.D. Cal. Oct. 14, 2020), provides no support for their objection.  In that case, a party asked the court to take judicial notice of nine legal opinions without explaining the purpose. *Id*. at *10.  The court was

Plaintiffs' most audacious gambit is their attempt to get the Court to consider Exhibit Z (a press release issued by David Hall) for the truth of the matters asserted therein (RJN Resp. at 9), going so far as to claim falsely that Defendants "asked this Court to accept [Mr. Hall's release] as true." Opp. to MTD at 20. Defendants have requested no such thing; to the contrary, they have made clear that they dispute Mr. Hall's allegations and have merely asked the Court to consider the press release for the purpose of showing what allegations he has made (Mot. at 9 n.3). *See, e.g.*, *Elec. Workers Pens. Fd., Local 103, I.B.E.W. v. HP Inc.*, 2021 WL 4199273, at *3 (N.D. Cal. Sept. 15, 2021) (considering documents incorporated by reference for the existence of contents but not for the truth of matters subject to dispute). Plaintiffs compound their fiction by going on to argue that "accepting the Halls' allegations … as true" – which, of course, no one has suggested – "virtually precludes dismissal" of the CAC. RJN Resp. at 10. It is hard to imagine that Plaintiffs who genuinely believed they had satisfied their pleading obligations would feel the need to resort to such contrivances.

In any event, Plaintiffs concede that it is proper to consider Exhibits A-C, F-J, N, and V-Z (RJN Resp. at 9-10) for the specific purposes requested by Defendants, and Plaintiffs' so-called objections to the other twelve documents are meritless.

**Exhibits K-M**. Exhibit K is a press release dated January 7, 2021, Exhibit L is a press release dated February 22, 2021, and Exhibit M is a Form 8-K dated September 9, 2021. The CAC quotes from and refers frequently to Exhibit K and Exhibit L (CAC ¶¶ 19, 23, 24, 29, 54, 106, 118, 147-149, 377, 378, 444, 449, 450). And while Exhibit M is not explicitly referenced in the CAC, courts routinely take judicial notice of SEC filings in cases such as this. *See, e.g.*, *Kong v. Fluidigm Corp.*, 2021 WL 3409258, at *5 (N.D. Cal. Aug. 4, 2021).

Plaintiffs do not claim that it would be improper to consider Exhibits K and L, but instead argue erroneously that Defendants ask the Court to consider the documents for the truth of the matters asserted. That assertion is specious. Defendants cite to Exhibits K, L, and M only to

---

appropriately perplexed inasmuch as the opinions were authorities cited in briefs, which "need not be provided to the Court separately via a request for judicial notice in order to make certain the Court reviews them." *Id*. Nothing in that case is even remotely analogous to Defendants' clear, tailored and legally supported request.

contextualize the snippets excerpted in the CAC by providing a more complete picture of what was said to investors.  Mot. at 6-8.  The use of the documents for that purpose is proper.  *See Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021); *see also Mulquin*, 510 F. Supp. 3d at 863.

**Exhibits D-E, O-U**.  Defendants also requested that the Court consider the contents of disclosures in these documents (press releases, presentations, and conference call transcripts) for the additional purpose of assessing the applicability of the PSLRA's safe harbor.  Mot. at 18-20; RJN at 4.  Plaintiffs do not dispute that, by statute, these documents can be used for that purpose (RJN Resp. at 7-9), but instead improperly try to argue the safe harbor should not apply.[3]  That, of course, is an argument going to the merits of Defendants' Motion and is irrelevant to "the propriety of judicial notice."  *Const. Laborers Pens. Tr. of Greater St. Louis v. Neurocrine Biosciences, Inc.*, 2008 WL 2053733, at *10 n.17 (S.D. Cal. May 13, 2008) (citing 15 U.S.C. § 78u-5(e); rejecting plaintiffs' objections to judicial notice where "Plaintiffs essentially argue the merits of the safe harbor's application"); *see also Blackin*, 1999 WL 33953501, at *2 n.3.

For all of these reasons, the Court should overrule Plaintiffs' objections to Exhibits D-E, K-M and O-U and disregard their improper (and meritless) arguments.

Dated:  April 8, 2022

WILMER CUTLER PICKERING HALE
AND DORR LLP

By:  ___*/s/ Kevin P. Muck*___
             Kevin P. Muck

*Attorneys for Defendants Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer, James A. Graf, Michael Dee and Joseph B. Culkin*

---

[3] *In re Coinstar Inc. Sec. Litig.*, 2011 WL 4712206 (W.D. Wash. Oct. 6, 2011), is inapposite.  In *Coinstar*, the court declined to take judicial notice of PowerPoint slides that were not cited in the complaint *and* the authenticity of which Plaintiff contested.  *Id.* at *8.  Here, Exhibits D-E and O-T are all referenced in the CAC (*see* RJN at 1-2), and Exhibit U is properly subject to judicial notice.  *See Kong*, 2021 WL 3409258, at *5.  Moreover, Plaintiffs make no effort to object to the authenticity of these documents.