Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Lead Counsel and Counsel for*
*Lead Plaintiffs, Diane Smith & William P. Smith*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MEYSAM MORADPOUR, et al.,<br><br>                                          Plaintiffs,<br><br>         v.<br><br>VELODYNE LIDAR, INC., et al.,<br><br>                                          Defendants. | Case No. 3:21-CV-01486-SI<br><br>**LEAD PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CLARIFY AND/OR AMEND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**CLASS ACTION**<br><br>Judge:         Hon. Susan Illston<br>Date:          September 9, 2022<br>Time:          10:00 a.m.<br>Courtroom:  1 – 17th Floor |

NOTICE OF AND MOTION TO CLARIFY AND/OR AMEND

CASE NO. 3:21-CV-01486-SI

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at 10:00 a.m. on September 9, 2022, or as soon thereafter as the matter may be heard, before the Honorable Susan Illston, United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 1 – 17th Floor, 450 Golden Gate Ave., San Francisco, California 94102, Diane and William P. Smith ("Lead Plaintiffs") will and hereby do move for an order clarifying and/or amending the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Consolidated Amended Complaint (ECF No. 119; the "Order"). This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the pleadings on file in this action, oral argument, and such other matters as the Court may consider in hearing this motion.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Order should be clarified to find that the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 99) ("Complaint") adequately alleges a control person liability claim under Section 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") against Defendant Andrew Hamer.[1] *See Howard v. Everex Sys.*, 228 F.3d 1057, 1065-66 (9th Cir. 2000); *In re CV Therapeutics, Inc. Sec. Litig.,* 2004 U.S. Dist. LEXIS 17419, at *36 (N.D. Cal. 2004) (Illston, J.); *Harmston v. City & Cnty. of S.F.*, 2008 U.S. Dist. LEXIS 9622, at *6-10 (N.D. Cal. 2008) (Illston, J.); ECF No. 99 at ¶ 58[2]; ECF No. 119 at 9, 22.

2.      Whether the Order should be corrected to address which legal claims were dismissed and sustained under SEC Rule 10b-5. *See* FED. R. CIV. P. 60(a).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Lead Plaintiffs respectfully submit this memorandum of law in support of their Motion to

---

[1]      Velodyne Lidar, Inc. *f/k/a* Graf Industrial Corp. is hereinafter referred to as "Velodyne" or the "Company."

[2]      "¶" or "¶¶" refers to Lead Plaintiffs' Complaint. ECF No. 99. All emphasis added and internal citations omitted unless otherwise noted.

NOTICE OF AND MOTION TO CLARIFY AND/OR AMEND    1    CASE NO. 3:21-CV-01486-SI

Clarify and/or Amend the Court's July 1, 2022 Order (the "Motion"). *See* ECF No. 119. Defendants filed their Motion to Dismiss Consolidated Amended Complaint on March 4, 2022. *See* ECF No. 102. After briefing and oral argument, the Order held that the Complaint "adequately allege[d]: (i) Section 10(b) and SEC Rule 10b-5[] claims against Velodyne, Gopalan and Dee based on Hall's ouster; and (ii) a Section 20(a) claim against Gopalan, Dee, and Graf based on Hall's ouster." *See* ECF No. 119 at 21. The Court dismissed Lead Plaintiffs' remaining claims. *See id*.

By this Motion, Lead Plaintiffs do not presently seek any relief regarding, *inter alia*, the claims the Order dismissed related to Defendants' alleged material misrepresentations concerning Ford, the Company's financial projections or its internal controls. *See id*. at 30-31. Instead, Lead Plaintiffs seek solely to: (i) clarify whether Defendant Hamer, who signed specific SEC filings containing what the Order otherwise held are actionable Class Period misstatements as the Company's CFO, should be held secondarily liable under Section 20(a) of the Exchange Act; and (ii) correct certain typographical errors in the Order concerning the sustained and dismissed SEC Rule 10b-5 claims.[3]

## II.     ARGUMENT

### A.     The Order Should Clarify Whether Defendant Hamer is Secondarily Liable Under Section 20(a)

The Order held that Lead Plaintiffs adequately alleged a primary violation under Section 10(b) and SEC Rule 10b-5 related to material misstatements by Defendants Velodyne, Gopalan and Dee about Hall's leadership of and/or ouster from Velodyne. *See id*. at 21-23, 30. Along those lines, the Complaint also alleges that Defendant Hamer—who served as Velodyne's Class Period CFO and Treasurer—signed several filings Velodyne filed with the SEC containing those *same* actionable material misstatements. *See id*. at 7-9, n.2, 21-23, 30-31; *see also* ¶¶ 53-54, 68-75, 327 n.46, 369, 377, 485-89. Accordingly, Lead Plaintiffs seek to clarify whether the Order intended to exclude Defendant

---

[3]     By this Motion, Lead Plaintiffs do not waive their right to later argue that Defendants Hamer and/or Graf are also primarily liable for, *inter alia*, making (*via* their signed SEC filings) the same materially false and/or misleading statements the Order found actionable during the Class Period. *See Abdo v. Fitzsimmons*, 2018 U.S. Dist. LEXIS 241075, at *34-35 (N.D. Cal. 2018) ("Since *Janus*, courts within this district have continued to hold that one who signs a document is the maker of statement within that document."); *see also* FED. R. CIV. P. 60(a).

Hamer as a "control person" under Section 20(a) of the Exchange Act. *See, e.g., In re Montage Tech. Grp. Ltd. Sec. Litig.,* 78 F. Supp. 3d 1215, 1228 (N.D. Cal. 2015) (sustaining Section 20(a) claim against defendants who were officers of the company who "signed the allegedly fraudulent SEC filings which form[ed] the basis of th[e] action.") (Illston, J.).

Section 20(a) imposes joint and several liability on persons, like Defendant Hamer, who directly or indirectly control a violator of the securities laws (*e.g.*, Velodyne):

> Every person who, directly or indirectly, controls any person liable under any provision of this title [15 USCS §§ 78a et seq.] or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable (including to the Commission in any action brought under paragraph (1) or (3) of section 21(d) [15 USCS § 78u(d)]), unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a). The Order correctly set forth the controlling law on Section 20(a) (*see* ECF No. 119 at 20-21) but may have overlooked Defendant Hamer's control person liability for signing SEC filings the Order held contained actionable misstatements. *See* ECF No. 119 at 9, n.2, 22.

To demonstrate "a *prima facie* case under § 20(a), plaintiff must prove: (1) a primary violation of federal securities laws[;] and (2) that the defendant exercised actual power or control over the primary violator[.]" *Howard*, 228 F.3d at 1065. A "'plaintiff does not have the burden of establishing that person's scienter distinct from the controlled corporation's scienter'" to demonstrate "the liability of a controlling person[.]" *Id.*; *see Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2013 U.S. Dist. LEXIS 72683, at \*57 (C.D. Cal. 2013) ("Scienter is not an element of control person liability[.]"). Control person "'claims can generally only be dismissed at the pleading stage 'if a plaintiff fails to adequately plead a primary violation' of § 10(b)[.]'" *See Loritz v. Exide Techs.*, 2014 U.S. Dist. LEXIS 111491, at \*40-42 (C.D. Cal. 2014); *see also In re CV Therapeutics, Inc. Sec. Litig.,* 2004 U.S. Dist. LEXIS 17419, at \*36.

Courts in this Circuit routinely sustain Section 20(a) control claims against corporate officers who, as with Defendant Hamer here, sign written documents containing actionable misstatements. *See Howard*, 228 F.3d at 1065-66; *Montage*, 78 F. Supp. 3d at 1228; *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 555 (N.D. Cal. 2009) ("Where a [defendant] is alleged to have signed the

registration statements at issue . . . courts have presumed that the [defendant] exercised actual authority and control, at least over the contents of and/or release of those statements."); *In re Am. Apparel, Inc. S'holder Litig.*, 2013 U.S. Dist. LEXIS 189797, at *135-56 (C.D. Cal. 2013) (sustaining Section 20(a) claim against outside *lender* who "could have prevented such filing by declining to sign the annual report."); *In re LDK Solar Secs. Litig.*, 2008 U.S. Dist. LEXIS 80717, at *39 (N.D. Cal. 2008).

Here, there is no doubt that "plaintiffs have sufficiently alleged that [Velodyne] made fraudulent statements. The question thus is whether [Hamer] w[as] [a] control person[] at the time of the alleged misstatements. 'Where plaintiffs limit their allegations to a narrowly defined group of corporate officers who are 'charged with the day-to-day operations of a public corporation,' . . . it may be 'reasonable to presume that th[is] officer[] had the power to control or influence the particular transactions giving rise to the securities violation,' and to find *that status alone is sufficient*.'" *In re Am. Apparel, Inc. S'holder Litig.*, 2013 U.S. Dist. LEXIS 189797, at *143.

To that end, the Order held that Lead Plaintiffs adequately alleged primary securities law violations against Velodyne, Gopalan, and Dee. *See* ECF No. 119 at 8-9, 23 ("The complaint has thus adequately alleged a violation of Section 10(b) of the Exchange Act . . . for the statements pertaining to Hall's leadership in the company during the class period."); *id.* at n.2, 9-10. Thus, Lead Plaintiffs satisfy the first element necessary to sustain a Section 20(a) claim against Defendant Hamer. *See Howard*, 228 F.3d at 1065-66. In his role as the Company's CFO, "Defendant Hamer signed and/or had ultimate authority over the Company's: (i) October Registration Statement; [. . .] (iv) 3Q20 10-Q; [and] (v) January 7, 2021 8-K[,]" each of which the Order held contained actionable misstatements concerning Hall's leadership and ouster. *See* ¶¶ 54, 68-75, 327 n.46, 369, 377 (alleging Defendant Hamer signed such documents); ¶¶ 485-89; ECF No. 105 at viii, 12, 30 n.34; *see also* ECF No. 119 at 7-9, 23; *Howard*, 228 F.3d at 1065-66; *see also In re CV Therapeutics, Inc. Sec. Litig.,* 2004 U.S. Dist. LEXIS 17419, at *36 (control persons "both signed documents filed with the SEC.").

Should the Court determine that Defendant Hamer was inadvertently excluded as a control person Defendant under Section 20(a), the Order should be clarified to hold him secondarily liable under Count III. *See* FED. R. CIV. P. 60(a) ("The Court may correct . . . a mistake arising from oversight

or omission whenever one is found in a judgment, order, or other part of the record."); *see also Harmston*, 2008 U.S. Dist. LEXIS 9622, at *6-10; *Franklin v. Ocwen Loan Servicing, L.L.C.*, 2019 U.S. Dist. LEXIS 18512, at *1-2 (N.D. Cal. 2019).

### B.    Typographical Errors in the Order Warrant Correction

Federal Rule of Civil Procedure 60(a) enables courts to "correct a clerical mistake . . . whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). Here, Plaintiffs seek to correct certain clerical mistakes in the Order.

SEC Rule 10b-5 promulgated under the Exchange Act provides, in pertinent part, that:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any ***untrue statement*** of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

Subsection (b) therefore provides liability for materially false ***statements*** and/or omissions, whereas subsections (a) and (c) provide liability for ***conduct*** generally known as "scheme liability." *Id*. In other words, "[w]hile Rule 10b-5(b) addresses liability for material misstatements or omissions, 'Rules 10b-5(a) and (c) encompass conduct beyond disclosure violations.'" *N.Y. City Emps. Ret. Sys. v. Berry*, 616 F. Supp. 2d 987, 995 (N.D. Cal. 2009) (Ware, J.). Here, Count I asserts claims under Section 10(b) and Rule 10b-5 promulgated thereunder for Defendants' materially misleading statements and/or omissions. *See* ¶¶ 472-76; ¶ 473 ("During the Class Period, Defendants named herein disseminated or approved the materially false and misleading statements and/or omissions . . . ."). Count II asserts claims under Section 10(b) and Rule 10b-5(a) & (c) against Graf and Dee for scheme liability exclusively for the Hall ouster/leadership allegations. *See* ¶¶ 477-84; ¶ 478 ("During the Class Period, Defendants Graf and Dee violated Rules 10b-5(a) & (c) in that they employed

devices, schemes . . . ."). Count III asserts control liability claims under Section 10(b) and Rule 20(a) against the Individual Defendants – including Hamer. *See* ¶¶ 485-89; ¶ 486 ("The Individual Defendants acted as controlling persons . . . ."); *see also* ¶ 66 (defining the Individual Defendants).

The Order identified the three counts alleged in the Complaint as follows:

Count I asserts all defendants are liable under Section 10(b) of the Exchange Act and SEC Rule 10b-5 for making misleading statements during the class period. *Id*. ¶ 471. Count II asserts defendants Graf and Dee are liable under Section 10(b) of the Exchange Act and SEC Rule 10b-5(a) for employing "devices, schemes, and artifices to defraud" and engaging "in acts, practices, and a course of business that operated as a fraud or deceit." *Id*. ¶ 478. Count III asserts all individual defendants are derivatively liable under Section 20(a) of the Exchange Act as "controlling persons" who caused violations of the securities laws. *Id*. ¶ 487.

ECF No. 119 at 5.

The Order makes clear that it ultimately sustained Plaintiffs' claims concerning the Complaint's pled false statements about Hall's leadership and ouster under Count I (Rule 10b-5), while rejecting Plaintiffs' scheme liability claim under Count II (*i.e.*, Rule 10b-5(a) & (c)). *See* ECF No. 119 at 23, lines 2-4 (finding the Complaint "adequately alleged a violation of Section 10(b) of the Exchange Act [. . .] for the **statements** pertaining to Hall's leadership in [Velodyne] during the class period."); *see also id.*, lines 5-7 (finding "the [C]omplaint does not adequately allege that Graf or Dee 'employed a device, scheme, or artifice to defraud' . . . ."). While the Order makes clear that Defendants Velodyne, Graf, Dee and Gopalan violated Section 10(b), it contains what appear to be certain errant citations concerning the sustained and dismissed SEC Rule 10b-5 claims promulgated thereunder, including:

(i)    on page 5, line 23 – "SEC Rule 10b-5(a)" **should be** SEC Rule 10b-5(a) and (c);

(ii)    on page 21, line 14 – "SEC Rule 10b-5(c)" **should be** SEC Rule 10b-5;

(iii)    on page 23, line 3 – "SEC Rule 10b-5(c)" **should be** SEC Rule 10b-5; and

(iv)    on page 23, line 7 – "SEC Rule 10b-5(a)" **should be** SEC Rule 10b-5(a) and (c).

Correcting these minor typographical errors will promote clarity as this matter proceeds to

discovery, helping to minimize disputes which might otherwise require the Court's intervention.[4] *See Aniel v. Aurora Loan Servs., L.L.C.*, 2010 U.S. Dist. LEXIS 149176, at \*4-5 (N.D. Cal. 2010) (correcting typographical error); *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1057 (9th Cir. 2011) (identifying scheme liability claim as arising under Rule 10b-5(a) *and* (c)).

## III.    CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court: (i) clarify whether the Complaint adequately alleges that Defendant Hamer is secondarily liable as a control person under Section 20(a); and (ii) correct the typographical errors concerning the surviving Section 10(b) and SEC Rule 10b-5 claims and the dismissed SEC Rule 10b-5(a) and (c) claim.

Dated: July 22, 2022

Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

By:    *s/ Morgan M. Embleton*
Lewis S. Kahn
Alexander L. Burns
(admitted *pro hac vice*)
Alayne K. Gobeille
(admitted *pro hac vice*)
Morgan M. Embleton
(admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
alayne.gobeille@ksfcounsel.com
morgan.embleton@ksfcounsel.com

-and-

Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200

---

[4]    Lead Counsel raised these typographical issues with counsel for Defendants on July 8, 2022.

San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Lead Counsel and Counsel for*
*Lead Plaintiffs, Diane Smith & William P. Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Morgan M. Embleton*
MORGAN M. EMBLETON

# Mailing Information for a Case 3:21-cv-01486-SI Moradpour v. Velodyne Lidar, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **William Zachary Brenc**
  william.brenc@wilmerhale.com,william-brenc-3258@ecf.pacerpro.com,barbara.palomo@wilmerhale.com,whdocketing@wilmerhale.com

- **Alexander Louis Burns**
  alexander.burns@ksfcounsel.com

- **Morgan Michelle Embleton**
  Morgan.Embleton@ksfcounsel.com

- **Alayne K Gobeille**
  alayne.gobeille@ksfcounsel.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Sarah E. Maciel**
  Sarah.Maciel@wilmerhale.com

- **Kevin Peter Muck**
  Kevin.Muck@wilmerhale.com,whdocketing@wilmerhale.com,joann.ambrosini@wilmerhale.com,lindy.patrick@wilmerhale.com

- **Susan Samuels Muck**
  susan.muck@wilmerhale.com,whdocketing@wilmerhale.com,susan-muck-3159@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Ivan Panchenko**
  ivan.panchenko@wilmerhale.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Brian Jared Schall**
  brian@schallfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)