KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

IVAN PANCHENKO (admitted *pro hac vice*)
ivan.panchenko@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (650) 526-5000

SARAH E. MACIEL (SBN 333410)
sarah.maciel@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendants Velodyne Lidar, Inc.,*
*Anand Gopalan, Andrew Hamer, James A. Graf,*
*Michael Dee and Joseph B. Culkin*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, et al., <br><br> Plaintiff, <br><br> v. <br><br> VELODYNE LIDAR, INC., et al, <br><br> Defendants. | Case No. 3:21-cv-01486-SI <br><br> **DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' MOTION TO CLARIFY AND/OR AMEND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** <br><br> Date:    September 9, 2022 <br> Time:    10:00 a.m. <br> Place:   Courtroom 1, 17th Floor <br> Judge:   The Honorable Susan Illston |

**ISSUES TO BE DECIDED**

1.    Whether Plaintiffs are entitled to reconsideration of the portions of this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (*see* ECF No. 119 (the "Order")) that dismissed all claims against Andrew Hamer, notwithstanding that: (a) Plaintiffs do not (and cannot) comply with the procedural and substantive requirements of Civil L.R. 7-9; (b) Plaintiffs' purported rationale for reconsideration is contradicted by a stipulation filed with the Court just a few weeks ago (*see* ECF Nos. 121, 122); and (c) Plaintiffs thereafter decided that they would not make any effort to further amend their allegations (*see* ECF No. 123).

2.    Whether the Order's references to Rule 10b-5 should be amended.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Despite its misleading title, Plaintiffs' Motion to Clarify and/or Amend the Order ("Motion" or "Mot.") unquestionably – and improperly – seeks *reconsideration* of the Court's Order insofar as it dismissed Plaintiffs' Section 20(a) claim against Mr. Hamer.  Indeed, by contrast to Plaintiffs' newly contrived suggestion that the Court's decision with respect to Mr. Hamer was somehow less than clear, they previously acknowledged – in a stipulation filed with the Court on July 11, 2022 – that the Order plainly *dismissed all claims against Mr. Hamer*.  *See* ECF No. 121.  And when they filed a notice four days later to inform the Court and the other parties that they did not intend to file an amended complaint, Plaintiffs *still* said nothing about any purported need for clarification or an intent to bring Mr. Hamer back into a case from which he had been dismissed.

The explanation for Plaintiffs' mischaracterization of their motion is simple:  They do not (and cannot) satisfy the local rule governing reconsideration, which is undoubtedly why the Motion does not even mention it.  At the outset, Plaintiffs have not sought this Court's leave to move for reconsideration, a procedural defect this Court has repeatedly deemed fatal.  Nor can Plaintiffs satisfy the Rule's substantive requirements.  Plaintiffs' feigned confusion as to the status of their claims against Mr. Hamer falls far short of the "reasonable diligence" that Civil L.R. 7-9 requires.  The Court's conclusion as to Mr. Hamer was clear when it issued the Order on

July 1, 2022; it was clear when Plaintiffs acknowledged on July 11, 2022 in a stipulation that the Court had dismissed all claims against Mr. Hamer; and it was clear when Plaintiffs declined to amend the complaint on July 15, 2022.  Plaintiffs offer no explanation for their failure to act – because none exists.

Even if Plaintiffs had acted diligently, however, reconsideration would still be unwarranted, because Plaintiffs cannot demonstrate the existence of any of the bases for reconsideration set forth in Civil L.R. 7-9.  At bottom, the arguments underlying Plaintiffs' Motion could have been raised in opposition to Defendants' motion to dismiss.  Putting aside that those arguments lack merit, Plaintiffs' conscious decision not to make them previously forecloses their belated attempt to assert them now.

Plaintiffs also seek to amend the Order's references to Rule 10b-5, supposedly to clarify which claims were dismissed and which were allowed to proceed.  Defendants do not in principle oppose amendments to the Rule 10b-5 references for the purpose of legitimate clarification.  However, two of Plaintiffs' proposed amendments – Requests (ii) and (iii) – promote confusion rather than clarity and improperly expand the potential theories of liability.  Thus, as discussed below, Defendants propose appropriate alternatives to those requests.

## II.   THE COURT SHOULD REJECT PLAINTIFFS' IMPROPER AND UNTIMELY REQUEST FOR RECONSIDERATION AS TO MR. HAMER

Because the core of Plaintiffs' Motion is a request that this Court reconsider its decision to dismiss Plaintiffs' Section 20(a) claim against Mr. Hamer, Plaintiffs must satisfy Civil L.R. 7-9.  They have not even tried to do so, because they know any such effort would be futile.

To begin, the Motion is procedurally improper because Plaintiffs failed to seek the Court's leave to move for reconsideration.  *See* Civil L.R. 7-9(a) ("No party may notice a motion for reconsideration without *first* obtaining leave of Court to file the motion." (emphasis added)).  As this Court has repeatedly held, that alone mandates denial of Plaintiffs' request.  *See, e.g.*, *Austin v. Kemper Corp. (Ins.)*, 2022 WL 798114, at *1 (N.D. Cal. Mar. 16, 2022) (denying reconsideration because movant "failed to request leave") (Illston, J.); *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 2019 WL 5269014, at *6 (N.D. Cal. Oct. 17, 2019) (denying request for

reconsideration "disguised" as opposition to motion for summary judgment for failure to seek leave) (Illston, J.).

Even if Plaintiffs had complied with the procedural prerequisites of Civil L.R. 7-9, they do not satisfy the Rule's substantive requirements.  As an initial matter, Plaintiffs have not "specifically show[n] reasonable diligence in bringing the motion."  Civil L.R. 7-9(b).  The Court issued the Order on July 1, 2022.  *See* ECF No. 119.  The Order made clear that, *inter alia*, Plaintiffs' Section 20(a) claim would proceed against *only* Anand Gopalan, Michael Dee, and James Graf.  *Id.* at 30.  On July 11, 2022, the Parties confirmed in a joint stipulation that the Court had "grant[ed]" Defendants' motion to dismiss "as to *all claims* asserted *against Mr. Hamer*." *See* ECF No. 121 at 1 (emphasis added).  Then, on July 15, 2022 – the Court-ordered deadline for Plaintiffs to amend – Plaintiffs filed a notice confirming that they would not amend and raised no issue whatsoever regarding the status of Mr. Hamer.  *See* ECF No. 123.  In other words, Plaintiffs' contention that there has been some supposed "oversight" (Mot. at 4) is a clumsy attempt at revisionism:  The Order was clear, Plaintiffs admitted as much, and they made no effort to *identify* any concern regarding Mr. Hamer's dismissal – much less to address that issue. Plaintiffs' unexplained lack of "reasonable diligence" provides yet another basis for denying the Motion.  *See, e.g.*, *In re Nuveen Funds/City of Alameda Sec. Litig.*, 2011 WL 3890227, at *2 (N.D. Cal. Sept. 1, 2011) (denying reconsideration where party failed expeditiously to seek reconsideration following issuance of summary judgment order) (Illston, J.); *Advanced Micro Devices v. Samsung Elecs. Co.*, 2010 WL 5153136, at *2 (N.D. Cal. Dec. 13, 2010) (denying reconsideration where movant did not identify any information "not discoverable upon the exercise of reasonable diligence") (Illston, J.).

Setting aside Plaintiffs' inexcusable inaction, the Motion does not come close to establishing any of the three "stringent" bases for reconsideration set forth in Civil L.R. 7-9(b). *Herrera v. United States*, 2014 WL 6808665, at *1 (N.D. Cal. Dec. 2, 2014) (denying reconsideration); *see also*, *Man Against Extinction v. Hall*, 2008 WL 4534279, at *2 (N.D. Cal. Oct. 7, 2008) (denying reconsideration where movant did "not establish[] any of [the three] grounds" for reconsideration in Civil L.R. 7-9(b)) (Illston, J.).  Plaintiffs make no attempt to

"specifically show" (nor could they) the existence of "a material difference in fact or law … from that which was presented to the Court," or "[t]he emergence of new material facts or a change of law." Civil L.R. 7-9(b)(1)-(2). And any claim that there was "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" (Civil L.R. 7-9(b)(3)) fails for the simple reason that the Court cannot have failed to consider arguments that Plaintiffs never made. *See Lai v. Nw. Mut.*, 2014 WL 5339299, at *1 (N.D. Cal. Oct. 20, 2014) (denying reconsideration because movant "did not make … argument in opposition to summary judgment" and cannot seek reconsideration under the "manifest failure" prong "based upon a ground that was not presented") (Illston, J.). Defendants sought dismissal of Plaintiffs' Section 20(a) claim in its entirety. *See* ECF No. 102 at 30. Plaintiffs effectively declined to respond, relegating their argument to a footnote that does not even mention Mr. Hamer. *See* ECF No. 105 at 30 n.34.[1] Thus, any suggestion by Plaintiffs that the Court failed to consider their arguments as to Mr. Hamer is baseless.

Relatedly, it is well-settled that "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (affirming denial of motion for reconsideration where basis for motion "could have been introduced earlier in the litigation"). The proper time for Plaintiffs to make substantive arguments concerning control-person liability was in their opposition to Defendants' motion to dismiss. They chose not to do so. And this Court has made clear that it will not countenance such gamesmanship. *See, e.g.*, *In re Cameron*, 2014 WL 1365895, at *3 (N.D. Cal. Apr. 7, 2014) (denying reconsideration where "[a]ll of the arguments in the motion" for reconsideration "could have been made by [movant] in her reply brief") (Illston, J.); *In re Nuveen Funds/City of Alameda Sec. Litig.*, 2011 WL 3890227, at *2 (denying reconsideration where party could have raised argument when opposing summary judgment).

---

[1] Much like the allegations in Plaintiffs' complaint, their token opposition to Defendants' argument indiscriminately lumps together all "Individual Defendants" (ECF No. 105 at 30 n.34), glossing over matters such as whether and when each Defendant served as an officer or director of the various relevant entities, some of which are not alleged to have made any misstatements.

That Plaintiffs can articulate no basis for reconsideration is most clearly demonstrated by their agreement in the Parties' July 11, 2022 stipulation that the Order dismissed "*all claims* asserted against Mr. Hamer." *See* ECF No. 121 at 1 (emphasis added).  Plaintiffs do not – and cannot – reconcile the stipulation's unequivocal language with their untimely and contrived claims of confusion regarding the Order's effect.  Put simply, Plaintiffs have no basis to take a contradictory position now.  *See, e.g.*, *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 677 (2010) (courts will not "consider a party's argument that contradict[s] a joint stipulation" (internal quotation marks omitted)); *Henderson v. Peterson*, 2011 WL 2838169, at *5 (N.D. Cal. July 15, 2011) (rejecting argument "at odds with the parties' stipulation").

**III.    IF THE COURT AMENDS THE ORDER'S REFERENCES TO RULE 10B-5, IT SHOULD REJECT PLAINTIFFS' ATTEMPT TO EXPAND THE REMAINING THEORIES OF LIABILITY**

Plaintiffs suggest that four references in the Order to Rule 10b-5 should be amended to correct what Plaintiffs describe as "certain errant citations concerning the sustained and dismissed SEC Rule 10b-5 claims." Mot. at 6.  While Defendants do not oppose clarification in principle, two of Plaintiffs' proposed amendments create more confusion than they resolve and improperly expand the scope of what is now an action predicated on just a handful of alleged misstatements.

In Requests (ii) and (iii), Plaintiffs ask that the Order be amended to state that the only remaining Section 10(b) claim (against Velodyne, Mr. Gopalan, and Mr. Dee) implicates Rule 10b-5 generally – *i.e.*, without specifying the applicable subsection of the Rule.  *See* Mot. at 6. But Plaintiffs' own Motion demonstrates that a generic reference to Rule 10b-5 without a subsection specified is inappropriate here.  Specifically, Plaintiffs acknowledge that: (1) the Section 10(b) claim that the Court declined to dismiss is predicated on alleged misstatements regarding David Hall; and (2) such claims are addressed under subsection (b) of Rule 10b-5, while subsections (a) and (c) encompass broader conduct not at issue in this action.  *See* Mot. at 5 ("Subsection (b) ... provides liability for materially false statements and/or omissions, whereas subsections (a) and (c) provide liability for conduct generally known as 'scheme liability' …. Here, Count I asserts claims … for Defendants' materially misleading statements and/or

omissions."). Accordingly, Plaintiffs have conceded that the only remaining claim is properly understood as one under Rule 10b-5(b), and the Court should reject their *post hoc* attempt to broaden the potential theories of liability after they affirmatively declined the Court's invitation to file an amended complaint. *See* ECF No. 123.[2]

Defendants accordingly propose that, if the Order's references to Rule 10b-5 are to be amended, they should be amended as follows:

| Req. | Page | Lines | Order | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|---|---|---|
| i | 5 | 22-24 | Count II asserts defendants Graf and Dee are liable under Section 10(b) of the Exchange Act and SEC Rule *10b-5(a)* for employing "devices, schemes, and artifices to defraud" and engaging "in acts, practices, and a course of business that operated as a fraud or deceit. | Count II asserts defendants Graf and Dee are liable under Section 10(b) of the Exchange Act and SEC Rule *10b-5(a) and (c)* for employing "devices, schemes, and artifices to defraud" and engaging "in acts, practices, and a course of business that operated as a fraud or deceit. | N/A (*Defendants do not oppose Plaintiffs' proposal*) |
| ii | 21 | 12-16 | Based on careful review of the facts alleged in the CAC, the arguments raised by the parties, and documents incorporated by reference or facts judicially noticed, the Court concludes the CAC adequately alleges: (i) Section 10(b) and SEC *Rule 10b-5(c)* claims against Velodyne, Gopalan, and Dee based on Hall's ouster; and (ii) a Section 20(a) | Based on careful review of the facts alleged in the CAC, the arguments raised by the parties, and documents incorporated by reference or facts judicially noticed, the Court concludes the CAC adequately alleges: (i) Section 10(b) and SEC *Rule 10b-5* claims against Velodyne, Gopalan, and Dee based on Hall's ouster; and (ii) a Section 20(a) claim | Based on careful review of the facts alleged in the CAC, the arguments raised by the parties, and documents incorporated by reference or facts judicially noticed, the Court concludes the CAC adequately alleges: (i) Section 10(b) and SEC *Rule 10b-5(b)* claims against Velodyne, Gopalan, and Dee based on Hall's ouster; and (ii) a |

[2] To the extent Plaintiffs may contend that Count I of the Amended Complaint is pleaded under Rule 10b-5 generally, they have now made clear that they intended to invoke only subsection (b).

| Req. | Page | Lines | Order | Plaintiffs' Proposal | Defendants' Proposal |
|------|------|-------|-------|----------------------|---------------------|
| | | | claim against Gopalan, Dee, and Graf based on Hall's ouster. | against Gopalan, Dee, and Graf based on Hall's ouster. | Section 20(a) claim against Gopalan, Dee, and Graf based on Hall's ouster. |
| iii | 23 | 2-4 | The complaint has thus adequately alleged a violation of Section 10(b) of the Exchange Act and SEC *Rule 10b-5(c)* against Velodyne, Gopalan, and Dee for the statements pertaining to Hall's leadership in the company during the class period. | The complaint has thus adequately alleged a violation of Section 10(b) of the Exchange Act and SEC *Rule 10b-5* against Velodyne, Gopalan, and Dee for the statements pertaining to Hall's leadership in the company during the class period. | The complaint has thus adequately alleged a violation of Section 10(b) of the Exchange Act and SEC *Rule 10b-5(b)* against Velodyne, Gopalan, and Dee for the statements pertaining to Hall's leadership in the company during the class period. |
| iv | 23 | 5-7 | However, the complaint does not adequately allege that Graf or Dee "employed a device, scheme, or artifice to defraud" under SEC *Rule 10b-5(a)*. | However, the complaint does not adequately allege that Graf or Dee "employed a device, scheme, or artifice to defraud" under SEC *Rule 10b-5(a) and (c)*. | N/A (*Defendants do not oppose Plaintiffs' proposal*) |

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' improper and belated request to reconsider its decision to dismiss the Section 20(a) claim against Mr. Hamer.  If the Court determines that revisions to the Order's references to Rule 10b-5 are appropriate, Defendants respectfully submit that the Court should adopt the proposed revisions specified above.

Dated:  August 5, 2022

WILMER CUTLER PICKERING HALE
AND DORR LLP

By:    /s/ Kevin P. Muck
        Kevin P. Muck

*Attorneys for Defendants Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer, James A. Graf, Michael Dee and Joseph B. Culkin*