Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Lead Counsel and Counsel for*
*Lead Plaintiffs, Diane Smith & William P. Smith*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MEYSAM MORADPOUR, et al., ) | Case No. 3:21-CV-01486-SI |
| ) | |
| Plaintiffs, ) | **LEAD PLAINTIFFS' REPLY IN FURTHER** |
| ) | **SUPPORT OF THEIR MOTION TO** |
| v. ) | **CLARIFY AND/OR AMEND ORDER** |
| ) | **GRANTING IN PART AND DENYING IN** |
| VELODYNE LIDAR, INC., et al., ) | **PART DEFENDANTS' MOTION TO** |
| ) | **DISMISS** |
| Defendants. ) | |
| ) | **CLASS ACTION** |
| ) | |
| ) | Judge:      Hon. Susan Illston |
| ) | Date:       September 9, 2022 |
| ) | Time:       10:00 a.m. |
| ) | Courtroom:  1 – 17th Floor |

REPLY IN FURTHER SUPPORT OF MOTION TO                    CASE NO. 3:21-CV-01486-SI
CLARIFY AND/OR AMEND ORDER

## I.    INTRODUCTION

Defendants' "opposition" to Lead Plaintiffs' Motion to Clarify and/or Amend Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (the "Motion"; ECF No. 124) does not, in any way, challenge the substantive relief Plaintiffs' Motion seeks. *See generally* ECF No. 125 (the "Response"). Plaintiffs' core substantive legal argument – namely, that the Complaint adequately alleged that Andrew Hamer, Velodyne Lidar, Inc.'s ("Velodyne's") Class Period Chief Financial Officer and Treasurer, is liable as a control person defendant because he signed several Velodyne SEC filings containing materially misleading statements[1] – is therefore undisputed. *See Perfect 10, Inc. v. Giganews, Inc.*, 2015 U.S. Dist. LEXIS 53733, at *17 (C.D. Cal. 2015) (failure to raise arguments in opposition construed as waiver).[2]

Unable to contest the sound factual and legal bases underlying the Motion, Defendants' Response instead seeks to undermine it as an "improper" motion for reconsideration. *See* ECF No. 125 at 2-5. Defendants are wrong as Lead Plaintiffs cannot seek "reconsideration" of an issue that was not specifically addressed in the Court's July 1, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Consolidated Amended Complaint (the "Order"; ECF No. 119). In other words, while the Order undoubtedly sets forth the proper legal standard for Section 20(a) liability in holding that "[t]he complaint also adequately alleges a violation of Section 20(a) against Gopalan, Dee, and Graf as control persons of Velodyne[,]" the Order does not address why Mr. Hamer was not included as a control person defendant alongside those same Defendants. *Id*. at 23. Defendants have

---

[1]    *See*, *e.g.*, ECF No. 103-2 (October 19, 2020 Registration Statement); ¶ 54 (November 9, 2020 3Q2020 Quarterly Report); ECF No. 103-11 (January 7, 2021 Form 8-K, containing the FY2020 earnings release); *see also* ECF No. 119 at 9, n.2, 21-22. "¶" or "¶¶" refers to Lead Plaintiffs' Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"; ECF No. 99). All emphasis added and internal citations omitted unless otherwise noted.

[2]    Moreover, Defendants' previous request that the Court judicially notice and/or hold that ECF Nos. 103-2 and 103-11 were incorporated by reference into the Complaint should operate as a judicial admission that Mr. Hamer signed these SEC filings. *See Brooke v. Rihh LP*, 2020 U.S. Dist. LEXIS 138739, at *4-5 (N.D. Cal. 2020) ("Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."). The Court incorporated both by reference, further taking judicial notice of the latter. *See* ECF No. 120 at 2-3.

no answer. By this Motion, therefore, Plaintiffs properly seek clarification such that the Motion should be granted.

## II.    THE MOTION IS PROCEDURALLY PROPER

"A court may clarify its order for any reason." *Tessera, Inc. v. UTAC (Taiwan) Corp.*, 2016 U.S. Dist. LEXIS 5654, at *8-10 (N.D. Cal. 2016). "[T]he clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can [be] corrected with further explanation." *Id*. Indeed, motions for clarification are routinely filed and granted when interlocutory orders are ambiguous. *See Travelers Prop. Cas. of Am. v. Kaufman & Broad Monterey Bay, Inc.*, 2015 U.S. Dist. LEXIS 28833, at *3-4 (N.D. Cal. 2015); *James v. Uber Techs., Inc.*, 338 F.R.D. 123, 145-46 (N.D. Cal. 2021); *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2020 U.S. Dist. LEXIS 69035, at *4-5 (N.D. Cal. 2020).

In their Response, Defendants wholly avoid the substantive issue before the Court—*i.e.*, whether the Order *intended* to find that control person liability was adequately pled against Mr. Hamer. Clarification is an appropriate vehicle to resolve that ambiguity because it turns on the question of the Court's intent. *See A.H.D.C. v. City of Fresno*, 2002 U.S. Dist. LEXIS 28471, at *6-7 (E.D. Cal. 2002) (the distinction between "clarification" and "reconsideration" is that the former turns on a mistake in execution, and the latter turns on changing the court's mind). When a court intends not to fully release a defendant—as may be the case with Mr. Hamer here—a motion for clarification is the proper vehicle to determine whether such claims should be reinstated. *See SEC v. Leslie*, 2008 U.S. Dist. LEXIS 69540, at *5-8 (N.D. Cal. 2008) (clarifying earlier ruling dismissing claims against defendant Lonchar, noting that ". . . the Court did not intend to dismiss the fourth claim in its entirety[,]" and reinstating aiding and abetting claim).

Defendants now try to claim that no ambiguity exists concerning the Court's intent by focusing exclusively on the Order's summary of findings. *See* ECF No. 119 at 23, 30. In doing so, Defendants ignore that the Order's reasoning firmly supports Mr. Hamer's Section 20(a) liability. *See* ECF No. 125 at 1-3; *see also* ECF No. 119 at 4, 7, 9, n.2, 22. Indeed, Defendants overlook that the Order *did* establish grounds to hold Mr. Hamer to account under Section 20(a) as an officer of Velodyne who

signed certain offending Class Period SEC filings. *See, e.g.*, *In re Montage Tech. Grp. Ltd. Sec. Litig.*, 78 F. Supp. 3d 1215, 1228 (N.D. Cal. 2015) (sustaining Section 20(a) claim against defendants who were officers of the company who "signed the allegedly fraudulent SEC filings which form[ed] the basis of th[e] action.") (Illston, J.).

The Order, for instance, plainly articulates the correct legal standard to sustain the Complaint's control person allegations against Defendants Gopalan, Dee, and Graf. *See* ECF No. 119 at 20-21; *id*. at 23. The Order also provides sufficient grounds to sustain the Complaint's control person claims against Mr. Hamer, acknowledging that: (i) Mr. Hamer signed the January 7, 2021 Form 8-K; and (ii) the January 7, 2021 Form 8-K contained materially misleading statements concerning Hall's role at the Company. *See id*. at 9 (citing ECF No. 103-11, noting Mr. Hamer's signature); *see also id*. at 22-23 (holding ". . . the existence of an investigation, along with all the other facts and circumstances, creates a strong inference of scienter for the statements made in the [January 7, 2021] FY2020 Release."). The Order also held as actionable those materially misleading statements concerning Hall's ouster in the October 19, 2020 Registration Statement and the November 9, 2020 3Q2020 Quarterly Report—both of which Mr. Hamer signed. *See id*. at 9, n.2, 22. With respect to the November 9, 2020 statements about Hall's role, the Court further acknowledged that the September 2020 meeting ***that Mr. Hamer participated in***, wherein discussions took place about eliminating Hall's "control over 'a number of important corporate issues,'" also provided a basis for finding those statements actionable (despite scienter not being required to hold Mr. Hamer liable under Section 20(a)). *See id*. at 7, 22; *see also Howard v. Everex Sys.*, 228 F.3d 1057, 1065 (9th Cir. 2000) (a "'plaintiff does not have the burden of establishing that person's scienter distinct from the controlled corporation's scienter'" to demonstrate "the liability of a controlling person[.]"). The Order therefore plainly establishes a factual and legal basis to sustain a Section 20(a) claim against Mr. Hamer. Despite the foregoing, the Order's control person holdings excluded Mr. Hamer as a 20(a) defendant without explanation. *See* ECF No. 119 at 23, 30-31.

The disparity between the Court's reasoning and findings warrants clarification. *See Tessera, Inc.*, 2016 U.S. Dist. LEXIS 5654, at *8-10 (N.D. Cal. 2016); *see also Leslie*, 2008 U.S. Dist. LEXIS

69540, at *6-7 ("For the reasons discussed below, the Court concludes that its dismissal of the fourth claim as to Lonchar was incorrect. . . . Accordingly, the Court did not intend to dismiss the fourth claim in its entirety."); *Parker v. GreenPoint Mortg. Funding Inc.*, 2011 U.S. Dist. LEXIS 127206, at *14-15 (D. Nev. 2011) (clarifying pursuant to Rule 60(a) whether certain defendants should also have been dismissed).

Clarification is further appropriate here because Defendants' Motion to Dismiss did not specifically raise *any* control person arguments with respect to Mr. Hamer for actionable misstatements about Hall *after* the Reverse Merger on September 29, 2020. *See* ECF No. 102 at 30. Instead, Defendants' Motion to Dismiss only challenged Mr. Hamer's control over statements made by Graf Industrial Corp. before the Reverse Merger was consummated—none of which are implicated by the instant Motion. *See* ECF No. 102 at 30 ("And while Mr. Gopalan and Mr. Hamer served as Velodyne officers *post-merger*, the CAC does not (and cannot) show their power or control over the Company *before then* (when they were Old Velodyne employees.)") (emphasis in original); *see also* ECF No. 124 at 4 (seeking clarity for statements made on October 19, 2020, November 9, 2020, and January 7, 2021); *Travelers Prop. Cas. of Am.*, 2015 U.S. Dist. LEXIS 28833, at *3-4 (granting clarification where the court did not address an issue that was "not present[ed] [as] a developed argument within the briefing reviewed by the Court."); *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1105-06 (9th Cir. 1999). Accordingly, contrary to Defendants' procedural arguments, Lead Plaintiffs cannot have "failed" to respond to an argument Defendants never raised. *See generally* ECF Nos. 102, 105; *see also* ECF No. 125 at 3-4; *AAA v. Darba Enters.*, 2009 U.S. Dist. LEXIS 50368, at *3-4 (N.D. Cal. 2009).

Furthermore, Defendants' Motion to Dismiss actually conceded that "Mr. Hamer served as [a] Veldoyne officer[] post-*merger*[.]" *See* ECF No. 102 at 30; *see also In re Am. Apparel, Inc. S'holder Litig.*, 2013 U.S. Dist. LEXIS 189797, at *143 (C.D. Cal. 2013). There, Defendants similarly failed to challenge the undisputed fact that Mr. Hamer signed the offending SEC filings at issue here. *See generally* ECF Nos. 102 & 109. Nor could they because Defendants previously requested incorporation by reference and judicial notice of both the October 19, 2020 Registration Statement

and the January 7, 2021 Form 8-K—each bearing Mr. Hamer's signature. *See* ECF Nos. 103-2, 103-11, and 105 at viii; *see also In re CV Therapeutics, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 17419, at *36 (N.D. Cal. 2004) (control persons "both signed documents filed with the SEC.") (Illston, J.).[3] Lead Plaintiffs otherwise argued that "[c]ontrol person liability against each Individual Defendant is adequately pled" because "control person liability claims can generally only be dismissed at the pleading stage 'if a plaintiff fails to adequately plead a primary violation[.]'" *See* ECF No. 105 at 30, n.34. Lead Plaintiffs therefore not only responded to but also overcame Defendants' remaining argument challenging Mr. Hamer's liability under Section 20(a) by adequately pleading a violation against Defendant Velodyne. *See* ECF Nos. 102 at 30; ECF No. 109 at n.19; ECF No. 119 at 23, 30-31; ECF No. 125 at 4; *see also Big Bear Lodging Ass'n*, 182 F.3d at 1105-06.

Accordingly, the disparity between the Order's analysis and its summary of findings for the Defendants' materially false statements about Hall's role at Velodyne warrants clarification regarding Mr. Hamer's control person liability. *See Leslie*, 2008 U.S. Dist. LEXIS 69540, at *6-7; *Travelers Prop. Cas. of Am.*, 2015 U.S. Dist. LEXIS 28833, at *3-4. If the Court did in fact intend to exclude Mr. Hamer as a control person defendant, Lead Plaintiffs request clarification given binding Circuit authority on the issue. *See Howard*, 228 F.3d at 1065-66; *see also In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 555 (N.D. Cal. 2009) ("Where a [defendant] is alleged to have signed the registration statements at issue . . . courts have presumed that the [defendant] exercised actual authority and control, at least over the contents of and/or release of those statements."). If the Court, however, did not intend to exclude Mr. Hamer as a defendant, then the Order should be clarified to expressly hold him liable under Section 20(a). *See* Fed. R. Civ. P. 60(a) ("The court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."); *Leslie*, 2008 U.S. Dist. LEXIS 69540, at *6-7 (clarifying earlier dismissal order and reinstating aiding/abetting claim); *see also Tessera, Inc.*, 2016 U.S. Dist. LEXIS 5654, at *10.[4]

---

[3]    *See* n.2, *supra*.

[4]    Assuming *arguendo* that reconsideration was somehow preferable, the Court may still address the Motion's merits. *See Castellar v. Mayorkas*, 2022 U.S. Dist. LEXIS 133823, at *9-10 (S.D. Cal.

### III. THE MOTION IS TIMELY AND DOES NOT CONTRADICT THE STIPULATION OR NOTICE

Defendants suggest that the parties' Stipulation and Order Extending Defendants' Deadline to Respond to Plaintiffs' Amended Class Action Complaint (ECF No. 122; the "Stipulation") somehow forecloses Plaintiffs' Motion is a *non sequitur*. The Stipulation's prefatory recitals merely restated the Order's findings—only two stipulations were entered between the parties: (i) setting a protocol for a potential amendment; and (ii) providing a deadline for Defendants' Answer to the Complaint. *Id*. Neither, of course, in any way waives Lead Plaintiffs' ability to seek clarification of the Order. In *Henderson v. Paterson*, which Defendants cite, defendants were foreclosed from introducing evidence on an issue which they had previously stipulated (*via* a joint proposed jury instruction) was "'irrelevant and should not be considered.'" *See* 2011 U.S. Dist. LEXIS 76799, at \*15 (N.D. Cal. 2011). *Henderson* is therefore not remotely instructive here. *See id*.

Defendants' bizarre reliance on Lead Plaintiffs' Notice re: July 1, 2022 Order (ECF No. 123, "Notice") is similarly meritless. Through the Notice, Lead Plaintiffs simply informed the Court that they were not pursuing amendment as of July 15, 2022, while expressly reserving the right to do so if later warranted under FED. R. CIV. P. 15. *See* ECF No. 123 at 1, citing *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051-53 (9th Cir. 2003). Lead Plaintiffs are not, as Defendants suggest, seeking to amend the Complaint through the Motion. *See* ECF No. 124. Rather, as set forth above, the instant Motion properly and timely seeks clarification concerning whether the Court intended to exclude Mr. Hamer as a control person defendant under Section 20(a).

Lastly, Defendants' suggestion that the Motion is not timely is plainly belied by the fact that

---

2022) ("*sua sponte* constru[ing] the foregoing motions [for clarification] as motions to reconsider under Federal Rule of Civil Procedure 60(b)."). "'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Jack in the Box, Inc. v. Mehta*, 2014 U.S. Dist. LEXIS 68519, at \*6-7 (N.D. Cal. 2014) (citing *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001)); *see* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

Plaintiffs sought clarification within twenty-one days of the Order and just *seven* days from the July 15, 2022 Notice regarding amendment. *Cf.* ECF Nos. 119, 123, 125. Based on other motions previously considered by this Court (and others), Lead Plaintiffs plainly exercised reasonable diligence. *See Franklin v. Ocwen Loan Servicing, LLC*, No. 3:18-cv-3333 (N.D. Cal. 2018), Dkt Nos. 37, 45 (motion for clarification filed within *thirty days*); *Franklin v. Ocwen Loan Servicing, LLC*, 2019 U.S. Dist. LEXIS 18512, at *1 (N.D. Cal. 2019) (granting motion); *see also Tessera, Inc. v. UTAC (Taiwan) Corp.*, No. 5:10-cv-4435 (N.D. Cal. 2015), Dkt Nos. 367, 372 (defendants moved for clarification *twenty-eight* days after order denying motion for partial summary judgment); *Tessera, Inc.*, 2016 U.S. Dist. LEXIS 5654, at *8-10 (granting motion). Defendants' cases to the contrary are distinguishable. *See Advanced Micro Devices v. Samsung Elecs. Co.*, 2010 U.S. Dist. LEXIS 166033 (N.D. Cal. 2010) (delay of *ten months*); *In re Nuveen Funds/City of Alameda Sec. Litig.*, 2011 U.S. Dist. LEXIS 175642 (N.D. Cal. 2011) (plaintiffs did not seek leave until "over *two months* after the Court's summary judgment order was filed and only two months before the October 4, 2011 trial date.").

## IV.  PLAINTIFFS DO NOT OPPOSE DEFENDANTS' REQUESTS FOR FURTHER CLARIFICATION

Defendants reticently acknowledge that the four citations in the Order highlighted in Plaintiffs' Motion do warrant clarification and correction. *See* ECF No. 125 at 6-7. Defendants did not oppose two of the four requested changes by Plaintiffs. *See id.*, requests (i) and (iv). Moreover, Defendants requested additional clarification, seeking further citation to subsection (b) of Rule 10b-5. *Id.*, at requests (ii) and (iii). Plaintiffs do not oppose these further clarifications, either.

## V.  CONCLUSION

For the foregoing reasons, Lead Plaintiffs' Motion should be granted in its entirety.[5]

---

[5] Although the parties should by now have been conferring about discovery and related scheduling, Defendants have used the filing of Plaintiffs' Motion (and the absence of an initial Case Management Conference date) to steadfastly refuse Plaintiffs' numerous requests to meet and confer pursuant to FED. R. CIV. P. 26(f) and this District's, *inter alia*, ESI protocols. *See* Declaration of Alexander L. Burns in Support of Lead Plaintiffs' Reply in Further Support of Their Motion to Clarify and/or Amend Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, at Ex's. A,

Dated: August 12, 2022

Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

By:     *s/ Alexander L. Burns*
Lewis S. Kahn
Alexander L. Burns
(admitted *pro hac vice*)
Alayne K. Gobeille
(admitted *pro hac vice*)
Morgan M. Embleton
(admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
alayne.gobeille@ksfcounsel.com
morgan.embleton@ksfcounsel.com

-and-

Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Lead Counsel and Counsel for*
*Lead Plaintiffs, Diane Smith & William P. Smith*

---

B, C (Defense counsel: "Once the Court rules on Plaintiffs' motion and sets a date for the initial case management conference, we can of course revisit this matter.") and D.

REPLY IN FURTHER SUPPORT OF MOTION TO CLARIFY AND/OR AMEND ORDER                8                CASE NO. 3:21-CV-01486-SI

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

_____
*s/ Alexander L. Burns*
ALEXANDER L. BURNS

REPLY IN FURTHER SUPPORT OF MOTION TO CLARIFY AND/OR AMEND ORDER          9          CASE NO. 3:21-CV-01486-SI

**Mailing Information for a Case 3:21-cv-01486-SI Moradpour v. Velodyne Lidar, Inc. et al**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **William Zachary Brenc**
  william.brenc@wilmerhale.com,william-brenc-3258@ecf.pacerpro.com,barbara.palomo@wilmerhale.com,whdocketing@wilmerhale.com

- **Alexander Louis Burns**
  alexander.burns@ksfcounsel.com

- **Morgan Michelle Embleton**
  Morgan.Embleton@ksfcounsel.com

- **Alayne K Gobeille**
  alayne.gobeille@ksfcounsel.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Sarah E. Maciel**
  Sarah.Maciel@wilmerhale.com

- **Kevin Peter Muck**
  Kevin.Muck@wilmerhale.com,whdocketing@wilmerhale.com,joann.ambrosini@wilmerhale.com,lindy.patrick@wilmerhale.com

- **Susan Samuels Muck**
  susan.muck@wilmerhale.com,whdocketing@wilmerhale.com,susan-muck-3159@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Ivan Panchenko**
  ivan.panchenko@wilmerhale.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Brian Jared Schall**
  brian@schallfirm.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)