UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEYSAM MORADPOUR, et al.,

Plaintiffs,

v.

VELODYNE LIDAR, INC., et al.,

Defendants.

Case No. 21-cv-01486-SI

**ORDER GRANTING MOTION TO CLARIFY AND/OR AMEND ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 124

Before the Court is plaintiffs' motion to clarify and/or amend the court's July 1, 2022 order granting in part and denying in part defendants' motion to dismiss. Dkt. Nos. 124 (motion to clarify), 119 (order on motion to dismiss). For the reasons described below, the Court **GRANTS** plaintiffs' motion.

**BACKGROUND[1]**

This securities class action arises from a merger between Velodyne Lidar and Graf Industrial. Through its founder, David Hall, Velodyne invented a proprietary pulsed laser sensing technology (lidar) for real-time 3D vision in autonomous systems. CAC ¶ 103. Graf Industrial was a special purpose acquisition company (SPAC) founded in 2018 for the "sole purpose" of raising money through an IPO to fund a merger with a private company, which would then be taken public. *Id.* ¶ 8. Graf Industrial acquired Velodyne through a reverse merger on September 29, 2020. *Id.* ¶ 94.

The class action complaint, amended on February 11, 2022, is brought on behalf of all

---

[1] A fuller description of the background of this case can be found in the Court's order granting in part and denying in part defendants' motion to dismiss. Dkt. No. 119.

persons who purchased Velodyne securities between July 2, 2020 and March 17, 2021. *Id.* ¶ 3. The complaint alleges defendants advanced four categories of false or misleading statements or omissions to drum up support for the merger and inflate the price of Velodyne securities. *Id.* ¶¶ 3–6. Plaintiffs allege defendants' conduct caused the price of Velodyne's common stock to fall from $30.34 on September 9, 2020, to just over $13 on March 18, 2021. *Id.* ¶ 440. Among the misleading statements alleged were false assurances that Hall would continue to have a prominent role in the company while defendants were secretly working to oust him. *Id.* at ¶ 17. The Court has dismissed all claims except Section 10(b) claims against defendants Velodyne, Gopalan, and Dee based on untrue or misleading statements concerning the ouster of Hall, and claims against Gopalan, Dee, and Graf as control persons based on Velodyne's statements about Hall's ouster. Dkt. No. 119 at 30.

On March 4, 2022 defendants moved under Fed. R. Civ. P. 9(b) and 12(b)(6) to dismiss the Consolidated Amended Complaint for failure to state a claim under Sections 10(b) and 20(a) of the Securities Exchange Act or SEC Rule 10b-5. Dkt. No. 102. As to the Section 10(b) and SEC Rule 10b-5 claims under Counts I and II, defendants asserted the Complaint fails to plead facts (1) showing that any statement was materially false or misleading when made, or (2) raising a strong inference that any statement was made with scienter. For the Section 20(a) claim under Count III, defendants asserted the complaint fails to plead a primary violation of the Exchange Act or the individual defendants' control over Velodyne, and as such, could not state a claim for derivative liability. Notably with respect to this motion, defendants argued that Gopalan and Hamer served as Velodyne officers *post-merger* but could not show power or control over Velodyne before the merger when they were employees of "Old Velodyne." Dkt. No. 102 at 30. The Court held oral argument on June 10, 2022.

On July 1, 2022, the Court issued an order denying the motion in part and granting the motion in part. Dkt. No. 119. The Court denied the motion to dismiss "as it pertains to: (i) the Section 10(b) claims against Velodyne, Gopalan, and Dee based on Hall's ouster; and (ii) the Section 20(a) claims against Gopalan, Dee, and Graf based on Hall's ouster." *Id.* at 31. The Court granted the rest of motion to dismiss. *Id.* The Court denied leave to amend claims against Joseph Culkin but

United States District Court
Northern District of California

2

granted leave to amend other claims by July 15, 2022. *Id.* On July 11, the parties filed a stipulation concerning scheduling in which they acknowledged that the Court had dismissed some claims but "grant[ed] the motion [to dismiss] as to all claims asserted against Mr. Hamer and Dr. Culkin." Dkt. No. 121. On July 15, plaintiffs filed a notice that they were not amending their complaint. Dkt. No. 123.

On July 22, 2022, plaintiffs filed a motion "for an order clarifying and/or amending" the Court's July 1 order (the Order). Dkt. No. 124 at 2. Plaintiffs ask the court to clarify (1) whether the Exchange Act Section 20(a) claims against Andrew Hamer were adequately pled, and (2) which SEC Rule 10b-5 claims were dismissed and sustained. *Id.* Defendants oppose, arguing that plaintiffs are in fact seeking reconsideration of the Order with respect to the claims against Hamer and have not met the procedural or substantive requirements for reconsideration. Dkt. No. 125 at 2–5. Defendants agree that the Order could be clarified with respect to the Rule 10b-5 claims but propose different amendments than do plaintiffs. *Id.* at 5–7. In their reply, plaintiffs indicate that they agree with defendants' proposed amendments with respect to the Rule 10b-5 claims. Dkt. No. 126 at 7.

**DISCUSSION**

**I.      Section 20(a) Claims Against Hamer**

Defendants urge the Court to treat plaintiffs' motion as a motion for reconsideration and deny it as procedurally inadequate. Dkt. No. 125 at 2. Civil Local Rule 7-9(a) permits a motion for reconsideration based on (1) a material difference in law or fact," (2) a change in law or material facts, or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." Civil L.R. 7-9(b). A motion for reconsideration on any of these grounds may only be made if the moving party "first obtain[s] leave of Court to file the motion." Civil L.R. 7-9(a). Because plaintiffs did not seek leave of the Court to file a motion for reconsideration, defendants argue the motion must fail. *Id.*

However, the Court views plaintiffs' motion as one for correction based on "oversight or omission." Fed. R. Civ. P. 60(a). The Court can correct mistakes "on motion or on its own, with or

3

without notice." *Id.* Dismissing claims against Hamer was an oversight. The Order did not name Hamer as a defendant against whom claims were dismissed and did not explain why claims against Hamer as a control person of Velodyne should be dismissed when claims against other defendants as control persons remained. *See* Dkt. No. 119. Hamer's name was inadvertently excluded from the list of defendants against whom the CAC adequately alleges 20(a) claims.

In their motion to dismiss, defendants argued that Section 20(a) control person liability was not adequately pled against Hamer because Hamer did not have control over Velodyne before the merger, when he had control of "Old Velodyne." Dkt. No. 30. But defendants made the same argument against 20(a) liability for Gopalan, and the Order did permit 20(a) claims against Gopalan. *Id.* (defendants' argument); Dkt. No. 119 at 31 (Order allowing 20(a) claims against Gopalan). Because control person liability is "an intensely factual question," it should generally not be decided on a motion to dismiss unless the plaintiff "fails to adequately plead a primary violation." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). For the same reason 20(a) claims against Gopalan were allowed to proceed, the Court hereby corrects its July 1, 2022 Order to hold that the CAC adequately alleges defendant Hamer violated Section 20(a) of the Exchange Act as control persons of Velodyne. *See* Dkt. 119 at 30. The Order is further corrected to **DENY** the motion to dismiss as it pertains to the Section 20(a) claim against Hamer based on Hall's ouster.

### II.     Typographical Errors

Plaintiffs argue the Order contains four typographical errors in its references to parts of SEC Rule 10b-5 and recommend corrections to those errors. Dkt. No. 124 at 6–7. Defendants do not oppose correction of these errors but argue that some of plaintiffs' proposed language would expand the claims allowed by the court; defendants propose their own corrections. Dkt. No. 125 at 6–7. Plaintiffs do not oppose defendants' proposed language. Dkt. No. 126 at 7. The Court agrees that there were four typographical errors and corrects them as follows:

On page 5, lines 22-24, a reference to "**SEC Rule 10b-5(a)**" is changed to "**SEC Rule 10b-5(a) and (c)**" because the sentence refers to claims that defendants both employed "devices,

schemes, and artifices to defraud," which is covered by Rule 10b-5(a), and claims that defendants engaged in "acts, practices, and a course of business that operated as a fraud or deceit," which is covered by Rule 10b-5(c). This matches the recommendation made by plaintiffs and defendants.

On page 21, lines 12-16 and page 23, lines 2-4, references to "**SEC Rule 10b-5(c)**" are changed to "**SEC Rule 10b-5(b)**" because the claims refer to untrue or misleading statements, which are covered by subsection 10b-5(b), whereas 10b-5(c) covers fraudulent or deceitful acts, practices, or courses of business.

On page 23, line 7, the parties recommend changing "**SEC Rule 10b-5(a)**" to "10b-5(a) and (c)". The Court further amends the text as follows:

> However, the complaint does not adequately allege that Graf or Dee "employ[ed] any device, scheme, or artifice to defraud" under SEC Rule 10b-5(a) or "engage[d] in any act, practice, or course of business which operates or would operate as fraud" under SEC Rule 10b-5(c).

### CONCLUSION

For the foregoing reasons and for good cause shown, plaintiffs' motion to clarify the Court's July 1, 2022 Order is **GRANTED**. Plaintiffs' request to correct certain typographical errors is also **GRANTED** as described above.

**IT IS SO ORDERED**.

Dated:  October 12, 2022

SUSAN ILLSTON
United States District Judge