KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

IVAN PANCHENKO (admitted *pro hac vice*)
ivan.panchenko@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

SARAH E. MACIEL (SBN 333410)
sarah.maciel@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendants Velodyne Lidar, Inc.,
Anand Gopalan, Andrew Hamer, James A. Graf
and Michael Dee*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN, <br><br> Defendants. | Case No. 3:21-cv-01486-SI <br><br> **ANSWER OF DEFENDANT ANDREW HAMER TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Defendant Andrew Hamer hereby answers Plaintiffs' Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("CAC" [ECF No. 99]).  In this Answer, Mr. Hamer, Velodyne Lidar, Inc. ("Velodyne" or the "Company"), Anand Gopalan, James Graf, and Michael Dee are referred to collectively as the "Defendants."

On July 1, 2022, the Court granted in part and denied in part the motion to dismiss the CAC.  *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Consolidated Amended Complaint ("Motion to Dismiss Order" [ECF No. 119]).  In the Motion to Dismiss Order, the Court: (1) dismissed all of Plaintiffs' claims against defendant Dr. Joseph B. Culkin without leave to amend; (2) dismissed all of Plaintiffs' claims against Mr. Hamer with leave to amend; (3) dismissed all of Plaintiffs' claims against all Defendants based on alleged misrepresentations or omissions regarding financial projections and revenue outlook, Ford Motor Co., or Velodyne's internal controls; (4) found that Plaintiffs had alleged facts sufficient to state a claim under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") against Velodyne, Mr. Gopalan, and Mr. Dee with respect to challenged statements regarding the purported "ouster" of David Hall; (5) found that Plaintiffs had alleged facts sufficient to state a claim under Section 20(a) of the Exchange Act against Mr. Gopalan, Mr. Dee, and Mr. Graf with respect to challenged statements regarding the purported "ouster" of David Hall; and (6) granted Defendants' motion to dismiss in all other respects.  *See* Motion to Dismiss Order at 30-31. Plaintiffs did not amend the Complaint within the period specified by the Court.  ECF No. 123.

On July 22, 2022, Plaintiffs filed a motion seeking purportedly to "clarify" the Motion to Dismiss Order for the purpose of bringing Mr. Hamer back into this action as a defendant on the Section 20(a) claim.  ECF No. 124.  Mr. Hamer opposed that motion.  ECF No. 125.  On October 12, 2022, the Court granted Plaintiffs' motion, concluding that Mr. Hamer "was inadvertently excluded from the list of defendants against whom the CAC adequately alleges 20(a) claims." ECF No. 130 at 4.  The Court made clear, however, that the revived Section 20(a) claim against Mr. Hamer is limited to allegations "based on [David] Hall's ouster." *Id.*  As a result, no response is required in this Answer with respect to any allegations pertaining to the purported misrepresentations, omissions, claims, or parties dismissed by the Court.

Except as expressly admitted herein, Mr. Hamer denies each and every allegation set forth in the CAC.  Paragraph numbers in this Answer and the responses contained herein correspond and respond to the allegations in the like-numbered paragraphs of the CAC.  To the extent the paragraphs in the CAC are grouped under headings and sub-headings, Mr. Hamer responds generally that such headings and sub-headings (which are not repeated below) state unsupported legal conclusions as to which no response is required.  To the extent a response is necessary, Mr. Hamer denies each heading and sub-heading in the CAC and incorporates by reference this response in each paragraph below as if fully set forth therein.  To the extent Mr. Hamer responds that a document speaks for itself, such an assertion shall not be deemed to be an admission that the contents of any such document are accurate or complete unless so stated expressly.  Any allegations in the CAC that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied.  Mr. Hamer generally and specifically denies any averments in the CAC's unnumbered paragraphs, footnotes, and prayer for relief.  Mr. Hamer denies any characterization, including bolding, italics, or paraphrasing, of any alleged statement or that is not a full and accurate quote of the actual complete statement in context.

### RESPONSE TO ALLEGATIONS IN THE CAC

Subject to the foregoing, Mr. Hamer answers the CAC as follows:

1. Mr. Hamer lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1,[1] and on that basis denies each and every allegation therein.

2. Mr. Hamer lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis denies each and every allegation therein.

3. In response to Paragraph 3, Mr. Hamer admits that Plaintiffs purport to bring a putative class action for alleged violations of the securities laws.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 3.

4. In response to Paragraph 4, Mr. Hamer admits that Plaintiffs purport to assert claims pursuant to Sections 10(b) and/or 20(a) of the Exchange Act, and SEC Rule 10b-5,

[1] As stated above, unless otherwise specified, all references herein to numbered paragraphs (*e.g.*, "Paragraph 1," "Paragraph 2," *etc*.) refer to the numbered paragraphs of the CAC.

17 C.F.R. § 240.10b-5, against the Company, Mr.Gopalan, Mr. Hamer, Mr. Dee, and Mr. Graf. Mr. Hamer further admits that Plaintiffs purported to state such claims against Dr. Joseph B. Culkin, and that all claims against Dr. Culkin were dismissed on July 1, 2022. *See* Motion to Dismiss Order. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 4.

5. In response to Paragraph 5 and footnote 1, Mr. Hamer admits that Dr. Culkin is David Hall's brother-in-law. Mr. Hamer further admits that Marta Hall was identified as a plaintiff in the First Amended Complaint in *Hall v. Vetter*, No. 22CV005713 (Cal. Sup. Ct., Alameda Cty.) (the "Hall Complaint"). Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 5 and footnote 1.

6. Mr. Hamer denies each and every allegation in Paragraph 6.

7. Mr. Hamer denies each and every allegation in Paragraph 7.

8. In response to the second and third sentences in Paragraph 8, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the organizing documents of Graf Industrial Corp. ("GIC"), and that the full documents and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 8.

9. In response to the second and third sentences in Paragraph 9, Mr. Hamer admits that privately held Velodyne ("Old Velodyne") specialized in lidar technology, which is a method for measuring distances using laser light that is commonly used to make high-resolution maps and is a key feature in developing certain autonomous vehicle technologies. In response to the fifth sentence in Paragraph 9, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 9.

10. In response to the fourth sentence in Paragraph 10, Mr. Hamer admits that, on July 2, 2020, GIC filed a press release with the Securities and Exchange Commission ("SEC") on Form 8-K announcing its merger agreement with Old Velodyne (the "Merger"), and that the full

filing, press release, and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 10 and footnotes 2 and 3.

11.    Mr. Hamer denies each and every allegation in Paragraph 11.

12.    Mr. Hamer denies each and every allegation in Paragraph 12.

13.    In response to the second and third sentences in Paragraph 13, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves.  In response to the second sentence in footnote 4, Mr. Hamer admits that, following the resignation of Anand Gopalan, Velodyne created an "Office of the Chief Executive."  In response to the third sentence in footnote 4, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 13 and footnote 4.

14.    In response to Paragraph 14, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a press release, and that the full press release and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 14.

15.    Mr. Hamer denies each and every allegation in Paragraph 15.

16.    Mr. Hamer denies each and every allegation in Paragraph 16 and footnote 5.

17.    Mr. Hamer denies each and every allegation in Paragraph 17.

18.    Mr. Hamer denies each and every allegation in Paragraph 18.

19.    In response to the first sentence in Paragraph 19, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  In response to the third, fourth and fifth sentences in Paragraph 19, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a *Dow Jones Institutional News* article, and that the full article and statements

therein speak for themselves.   In response to the first sentence in footnote 6, Mr. Hamer admits that Ms. Hall was terminated from her position as Velodyne's Chief Marketing Officer and censured by Velodyne's Board of Directors (the "Board") on February 19, 2021.  In response to the second sentence in footnote 6, Mr. Hamer admits that Velodyne instituted proceedings in arbitration and in the California Superior Court for the County of Santa Clara against Mr. Hall in connection with alleged breach of contract and misappropriation of Velodyne confidential, proprietary, and trade secret information, and that Velodyne's full filings in the arbitration and Superior Court action are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 19 and footnote 6.

20.     In response to Paragraph 20, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 20.

21.     In response to the second sentence in Paragraph 21, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Hall on June 3, 2021, which statements speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 21.

22.     In response to Paragraph 22 and footnote 7, Mr. Hamer admits that, in footnote 7, Plaintiffs purport to characterize and paraphrase selectively and out of context statements purportedly made at the linked website, and that the full website and statements therein speak for themselves.   Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 22 and footnote 7.

23.     Mr. Hamer denies each and every allegation in Paragraph 23.

24.     In response to Paragraph 24 and footnote 8, Mr. Hamer admits that, in footnote 8, Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 24 and footnote 8.

25.    Mr. Hamer denies each and every allegation in Paragraph 25.

26.    Mr. Hamer denies each and every allegation in Paragraph 26.

27.    In response to Paragraph 27, Mr. Hamer notes that the claims to which the allegations in Paragraph 27 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 27.

28.    In response to Paragraph 28, Mr. Hamer notes that the claims to which the allegations in Paragraph 28 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 28.

29.    In response to Paragraph 29, Mr. Hamer notes that the claims to which the allegations in Paragraph 29 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 29.

30.    In response to Paragraph 30, Mr. Hamer notes that the claims to which the allegations in Paragraph 30 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 30.

31.    In response to Paragraph 31, Mr. Hamer notes that the claims to which the allegations in Paragraph 31 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 31.

32.    In response to Paragraph 32, Mr. Hamer notes that the claims to which the allegations in Paragraph 32 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 32.

33.    In response to Paragraph 33, Mr. Hamer notes that the claims to which the allegations in Paragraph 33 pertain have been dismissed, *see* Motion to Dismiss Order, and thus

no response to this paragraph is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 33.

34. In response to Paragraph 34, Mr. Hamer notes that the claims to which the allegations in Paragraph 34 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 34.

35. In response to Paragraph 35, Mr. Hamer notes that the claims to which the allegations in Paragraph 35 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 35.

36. In response to Paragraph 36, Mr. Hamer notes that the claims to which the allegations in Paragraph 36 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 36.

37. In response to Paragraph 37, Mr. Hamer notes that the claims to which the allegations in Paragraph 37 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 37.

38. In response to Paragraph 38, Mr. Hamer notes that the claims to which the allegations in Paragraph 38 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 38.

39. In response to Paragraph 39, Mr. Hamer notes that the claims to which the allegations in Paragraph 39 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 39.

40. In response to Paragraph 40, Mr. Hamer notes that the claims to which the allegations in Paragraph 40 pertain have been dismissed, *see* Motion to Dismiss Order, and thus

no response to this paragraph is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 40.

41.    In response to the second, third, fourth, fifth, and sixth sentences in Paragraph 41, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in a *TechCrunch.com* article, and that the full article and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 41.

42.    In response to the third sentence in Paragraph 42, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements on a website, and that the full website and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 42 and footnotes 9 and 10.

43.    In response to the first sentence in Paragraph 43, Mr. Hamer admits that Plaintiffs purport to assert claims pursuant to Sections 10(b) and/or 20(a) of the Exchange Act and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, against the Company, Mr. Gopalan, Mr. Hamer, Mr. Dee, and Mr. Graf. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 43.

44.    In response to the second sentence in Paragraph 44, Mr. Hamer admits that the Company maintains its principal executive offices within the geographical limits of the U.S. District Court for the Northern District of California. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 44.

45.    Mr. Hamer denies each and every allegation in Paragraph 45.

46.    Mr. Hamer lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and on that basis denies each and every allegation therein.

47.    In response to the second sentence in Paragraph 47, Mr. Hamer admits that, prior to the Merger, the Company's stock, warrants, and ownership units traded under the symbols "GRAF," "GRAFW" and "GRAFU," respectively. In response to the third sentence in Paragraph

47, Mr. Hamer admits that the Company is currently headquartered in San Jose, California. In response to the fourth sentence in Paragraph 47, Mr. Hamer admits that Velodyne develops and markets, among other things, lidar solutions for autonomous vehicles, driver assistance, delivery, robotics, navigation, mapping, and other uses. In response to the fifth sentence in Paragraph 47, Mr. Hamer admits that Velodyne common stock and warrants trade on the Nasdaq under ticker symbols "VLDR" and "VLDRW," respectively. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 47.

48.    Mr. Hamer denies each and every allegation in Paragraph 48.

49.    In response to the first sentence in Paragraph 49, Mr. Hamer admits that Mr. Gopalan is the former President and CEO of Velodyne. In response to the second sentence in Paragraph 49, Mr. Hamer admits that Mr. Gopalan began serving as Old Velodyne's President and CEO in January 2020 and as a director in July 2019. In response to the third sentence in Paragraph 49, Mr. Hamer admits that, before becoming Old Velodyne's President and CEO, Mr. Gopalan served as Old Velodyne's Chief Technology Officer ("CTO"), and that he was hired by Old Velodyne in June 2016. In response to the fourth sentence in Paragraph 49, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. In response to the fifth sentence in Paragraph 49, Mr. Hamer admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 49.

50.    In response to the first sentence in Paragraph 50, Mr. Hamer admits that Mr. Gopalan signed the identified agreement and SEC filings. In response to footnote 11, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 50 and footnote 11.

51.    In response to the first sentence in Paragraph 51, Mr. Hamer admits that Plaintiffs

purport to characterize and paraphrase selectively and out of context statements in the Company's conference calls, and that the full and actual statements made by Mr. Gopalan in those calls are accurate and speak for themselves.  In response to the third sentence in Paragraph 51, Mr. Hamer admits Mr. Gopalan was named as a defendant in certain causes of action in the Hall Complaint.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 51.

52.   In response to Paragraph 52, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 52.

53.   In response to the second sentence in Paragraph 53, Mr. Hamer admits that he served as Old Velodyne's interim CFO and Treasurer from April 2019 until July 2019.  In response to the third sentence in Paragraph 53, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  In response to the fourth sentence in Paragraph 53, Mr. Hamer admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 53.

54.   In response to the first sentence in Paragraph 54, Mr. Hamer admits that he authorized Mr. Gopalan to sign on his behalf Amendment No. 1 to Form S-1, which the Company filed with the SEC on October 30, 2020, and that Mr. Hamer signed the other identified SEC filings.  In response to the second sentence in Paragraph 54, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements made by Mr. Hamer in the Company's conference calls, and that the full and actual statements made by Mr. Hamer in those calls are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 54.

55.   In response to the second sentence in Paragraph 55, Mr. Hamer admits that he was named as a defendant in certain causes of action in the Hall Complaint.  Except as so expressly

admitted, Mr. Hamer denies each and every allegation in Paragraph 55.

56.    In response to the first sentence in Paragraph 56, Mr. Hamer admits that Mr. Graf served as CEO of GIC from its inception in 2018 and remained in that role through the consummation of the Merger.  In response to the second sentence in Paragraph 56, Mr. Hamer admits that Mr. Graf was the managing member of Graf Acquisition LLC.  In response to the third sentence in Paragraph 56, Mr. Hamer admits that, following the Merger, Mr. Graf served as a director of Velodyne from September 29, 2020 until February 15, 2021 and, during that time, was a member of the Compensation Committee of the Board.  In response to the fourth sentence in Paragraph 56, Mr. Hamer admits that the duties of the Compensation Committee are set forth in its charter for the relevant period(s), and such document(s) and statements therein speak for themselves.  In response to the fifth sentence in Paragraph 56, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in a *Bloomberg* article, and that the full article and statements therein speak for themselves.  In response to the seventh sentence in Paragraph 56, Mr. Hamer admits that, on February 18, 2021, the Company filed with the SEC a Form 8-K stating that Mr. Graf had resigned from the Board, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 56.

57.    In response to the first sentence in Paragraph 57, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  In response to the second sentence in Paragraph 57, Mr. Hamer admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 57.

58.    In response to Paragraph 58, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 58.

59. In response to Paragraph 59, Mr. Hamer admits that Mr. Graf was named as a defendant in certain causes of action in the Hall Complaint. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 59.

60. In response to the first sentence in Paragraph 60, Mr. Hamer admits that Mr. Dee is the former President and Chief Financial Officer of GIC. In response to the fourth sentence in Paragraph 60, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. In response to the fifth sentence in Paragraph 60, Mr. Hamer admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 60.

61. In response to the first sentence in Paragraph 61, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. In response to the second sentence in Paragraph 61, Mr. Hamer admits that the duties of the Audit Committee are set forth in its charter for the relevant period(s), and such document(s) and statements therein speak for themselves. In response to the third sentence in Paragraph 61, Mr. Hamer admits that, for a period of time, Mr. Dee served on the Audit Committee of Velodyne's Board along with Chris Thomas and Barbara Samardzich, and that Mr. Hamer was later informed that the Audit Committee retained Keker, Van Nest & Peters LLP as independent counsel to assist the Committee in an investigation that began in December 2020. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 61.

62. In response to Paragraph 62, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 62.

63. In response to the second sentence in Paragraph 63, Mr. Hamer admits that Mr. Dee was named as a defendant in certain causes of action in the Hall Complaint. Except as so

expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 63.

64.     In response to Paragraph 64, Mr. Hamer notes that the claims to which the allegations in Paragraph 64 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, in response to the first sentence in Paragraph 64, Mr. Hamer admits that Dr. Culkin is the former Chairman of the Company's Board and a former Company director.  In response to the second and third sentences in Paragraph 64, Mr. Hamer admits that Dr. Culkin served as a director from September 29, 2020 until October 27, 2021, and that he co-founded Velodyne Acoustics with Mr. Hall.  In response to the fourth sentence in Paragraph 64, Mr. Hamer admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 64.

65.     In response to Paragraph 65, Mr. Hamer notes that the claims to which the allegations in Paragraph 65 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, in response to the first sentence in Paragraph 65, Mr. Hamer admits that Dr. Culkin authorized Mr. Gopalan to sign on his behalf Amendment No. 1 to Form S-1, which the Company filed with the SEC on October 30, 2020, and that Dr. Culkin signed the other identified SEC filings.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 65.

66.     In response to the first sentence in Paragraph 66, Mr. Hamer admits that Plaintiffs purport to refer to the specified individuals as the "Individual Defendants."  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 66.

67.     Mr. Hamer denies each and every allegation in Paragraph 67.

68.     Mr. Hamer denies each and every allegation in Paragraph 68.

69.     Mr. Hamer denies each and every allegation in Paragraph 69.

70.     Mr. Hamer denies each and every allegation in Paragraph 70.

71.     Mr. Hamer denies each and every allegation in Paragraph 71.

72.     Mr. Hamer denies each and every allegation in Paragraph 72.

73.    Mr. Hamer denies each and every allegation in Paragraph 73.

74.    Mr. Hamer denies each and every allegation in Paragraph 74.

75.    Mr. Hamer denies each and every allegation in Paragraph 75.

76.    Mr. Hamer notes that Paragraph 76 does not contain factual allegations requiring admission or denial, and thus no response is required.  To the extent that any response is required, Mr. Hamer denies each and every allegation in Paragraph 76.

77.    Mr. Hamer notes that Paragraph 77 does not contain factual allegations requiring admission or denial, and thus no response is required.  To the extent that any response is required, Mr. Hamer denies each and every allegation in Paragraph 77.

78.    Mr. Hamer notes that Paragraph 78 does not contain factual allegations requiring admission or denial, and thus no response is required.  To the extent that any response is required, Mr. Hamer denies each and every allegation in Paragraph 78.

79.    Mr. Hamer notes that Paragraph 79 does not contain factual allegations requiring admission or denial, and thus no response is required.  To the extent that any response is required, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 79.

80.    Mr. Hamer notes that Paragraph 80 does not contain factual allegations requiring admission or denial, and thus no response is required.  To the extent that any response is required, Mr. Hamer denies each and every allegation in Paragraph 80.

81.    Mr. Hamer notes that Paragraph 81 and footnote 12 do not contain factual allegations requiring admission or denial, and thus no response is required.  To the extent that any response is required, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements on a website, and that the full website and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 81 and footnote 12.

82.    In response to all but the last sentence in Paragraph 82, Mr. Hamer admits that

Plaintiffs purport to characterize and paraphrase selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 82.

83. In response to the first sentence in Paragraph 83, Mr. Hamer admits that GIC was organized as a special purpose acquisition company. In response to the second and third sentences in Paragraph 83, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 83.

84. In response to the first sentence in Paragraph 84, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. In response to footnote 13, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 84 and footnote 13.

85. In response to Paragraph 85 and footnote 14, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in a *Private Funds CFO* article, and that the full article and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 85 and footnote 14.

86. In response to Paragraph 86 and footnote 15, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 86 and footnote 15.

87. In response to Paragraph 87 and footnote 16, Mr. Hamer admits that Plaintiffs

purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 87 and footnote 16.

88. In response to the second sentence in Paragraph 88, Mr. Hamer admits that each unit in GIC's initial public offering ("IPO") consisted of one share of common stock and one redeemable warrant. In response to the third sentence in Paragraph 88, Mr. Hamer admits that the IPO was sponsored by Graf Acquisition, LLC. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 88.

89. In response to Paragraph 89, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 89.

90. In response to Paragraph 90, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 90.

91. In response to Paragraph 91, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 91.

92. In response to the second sentence in Paragraph 92, and the quoted language that follows, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote a *Forbes* article, and that full article and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 92 and footnote 17.

93. In response to the third sentence in Paragraph 93, and the quoted language that follows, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are

accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 93.

94.    Mr. Hamer denies each and every allegation in Paragraph 94.

95.    In response to Paragraph 95, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 95.

96.    In response to Paragraph 96, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 96.

97.    In response to Paragraph 97 and footnote 18, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 97 and footnote 18.

98.    In response to the first sentence in Paragraph 98, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Mr. Hamer lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 98, and on that basis denies each and every allegation therein.  In response to footnote 19, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in unrelated legal proceedings, and that the record in those legal proceedings and statements therein, including all documents filed by defendants in such proceedings and the Court's order granting defendants' motion to dismiss, speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 98 and footnote 19.

99.    In response to the second and third sentences in Paragraph 99, and the quoted

language that follows, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.   Mr. Hamer further admits that GIC was initially approached by financial advisors of Old Velodyne on or about May 9, 2020.   In response to the first sentence in footnote 20, Mr. Hamer admits that certain stockholders of GIC elected to redeem their shares, as set forth in GIC's SEC filings.  In response to the remainder of footnote 20, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 99 and footnote 20.

100.   In response to Paragraph 100 and footnote 21, Mr. Hamer admits that, prior to its outreach to GIC, Old Velodyne had confidentially filed a Form S-1 with the SEC in connection with a potential IPO, as described in the cited SEC filings.  Mr. Hamer further admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.   Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 100 and footnote 21.

101.   Mr. Hamer denies each and every allegation in Paragraph 101.

102.   In response to the first sentence in Paragraph 102, Mr. Hamer admits that Mr. Hall founded an audio company called Velodyne Acoustics, LLC in 1983.  Mr. Hamer lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 102, and on that basis denies each and every allegation therein.  In response to the third and fourth sentences in Paragraph 102, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in an article in *The Verge*, and that the full article and statements therein speak for themselves.  In response to the fifth sentence in Paragraph 102, Mr. Hamer admits that, by 2005, Mr. Hall, through Velodyne Acoustics, began developing his own lidar technology.  In response to the sixth sentence in Paragraph 102, Mr. Hamer admits that the first patent for a lidar sensor was filed in 2006 and

commercial availability began in 2010. In response to the seventh sentence in Paragraph 102, and all sentences in Paragraph 102 that follow, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in a *Forbes.com* article, and that the full article and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 102 and footnote 22.

103. In response to the first sentence in Paragraph 103, Mr. Hamer admits that Velodyne is a global leader in lidar technology and a provider of real-time 3D vision for autonomous systems, which Velodyne has called "smart vision." In response to the second sentence in Paragraph 103, Mr. Hamer admits that Velodyne's lidar technology uses eye-safe lasers that measure precise distances to advance the development of automated systems by enabling machines to see their surroundings. In response to the third sentence in Paragraph 103, Mr. Hamer admits that Velodyne's proprietary lidar technology is designed to improve roadway safety, as it is used to control and navigate autonomous vehicles. In response to the fourth sentence in Paragraph 103, Mr. Hamer admits that the Company's lidar technology is used in, among other things, autonomous mobile robots, unmanned aerial vehicles, precision agriculture, and advanced security systems. In response to the fifth sentence in Paragraph 103, Mr. Hamer admits that lidar is a method for measuring distances using lasers. In response to the sixth sentence in Paragraph 103, Mr. Hamer admits that lidar technology is used to make high-resolution maps and is a key feature in developing certain autonomous car technologies. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 103.

104. In response to the first sentence in Paragraph 104, Mr. Hamer admits that, in December 2015, Old Velodyne was incorporated as a new spin-off from Velodyne Acoustics LLC, which assigned all its lidar business to Old Velodyne. In response to the second sentence in Paragraph 104, Mr. Hamer admits that Mr. Hall served as a director of Old Velodyne from December 2015 and continuing through the Merger. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 104.

105. In response to the first sentence in Paragraph 105, Mr. Hamer admits that Old Velodyne announced on August 16, 2016 that Ford Motor Co. ("Ford") and Baidu, Inc. had

completed a combined $150 million investment in Old Velodyne.  In response to the second sentence in Paragraph 105, Mr. Hamer lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies each and every allegation in that sentence.  In response to the third sentence in Paragraph 105, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements attributed to Mr. Hall in a press release, and that the press release and statements therein speak for themselves.   In response to the fourth sentence in Paragraph 105, Mr. Hamer admits that, in October 2016, Barbara Samardzich, former chief operating officer of Ford Europe and 26-year employee of Ford, joined Old Velodyne's Board of Directors.  In response to footnote 23, Mr. Hamer admits that, on January 18, 2021, Ms. Samardzich informed the Company's Board that she would not stand for re-election at the Company's 2021 annual meeting of shareholders.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 105 and footnote 23.

106.    In response to the first sentence in Paragraph 106, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in Mr. Hall's SEC filings, and that the full filings and statements therein speak for themselves.  In response to the second sentence in Paragraph 106, Mr. Hamer admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves.  In response to the third sentence in Paragraph 106, Mr. Hamer admits that Mr. Hall is married to Marta Hall.  In response to the fourth sentence in Paragraph 106, Mr. Hamer admits that, following the Merger, Ms. Hall served as Velodyne's Chief Marketing Officer through February 19, 2021.  In response to the fifth sentence in Paragraph 106, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 106.

107.    In response to the first sentence in Paragraph 107, Mr. Hamer admits that certain media outlets reported that GIC and Old Velodyne were in discussions regarding a possible

transaction.  In response to the third sentence and all remaining sentences in Paragraph 107, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 107.

108.    In response to the first sentence in Paragraph 108, Mr. Hamer admits that, on July 2, 2020, GIC issued a press release filed with the SEC on Form 8-K, that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in that filing, and that the full filing and statements therein are accurate and speak for themselves.  In response to the third sentence in Paragraph 108, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Merger agreement, and that the full agreement and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 108.

109.    In response to the first and second sentences in Paragraph 109, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 109.

110.    In response to the first sentence in Paragraph 110, Mr. Hamer admits that, at a special meeting of shareholders on July 23, 2020, GIC shareholders voted to extend the deadline to complete a business combination to October 31, 2020, as set forth in GIC's SEC filings.  In response to the second sentence in Paragraph 110, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  In response to the third sentence in Paragraph 110, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context allegations made in the Hall Complaint, and that the full Hall Complaint and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 110.

111.    In response to Paragraph 111, Mr. Hamer admits that GIC filed a definitive proxy statement with the SEC dated September 14, 2020, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 111.

112.    In response to the first sentence in Paragraph 112, Mr. Hamer admits that GIC shareholders voted to approve the Merger at a special meeting on September 29, 2020, as set forth in GIC's SEC filings. In response to the second sentence in Paragraph 112, Mr. Hamer admits that, following the Merger, GIC changed its name to Velodyne Lidar, Inc. In response to the third and fourth sentences in Paragraph 112, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in a *Bloomberg Wealth* article, and that the full article and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 112.

113.    In response to Paragraph 113, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's and the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 113.

114.    In response to the first and second sentences in Paragraph 114, Mr. Hamer admits that GIC filed a Form 8-K with the SEC on July 2, 2020, that it was signed by Mr. Graf, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in that filing, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 114.

115.    Mr. Hamer denies each and every allegation in Paragraph 115.

116.    Mr. Hamer denies each and every allegation in Paragraph 116.

117.    Mr. Hamer denies each and every allegation in Paragraph 117.

118.    In response to the first three sentences in Paragraph 118, Mr. Hamer admits that the Company filed a Form 8-K with the SEC on February 22, 2021, that Plaintiffs purport to

characterize, paraphrase, and quote selectively and out of context statements in that filing, and that the full filing and statements therein are accurate and speak for themselves. In response to the final sentence in Paragraph 118, Mr. Hamer admits that Mr. Hall and Ms. Hall were formally censured by the Board and were directed to receive appropriate remedial training. In response to footnote 24, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Hall Complaint, and that the full Hall Complaint and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 118 and footnote 24.

119.    In response to the first sentence in Paragraph 119, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements by Mr. Hall, which statements, if identified, would speak for themselves. In response to the second sentence in Paragraph 119, Mr. Hamer admits that the Company disclosed the existence and results of the Audit Committee investigation on February 22, 2021. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 119.

120.    In response to Paragraph 120, Mr. Hamer admits that daily closing prices and trading volume data for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 120.

121.    In response to all but the last sentence in Paragraph 121, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in a *Reuters* article, and that the full article and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 121.

122.    In response to Paragraph 122, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a press release, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 122.

123.    In response to Paragraph 123, Mr. Hamer admits that the Company filed a Form 8-K with the SEC on March 4, 2021, that it was signed by Mr. Vella, that Plaintiffs purport to

characterize, paraphrase, and quote selectively and out of context statements in that filing, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 123.

124. In response to Paragraph 124 and footnote 25, Mr. Hamer admits that Mr. Hall filed a Schedule 13D with the SEC on March 4, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in that filing, and that the full filing and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 124 and footnote 25.

125. In response to Paragraph 125 and footnote 26, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements by Mr. Hall in a press release dated March 10, 2021, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 125 and footnote 26.

126. In response to Paragraph 126 and footnote 27, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements by Mr. Hall in a press release dated May 25, 2021, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 126 and footnote 27.

127. In response to Paragraph 127, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements by Mr. Hall in a press release dated May 25, 2021, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 127.

128. In response to Paragraph 128, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements by Mr. Hall in a press release dated May 25, 2021, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 128.

129.    In response to Paragraph 129, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in a press release issued by the Company and dated May 26, 2021, that the press release was not filed on Form 8-K, and that the full press release and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 129.

130.    In response to Paragraph 130 and footnote 28, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements by Mr. Hall in a press release dated June 3, 2021, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 130 and footnote 28.

131.    In response to Paragraph 131 and footnote 29, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements by Mr. Hall in a press release dated June 11, 2021, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 131 and footnote 29.

132.    In response to Paragraph 132 and footnote 30, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in a *Financial Times* article, and that the full article and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 132 and footnote 30.

133.    Mr. Hamer denies each and every allegation in the first sentence in Paragraph 133. In response to the remainder of Paragraph 133, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every remaining allegation in Paragraph 133

134.    In response to Paragraph 134, Mr. Hamer notes that the claims to which the allegations in Paragraph 134 pertain have been dismissed, *see* Motion to Dismiss Order, and thus

no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an SEC filing by the Company, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 134.

135. In response to Paragraph 135, Mr. Hamer notes that the claims to which the allegations in Paragraph 135 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an SEC filing by the Company, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 135.

136. In response to Paragraph 136, Mr. Hamer notes that the claims to which the allegations in Paragraph 136 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an SEC filing by the Company, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 136.

137. In response to Paragraph 137, Mr. Hamer notes that the claims to which the allegations in Paragraph 137 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an SEC filing by the Company, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 137.

138. In response to Paragraph 138, Mr. Hamer notes that the claims to which the allegations in Paragraph 138 pertain have been dismissed, *see* Motion to Dismiss Order, and thus

no response is required.  To the extent that any response is required, Mr. Hamer denies each and every allegation in Paragraph 138.

139. In response to Paragraph 139 and footnote 31, Mr. Hamer notes that the claims to which the allegations in Paragraph 139 and footnote 31 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an SEC filing by the Company, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 139 and footnote 31.

140. In response to Paragraph 140, Mr. Hamer notes that the claims to which the allegations in Paragraph 140 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is required.  To the extent that any response is required, Mr. Hamer denies each and every allegation in Paragraph 140.

141. In response to Paragraph 141, Mr. Hamer notes that the claims to which the allegations in Paragraph 141 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an SEC filing by the Company, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 141.

142. In response to Paragraph 142, Mr. Hamer notes that the claims to which the allegations in Paragraph 142 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is required.  To the extent that any response is required, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an SEC filing by the Company, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 142.

143. In response to Paragraph 143 and footnote 32, Mr. Hamer notes that the claims to

which the allegations in Paragraph 143 and footnote 32 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Gopalan, and that his full statements are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 143 and footnote 32.

144. In response to Paragraph 144, Mr. Hamer notes that the claims to which the allegations in Paragraph 144 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 144.

145. In response to Paragraph 145, Mr. Hamer notes that the claims to which the allegations in Paragraph 145 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 145.

146. In response to Paragraph 146, Mr. Hamer notes that the claims to which the allegations in Paragraph 146 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 146.

147. In response to Paragraph 147, Mr. Hamer notes that the claims to which the allegations in Paragraph 147 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements made by the Company in a press release and SEC filing on January 7, 2021, and that the full press release, SEC filing, and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 147.

148. In response to Paragraph 148, Mr. Hamer notes that the claims to which the allegations in Paragraph 148 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that

Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the Company in a press release and SEC filing dated January 7, 2021, and that the full release, SEC filing, and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 148.

149.    In response to Paragraph 149, Mr. Hamer notes that the claims to which the allegations in Paragraph 149 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the Company in a press release and SEC filing dated January 7, 2021, and that the full press release, SEC filing, and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 149.

150.    In response to Paragraph 150, Mr. Hamer notes that the claims to which the allegations in Paragraph 150 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 150.

151.    In response to Paragraph 151, Mr. Hamer notes that the claims to which the allegations in Paragraph 151 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the Company in a press release and SEC filing on February 25, 2021, and that the full release, SEC filing, and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 151.

152.    In response to Paragraph 152, Mr. Hamer notes that the claims to which the allegations in Paragraph 152 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Gopalan and Mr. Hamer during a conference call on February 25, 2021, and that the full and actual statements made by Mr. Gopalan and Mr. Hamer in that conference call are

accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 152.

153.    In response to Paragraph 153, Mr. Hamer notes that the claims to which the allegations in Paragraph 153 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Gopalan and Mr. Hamer during a conference call on February 25, 2021, and that the full and actual statements made by Mr. Gopalan and Mr. Hamer in that conference call are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 153.

154.    In response to Paragraph 154, Mr. Hamer notes that the claims to which the allegations in Paragraph 154 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by third parties during a conference call on February 25, 2021, and that the full and actual statements made by such third parties in that conference call speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 154.

155.    In response to Paragraph 155, Mr. Hamer notes that the claims to which the allegations in Paragraph 155 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Hamer during a conference call on February 25, 2021, and that the full and actual statements made by Mr. Hamer in that conference call are accurate and speak for themselves.  Mr. Hamer further admits that Plaintiffs also purport to characterize, paraphrase, and quote selectively and out of context statements made by third parties during the conference call, and that the full and actual statements made by such third parties speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 155.

156.    In response to Paragraph 156, Mr. Hamer notes that the claims to which the

allegations in Paragraph 156 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Hamer during a conference call on February 25, 2021, and that the full and actual statements made by Mr. Hamer in that conference call are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 156.

157.    In response to Paragraph 157, Mr. Hamer notes that the claims to which the allegations in Paragraph 157 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a third-party analyst report, and that the full report and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 157.

158.    In response to Paragraph 158, Mr. Hamer notes that the claims to which the allegations in Paragraph 158 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a third-party analyst report, and that the full report and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 158.

159.    In response to Paragraph 159, Mr. Hamer notes that the claims to which the allegations in Paragraph 159 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, in response to the first sentence in Paragraph 159, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's March 17, 2021 press release, and that the full press release and statements therein are accurate and speak for themselves.  In response to the remainder of Paragraph 159, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a

third-party analyst report, and that the full report and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 159.

160.    In response to Paragraph 160, Mr. Hamer notes that the claims to which the allegations in Paragraph 160 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Hamer during a conference call on May 10, 2021, and that the full and actual statements made by Mr. Hamer in that conference call are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 160.

161.    In response to Paragraph 161, Mr. Hamer notes that the claims to which the allegations in Paragraph 161 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 161.

162.    In response to Paragraph 162, Mr. Hamer notes that the claims to which the allegations in Paragraph 162 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by third parties during a conference call on May 10, 2021, and that the full and actual statements made by such third parties in that conference call speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 162.

163.    In response to Paragraph 163, Mr. Hamer notes that the claims to which the allegations in Paragraph 163 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Hamer during a conference call on May 10, 2021, and that the full and actual statements made by Mr. Hamer in that conference call are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 163.

164.    In response to Paragraph 164, Mr. Hamer notes that the claims to which the

allegations in Paragraph 164 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 164.

165. In response to Paragraph 165, Mr. Hamer notes that the claims to which the allegations in Paragraph 165 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a third-party analyst report, and that the full report and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 165.

166. In response to Paragraph 166, Mr. Hamer notes that the claims to which the allegations in Paragraph 166 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a third-party analyst report, and that the full report and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 166.

167. In response to Paragraph 167, Mr. Hamer notes that the claims to which the allegations in Paragraph 167 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Velodyne reported quarterly revenues of $17.726 million in the first quarter of 2021, $13.596 million in the second quarter of 2021, and $13.060 million in the third quarter of 2021, and that the Company revised its guidance for 2021 on or around November 4, 2021. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 167.

168. In response to Paragraph 168, Mr. Hamer notes that the claims to which the allegations in Paragraph 168 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is required, Mr. Hamer denies each and every allegation in Paragraph 168.

169.    In response to Paragraph 169, Mr. Hamer notes that the claims to which the allegations in Paragraph 169 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is required, Mr. Hamer denies each and every allegation in Paragraph 169.

170.    In response to Paragraph 170, Mr. Hamer notes that the claims to which the allegations in Paragraph 170 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is required, Mr. Hamer admits that the Company entered into a letter agreement with Ford, the full terms of which speak for themselves and were accurately disclosed by the Company.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 170.

171.    In response to Paragraph 171 and footnote 33, Mr. Hamer notes that the claims to which the allegations in Paragraph 171 and footnote 33 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and footnote 33, and on that basis denies each and every allegation therein.

172.    In response to Paragraph 172, Mr. Hamer notes that the claims to which the allegations in Paragraph 172 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is required, Mr. Hamer denies each and every allegation in Paragraph 172.

173.    In response to Paragraph 173, Mr. Hamer notes that the claims to which the allegations in Paragraph 173 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is required, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the Company in an SEC filing on August 21, 2020, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 173.

174.    In response to Paragraph 174, Mr. Hamer notes that the claims to which the

allegations in Paragraph 174 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is required, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the Company in an SEC filing on August 21, 2020, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 174.

175.    In response to Paragraph 175, Mr. Hamer notes that the claims to which the allegations in Paragraph 175 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is required, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Ford in an SEC filing, and that the full filing and statements therein speak for themselves. Mr. Hamer further admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 175.

176.    In response to Paragraph 176, Mr. Hamer notes that the claims to which the allegations in Paragraph 176 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is required, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the Company in an SEC filing on October 19, 2020, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 176.

177.    In response to Paragraph 177, Mr. Hamer notes that the claims to which the allegations in Paragraph 177 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is required, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the Company in an SEC filing on October 19, 2020, that such filing was declared effective on or about November 3, 2020, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and

every allegation in Paragraph 177.

178. In response to Paragraph 178, Mr. Hamer notes that the claims to which the allegations in Paragraph 178 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is required, Mr. Hamer admits that the second and third sentences in Paragraph 178 purport to characterize, paraphrase, and quote selectively and out of context statements made by the Company in an SEC filing on January 18, 2021, and that the full filing and statements therein are accurate and speak for themselves. In response to the first and fourth sentences in Paragraph 178, Mr. Hamer lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, on that basis denies each and every allegation therein. Except as so expressly admitted and stated, Mr. Hamer denies each and every allegation in Paragraph 178.

179. In response to Paragraph 179, Mr. Hamer notes that the claims to which the allegations in Paragraph 179 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is required, Mr. Hamer denies each and every allegation in Paragraph 179.

180. In response to Paragraph 180, Mr. Hamer notes that the claims to which the allegations in Paragraph 180 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is required, Mr. Hamer admits that the first and second sentences in Paragraph 180 purport to characterize, paraphrase, and quote selectively and out of context statements made in a Forbes article dated February 15, 2021, and that the full article and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 180.

181. In response to Paragraph 181, Mr. Hamer notes that the claims to which the allegations in Paragraph 181 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by third parties during a conference call on February 25, 2021, and that the full and actual statements made by such third parties in that conference call speak for themselves. Except as so

expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 181.

182. In response to Paragraph 182, Mr. Hamer notes that the claims to which the allegations in Paragraph 182 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Hamer during a conference call on February 25, 2021, and that the full and actual statements made by Mr. Hamer in that conference call are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 182.

183. In response to Paragraph 183, Mr. Hamer notes that the claims to which the allegations in Paragraph 183 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 183.

184. In response to Paragraph 184 and footnote 34, Mr. Hamer notes that the claims to which the allegations in Paragraph 184 and footnote 34 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Gopalan, and that his full and actual statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 184 and footnote 34.

185. In response to Paragraph 185, Mr. Hamer notes that the claims to which the allegations in Paragraph 185 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 185.

186. In response to Paragraph 186, Mr. Hamer notes that the claims to which the allegations in Paragraph 186 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the Company in its filing on Form 10-K for 2020, and that the full and actual statements

made in that filing are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 186.

187.    In response to Paragraph 187, Mr. Hamer notes that the claims to which the allegations in Paragraph 187 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the Company in a filing on Form 8-K on March 17, 2021, and that the full and actual statements made in that filing are accurate and speak for themselves.  Mr. Hamer also admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a media report, and that the full and actual statements made in that report speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 187.

188.    In response to all but the first sentence in Paragraph 188, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a third-party research note, and that the full research note and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 188.

189.    In response to Paragraph 189, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Hall in a press release dated May 25, 2021, and that the full press release and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 189.

190.    In response to Paragraph 190 and footnote 35, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in an article on *The Verge*, and that the full article and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 190 and footnote 35

191.    In response to the first sentence in Paragraph 191, Mr. Hamer admits that, on July

19, 2021, the Company announced that Mr. Gopalan had resigned as Velodyne's CEO, effective July 30, 2021. In response to the second sentence in Paragraph 191, Mr. Hamer admits that, following Mr. Gopalan's resignation, the Company created an "Office of the Chief Executive" comprised of several individuals, including Mr. Hamer. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 191.

192. In response to Paragraph 192, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a research note and a *Reuters* article, and that the full research note and article and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 192.

193. In response to Paragraph 193, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a *TechCrunch* article, and that the full article and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 193.

194. In response to the first sentence in Paragraph 194, Mr. Hamer admits that, on August 2, 2021, Velodyne announced that Dr. Culkin was stepping down from his position as Chairman of the Board due to health reasons. In response to the second sentence in Paragraph 194, Mr. Hamer admits that, following Dr. Culkin's decision to step down as Chairman of the Board, the Board appointed Mr. Dee to serve as Chairman. In response to the third sentence in Paragraph 194, Mr. Hamer admits that, on August 2, 2021, the Company announced that Deborah Hersman had resigned from the Board. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 194.

195. In response to the first sentence in Paragraph 195, Mr. Hamer admits that, on November 1, 2021, Velodyne announced that Dr. Culkin had informed the Board on October 26, 2021 that he was resigning as a Class III director effective upon the appointment of a director to fill his seat on the Board. In response to the second sentence in Paragraph 195, Mr. Hamer admits that, on October 27, 2021, Mr. Dee resigned as a Class II director and was appointed as a Class III director to fill the vacancy created by Dr. Culkin's resignation. In response to the third sentence

in Paragraph 195, Mr. Hamer admits that, on October 27, 2021, the Board appointed Virginia Boulet as a Class II director. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 195.

196.    Mr. Hamer denies each and every allegation in Paragraph 196.

197.    In response to Paragraph 197, Mr. Hamer admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 197.

198.    In response to the first sentence in Paragraph 198, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in a press release dated July 2, 2020 and filed with the SEC on Form 8-K, and that the full press release and statements therein are accurate and speak for themselves. In response to the second sentence in Paragraph 198, Mr. Hamer admits that Mr. Graf signed the Form 8-K that GIC filed with the SEC on July 2, 2020. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 198.

199.    In response to Paragraph 199, Mr. Hamer notes that the claims to which the allegations in Paragraph 199 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase and quote selectively and out of context statements in a press release dated July 2, 2020 and filed with the SEC on Form 8-K, and that the full press release and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 199.

200.    In response to Paragraph 200, Mr. Hamer notes that the claims to which the allegations in Paragraph 200 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 200.

201.    In response to Paragraph 201, Mr. Hamer notes that the claims to which the allegations in Paragraph 201 pertain have been dismissed, *see* Motion to Dismiss Order, and thus

no response is necessary. To the extent that any response is necessary Mr. Hamer denies each and every allegation in Paragraph 201.

202.    In response to Paragraph 202, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in a press release dated July 2, 2020 and filed with the SEC on Form 8-K, and that the full press release and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 202.

203.    Mr. Hamer denies each and every allegation in Paragraph 203.

204.    In response to Paragraph 204 and footnote 36, Mr. Hamer notes that the claims to which the allegations in Paragraph 204 and footnote 36 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an Investor Presentation attached to the press release dated July 2, 2020 and filed with the SEC on Form 8-K, and that the full press release and investor presentation, and statements therein, are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 204 and footnote 36.

205.    In response to Paragraph 205, Mr. Hamer notes that the claims to which the allegations in Paragraph 205 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 205.

206.    In response to Paragraph 206 and footnote 37, Mr. Hamer notes that the claims to which the allegations in Paragraph 206 and footnote 37 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that there was a July 2, 2020 conference call, that Plaintiffs purport to characterize, paraphrase and quote selectively and out of context statements made by Mr. Gopalan during that conference call, and that Mr. Gopalan's full and actual statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and

every allegation in Paragraph 206 and footnote 37.

207. In response to Paragraph 207, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Dee during a July 2, 2020 conference call, and that Mr. Dee's full and actual statements in the conference call are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 207.

208. In response to Paragraph 208, Mr. Hamer notes that the claims to which the allegations in Paragraph 208 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Gopalan and Mr. Hamer during a July 2, 2020 conference call, and that Mr. Gopalan's and Mr. Hamer's full and actual statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 208.

209. In response to Paragraph 209, Mr. Hamer notes that the claims to which the allegations in Paragraph 209 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary Mr. Hamer denies each and every allegation in Paragraph 209.

210. In response to Paragraph 210, Mr. Hamer notes that the claims to which the allegations in Paragraph 210 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 210.

211. In response to Paragraph 211, Mr. Hamer notes that the claims to which the allegations in Paragraph 211 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 211.

212. In response to Paragraph 212, Mr. Hamer notes that the claims to which the allegations in Paragraph 212 pertain have been dismissed, *see* Motion to Dismiss Order, and thus

no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Gopalan and Mr. Hamer during a July 2, 2020 conference call, and that Mr. Gopalan's and Mr. Hamer's full and actual statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 212.

213. In response to Paragraph 213, Mr. Hamer notes that the claims to which the allegations in Paragraph 213 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 213.

214. In response to Paragraph 214, Mr. Hamer notes that the claims to which the allegations in Paragraph 214 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 214.

215. In response to Paragraph 215, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Gopalan in a July 2, 2020 conference call, and that Mr. Gopalan's full and actual statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 215.

216. In response to Paragraph 216, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Dee in a July 2, 2020 conference call, and that Mr. Dee's full and actual statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 216.

217. Mr. Hamer denies each and every allegation in Paragraph 217.

218. In response to Paragraph 218, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in a July 15, 2020 filing by GIC on Schedule 14A, and that the full filing and statements therein are accurate and

speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 218.

219.   In response to Paragraph 219, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 219.

220.   In response to Paragraph 220, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 220.

221.   In response to Paragraph 221, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 221.

222.   In response to Paragraph 222, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 222.

223.   Mr. Hamer denies each and every allegation in Paragraph 223.

224.   In response to Paragraph 224, Mr. Hamer notes that the claims to which the allegations in Paragraph 224 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 224.

225.   In response to Paragraph 225, Mr. Hamer notes that the claims to which the allegations in Paragraph 225 pertain have been dismissed, *see* Motion to Dismiss Order, and thus

no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 225.

226.    In response to Paragraph 226, Mr. Hamer notes that the claims to which the allegations in Paragraph 226 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 226.

227.    In response to Paragraph 227 and footnote 38, Mr. Hamer notes that the claims to which the allegations in Paragraph 227 and footnote 38 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Merger Agreement, and that the full Merger Agreement and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 227 and footnote 38.

228.    In response to Paragraph 228, Mr. Hamer notes that the claims to which the allegations in Paragraph 228 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 228.

229.    In response to Paragraph 229, Mr. Hamer notes that the claims to which the allegations in Paragraph 229 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 229.

230.    In response to Paragraph 230, Mr. Hamer notes that the claims to which the allegations in Paragraph 230 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 230.

231.    In response to the first sentence in Paragraph 231, Mr. Hamer admits that, on July 20, 2020, GIC filed with the SEC a form 8-K that was signed by Mr. Graf.  In response to the second sentence in Paragraph 231, Mr. Hamer admits that Plaintiffs purport to characterize,

paraphrase, and quote selectively and out of context statements in that filing, and that the full filing and statements therein are accurate and speak for themselves. In response to the third sentence in Paragraph 231, Mr. Hamer admits that an investor presentation titled "Analyst Day" and dated July 20, 2020 was attached as Exhibit 99.1 to the Form 8-K that GIC filed with the SEC on July 20, 2020. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 231 and footnote 39.

232. In response to Paragraph 232 and footnote 40, Mr. Hamer notes that the claims to which the allegations in Paragraph 232 and footnote 40 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an Investor Presentation, and that the full Investor Presentation and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 232 and footnote 40.

233. In response to Paragraph 233, Mr. Hamer notes that the claims to which the allegations in Paragraph 233 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 233.

234. In response to Paragraph 234, Mr. Hamer notes that the claims to which the allegations in Paragraph 234 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 234.

235. In response to Paragraph 235, Mr. Hamer notes that the claims to which the allegations in Paragraph 235 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 235.

236. In response to the first sentence in Paragraph 236, Mr. Hamer admits that, on August 21, 2020, GIC filed with the SEC a Preliminary Proxy Statement on Schedule 14A. In response to the second sentence in Paragraph 236, Mr. Hamer admits that Plaintiffs purport to

characterize, paraphrase, and quote selectively and out of context statements in that filing, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 236.

237. In response to Paragraph 237, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the August 21, 2020 Preliminary Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 237.

238. In response to Paragraph 238, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the August 21, 2020 Preliminary Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 238.

239. In response to Paragraph 239, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the August 21, 2020 Preliminary Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 239.

240. In response to Paragraph 240, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the August 21, 2020 Preliminary Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 240.

241. Mr. Hamer denies each and every allegation in Paragraph 241.

242. In response to Paragraph 242, Mr. Hamer notes that the claims to which the allegations in Paragraph 242 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements

in the August 21, 2020 Preliminary Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 242.

243.    In response to Paragraph 243, Mr. Hamer notes that the claims to which the allegations in Paragraph 243 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 243.

244.    In response to Paragraph 244, Mr. Hamer notes that the claims to which the allegations in Paragraph 244 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 244.

245.    In response to Paragraph 245, Mr. Hamer notes that the claims to which the allegations in Paragraph 245 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the August 21, 2020 Preliminary Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 245.

246.    In response to Paragraph 246, Mr. Hamer notes that the claims to which the allegations in Paragraph 246 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 246.

247.    In response to Paragraph 247, Mr. Hamer notes that the claims to which the allegations in Paragraph 247 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the August 21, 2020 Preliminary Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and

every allegation in Paragraph 247.

248.   In response to Paragraph 248, Mr. Hamer notes that the claims to which the allegations in Paragraph 248 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the August 21, 2020 Preliminary Proxy, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 248.

249.   In response to Paragraph 249, Mr. Hamer notes that the claims to which the allegations in Paragraph 249 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 249.

250.   In response to Paragraph 250, Mr. Hamer notes that the claims to which the allegations in Paragraph 250 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 250.

251.   In response to Paragraph 251, Mr. Hamer notes that the claims to which the allegations in Paragraph 251 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 251.

252.   In response to Paragraph 252, Mr. Hamer admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 252.

253.   In response to the first sentence in Paragraph 253, Mr. Hamer admits that, on August 27, 2020, GIC filed with the SEC a Registration Statement on Form S-1, and that Mr. Graf and Mr. Dee (among others) signed the Registration Statement.  In response to the second sentence in Paragraph 253, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase,

and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 253.

254. In response to Paragraph 254, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 254.

255. In response to Paragraph 255, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 255.

256. In response to Paragraph 256, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 256.

257. In response to Paragraph 257, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 257.

258. Mr. Hamer denies each and every allegation in Paragraph 258.

259. In response to Paragraph 259, Mr. Hamer notes that the claims to which the allegations in Paragraph 259 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 259.

260. In response to Paragraph 260, Mr. Hamer notes that the claims to which the

allegations in Paragraph 260 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 260.

261. In response to Paragraph 261, Mr. Hamer admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 261.

262. In response to Paragraph 262, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 262.

263. In response to Paragraph 263, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements attributed to Mr. Gopalan in GIC's press release and Form 8-K filed on September 1, 2020, and that the full press release and Form 8-K filing, and statements therein, are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 263.

264. In response to Paragraph 264 and footnotes 41 and 42, Mr. Hamer notes that the claims to which the allegations in Paragraph 264 and footnotes 41 and 42 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that an Investor Presentation was attached to the September 1, 2020 Form 8-K, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in that Investor Presentation, and that the full Investor Presentation and Form 8-K, and the statements therein, are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 264 and footnotes 41 and 42.

265. In response to Paragraph 265 and footnote 43, Mr. Hamer notes that the claims to which the allegations in Paragraph 265 and footnote 43 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary,

Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements by Mr. Graf during a September 1, 2020 presentation and webinar, and that his full and actual statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 265 and footnote 43.

266. In response to Paragraph 266, Mr. Hamer notes that the claims to which the allegations in Paragraph 266 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements by a questioner and Mr. Gopalan during a September 1, 2020 presentation and webinar, and that Mr. Gopalan's full and actual statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 266.

267. In response to Paragraph 267, Mr. Hamer admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 267.

268. In response to Paragraph 268, Mr. Hamer notes that the claims to which the allegations in Paragraph 268 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 268.

269. In response to Paragraph 269, Mr. Hamer notes that the claims to which the allegations in Paragraph 269 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 269.

270. In response to Paragraph 270, Mr. Hamer notes that the claims to which the allegations in Paragraph 270 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 270.

271. In response to the first sentence in Paragraph 271, Mr. Hamer admits that, on September 8, 2020, GIC filed with the SEC a Preliminary Proxy on Schedule 14A. In response to the second and third sentences in Paragraph 271, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 271.

272. In response to Paragraph 272, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 272.

273. In response to Paragraph 273, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 273.

274. In response to Paragraph 274, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 274.

275. In response to Paragraph 275, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 275.

276. Mr. Hamer denies each and every allegation in Paragraph 276.

277. In response to Paragraph 277, Mr. Hamer notes that the claims to which the allegations in Paragraph 277 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for

themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 277.

278. In response to Paragraph 278, Mr. Hamer notes that the claims to which the allegations in Paragraph 278 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 278.

279. In response to Paragraph 279, Mr. Hamer notes that the claims to which the allegations in Paragraph 279 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 279.

280. In response to Paragraph 280, Mr. Hamer notes that the claims to which the allegations in Paragraph 280 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's SEC filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 280.

281. In response to Paragraph 281, Mr. Hamer notes that the claims to which the allegations in Paragraph 281 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 281.

282. In response to Paragraph 282, Mr. Hamer admits that, on September 8, 2002, GIC filed with the SEC a Form 8-K that was signed by Mr. Graf and that, among other things, attached a document entitled "Investor Presentation" as Exhibit 99.1. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 282.

283. In response to Paragraph 283 and footnotes 44 and 45, Mr. Hamer notes that the claims to which the allegations in Paragraph 283 and footnotes 44 and 45 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that

any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Investor Presentation attached to the September 8, 2020 Form 8-K, and that the full Form 8-K, Investor Presentation, and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 283 and footnotes 44 and 45.

284. In response to Paragraph 284, Mr. Hamer notes that the claims to which the allegations in Paragraph 284 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 284.

285. In response to Paragraph 285, Mr. Hamer notes that the claims to which the allegations in Paragraph 285 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 285.

286. In response to Paragraph 286, Mr. Hamer notes that the claims to which the allegations in Paragraph 286 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 286.

287. In response to Paragraph 287, Mr. Hamer admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 287.

288. In response to the first sentence in Paragraph 288, Mr. Hamer admits that, on September 14, 2020, GIC filed with the SEC a Definitive Proxy on Schedule 14A. In response to the second sentence in Paragraph 288, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in that Definitive Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 288.

289. In response to Paragraph 289, Mr. Hamer admits that Plaintiffs purport to

characterize, paraphrase, and quote selectively and out of context statements in GIC's September 14, 2020 Definitive Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 289.

290. In response to Paragraph 290, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 14, 2020 Definitive Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 290.

291. In response to Paragraph 291, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 14, 2020 Definitive Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 291.

292. In response to Paragraph 292, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 14, 2020 Definitive Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 292.

293. Mr. Hamer denies each and every allegation in Paragraph 293.

294. In response to Paragraph 294, Mr. Hamer notes that the claims to which the allegations in Paragraph 294 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 14, 2020 Definitive Proxy, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 294.

295. In response to Paragraph 295, Mr. Hamer notes that the claims to which the

allegations in Paragraph 295 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 295.

296.    In response to Paragraph 296, Mr. Hamer notes that the claims to which the allegations in Paragraph 296 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 296.

297.    In response to Paragraph 297, Mr. Hamer notes that the claims to which the allegations in Paragraph 297 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 297.

298.    In response to Paragraph 298, Mr. Hamer notes that the claims to which the allegations in Paragraph 298 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 14, 2020 Definitive Proxy, and that the full filing and statements therein are accurate and speak for themselves.   Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 298.

299.    In response to Paragraph 299, Mr. Hamer notes that the claims to which the allegations in Paragraph 299 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 299.

300.    In response to Paragraph 300, Mr. Hamer notes that the claims to which the allegations in Paragraph 300 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 300.

301.    In response to Paragraph 301, Mr. Hamer notes that the claims to which the allegations in Paragraph 301 pertain have been dismissed, *see* Motion to Dismiss Order, and thus

no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 14, 2020 Definitive Proxy, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 301.

302.    In response to Paragraph 302, Mr. Hamer notes that the claims to which the allegations in Paragraph 302 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 14, 2020 Definitive Proxy, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 302.

303.    In response to Paragraph 303, Mr. Hamer notes that the claims to which the allegations in Paragraph 303 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 303.

304.    In response to Paragraph 304, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 14, 2020 Definitive Proxy, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 304.

305.    In response to Paragraph 305, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 22, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 305.

306.    In response to Paragraph 306, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September

22, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 306.

307. In response to Paragraph 307, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 22, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 307.

308. In response to Paragraph 308, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 22, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 308.

309. In response to Paragraph 309, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 22, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 309.

310. Mr. Hamer denies each and every allegation in Paragraph 310.

311. Mr. Hamer denies each and every allegation in Paragraph 311.

312. Mr. Hamer denies each and every allegation in Paragraph 312.

313. In response to Paragraph 313, Mr. Hamer notes that the claims to which the allegations in Paragraph 313 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in GIC's September 22, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 313.

314.    In response to Paragraph 314, Mr. Hamer notes that the claims to which the allegations in Paragraph 314 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 314.

315.    In response to the first sentence in Paragraph 315, Mr. Hamer admits that the Merger closed on September 29, 2020. In response to the second sentence in Paragraph 315, Mr. Hamer admits that as of the closing of the Merger, the Company's Audit Committee approved the dismissal of Withum Smith + Brown, PC as the Company's independent registered public accounting firm and approved the appointment of KPMG LLP as the Company's independent registered public accounting firm, effective immediately. In response to the fourth sentence in Paragraph 315, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote the Velodyne Lidar, Inc. 2020 Equity Incentive Plan, and that the full Equity Incentive Plan and statements therein speak for themselves. In further response to the fourth sentence in Paragraph 315, Mr. Hamer admits that, on September 29, 2020, GIC shareholders approved the Velodyne Lidar, Inc. 2020 Equity Incentive Plan, as set forth in GIC's SEC filings. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 315.

316.    In response to Paragraph 316, Mr. Hamer admits that, on October 1, 2020, Velodyne filed with the SEC a Prospectus on Form 424B3, and that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the October 1, 2020 Prospectus, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 316.

317.    In response to Paragraph 317, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's October 1, 2020 Prospectus, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 317.

318.    In response to Paragraph 318, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's

October 1, 2020 Prospectus, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 318.

319. Mr. Hamer denies each and every allegation in Paragraph 319.

320. In response to Paragraph 320, Mr. Hamer notes that the claims to which the allegations in Paragraph 320 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's October 1, 2020 Prospectus, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 320.

321. In response to Paragraph 321, Mr. Hamer notes that the claims to which the allegations in Paragraph 321 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 321.

322. In response to Paragraph 322, Mr. Hamer notes that the claims to which the allegations in Paragraph 322 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's October 1, 2020 Prospectus, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 322.

323. In response to Paragraph 323, Mr. Hamer notes that the claims to which the allegations in Paragraph 323 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 323.

324. In response to Paragraph 324, Mr. Hamer notes that the claims to which the allegations in Paragraph 324 pertain have been dismissed, *see* Motion to Dismiss Order, and thus

no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 324.

325. In response to Paragraph 325, Mr. Hamer admits that the closing prices for shares of Velodyne common stock on October 1 and 2, 2020, were $16.77 and $17.08, respectively, and that the reported trading volume on October 2, 2020 was approximately 3.867 million shares. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 325.

326. In response to Paragraph 326, Mr. Hamer notes that the claims to which the allegations in Paragraph 326 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 326.

327. In response to the first sentence in Paragraph 327 and footnote 46, Mr. Hamer admits that, on October 19, 2020, Velodyne filed with the SEC a Registration Statement on Form S-1, and that the Registration Statement was signed by Mr. Gopalan, Mr. Hall, Ms. Hall, Mr. Hamer, Dr. Culkin, Mr. Thomas, Ms. Samardzich, Mr. Graf, and Mr. Dee. In further response to the first and second sentences in Paragraph 327, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's October 19, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 327 and footnote 46.

328. In response to Paragraph 328, Mr. Hamer notes that the claims to which the allegations in Paragraph 328 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 328.

329. In response to Paragraph 329, Mr. Hamer notes that the claims to which the allegations in Paragraph 329 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's October 19, 2020 Registration Statement, and that the full filing and statements

therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 329.

330. In response to Paragraph 330, Mr. Hamer notes that the claims to which the allegations in Paragraph 330 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 330.

331. In response to Paragraph 331, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's October 19, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 331.

332. In response to Paragraph 332, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's October 19, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 332.

333. In response to Paragraph 333, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's October 19, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 333.

334. In response to Paragraph 334, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's October 19, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 334.

335. Mr. Hamer denies each and every allegation in Paragraph 335.

336. In response to Paragraph 336, Mr. Hamer notes that the claims to which the

allegations in Paragraph 336 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's October 19, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 336.

337.    In response to Paragraph 337, Mr. Hamer notes that the claims to which the allegations in Paragraph 337 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's October 19, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 337.

338.    In response to Paragraph 338, Mr. Hamer notes that the claims to which the allegations in Paragraph 338 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 338.

339.    In response to Paragraph 339, Mr. Hamer notes that the claims to which the allegations in Paragraph 339 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 339.

340.    In response to Paragraph 340, Mr. Hamer notes that the claims to which the allegations in Paragraph 340 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, in response to the first and second sentences in Paragraph 340, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote statements in an October 28, 2020 letter from the SEC's Division of Corporate Finance, Office of Technology, and that the full letter and statements therein speak for themselves.  The remainder of Paragraph 340 consists of legal conclusions requiring neither

admission nor denial.  To the extent that the remainder of Paragraph 340 is construed as containing factual allegations, Mr. Hamer denies each and every such allegation.  Except as so expressly admitted and stated, Mr. Hamer denies each and every allegation in Paragraph 340.

341.    In response to Paragraph 341, Mr. Hamer notes that the claims to which the allegations in Paragraph 341 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, in response to the first sentence in Paragraph 341, Mr. Hamer admits that, on October 30, 2020, Velodyne filed Amendment No. 1 to the S-1 filed on October 19, 2020.  In response to the second and third sentence in Paragraph 341, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote statements in the Company's SEC filings, and that the full filings and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 341.

342.    In response to Paragraph 342, Mr. Hamer notes that the claims to which the allegations in Paragraph 342 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote statements in an investor rights agreement with certain investors in Old Velodyne, and that the full agreement and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 342.

343.    In response to Paragraph 343, Mr. Hamer notes that the claims to which the allegations in Paragraph 343 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote statements in an investor rights agreement with certain investors in Old Velodyne, and that the full agreement and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 343.

344.    In response to Paragraph 344, Mr. Hamer notes that the claims to which the allegations in Paragraph 344 pertain have been dismissed, *see* Motion to Dismiss Order, and thus

no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote statements in agreements with certain investors in Old Velodyne, and that the full agreements and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 344.

345.     In response to Paragraph 345, Mr. Hamer notes that the claims to which the allegations in Paragraph 345 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote statements in an amended agreement with certain investors in Old Velodyne, and that the full agreement and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 345.

346.     In response to Paragraph 346, Mr. Hamer notes that the claims to which the allegations in Paragraph 346 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote statements in an agreement with certain investors in Old Velodyne, and that the full agreement and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 346.

347.     In response to Paragraph 347, Mr. Hamer notes that the claims to which the allegations in Paragraph 347 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 347.

348.     In response to Paragraph 348, Mr. Hamer notes that the claims to which the allegations in Paragraph 348 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and

every allegation in Paragraph 348.

349. In response to the first sentence in Paragraph 349, Mr. Hamer admits that, on November 4, 2020, Velodyne filed a Prospectus with the SEC on Form 424B2. In further response to the first sentence in Paragraph 349, and in response to the second and third sentences in Paragraph 349, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's November 4, 2020 Prospectus, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 349.

350. In response to Paragraph 350, Mr. Hamer notes that the claims to which the allegations in Paragraph 350 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's November 4, 2020 Prospectus, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 350.

351. Mr. Hamer denies each and every allegation in Paragraph 351.

352. Mr. Hamer denies each and every allegation in Paragraph 352.

353. In response to the first sentence in Paragraph 353, Mr. Hamer admits that, on November 5, 2020, Velodyne issued a release announcing, *inter alia*, its third quarter 2020 financial results. In response to the second and third sentences in Paragraph 353, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's November 5, 2020 press release, and that the full press release and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 353.

354. In response to Paragraph 354, Mr. Hamer notes that the claims to which the allegations in Paragraph 354 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements

in the Company's November 4, 2020 Press Release, and that the full press release and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 354.

355. In response to Paragraph 355, Mr. Hamer notes that the claims to which the allegations in Paragraph 355 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's November 5, 2020 quarterly conference call, and that the full and actual statements made therein by representatives of the Company (including Mr. Gopalan and Mr. Hamer) are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 355.

356. In response to Paragraph 356, Mr. Hamer notes that the claims to which the allegations in Paragraph 356 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's November 5, 2020 quarterly conference call, and that the full and actual statements made therein by representatives of the Company (including Mr. Gopalan and Mr. Hamer) are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 356.

357. In response to Paragraph 357, Mr. Hamer notes that the claims to which the allegations in Paragraph 357 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 357.

358. In response to Paragraph 358, Mr. Hamer notes that the claims to which the allegations in Paragraph 358 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 358.

359. In response to Paragraph 359, Mr. Hamer notes that the claims to which the

allegations in Paragraph 359 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's November 5, 2020 quarterly conference call, and that the full and actual statements made therein by representatives of the Company (including Mr. Gopalan and Mr. Hamer) are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 359.

360.    In response to Paragraph 360, Mr. Hamer notes that the claims to which the allegations in Paragraph 360 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 360.

361.    In response to the first sentence in Paragraph 361, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's November 5, 2020 quarterly conference call, and that the full and actual statements made therein by representatives of the Company (including Mr. Gopalan and Mr. Hamer) are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 361.

362.    Mr. Hamer denies each and every allegation in Paragraph 362.

363.    Mr. Hamer denies each and every allegation in Paragraph 363.

364.    In response to Paragraph 364 and footnotes 47 and 48, Mr. Hamer notes that the claims to which the allegations in Paragraph 364 and footnotes 47 and 48 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements by Mr. Gopalan during a podcast, and Mr. Gopalan's full and actual statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 364 and footnotes 47 and 48.

365.    Mr. Hamer denies each and every allegation in the first sentence in Paragraph 365.

In response to all but the first sentence in Paragraph 365, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements by Mr. Gopalan during a podcast, and that Mr. Gopalan's full and actual statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 365.

366. In response to Paragraph 366, Mr. Hamer notes that the claims to which the allegations in Paragraph 366 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements by Mr. Gopalan during a podcast, and that Mr. Gopalan's full and actual statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 366.

367. In response to Paragraph 367, Mr. Hamer notes that the claims to which the allegations in Paragraph 367 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 367.

368. In response to Paragraph 368, Mr. Hamer notes that the claims to which the allegations in Paragraph 368 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 368.

369. In response to the first sentence in Paragraph 369, Mr. Hamer admits that, on November 9, 2020, Velodyne filed with the SEC a quarterly report for the third quarter of 2020 on Form 10-Q, and that the filing was signed by Mr. Gopalan and Mr. Hamer. In response to the remaining sentences in Paragraph 369, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote the Company's Form 10-Q for the third quarter of 2020, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 369.

370. In response to Paragraph 370, Mr. Hamer admits that Plaintiffs purport to

characterize, paraphrase, and quote statements in the Company's Form 10-Q for the third quarter of 2020, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 370.

371.    Mr. Hamer denies each and every allegation in Paragraph 371.

372.    Mr. Hamer denies each and every allegation in Paragraph 372.

373.    In response to Paragraph 373 and footnote 49, Mr. Hamer notes that the claims to which the allegations in Paragraph 373 and footnote 49 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote the Company's Form 10-Q for the third quarter of 2020, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 373 and footnote 49.

374.    In response to Paragraph 374, Mr. Hamer notes that the claims to which the allegations in Paragraph 374 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 374.

375.    In response to Paragraph 375, Mr. Hamer notes that the claims to which the allegations in Paragraph 375 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 375.

376.    In response to Paragraph 376, Mr. Hamer notes that the claims to which the allegations in Paragraph 376 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary. To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 376.

377.    In response to the first sentence in Paragraph 377, Mr. Hamer admits that, on January 7, 2021, Velodyne issued a press release, titled "Velodyne Lidar Announces Fourth Quarter and Annual 2020 Preliminary Snapshot," which the Company filed with the SEC on a Form 8-K on January 8, 2021 that was signed by Mr. Hamer. In response to the remaining

sentences in Paragraph 377, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote statements in the Company's January 7, 2021 press release, and that the full press release and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 377.

378.    In response to Paragraph 378, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote statements in the Company's January 7, 2021 press release, and that the full press release and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 378.

379.    Mr. Hamer denies each and every allegation in Paragraph 379.

380.    In response to the first sentence in Paragraph 380, Mr. Hamer admits that Mr. Hall informed the Board of Directors on January 7, 2021 that he had voluntarily transitioned from serving as an employee and executive officer of the Company to a non-executive role, effective immediately, and that as a result he immediately began serving as a non-employee director of the Company and Chairman of the Board of Directors.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 380.

381.    Mr. Hamer denies each and every allegation in Paragraph 381.

382.    Mr. Hamer denies each and every allegation in Paragraph 382.

383.    In response to Paragraph 383, Mr. Hamer notes that the claims to which the allegations in Paragraph 383 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to quote statements made at a January 12, 2021 conference, and that the full and actual statements made therein by representatives of the Company (including Mr. Gopalan and Mr. Hamer) are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 383.

384.    In response to Paragraph 384, Mr. Hamer notes that the claims to which the allegations in Paragraph 384 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 384.

385.    In response to Paragraph 385, Mr. Hamer notes that the claims to which the allegations in Paragraph 385 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 385.

386.    In response to the first sentence in Paragraph 386, Mr. Hamer admits that, on February 15, 2021, Mr. Graf resigned from the Board, effectively immediately.  In response to the second sentence in Paragraph 386, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote statements in the Company's February 15, 2021 Form 8-K, and that the full filing and statements therein are accurate and speak for themselves.  In response to the remaining sentences in Paragraph 386, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements by Mr. Hall, which statements speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 386.

387.    In response to the first sentence in Paragraph 387, Mr. Hamer admits that, on February 25, 2021, Velodyne issued a press release describing, *inter alia*, the Company's final fourth quarter and full year 2020 financial results.  In response to the second sentence in Paragraph 387, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's February 25, 2021 press release, and that the full press release and statements therein are accurate and speak for themselves.  In response to the remainder of Paragraph 387, Mr. Hamer admits that, on February 25, 2021, Velodyne held a conference call with analysts and investors, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in a February 25, 2021 conference call, and that the full and actual statements made by representatives of the Company (including Mr. Gopalan and Mr. Hamer) therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 387.

388.    In response to Paragraph 388, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context a Craig-Hallum Capital Group LLC analyst report, and that the full analyst report and statements therein speak for themselves.

Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 388.

389.    In response to Paragraph 389, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context a Berenberg Capital Markets research note, and that the full research note and statements therein speak for themselves.   Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 389.

390.    In response to Paragraph 390, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context a Berenberg Capital Markets research note, and that the full research note and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 390.

391.    In response to the second sentence in Paragraph 391, Mr. Hamer admits that, on March 17, 2021, Velodyne filed with the SEC the Company's annual report for the year ending December 31, 2020 on Form 10-K.  In response to the third sentence in Paragraph 391, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's Form 10-K for 2020, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 391.

392.    In response to Paragraph 392, Mr. Hamer notes that the claims to which the allegations in Paragraph 392 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's Form 10-K for 2020, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 392.

393.    In response to Paragraph 393, Mr. Hamer notes that the claims to which the allegations in Paragraph 393 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's Form 10-K for 2020, and that the full filing and statements therein are accurate

and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 393.

394.    In response to Paragraph 394, Mr. Hamer notes that the claims to which the allegations in Paragraph 394 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 394.

395.    In response to Paragraph 395, Mr. Hamer notes that the claims to which the allegations in Paragraph 395 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 395.

396.    In response to Paragraph 396, Mr. Hamer notes that the claims to which the allegations in Paragraph 396 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's Form 10-K for 2020, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 396.

397.    In response to the first sentence in Paragraph 397, Mr. Hamer admits that, on March 17, 2021, Velodyne filed with the SEC a current report on Form 8-K.  In response to the second sentence in Paragraph 397, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's March 17, 2021 Form 8-K, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 397.

398.    Mr. Hamer denies each and every allegation in Paragraph 398.

399.    Mr. Hamer denies each and every allegation in Paragraph 399.

400.    Mr. Hamer denies each and every allegation in Paragraph 400.

401.    Mr. Hamer denies each and every allegation in Paragraph 401.

402.    Mr. Hamer denies each and every allegation in Paragraph 402.

403.    In response to the first sentence in Paragraph 403, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase statements in the Company's Preliminary Proxy Statement filed with the SEC on May 4, 2021, and that the full filing and statements therein are accurate and speak for themselves. In response to the second sentence in Paragraph 403, Mr. Hamer admits that, in the fiscal year ended December 31, 2019, Mr. Gopalan's reported total compensation (subject to the assumptions, caveats, and explanations set forth in the Preliminary Proxy, including in the notes to the Summary Compensation Table) was approximately $2,897,706. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 403.

404.    In response to Paragraph 404, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an agreement between Mr. Gopalan and the Company, and that the full agreement and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 404.

405.    In response to Paragraph 405, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an agreement between Mr. Gopalan and the Company, and that the full agreement and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 405.

406.    In response to Paragraph 406, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an agreement between Mr. Gopalan and the Company, and that the full agreement and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 406.

407.    In response to Paragraph 407 and footnotes 50 and 51, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in an agreement between Mr. Gopalan and the Company, and that the full agreement and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 407 and footnotes 50 and 51.

408. Mr. Hamer denies each and every allegation in Paragraph 408.

409. In response to Paragraph 409, Mr. Hamer admits that Mr. Hall nominated Eric Singer as a candidate for election to the Board, that Velodyne's Board did not recommend Eric Singer for appointment to the Board, and that Mr. Singer was elected to the Board by stockholder vote on June 10, 2021. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 409.

410. In response to Paragraph 410, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase and quote selectively and out of context statements in the Company's October 19, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 410.

411. In response to Paragraph 411, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context statements in the Company's October 19, 2020 Registration Statement, and that the full filing and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 411.

412. Mr. Hamer denies each and every allegation in Paragraph 412.

413. In response to Paragraph 413, Mr. Hamer admits that, on March 10, 2021, Mr. Gopalan filed with the SEC a Form 4, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in that Form 4 filing, and that the full filing and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 413.

414. In response to Paragraph 414 and footnotes 52 and 53, Mr. Hamer admits that he made filings with the SEC on Form 4 on March 10 and 15, 2021, that Mr. Gopalan made a filing with the SEC on Form 4 on March 15, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of contest statements in each of those filings, and that the full filings and statements therein are accurate and speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 414 and footnotes 52 and 53.

415.    Mr. Hamer denies each and every allegation in Paragraph 415.

416.    In response to Paragraph 416, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context a Berenberg Capital Markets research note, and that the full research note and statements therein speak for themselves.   Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 416.

417.    In response to Paragraph 417, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's May 17, 2021 Definitive Proxy Statement, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 417.

418.    In response to Paragraph 418, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of contest statements in the Company's May 17, 2021 Definitive Proxy Statement, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 418.

419.    In response to Paragraph 419, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of contest statements in the Company's May 17, 2021 Definitive Proxy Statement, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 419.

420.    In response to all but the first sentence in Paragraph 420, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's May 17, 2021 Definitive Proxy Statement, and that the full filing and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 420 and footnote 54.

421.    In response to Paragraph 421, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's May 17, 2021 Definitive Proxy Statement, and that the full filing and statements therein are

accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 421.

422.    In response to Paragraph 422, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's May 17, 2021 Definitive Proxy Statement, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 422.

423.    In response to Paragraph 423, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's May 17, 2021 Definitive Proxy Statement, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 423.

424.    In response to Paragraph 424, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context a Berenberg Capital Markets report, and that the full report and statements therein speak for themselves.   Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 424.

425.    In response to Paragraph 425, Mr. Hamer admits that on July 16, 2020 Mr. Gopalan resigned from his role as CEO and as a member of the Board effective July 30, 2021, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's July 19, 2021 Form 8-K, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 425.

426.    In response to the first sentence in Paragraph 426, Mr. Hamer admits that, on August 2, 2021, Velodyne announced that Dr. Culkin was stepping down from his position as Chairman of the Board due to health reasons.  In response to the second sentence in Paragraph 426, Mr. Hamer admits that, following Dr. Culkin's resignation as Chairman, Dr. Culkin remained a director of the Board.  In response to the third sentence in Paragraph 426, Mr. Hamer admits that following Dr. Culkin's decision to step down as Chairman of the Board, the Board

appointed Mr. Dee to serve as Chairman.  In response to the fourth sentence in Paragraph 426, Mr. Hamer admits that, on August 2, 2021, the Company announced that Deborah Hersman had stepped down from the Board.  In response to the fifth sentence in Paragraph 426, Mr. Hamer admits that, on August 2, 2021, the Company's directors appointed Kristin Slanina to the Board. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 426.

427.    In response to the first sentence in Paragraph 427, Mr. Hamer admits that, on November 1, 2021, Velodyne announced that Dr. Culkin had informed the Board on October 26, 2021 that he was resigning as a Class III director effective upon the appointment of a director for fill his seat on the Board.  In response to the second sentence in Paragraph 427, Mr. Hamer admits that, on October 27, 2021, Mr. Dee resigned as a Class II director and was appointed by the Board to serve as a Class III director to fill the vacancy created by Dr. Culkin's resignation.  In response to the third sentence in Paragraph 427, Mr. Hamer admits that, on October 27, 2021, the Board appointed Virginia Boulet to serve as a Class II director.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 427.

428.    In response to Paragraph 428, Mr. Hamer admits that since September 29, 2020, certain individuals have resigned from Velodyne's Board or have chosen not to stand for re-election.   Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 428.

429.    In response to Paragraph 429, Mr. Hamer admits that, on August 5, 2021, Velodyne held a conference call to discuss, *inter alia*, the Company's second quarter 2021 financial results, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in that conference call, and that the full and actual statements made therein are accurate and speak for themselves.  In response to the chart in Paragraph 429 and footnotes 55-57, inclusive, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote statements in the Company's SEC filings, and that the full filings and statements therein are accurate and speak for themselves.  In response to footnote 58, Mr. Hamer admits that Dr. Culkin is Mr. Hall's brother-in-law.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 429 and footnotes 55-58, inclusive.

430.    In response to Paragraph 430, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's August 5, 2021 conference call, and that the full and actual statements made therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 430.

431.    Mr. Hamer denies each and every allegation in Paragraph 431.

432.    In response to Paragraph 432, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's August 5, 2021 conference call, that the full and actual statements made therein by Mr. Hamer are accurate and speak for themselves, and that the full and actual statements made therein by others speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 432.

433.    In response to Paragraph 433, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's August 5, 2021 conference call, that the full and actual statements made therein by Mr. Hamer are accurate and speak for themselves, and that the full and actual statements made therein by others speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 433.

434.    Mr. Hamer denies each and every allegation in Paragraph 434.

435.    In response to Paragraph 435, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in a *TechCrunch* article, and that the full article and statements therein speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 435.

436.    Mr. Hamer denies each and every allegation in Paragraph 436.

437.    In response to all but the first sentence in Paragraph 437 and footnote 59, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's Form 10-Q for the second quarter of 2021 filed on August 9, 2021, and that the full filing and statements therein are accurate and speak for themselves.

Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 437 and footnote 59.

438.    Mr. Hamer denies each and every allegation in Paragraph 438.

439.    Mr. Hamer denies each and every allegation in Paragraph 439.

440.    Mr. Hamer denies each and every allegation in Paragraph 440.

441.    Mr. Hamer denies each and every allegation in Paragraph 441.

442.    Mr. Hamer denies each and every allegation in Paragraph 442.

443.    Mr. Hamer denies each and every allegation in Paragraph 443.

444.    Mr. Hamer denies each and every allegation in Paragraph 444.

445.    Mr. Hamer denies each and every allegation in Paragraph 445.

446.    In response to the third sentence in Paragraph 446, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context a Berenberg Capital Markets "Flash Note," and that the full "Flash Note" and statements therein speak for themselves.   Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 446.

447.    In response to Paragraph 447, Mr. Hamer notes that the claims to which the allegations in Paragraph 447 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer admits that the second and third sentences in Paragraph 447 purport to characterize, paraphrase and quote selectively and out of context an SEC filing by Ford and an article in *Forbes*, respectively, and that the full filing and full article, and the statements therein, speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 447.

448.    In response to Paragraph 448, Mr. Hamer notes that the claims to which the allegations in Paragraph 448 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 448.

449.    In response to Paragraph 449, Mr. Hamer admits that Plaintiffs purport to characterize and paraphrase selectively and out of context the Company's Form 8-K filed with the

SEC on February 22, 2021, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 449.

450.    In response to the first and second sentences in Paragraph 450, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context the Company's Form 8-K filed with the SEC on February 22, 2021, and that the full filing and statements therein are accurate and speak for themselves.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 450.

451.    In response to Paragraph 451, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context a Berenberg Capital Markets "Flash Note," and that the full "Flash Note" and statements therein speak for themselves.   Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 451.

452.    Mr. Hamer denies each and every allegation in Paragraph 452.

453.    In response to the first sentence in Paragraph 453, Mr. Hamer admits that, on March 17, 2021, the Company filed with the SEC its annual report on Form 10-K for the year ending December 31, 2020.  In response to the second sentence in Paragraph 453, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's Form 10-K, and that the full filing and statements therein are accurate and speak for themselves.  In response to the remaining sentences in Paragraph 453, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote a Silicon Valley Business Journal article, and that the full article and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 453.

454.    Mr. Hamer denies each and every allegation in Paragraph 454.

455.    In response to Paragraph 455, Mr. Hamer admits that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context a Craig-Hallum Capital Group LLC research report, and that the full research report and statements therein speak for themselves. Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 455.

456.    In response to Paragraph 456, Mr. Hamer admits that the Company's securities

have been listed and traded on Nasdaq, that the Company has complied with applicable SEC and Nasdaq listing and reporting requirements at all relevant times, that the Company has communicated publicly by means of press releases and other mechanisms, and that certain securities analysts have followed the Company at various times.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 456.

457.    Mr. Hamer denies each and every allegation in Paragraph 457.

458.    Mr. Hamer denies each and every allegation in Paragraph 458.

459.    Mr. Hamer denies each and every allegation in Paragraph 459.

460.    Mr. Hamer denies each and every allegation in Paragraph 460.

461.    Mr. Hamer denies each and every allegation in Paragraph 461.

462.    Mr. Hamer denies each and every allegation in Paragraph 462.

463.    Mr. Hamer denies each and every allegation in Paragraph 463.

464.    Mr. Hamer notes that Paragraph 464 does not contain factual allegations requiring admission or denial, and thus no response is required.  To the extent that any response is required, Mr. Hamer denies each and every allegation in Paragraph 464.

465.    Mr. Hamer notes that Paragraph 465 does not contain factual allegations requiring admission or denial, and thus no response is required.  To the extent that any response is required, Mr. Hamer denies each and every allegation in Paragraph 465.

466.    In response to Paragraph 466, Mr. Hamer admits that Plaintiffs purport to bring this action as a class action.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 466.

467.    In response to Paragraph 467, Mr. Hamer admits that, during the relevant period, the Company's securities were traded on Nasdaq.  Except as so expressly admitted, Mr. Hamer denies each and every allegation in Paragraph 467.

468.    Mr. Hamer denies each and every allegation in Paragraph 468.

469.    Mr. Hamer lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 469, and on that basis denies each and every allegation therein.

470.    Mr. Hamer denies each and every allegation in Paragraph 470.

471.    Mr. Hamer denies each and every allegation in Paragraph 471.

472.    In response to Paragraph 472, Mr. Hamer incorporates and reasserts his responses to Paragraphs 1-471, inclusive, as if set forth fully herein.

473.    Mr. Hamer denies each and every allegation in Paragraph 473.

474.    Mr. Hamer denies each and every allegation in Paragraph 474.

475.    Mr. Hamer denies each and every allegation in Paragraph 475.

476.    Mr. Hamer denies each and every allegation in Paragraph 476.

477.    In response to Paragraph 477, Mr. Hamer notes that the claims to which the allegations in Paragraph 477 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer incorporates and reasserts his response to Paragraphs 1-476, inclusive, as if set forth fully herein.

478.    In response to Paragraph 478, Mr. Hamer notes that the claims to which the allegations in Paragraph 478 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 478.

479.    In response to Paragraph 479, Mr. Hamer notes that the claims to which the allegations in Paragraph 479 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 479.

480.    In response to Paragraph 480, Mr. Hamer notes that the claims to which the allegations in Paragraph 480 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 480.

481.    In response to Paragraph 481, Mr. Hamer notes that the claims to which the allegations in Paragraph 481 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 481.

482.    In response to Paragraph 482, Mr. Hamer notes that the claims to which the allegations in Paragraph 482 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 482.

483.    In response to Paragraph 483, Mr. Hamer notes that the claims to which the allegations in Paragraph 483 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 483.

484.    In response to Paragraph 484, Mr. Hamer notes that the claims to which the allegations in Paragraph 484 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response is necessary.  To the extent that any response is necessary, Mr. Hamer denies each and every allegation in Paragraph 484.

485.    In response to Paragraph 485, Mr. Hamer incorporates and reasserts his responses to Paragraphs 1-484, inclusive, as if set forth fully herein.

486.    Mr. Hamer denies each and every allegation in Paragraph 486.

487.    Mr. Hamer denies each and every allegation in Paragraph 487.

488.    Mr. Hamer denies each and every allegation in Paragraph 488.

489.    Mr. Hamer denies each and every allegation in Paragraph 489.

## AFFIRMATIVE DEFENSES

In further response to the CAC and each claim asserted in this action, and without assuming the burden of proof, persuasion, or production as to any issue where such burden is not legally assigned to them, Mr. Hamer asserts the following affirmative and other defenses.  By asserting such defenses, Mr. Hamer does not in any way waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer.  Mr. Hamer expressly reserves the right to amend and/or supplement these defenses and assert any other defense as to which discovery, investigation, or further developments may establish a basis.

**FIRST DEFENSE**

**(Failure to State a Claim)**

The CAC fails to state a claim upon which relief can be granted as to Mr. Hamer.

**SECOND DEFENSE**

**(No False Statement)**

Mr. Hamer is not liable on the claims alleged in the CAC because no false or misleading statement was made by him or any of the other Defendants, nor can any false or misleading statement be attributed to him or any of the other Defendants.

**THIRD DEFENSE**

**(No Failure to Disclose)**

Mr. Hamer is not liable on the claims alleged in the CAC because neither he nor any of the other Defendants had a duty to disclose any facts allegedly not disclosed.

**FOURTH DEFENSE**

**(Lack of Materiality)**

Neither Mr. Hamer nor any of the other Defendants is liable on the claims alleged in the CAC because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor, including in light of the total mix of information available to investors.

**FIFTH DEFENSE**

**(Safe Harbor)**

To the extent the claims alleged in the CAC are based on any predictions, forecasts, expectations, or other forward-looking statements, those statements were identified as such, were accompanied by meaningful cautionary language, and/or were not made with actual knowledge of falsity. Accordingly, Plaintiffs and the alleged plaintiff class are barred from recovery, in whole or in part, by the safe harbor for forward-looking statements contained in the Exchange Act and Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. § 78u-5(c).

## SIXTH DEFENSE

### (Bespeaks Caution)

To the extent the claims alleged in the CAC are based on predictions, forecasts, expectations, or other forward-looking statements, Plaintiffs and the alleged plaintiff class are barred from recovery, in whole or in part, by the "bespeaks caution" doctrine in that Defendants' public statements, including (but not limited to) statements in SEC filings, press releases, conference calls, analyst events, and interviews, bespoke caution about the risks of investing in the Company.

## SEVENTH DEFENSE

### (Opinion Statements)

To the extent the claims alleged in the CAC are based on expressions of opinion, Plaintiffs and the alleged plaintiff class are barred from recovery in whole or in part under the principles set forth in *Omnicare, Inc. v. Laborers Dist. Council*, 575 U.S. 175 (2015).

## EIGHTH DEFENSE

### (Lack of Standing)

The claims alleged in the CAC are barred, in whole or in part, to the extent that Plaintiffs or members of the alleged plaintiff class lack standing to pursue such claims.

## NINTH DEFENSE

### (No Scienter)

Mr. Hamer is not liable on the claims alleged in the CAC because neither he nor the other Defendants acted with scienter.

## TENTH DEFENSE

### (Good Faith)

Mr. Hamer is not liable on the claims alleged in the CAC because he and the other Defendants acted at all times in good faith and with good cause.

## ELEVENTH DEFENSE

### (Lack of Reliance)

The claims alleged in the CAC are barred, in whole or in part, because Plaintiffs and the

alleged plaintiff class did not actually, justifiably, or reasonably rely upon any of the alleged misstatements or omissions alleged in the CAC, and because reliance may not be presumed based on the fraud on the market doctrine or on any other basis.

**TWELFTH DEFENSE**

**(No Artificial Inflation)**

The claims alleged in the CAC are barred, in whole or in part, because the purported misstatements, omissions, or other conduct alleged in the CAC did not inflate the price of the Company's securities.

**THIRTEENTH DEFENSE**

**(No Loss Causation)**

The claims alleged in the CAC are barred, in whole or in part, because Plaintiffs and the alleged plaintiff class have not suffered any injury, damage, harm, or loss as a result of the purported misstatements, omissions, or other conduct alleged in the CAC, and because any injury, damage, harm, or loss allegedly sustained by Plaintiffs and the alleged plaintiff class was caused by factors other than the purported misstatements, omissions, or other conduct alleged in the CAC (including, but not limited to, market factors, superseding or intervening causes, or the acts and conduct of other persons for whom Mr. Hamer is not responsible).

**FOURTEENTH DEFENSE**

**(Truth on the Market)**

The claims alleged in the CAC are barred, in whole or in part, because the subjects of the alleged misstatements and omissions were, in fact, publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and members of the alleged plaintiff class.

**FIFTEENTH DEFENSE**

**(Assumption of Risk)**

The claims alleged in the CAC are barred, in whole or in part, because Plaintiffs and the members of the alleged plaintiff class assumed the risks of investment in the Company's securities, including but not limited to the material facts and risks that were publicly disclosed or were otherwise available in the public domain.

### SIXTEENTH DEFENSE

### (Lack of Inducement and Good Faith Conduct Under Section 20(a) of the Exchange Act)

Mr. Hamer is not liable as a control person under Section 20(a) of the Exchange Act because he at all times acted in good faith and did not directly or indirectly induce any act or acts allegedly constituting a violation of the Exchange Act. *See* 15 U.S.C. § 78t(a).

### SEVENTEENTH DEFENSE

### (Failure to Mitigate Damages)

The claims alleged in the CAC are barred, in whole or in part, because Plaintiffs and the members of the alleged plaintiff class failed to make reasonable efforts to mitigate their alleged injury, damage, harm, or loss, which efforts would have prevented all or part of any such alleged injury, damage, harm, or loss.

### EIGHTEENTH DEFENSE

### (Reliance on Others)

The claims alleged in the CAC are barred, in whole or in part, because at all relevant times Mr. Hamer and the other Defendants reasonably relied in good faith on information, representations, reports, opinions, and advice provided by others upon whom Mr. Hamer and the other Defendants were entitled to rely.

### NINETEENTH DEFENSE

### (Conduct of Others)

The claims alleged in the CAC are barred, in whole or in part, to the extent that persons other than Mr. Hamer and the other Defendants (including, but not limited to, persons whose alleged acts and conduct may not be imputed or attributed to Mr. Hamer or the other Defendants) caused any injury, damage, harm, or loss allegedly sustained by Plaintiffs or members of the alleged plaintiff class.

### TWENTIETH DEFENSE

### (Contribution and/or Indemnity)

Mr. Hamer is entitled to contribution and/or indemnity from others for any liability he might incur in this action.

## TWENTY-FIRST DEFENSE

### (Offset)

Any recovery by Plaintiffs or members of the alleged plaintiff class must be offset by benefits received through their investments in the Company's securities.

## TWENTY-SECOND DEFENSE

### (Unjust Enrichment)

Any recovery in this action must be precluded or reduced to the extent Plaintiffs and members of the alleged plaintiff class would be unjustly enriched.

## TWENTY-THIRD DEFENSE

### (Equitable Defenses)

The claims alleged in the CAC are barred, in whole or in part, by the doctrines of estoppel, unclean hands, laches, relinquishment, release, *in pari delicto*, and/or abandonment.

## TWENTY-FOURTH DEFENSE

### (Waiver)

The claims alleged in the CAC are barred, in whole or in part, to the extent that Plaintiffs and members of the alleged plaintiff class have knowingly and voluntarily waived any alleged claims they might have against Mr. Hamer and the other Defendants.

## TWENTY-FIFTH DEFENSE

### (Proportionate Liability)

Any claimed recovery by Plaintiffs or members of the alleged plaintiff class with respect to Mr. Hamer is limited to his proportionate responsibility. *See* 15 U.S.C. § 78u-4(f).

## TWENTY-SIXTH DEFENSE

### (Lack of Damages)

The claims alleged in the CAC are barred, in whole or in part, because Plaintiffs and members of the alleged plaintiff class suffered no injury, damage, harm, or loss.

## TWENTY-SEVENTH DEFENSE

### (Speculative and/or Excessive Damages)

The claims alleged in the CAC are barred, in whole or in part, to the extent that any injury,

damage, harm, or loss allegedly sustained by Plaintiffs or members of the alleged plaintiff class is speculative, cannot be reasonably ascertained, or exceeds the damages permitted by statute. *See* 15 U.S.C. § 78u-4(e), (f).

## TWENTY-EIGHTH DEFENSE

### (Dismissed Claims)

The claims alleged in the CAC are barred, in whole or in part, to the extent that they were dismissed by the Court in the Motion to Dismiss Order.

## TWENTY-NINTH DEFENSE

### (Statute of Limitations and Repose)

The claims alleged in the CAC are barred, in whole or in part, to the extent they are untimely under the applicable statute of limitations and/or the applicable statute of repose.

## THIRTIETH DEFENSE

### (No Fees, Costs or Expenses)

Plaintiffs and members of the alleged plaintiff class are not entitled to recover attorneys' fees, expert fees, or other costs and disbursements.

## THIRTY-FIRST DEFENSE

### (Other Defenses)

Mr. Hamer hereby reserves and asserts all affirmative and other defenses available under federal law and under any applicable state law. Mr. Hamer reserves the right to assert additional defenses, crossclaims, and third-party claims in the event that discovery, further investigation, or other developments may indicate that it would be appropriate.

## PRAYER

WHEREFORE, Mr. Hamer prays for judgment as follows:

1.    That judgment be entered in favor of Mr. Hamer on all claims asserted in this action;

2.    That Plaintiffs and members of the alleged plaintiff class take nothing by reason of the claims asserted in this action;

3.    That the Court refuse to certify this suit as a class action;

4.    For costs of suit herein; and

5.    For such other and further relief as the Court may deem just and proper.


Dated:  October 26, 2022                    WILMER CUTLER PICKERING HALE
                                            AND DORR LLP

                                            By:    /s/ Kevin P. Muck
                                                     Kevin P. Muck

                                            *Attorneys for Defendants Velodyne Lidar, Inc.,
                                            Anand Gopalan, Andrew Hamer, James A. Graf,
                                            and Michael Dee*

## DEMAND FOR JURY TRIAL

Mr. Hamer hereby demands a jury trial on all claims and issues so triable.


Dated:  October 26, 2022

WILMER CUTLER PICKERING HALE
AND DORR LLP


By:  _/s/ Kevin P. Muck_
        Kevin P. Muck

*Attorneys for Defendants Velodyne Lidar, Inc.,
Anand Gopalan, Andrew Hamer, James A. Graf,
and Michael Dee*