Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Lead Counsel and Counsel for*
*Lead Plaintiffs, Diane Smith & William P. Smith*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |  |
|---|---|---|
| MEYSAM MORADPOUR, et al., | ) | Case No. 3:21-CV-01486-SI |
|  | ) |  |
| Plaintiffs, | ) | **STIPULATED [PROPOSED]** |
|  | ) | **PROTECTIVE ORDER** |
| v. | ) |  |
|  | ) | **CLASS ACTION** |
| VELODYNE LIDAR, INC., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

STIPULATED PROTECTIVE ORDER                                   CASE NO. 3:21-CV-01486-SI

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of limited confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order", or alternatively, "this Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties also acknowledge that Ninth Circuit "precedent recognizes a 'strong presumption' in favor of public access to judicial records." *See Total Recall Techs. v. Luckey*, 2021 U.S. App. LEXIS 34294, at *4 (9th Cir. 2021) citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, each Party or Non-Party that designates Information for protection under this Order will act in good faith not to over-designate Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Parties further acknowledge, as set forth in Section 9, below, that this Protective Order does not entitle them to file confidential information under seal and that Civil Local Rule 79-5 and the Court's Standing Order set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2.   INFORMATION

As used in this Protective Order, "Information" is defined to mean: (l) documents, discovery responses, deposition transcripts, deposition videotapes and other material produced, generated, or exchanged in the course of this case; (2) any copies, notes, abstracts or summaries of material produced, generated, or exchanged in the course of this case; and (3) any pleading, motion, brief, declaration, transcript or filing containing such information. Nothing in this Order concerns the disclosure or use of Information by any Producing Party or producing Non-Party to its employees, officers, agents and directors if such disclosure or use is made in the ordinary course of business, unrelated to this litigation.

**3.     CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION**

3.1     **Designating Party:** Any Party (defined as a party to this action, including all of its officers, directors, managers, employees, consultants, retained experts, in-house counsel and outside counsel of record, and their support staffs) or Non-Party (defined as any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action) may designate Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "Designating Party").

3.2     **Confidential Information:** A Designating Party may designate as "CONFIDENTIAL" any Information that the Designating Party concludes in good faith qualifies for protection under Federal Rule of Civil Procedure 26(c), including Information that contains financial, proprietary, or commercially sensitive information, as well as personal, client or customer information that qualifies for special protection from public disclosure and from use for purposes other than prosecuting this litigation. Information subject to protection under federal law or the law of any other applicable jurisdiction may also be designated "CONFIDENTIAL." Publicly available information and/or materials that have been submitted to any governmental entity without request for "CONFIDENTIAL" treatment may not be designated "CONFIDENTIAL."

3.3     **Highly Confidential Information:** A Designating Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any extremely sensitive "CONFIDENTIAL" Information, the disclosure of which to another Party or Non-Party would create a risk of serious harm to the Designating Party that could not be avoided by less restrictive means, including, but not limited to: (i) commercially sensitive marketing, financial, sales, research and development, or technical data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a Non-Party pursuant to a current Nondisclosure Agreement ("NDA"); (iii) commercially sensitive information relating to future business/strategic plans, sales and financial projections, product development and design, and future sales and financial projections; (iv) trade secret, or other confidential research and development information; and (v) commercial agreements, confidential settlement agreements, or confidential settlement communications, the disclosure of which the Designating Party in good faith believes is likely to cause substantial harm to a Party or

Non-Party that produces Information in this action (a "Producing Party").

**3.4    Use of Confidential and Highly Confidential Information:** Any Information that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "Protected Material") under the terms of this Protective Order shall be used by a Party that receives the Protected Material (a "Receiving Party") solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever, including without limitation any other litigation. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

**3.5    Scope:** The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4.    DESIGNATING INFORMATION AS CONFIDENTIAL**

**4.1    Exercise of Restraint and Care in Designating Material for Protection:** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**4.2    Manner and Timing of Designations:** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Information that qualifies for protection under this Order must be clearly so designated before the Information is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For Information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), the Producing Party may designate the Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so indicating on the first page and each subsequent page of the produced document that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

(b)    A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine, as soon as reasonably practicable, which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the document that contains Protected Material.

(c)    For Information where it is impracticable to designate for confidentiality on a document-by-document or item-by-item basis, including but not limited to  documents produced in native form and non-documentary electronic materials (*e.g.*, a database), the Producing Party shall either (i) provide a corresponding placeholder TIFF bearing control number and confidentiality designation, if any; or (ii) designate the Information as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" by appending the text "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the file name.

(d)    The entire transcript of any deposition or court proceeding shall be treated as if designated "CONFIDENTIAL" until 30 days after delivery of the final transcript, during which period counsel for any Party or Non-Party may designate the entire transcript or any sections of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that were not so designated on the record at the deposition or court proceeding. Any Party or Non-Party may challenge the designation of a deposition transcript, or portions thereof, as "CONFIDENTIAL" consistent with this Order.

Parties shall give the other Parties notice if they reasonably expect a deposition or court proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. Except as otherwise provided herein, the use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**4.3    Inadvertent Failures to Designate:** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

Any Party or Non-Party may object at any time to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation (the "Challenging Party"). The objection shall be made in writing to counsel for the Designating Party and state: (i) the specific Information subject to the objection; and (ii) the basis for the objection. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within 14 days of the date of service of the written objection, the Challenging Party shall move the Court under Local Rule 37-1 on or before the 28th day following the date of such

written objection for an order that the Information at issue is not to be considered and treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within the meaning of this Order. The party asserting the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation shall have the burden of showing why such Information is entitled to confidential treatment.

**6.   TREATMENT OF INFORMATION WHILE CHALLENGE IS PENDING**

Notwithstanding any challenge to the designation of Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," all documents designated as such must be treated as such and are subject to this Order unless and until one of the following occurs:

(a)   the Challenging Party withdraws such designation in writing; or

(b)   the Court decides the Information is not "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**7.   LIMITATION ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

**7.1   Disclosure of CONFIDENTIAL Information:** Except with the prior written consent of the Designating Party, or upon prior order of this Court obtained upon notice to opposing counsel, Information designated as "CONFIDENTIAL" must not be disclosed to any person other than:

(a)   the Court and Court personnel, and any appellate court in this action;

(b)   the court reporter and videographer, if any, present at any court proceeding or deposition;

(c)   professional jury or trial consultants, mock jurors, and persons or entities that provide litigation support services to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(d)   counsel for the respective Parties to this litigation, including in-house counsel, co-counsel and any other counsel of record in this litigation, and the employees, associates, discovery or service vendors, and contract attorneys of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(e)    Lead Plaintiffs or Defendants, in connection with preparation to testify, to provide deposition testimony, to provide declarations in this action, or to make reasonably informed decisions concerning the strategy and/or management of this case;

(f)    persons who authored, prepared or received the Information or custodians or other persons who otherwise possessed or knew the Information in a context outside this litigation;

(g)    the named Parties to the litigation, including individual defendants, plaintiffs, class representatives, and any director, officer or employee of a Party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(h)    witnesses, other than expert witnesses and consultants, in connection with preparation to testify, to provide deposition testimony, or to provide declarations in this action;

(i)    consultants or expert witnesses (including their employees and staff) – but excluding past or present employees, officers or directors of a Party's competitor, or consultants for a Party's direct competitor – consulted by the undersigned Parties or their outside counsel in connection with this litigation, whether or not retained to testify, and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, but only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify in this action, or to otherwise assist counsel in the prosecution or defense of this action;

(j)    non-party special masters, mediators, and/or third parties retained by the Parties for settlement purposes or resolution of discovery disputes or mediation; and

(k)    during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary for this litigation; provided that if the witness is not a current employee of Defendant Velodyne Lidar, Inc. and does not fall into any of the categories (a) to (i) above, then the deposing party and their attorneys shall request that the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A) before being shown material designated "CONFIDENTIAL." Pages of transcribed deposition testimony or exhibits to depositions that reveal material designated as "CONFIDENTIAL" must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

**7.2    Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information:** Except with the prior written consent of the Designating Party, or upon prior order of this Court obtained upon notice to opposing counsel, Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must not be disclosed to any person other than:

(a)    the Court and Court personnel, and any appellate court in this action;

(b)    the court reporter and videographer, if any, present at any court proceeding or deposition;

(c)    professional jury or trial consultants, mock jurors, and persons or entities that provide litigation support services to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(d)    counsel for the respective Parties to this litigation, including in-house counsel, co-counsel and any other counsel of record in this litigation, and the employees, associates, discovery or service vendors, and contract attorneys of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(e)    Lead Plaintiffs or Defendants, in connection with preparation to testify, to provide deposition testimony, to provide declarations in this action, or to make reasonably informed decisions concerning the strategy and/or management of this case;

(f)    persons who authored, prepared or received the Information or custodians or other persons who otherwise possessed or knew the Information in a context outside this litigation;

(g)    witnesses, other than expert witnesses and consultants, in connection with preparation to testify, to provide deposition testimony, or to provide declarations in this action;

(h)    consultants or expert witnesses (including their employees and staff) – but excluding past or present employees, officers or directors of a Party's competitor, or consultants for a Party's direct competitor – consulted by the undersigned Parties or their outside counsel in connection with this litigation, whether or not retained to testify, and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, but only to the extent necessary for such

expert or consultant to prepare a written opinion, to prepare to testify in this action, or to otherwise assist counsel in the prosecution or defense of this action;

(i)    non-party special masters, mediators, and/or third parties retained by the Parties for settlement purposes or resolution of discovery disputes or mediation; and

(j)    during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary for this litigation; provided that if the witness is not a current employee of Defendant Velodyne Lidar, Inc. and does not fall into any of the categories (a) to (h) above, then the deposing party and their attorneys shall request that the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A) before being shown material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Pages of transcribed deposition testimony or exhibits to depositions that reveal material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

**7.3    Prohibited Disclosure of CONFIDENTIAL Information:** Persons receiving Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must not reveal such Information to, or discuss that Information with, any person who is not entitled to receive the Information, except as set forth in this Order.

**7.4    Inadvertent Disclosure:** If a Party or Non-Party inadvertently discloses Protected Material to persons other than those listed above, such disclosure shall be reported in writing to the Designating Party. In that event, counsel for the party who inadvertently disclosed Protected Material shall make all reasonable efforts to retrieve the Protected Material and any documents containing such Protected Material, obtain the agreement of persons to whom inadvertent disclosure was made to treat the Protected Material in accordance with the terms of this Order, and request such persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**7.5    Use in Open Court:** Prior to the use of any Protected Material at a hearing on a discovery matter or any other hearing to be held in open court, counsel who desires to use such Protected Material shall take reasonable steps to afford opposing counsel and counsel for the

Designating Party a reasonable opportunity to object to the disclosure in open court of such Protected Material.

       **7.6**    **Use at Trial:** This Order does not preclude, limit, restrict or otherwise apply to the use of Protected Material at trial. An agreement concerning the treatment of Protected Material at trial shall be reached at the pre-trial conference.

**8.**    **WAIVER OF CONFIDENTIAL DESIGNATION**

       (a)    Any Designating Party may voluntarily disclose to others, without restriction, and without waiving the designation, any Information designated by that Party or Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." However, if a Party or Non-Party intentionally makes publicly available any Protected Material, such act shall operate as a waiver of the "CONFIDENTIAL" designation.

       (b)    If Information alleged to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is inadvertently or unintentionally produced without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Party would otherwise be entitled. As soon as practicable, the Producing Party shall notify all other Parties in writing of its inadvertent or unintentional production of the Information without the proper designation. Upon receiving such written notification, all Parties shall treat the Information identified in the written notification as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the terms of this Order. Within seven days of sending such written notification, the Producing Party shall reproduce the Information with the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.

       (c)    If a Party or Non-Party produces "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information of another party without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the party whose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

Information has been produced may designate information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at any time.

## 9.    FILING UNDER SEAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this or any other action any Protected Material. In the event that a Receiving Party intends to disclose Protected Material in any pleading, court filing, attachment or exhibit thereto, or other papers filed with the Court pre-trial, the Receiving Party shall move the Court for an order permitting the filing of such Protected Material under seal in accordance with Civil Local Rule 79-5 and this Court's Standing Order. While the motion to file under seal is pending, the paper shall be furnished to the Court and the attorneys for the Parties, and a duplicate copy with the Protected Material redacted or withheld shall be filed in the public record insofar as possible. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

## 10.    APPLICABILITY OF PRVILEGES AND PROTECTIONS

Nothing in this Order waives any applicable privilege, immunity, or protection, including, but not limited to, the attorney-client privilege, the work-product protection, or the trade-secret privilege. By stipulating to this Order, no Party intends to waive, or does waive, the right to object to the production of Information to the other Party on any ground permitted by law, including, but not limited to, the grounds of attorney-client privilege, work-product protection, or trade-secret privilege.

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d), in the event that Information that is subject to a claim of attorney-client privilege, attorney work product protection, or any other immunity or protection from discovery is inadvertently produced or otherwise disclosed, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product protection, or other immunity or protection for such Information. In the event that privileged or otherwise protected Information is inadvertently produced, the following procedures will apply:

If a Producing Party discovers that it inadvertently produced Information that the Producing Party claims is privileged or otherwise protected work product, the Producing Party will promptly (i) advise the Receiving Party of the inadvertent disclosure in writing (unless written notification is impractical), and (ii) explain the basis for the claim of privilege or work-product protection. After being notified, the Receiving Party shall treat the information in compliance with the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

If a Receiving Party discovers Information that it reasonably believes to be privileged or protected work product, the Receiving Party will treat the Information in compliance with Federal Rule of Civil Procedure 26(b)(5)(B) and notify the Producing Party of the disclosure and identify the information. The Producing Party then has five (5) business days to (i) confirm whether it intends to assert that the Information is privileged or work product, and (ii) provide the basis for the claim of privilege or protection. The Receiving Party shall at all times treat the specified Information in accordance with the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

To the extent the Receiving Party challenges the claim of privilege or work product under this Section, the Parties must meet and confer in an attempt to resolve the matter. If the Parties cannot resolve the dispute, the Party challenging the claim of privilege or work product shall have a reasonable amount of time to present the issue to the Court consistent with Federal Rule of Civil Procedure 26(b)(5)(B). While such a motion is pending, the Information in question shall be treated pursuant to this Section 10. If a claim is disputed, the Receiving Party shall not use or disclose any Information for which a claim of privilege or immunity is made pursuant to this Section for any purpose or until the matter is resolved by agreement of the Parties or by a decision of the Court.

If a Party receives Information that it does not reasonably believe to be privileged or otherwise protected work product, disclosure, or use of the Information by the Receiving Party, including production to a third party, where permitted under this Order, before notice from the Producing Party that the Information was inadvertently produced, will not be deemed a violation of this Order. However, under these circumstances, the Producing Party shall not be deemed to have waived privilege or work product protection based solely on the Receiving Party's disclosure of the inadvertently produced Information to a third party.

If the Receiving Party disclosed the inadvertently produced Information to a third party before receiving notice of a claim of privilege or work-product protection, it must undertake reasonable best efforts to retrieve the Information and to return it, sequester it until the claim is resolved, or destroy it.

If, during a deposition, the Producing Party asserts for the first time that Information contained in a marked exhibit was inadvertently produced and is privileged or protected work product and the Receiving Party disputes the assertion, the Parties shall cooperate in good faith to reasonably resolve the dispute. If the dispute cannot be resolved by agreement of the Parties, it may be presented to the Court.

## 11. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

(a)    Nothing herein shall prevent any Party who has received Protected Material pursuant to this Order from producing such Protected Material in response to a lawful subpoena or other compulsory process, provided that any Party receiving such subpoena or process: (i) shall, within seven days of receipt, give notice in writing to the Designating Party, including a copy of the subpoena or other compulsory process, and shall furnish the Designating Party a reasonable opportunity to seek a protective order; and (ii) if application for a protective order is made by the Designating Party before the return date, the Receiving Party shall not produce such Protected Material prior to receiving a court order or the written consent of the Designating Party.

(b)    The Party receiving a lawful subpoena or other compulsory process shall, upon receipt of the same, notify the third-party that some or all of the material covered by the subpoena or compulsory process is subject to this Stipulated Protective Order and request that the third-party seeking Protected Material under this Order agree to enter into a confidentiality agreement under the same terms as this Order. This obligation is solely to request agreement to confidential treatment under the same terms as this agreement and nothing further. The Party receiving the Protected Material shall have no other obligation with respect to obtaining confidential treatment of the subpoenaed information other than to immediately inform the Designating Party if the request is denied and furnish the Designating Party a reasonable opportunity to seek a protective order before any Protected Material is produced. If the third party demands changes to the terms of this Order, it shall be deemed a denial and the Receiving Party has met its obligations upon immediate notice to the Designating Party and

furnish the Designating Party a reasonable opportunity to seek a protective order before any Protected Material is produced.

(c)     If the subpoena demands production of less than all of the Protected Material provided by the Designating Party, the Receiving Party shall inform the Designating Party what Protected Material shall be produced pursuant to the subpoena or compulsory process. Any disagreement by the Designating Party with regard to the scope of the subpoena or compulsory process and the documents identified by the Receiving Party to be produced as responsive to the subpoena or compulsory process must be addressed by the Designating Party as part of its motion for a protective order. Provided that the Designating Party receives timely notice of the subpoena or compulsory process, if the Designating Party does not seek a protective order prior to the production date stated in the subpoena or compulsory process, the Receiving Party may produce all information called for by the subpoena or compulsory process. Nothing in this paragraph is intended to allow a Receiving Party to disobey a lawfully issued order or subpoena.

**12.   EXTENSION TO NON-PARTIES**

This Order extends to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**13.   DATA SECURITY**

A Receiving Party must adequately safeguard and store Protected Material at a location and in a secure manner, whether stored electronically or in hard copy, that ensures that access is limited to the persons authorized under this Order.

**14.   DURATION**

The Parties agree to be bound by the terms of this Order pending its entry by the Court. Even after the close of this action, the confidentiality obligations imposed by this Order shall remain in effect. This Court retains and shall have jurisdiction over the Parties and all recipients of Protected Material for purposes of enforcing this Order after termination of this action. Except to the extent that federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of California, without regard to conflict of law principles.

## 15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth herein.

## 16.    MODIFICATION

This Order may only be modified by agreement of all of the Parties in the form of a written stipulation that shall be filed with and approved by the Court.  Nothing contained herein shall preclude any Party from seeking from the Court, upon noticed motion, relief from this Order or modification thereof.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**KAHN SWICK & FOTI, LLP**

DATED:    December 9, 2022                          *s/ Ramzi Abadou*
                                                            RAMZI ABADOU
                                                      *Attorneys for Lead Plaintiffs*
                                                Diane Smith and William P. Smith

**WILMER CUTLER PICKERING HALE AND DORR LLP**

DATED:    December 9, 2022                          *s/ Kevin P. Muck*
                                                            KEVIN P. MUCK
                                                      *Attorneys for Defendants*
                                        Velodyne Lidar, Inc., Anand Gopalan, Andrew
                                            Hamer, James A. Graf, Michael Dee

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:    _____

                                                The Honorable Susan Illston
                                                United States District Judge

**SIGNATURE ATTESTATION**

I, Ramzi Abadou, am the ECF User whose ID and password are being used to file this STIPULATED PROPOSED PROTECTIVE ORDER. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from the signatory.

                                                *s/ Ramzi Abadou*
                                                RAMZI ABADOU

STIPULATED PROTECTIVE ORDER                    16                    CASE NO. 3:21-CV-01486-SI

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Moradpour et al., v. Velodyne Lidar, Inc.*, et al., No. 3:21-cv-01486-SI (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER                    17                    CASE NO. 3:21-CV-01486-SI