KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000; Facsimile: (628) 235-1001

TAMAR KAPLAN-MARANS (admitted *pro hac vice*)
tamar.kaplan-marans@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800; Facsimile: (212) 230-8888

IVAN PANCHENKO (admitted *pro hac vice*)
ivan.panchenko@wilmerhale.com
ROBERT DONOGHUE (admitted *pro hac vice*)
robert.donoghue@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000; Facsimile: (617) 526-5000

*Attorneys for Defendants*
*Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer,*
*James A. Graf and Michael Dee*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>         vs.<br><br>VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN,<br><br>                              Defendants. | Case No.  3:21-CV-01486-SI<br><br>**DEFENDANTS' STATEMENT IN SUPPORT OF LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:      Hon. Susan Illston |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Defendants Velodyne Lidar, Inc. ("Velodyne"),[1] Anand Gopalan, Andrew Hamer, James A. Graf, and Michael Dee (together, "Defendants") respectfully submit this Statement in Support of Lead Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 156). Lead Plaintiffs' motion is narrowly tailored to seal only:

- Two exhibits that reflect minutes of confidential Velodyne Board and Audit Committee meetings (ECF 157-3, 157-5); and

- Direct references and quotes to these Board minutes on pp. i and 4-5 of Lead Plaintiffs' Motion for Class Certification (ECF 157).

As set forth herein and in the accompanying Declaration of Kevin P. Muck, these documents are precisely the sorts of confidential materials that courts have permitted to be filed under seal, and which would injure the Company if publicly disclosed.

Documents filed in support of a motion for class certification may be sealed upon a showing of "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). A court has broad discretion to permit sealing of court documents for, among other things, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "Disclosure of information that 'might harm a litigant's competitive standing' generally meet[s] the compelling reasons standard for sealing." *Williams v. Apple, Inc.*, 2021 WL 2476916, at *3 (N.D. Cal. June 17, 2021) (quoting *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). "Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal

---

[1] On February 10, 2023, Velodyne and another publicly traded corporation, Ouster, Inc., completed a merger, and the combined entity is referred to herein as the "Company." Declaration of Kevin P. Muck in Support of Defendants' Statement in Support of Lead Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Muck Decl."), ¶ 1.

- 2 -

| DEFS' STATEMENT ISO PLFS' ADMIN MOTION TO SEAL | CASE NO. 3:21-cv-01486-SI |

reports and other such materials that could harm a party's competitive standing." *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019).

Specifically, courts have recognized that "compelling reasons" may exist to seal "non-public minutes and materials from … meetings" of board of directors and board committees. *See Gomo v. NetApp, Inc.*, 2019 WL 1170775, at *2 (N.D. Cal. Mar. 13, 2019) (finding "compelling reasons" to seal "non-public minutes and materials from" board committee meetings).

Here, Defendants seek only to seal two exhibits – confidential minutes of a meeting of Velodyne's Board of Directors (Exhibit B, ECF No. 157-3) and minutes of a meeting of the Audit Committee of Velodyne's Board (Exhibit D, ECF No. 157-5), both with attached resolutions reflecting Board and Committee actions – as well as a handful of direct references to, and quotes of, information contained in these confidential Board and Committee materials contained in Plaintiffs' Motion for Class Certification (ECF No. 157).

Exhibits B and D contain confidential discussions and resolutions of Velodyne's Board and Audit Committee, including highly sensitive and confidential information regarding Velodyne's and the Company's business, technology, strategies, personnel issues, legal matters and corporate governance. Muck Decl. ¶ 6. At all relevant times, Velodyne's Board and Committee meeting minutes, as well as materials used in connection with such meetings, have been maintained in strict confidence, and neither those documents nor their contents are disclosed to the public. *Id.* Permitting such information to be made available to the public (including, but not limited to, the Company's competitors) could severely harm the Company, its business, its compliance processes, its competitive position, its ability to encourage reporting of issues and concerns through its reporting channels, and its ability to recruit and retain personnel. *Id.*; *see also J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.,* 2014 WL 12769806, at *1-2 (D. Nev. May 20, 2014) (sealing company bylaws "contain[ing] propriety and confidential information about the corporate structure and internal governance of Plaintiffs' business" under "compelling reasons" standard); *see Barnes v. Hershey Co.*, 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015) (sealing documents "because they contain confidential and private information about Hershey's business

- 3 -

DEFS' STATEMENT ISO PLFS'                                   CASE NO. 3:21-cv-01486-SI
ADMIN MOTION TO SEAL

strategy," including its "organization structure"). Consistent with the confidential and sensitive nature of these materials, Velodyne designated them as "Confidential" at the time of their production pursuant to the stipulated protective order (ECF No. 144) entered by the Court on December 9, 2022. Muck Decl. ¶ 7.

The proposed redactions to Lead Plaintiffs' Motion for Class Certification are carefully limited to only direct references to, and quotes of, information contained in Velodyne's confidential Board and Audit Committee minutes. As to the two exhibits, because both documents are confidential in their entirety (Muck Decl. ¶ 6), "it would not be practicable to redact the exhibits rather than sealing them entirely." *Gomo*, 2019 WL 1170775, at *2 (finding there were "compelling reasons" to seal the entirety of board committee minutes).

For these reasons, Defendants respectfully request that the Court seal Exhibits B and D and the limited, direct references and quotes to these exhibits in the Motion for Class Certification, as indicated in the chart below and in the proposed order submitted herewith by Defendants.

| Motion for Class Certification Section/Exhibit | Proposed Redactions (Page:Line) |
| --- | --- |
| Table of Contents | i (II.A.3), not including "The Audit Committee" or "into the Halls, Culminating in Their Censure" |
| II.A.3 | 4:13-14, not including "The Audit Committee" or "into the Halls, Culminating in Their Censure" |
| II.A.3 | 4:15-22, not including "Shortly after the Business Combination," or "*See* Abadou Decl., Ex. B (VLDR_SL_000000782).[3]" or "*Id.*" |
| II.A.3 | 4, n.3, not including "to distinguish" |
| II.A.3 | 4:23-5:1, not including "Velodyne's repeated risk disclosures that, *inter alia*," |
| II.A.3 | 5:4-6, not including "274, 291, 309, 333, 370. Later," or "Abadou Decl., Ex. B (VLDR_SL_000000782)." |
| II.A.3 | 5:7-8, not including "Instead," or "on December 9, 2020, Velodyne's Audit Committee retained Keker Van Nest & Peters, LLP to conduct" or "investigation into the Halls ("Keker" |
| II.A.3 | 5:11-13, not including "Investigation's purpose" or "Abadou Decl., Ex. B (VLDR_SL_000000782).[4] According to Mr. Hall," |

DEFS' STATEMENT ISO PLFS'          CASE NO. 3:21-cv-01486-SI
ADMIN MOTION TO SEAL

| Motion for Class Certification Section/Exhibit | Proposed Redactions (Page:Line) |
|---|---|
| II.A.3 | 5:24-6:4, not including "Abadou Decl., Ex. D (VLDR_SL_000000773)." or *"Id.* at VLDR_SL_000000769-76." |
| Exhibit B | Seal in full |
| Exhibit D | Seal in full |

Dated:  March 27, 2023

WILMER CUTLER PICKERING, HALE AND DORR LLP

By:    */s/ Kevin P. Muck*
           Kevin P. Muck

*Attorneys for Defendants Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer, James A. Graf and Michael Dee*