KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000; Facsimile: (628) 235-1001

TAMAR KAPLAN-MARANS (admitted *pro hac vice*)
tamar.kaplan-marans@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800; Facsimile: (212) 230-8888

IVAN PANCHENKO (admitted *pro hac vice*)
ivan.panchenko@wilmerhale.com
ROBERT DONOGHUE (admitted *pro hac vice*)
robert.donoghue@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000; Facsimile: (617) 526-5000

Attorneys for Defendants
*Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer,*
*James A. Graf and Michael Dee*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN, <br><br> Defendants. | Case No. 3:21-CV-01486-SI <br><br> **DECLARATION OF KEVIN P. MUCK IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> Judge:    Hon. Susan Illston |

I, Kevin P. Muck, declare as follows:

1.    I am an attorney admitted to practice before this Court, a member of the California State Bar, and a partner in the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel of record for defendants Velodyne Lidar, Inc. ("Velodyne"), Anand Gopalan, Andrew Hamer, James A. Graf, and Michael Dee (together, "Defendants").  On February 10, 2023, Velodyne and another publicly traded corporation, Ouster, Inc., completed a "merger of equals," and the combined entity is referred to herein as the "Company."  I have personal knowledge of the matters set forth in this declaration and, if called upon, could testify competently thereto.

2.    Lead Plaintiffs' Motion for Class Certification ("Motion for Class Certification") and accompanying footnotes, and Exhibits B and D to the Declaration of Ramzi Abadou in Support of Lead Plaintiffs' Motion for Class Certification ("Exhibit B" and "Exhibit D"), quote, describe, or are themselves confidential materials concerning meetings of Velodyne's Board of Directors ("Board") and Audit Committee.

3.    Accordingly, Defendants seek to file the Proposed Redacted Materials under seal pursuant to Civil Local Rule 79-5.

4.    The specific portions of the Motion for Class Certification seeking to be redacted in the public version, filed concurrently with Lead Plaintiffs' Motion for Class Certification, are highlighted in yellow in the unredacted version as follows:

| Motion for Class Certification Section | Proposed Redactions (Page:Line) |
| --- | --- |
| Table of Contents | i (II.A.3), not including "The Audit Committee" or "into the Halls, Culminating in Their Censure" |
| II.A.3 | 4:13-14, not including "The Audit Committee" or "into the Halls, Culminating in Their Censure" |
| II.A.3 | 4:15-22, not including "Shortly after the Business Combination," or "*See* Abadou Decl., Ex. B (VLDR_SL_000000782).[3]" or "*Id.*" |
| II.A.3 | 4, n.3, not including "to distinguish" |
| II.A.3 | 4:23-5:1, not including "Velodyne's repeated risk disclosures that, *inter alia*," |

MUCK DECL ISO DEFS' STATEMENT ISO
PLFS' ADMIN MOTION TO SEAL

CASE NO. 3:21-cv-01486-SI

| Motion for Class Certification Section | Proposed Redactions (Page:Line) |
|---|---|
| II.A.3 | 5:4-6, not including "274, 291, 309, 333, 370. Later," or "Abadou Decl., Ex. B (VLDR_SL_000000782)." |
| II.A.3 | 5:7-8, not including "Instead," or "on December 9, 2020, Velodyne's Audit Committee retained Keker Van Nest & Peters, LLP to conduct" or "investigation into the Halls ("Keker" |
| II.A.3 | 5:11-13, not including "Investigation's purpose" or "Abadou Decl., Ex. B (VLDR_SL_000000782).[4] According to Mr. Hall," |
| II.A.3 | 5:24-6:4, not including "Abadou Decl., Ex. D (VLDR_SL_000000773)." or *"Id.* at VLDR_SL_000000769-76." |

5. Exhibits B and D to the Abadou Declaration, seeking to be redacted in their entirety in the public version, were filed concurrently with the Motion for Class Certification.

| Exhibit Reference | Corresponding Exhibit Description |
|---|---|
| B | February 19, 2021 Board meeting minutes, produced to Lead Plaintiffs bearing Bates numbers VLDR_SL_000000777-787. |
| D | February 17, 2021 Audit Committee meeting minutes, produced to Lead Plaintiffs bearing Bates numbers VLDR_SL_000000776-786. |

6. At all relevant times, Velodyne's Board and Committee meeting minutes, as well as materials used in connection with such meetings, have been maintained in strict confidence, and neither those documents nor their contents are disclosed to the public. Those Board and Committee documents contain, among other things, highly sensitive and confidential information regarding Velodyne's and the Company's business, technology, strategies, personnel issues, legal matters and corporate governance. Permitting such information to be made available to the public (including, but not limited to, the Company's competitors) could severely harm the Company, its business, its compliance processes, its competitive position, its ability to encourage reporting of issues and concerns through its reporting channels, and its ability to recruit and retain personnel.

- 2 -

7.      On December 9, 2022, the Court entered a stipulated protective order ("Protective Order" [ECF No. 144]) governing the use of confidential documents and information in this action. The Protective Order provided, among other things, that Plaintiffs would maintain the confidentiality of documents designated by Defendants as "Confidential."  Prior to Velodyne's production of the Board and Committee documents cited, quoted and included in Lead Plaintiffs' Motion for Class Certification, Velodyne designated each such document as "Confidential" pursuant to the terms of the Protective Order.

8.      As discussed in the accompanying Defendants' Statement in Support of Lead Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Defendants' Supporting Statement"), Defendants submit that: (i) compelling reasons exist to seal the documents at issue here; (ii) courts in this District and elsewhere in the Ninth Circuit have held that sealing such documents – which contain confidential, sensitive and proprietary business information – is proper; and (iii) courts in this District and elsewhere in the Ninth Circuit have further recognized that businesses have a compelling interest in maintaining confidentiality over Board and Board Committee materials (such as those at issue here) that reflect confidential, sensitive and proprietary business information.  In sum, in light of governing law, the nature of the confidential Board and Board Committee materials at issue here, and the fact that disclosure of the confidential Board and Board Committee materials at issue could severely harm the Company, Defendants have multiple compelling reasons for maintaining the confidentiality of the materials proposed to be filed under seal.  Moreover, as further discussed in Defendants' Supporting Statement, the request to seal is narrowly tailored so that only properly sealable information is redacted from the public.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed at San Francisco, California, this 27th day of March, 2023.

/s/ Kevin P. Muck
Kevin P. Muck

- 3 -