KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000

TAMAR KAPLAN-MARANS (admitted *pro hac vice*)
tamar.kaplan-marans@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

IVAN PANCHENKO (admitted *pro hac vice*)
ivan.panchenko@wilmerhale.com
ROBERT DONOGHUE (admitted *pro hac vice*)
robert.donoghue@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

*Attorneys for Defendants Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer, James A. Graf and Michael Dee*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN,<br><br>                              Defendants. | Case No.  3:21-cv-01486-SI<br><br>**DEFENDANTS' RESPONSE TO WILLIAM SMITH'S MOTION TO WITHDRAW AS LEAD PLAINTIFF**<br><br>Date:   May 5, 2023<br>Time:   10:00 a.m.<br>Place:  Courtroom 1, 17th Floor<br>Judge:  The Honorable Susan Illston |

On March 27, 2023, Lead Plaintiffs Diane Smith and William P. Smith ("Lead Plaintiffs") filed a motion (the "Motion" [ECF 159]) in which they ask the Court to enter an order permitting Mr. Smith to withdraw from this action.  Pursuant to Local Rule 7-3(b), Defendants Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer, James A. Graf and Michael Dee (collectively, "Defendants") hereby state that they do not oppose that request.  Indeed, had Defendants been notified prior to the filing of the Motion, they would have been amenable to an appropriate stipulation permitting Mr. Smith to withdraw from his role as a Court-appointed lead plaintiff.[1]  Nonetheless, Defendants are compelled to submit this response to clarify the record and correct any misperceptions created by various factual mischaracterizations contained in the Lead Plaintiffs' Motion.

Specifically, regardless of whether Mr. Smith is permitted to withdraw from this action, Defendants intend to take his deposition (which has been noticed for the last week of April).  Indeed, to the extent that the Motion is an attempt to block the deposition from going forward without seeking a protective order,[2] such a request is not only procedurally improper but is also substantively meritless.  Mr. Smith has repeatedly attested to his personal knowledge of facts relevant to this matter.  For example, when seeking appointment as lead plaintiffs in May 2021, Mr. Smith and Ms. Smith attested, among other things, that "we made the decision to invest in Velodyne securities," "we decided to seek appointment as Lead Plaintiff in this action," and "[w]e understand the responsibilities and duties of service as Lead Plaintiff."  ECF 45-4.  In their initial disclosures (served on November 18, 2022), Lead Plaintiffs reaffirmed that *both* Mr. Smith *and* Mrs. Smith "are likely to have discoverable information relating to their investments in Velodyne securities."  *See* Lead Plaintiffs' Rule 26 Initial Disclosures (attached as Ex. A) at 1.  Similarly, when asked to identify everyone with knowledge of "their investments in Velodyne securities" (*id.*), Mr. and Mrs. Smith again attested that they were the only two people with such knowledge: "*Lead Plaintiffs*, *by themselves*, *made all decisions to transact in Velodyne common stock* during the putative Class

---

[1] Although Lead Plaintiffs purport to move pursuant to Fed R. Civ. P. 41(a)(2), "Federal Rule of Civil Procedure 21 governs the addition or withdrawal of parties."  *In re Snap Inc. Sec. Litig.*, 394 F. Supp. 3d 1156, 1157 (C.D. Cal. 2019).

[2] *See, e.g.*, Motion at i (contending that the Motion was "necessitated" by "Defendants … serv[ing] Mr. Smtih with a Notice of Deposition"); *id.* at 1 (suggesting that the Motion is somehow required because Defendants have "insisted on deposing" Mr. Smith).

| DEFTS.' RESPONSE TO LEAD PLTF.'S MOT. TO WITHDRAW | - 1 - | CASE NO. 3:21-cv-01486-SI |

Period." *See* Lead Plaintiffs' Responses to Defendants Interrogatories (ECF 159-3) at 9 (emphasis added).[3]  In short, Lead Plaintiffs have: (i) conceded in their lead plaintiff motion and initial disclosures that their Velodyne investments are relevant; (ii) underscored the relevance of the investments and alleged losses in the pending class certification motion (*see* ECF 157 at 12-14); and (iii) confirmed in their initial disclosures and discovery responses that, irrespective of whether Mr. Smith serves as a lead plaintiff or class representative, he is one of just two people with knowledge of facts going to that admittedly relevant issue.

Furthermore, Lead Plaintiffs have repeatedly represented that – despite Mr. Smith's physical condition – he is willing and able to participate in discovery, including deposition.  For example, in their May 2021 motion for appointment as lead plaintiffs, Mr. Smith and Mrs. Smith represented under oath that *each* was "willing to serve as a representative party on behalf of a class, *including providing testimony at deposition and trial*."  ECF 45-2 (emphasis added).  They emphasized the same point to the Court at the July 6, 2021 hearing on the Smiths' motion.[4]

Even at the March 3, 2023 Case Management Conference, when the subject of scheduling the Smiths' depositions came up, Lead Plaintiffs did not suggest there was any issue with respect to Mr. Smith being deposed.  To the contrary, in response to Defendants' statement that the parties were working on scheduling *both* depositions, Lead Plaintiffs' counsel confirmed that "we're working those dates out with Diane and William Smith."  Transcript (ECF 154) at 5.  Lead Plaintiffs' counsel then expressly told the Court that, with respect to the Smiths' depositions:

> [Defendants] proposed dates in late March and early to mid-April and *we're working through those dates*, you know, *based on counsels' availability and the clients* as well.  But *I don't foresee any issues with respect to that*.

*Id.* (emphasis added).

---

[3] Notably, while Plaintiffs now suggest that Mr. Smith's testimony would be "needless and duplicative" (Mot. at 1), they are unable to square that suggestion with their own discovery responses.  Nor have they purported to amend those responses.

[4] *See* ECF 65 at 4-5 ("[T]his was a significant investment on their part in a company that they believed in, and that's why they're here, motivated to serve as lead plaintiffs in this matter.  Your Honor, they also submitted a PSLRA certification, which they are obviously required to do, pursuant to the statute.  In addition, [they] also submitted … a declaration outlining their bona fides as proposed lead plaintiffs, their interest in serving as lead plaintiff, and their – their understanding of the responsibility of serving as fiduciary on behalf of absent class members.")

It was not until the week after making these representations to the Court that Lead Plaintiffs indicated – for the first time ever – that they were opposed to Defendants taking Mr. Smith's deposition.  In response, Defendants stated repeatedly that they are willing to make any reasonable accommodations necessary to permit Mr. Smith to fulfill his discovery obligations – including conducting the deposition remotely and limiting testimony to short periods (*e.g.*, no more than two hours at a time).  *See* ECF 159-4; ECF 159-7 at 2.  Not only have Lead Plaintiffs rebuffed those efforts, but they now resort to invective – *e.g.*, accusing Defendants of "harassment and intimidation" (Motion at 7) – that is plainly belied by the factual record.[5]  Such overheated rhetoric, though, merely highlights Lead Plaintiffs' inability to reconcile their newly articulated position with what they have been saying for nearly two years.

Put simply, based on Lead Plaintiffs' own discovery responses and representations to the Court, Defendants do not believe they can fairly assess the issues in this case (including whether Ms. Smith will be an adequate or typical class representative) without Mr. Smith's testimony.  And while that issue is not properly before the Court – again, Lead Plaintiffs have never suggested they could or would seek a protective order – Defendants believe it is critical to: (i) correct any misimpression that might be created by Lead Plaintiffs' Motion; and (ii) make clear that, by not opposing Mr. Smith's withdrawal, Defendants nonetheless retain the right to take his deposition.

Dated:  April 10, 2023

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:  ___/s/ Kevin P. Muck_____
        Kevin P. Muck

*Attorneys for Defendants*
*Velodyne Lidar, Inc., Anand Gopalan, Andrew*
*Hamer, James A. Graf and Michael Dee*

---

[5] Likewise unavailing is Lead Plaintiffs' false suggestion that Defendants "refused" to meet and confer in person.  Mot. at i n.1.  At the outset, the proposed "meet and confer" session related to entirely separate issues; there is no ripe discovery dispute regarding Mr. Smith's deposition.  More fundamentally, Defendants have *never* "refused" to meet and confer in person.  Instead, Defendants proposed a videoconference to accommodate counsel on both sides who are outside the Bay Area; when Lead Plaintiffs objected, counsel met in person in San Francisco on April 5.