**K S F**

**KAHN SWICK & FOTI, LLC**

580 California Street, Suite 1200
San Francisco, CA 94104

TEL +1 504.455.1400
FAX +1 504.455.1498
KSFcounsel.com

NEW ORLEANS
NEW YORK
CHICAGO
NEW JERSEY
**SAN FRANCISCO**

April 11, 2023

**VIA ECF**
Hon. Susan Illston
United States District Court
Northern District of California

Ramzi Abadou
Partner – Admitted in CA
Direct: 415.231.4313
ramzi.abadou@ksfcounsel.com

> RE:   *Moradpour v. Velodyne Lidar, Inc., et al.*,
>       No. 3:21-cv-01486-SI (N.D. Cal.)

Dear Judge Illston:

The Court's intervention is required after an April 5, 2023 in-person meet and confer failed to resolve the matters addressed herein. Given the parties' positions that day, a joint statement is not possible. This individual statement is limited to 2 pages for each dispute raised herein pursuant to ¶ 3 of the Standing Order.

## I.   INTERROGATORY NOS. 5, 6, AND 7:

Defendants have refused to provide complete responses to Interrogatories calling for Defendants to, *e.g.*, "[i]dentify all persons" who: (i) drafted the Company's public statements of February 22, 2021, which announced the Halls' ouster; (ii) participated in the Audit Committee Investigation; and (iii) prepared Company press releases publicly smearing David and Marta Hall. *See* Exhibit A, at Responses 5, 6, and 7, respectively.

Rather than provide individual names as called for by the Interrogatories, Defendants have instead listed opaque categories of persons, such as "attorneys from" various law firms, and "individuals from" an external public relations firm. *Id*. at Response No. 5.[1] Defendants similarly omitted such information from their response to Interrogatory No. 6, instead listing unnamed "[a]ttorneys from Keker, Van Nest & Peters, LLP, outside counsel to the Audit Committee of the Velodyne Board." *Id*. at Response No. 6. Defendants' response to Interrogatory No. 7 also listed the same ambiguous categories as in Response No. 5. *Id*. at Response No. 7.[2]

---

[1]   Defendants did, however, provide the names of six current and former Velodyne officials in response to this interrogatory. Defendants have yet to explain why they saw fit to provide these names but refuse to identify the specific attorneys and outside advisors listed by category in their response.

[2]   Though Defendants have agreed to supplement their response to Interrogatory No. 7(c), they have otherwise refused to supplement their response to this interrogatory.

Such responses are deficient.[3] This Court has already held that individual defendants are obliged to respond to interrogatories based on their personal knowledge, and a corporate representative must answer based on all information reasonably within its control. *Turner v. Craig*, 2010 U.S. Dist. LEXIS 131661, at \*5-6 (N.D. Cal. 2010) (citing *O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007)). Defendants have personal knowledge of the names of the attorneys and other advisors omitted from their interrogatory responses. It is extremely unlikely, for example, that Michael Dee—who was a member of Velodyne's Audit Committee during its extraordinary investigation(s) of the Halls—cannot name **one** attorney from Keker Van Nest who was involved in the investigation. Further, given that Velodyne itself is a Defendant, its representative Daniel Horwood (who signed its verification) is obligated to adequately respond. *Apple Hill Growers v. El Dorado Orchards*, 2022 U.S. Dist. LEXIS 86100, at \*40 (E.D. Cal. 2022). He has not done so.

Plaintiffs are entitled to the information requested in Interrogatories Nos. 5-7, all of which relate to the Halls' ouster and the Company's public related responses. The "exceedingly low bar" of relevance is therefore easily met here. *In re Bofi Holding, Inc. Secs. Litig.*, 2021 U.S. Dist. LEXIS 187305, at \*8 (S.D. Cal. 2021). This is particularly true given that Defendants have reserved the right to assert an advice of counsel defense while simultaneously refusing to identify any facts supporting their Answer's Eighteenth Affirmative Defense (Reliance on Others). *See* Exhibit A, at Response No. 8.[4]

## II.    REQUEST FOR PRODUCTION NOS. 30, 31, AND 34:

Following their ouster from Velodyne, the Halls publicly contested the pretextual nature of the Audit Committee Investigation, suggesting it was a "retaliatory move" following, *inter alia*, their raising of "grave concerns" concerning Velodyne's "plunging product sales, departure of key R&D personnel, significant loss of market share to competitors, the serious risk of theft of IP in China and the Company's overall poor financial performance."[5] In turn, Velodyne repeatedly claimed that the Halls' public statements about the Audit Committee Investigation were misleading and inaccurate.

Request for Production Nos. 30, 31, and 34 were narrowly crafted to probe the "retaliatory" and pretextual nature of the Audit Committee Investigation. *See* Exhibit B, at Request Nos. 30, 31,

---

[3]    Defendants' refusal to provide such basic information is of a piece with their approach to discovery thus far in this matter. As noted in Plaintiffs' Memorandum of Points and Authorities in Support of their Motion for Class Certification, Defendants denied that the January 13, 2021, Form 8-K failed to disclose the Keker Investigation in responding to a Request for Admission on this indisputable fact. *See* ECF No. 157, at 5 n.5.

[4]    During the Parties' April 5, 2023, Meet and Confer, Defendants signaled openness to informing Plaintiffs whether they seek to assert an advice of counsel defense at some point before the cutoff of fact discovery. Defendants have not, however, provided any firm date by which they will decide whether to assert this defense. Because Plaintiffs have sought discovery from third parties, which have indicated that they will be asserting Defendants' privilege over numerous documents, Defendants should be obligated to reveal whether they will assert the advice of counsel defense so as to enable Plaintiffs to conduct discovery into matters that might otherwise be privileged.

[5]    *See* David Hall's press release issued *via* BusinessWire, https://tinyurl.com/2c5wagy6 (May 25, 2021), last accessed Apr. 8, 2023. *See also* ECF No. 99 at ¶¶ 30-31, 126-28, 189.

and 34. Consistent with the Halls' public statements, Request Nos. 30, 31, and 34 seek documents and communications between Defendants and the Halls concerning Velodyne's revenue projections, internal controls, loss of customers and/or cancellation of customer contracts, intellectual property theft by Velodyne's competitors, and the departure of research and development personnel from Velodyne. *Id*. Defendants refuse to produce any such responsive documents. *See* Exhibit B, at Responses 30, 31, and 34.

Defendants maintain—without support—that these Requests are irrelevant and relate only to previously dismissed claims. Defendants' argument fails for several reasons. First, pre-trial discovery is accorded a broad and liberal treatment. *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). Even in the wake of the 2015 amendments to FED. R. CIV. P. 26, this fundamental tenet has not changed. *See, generally*, *Peng v. Nw. Mut. Life Ins. Co.*, 2017 U.S. Dist. LEXIS 109760, at *2 (N.D. Cal. 2017) (Illston, J.). Further, Defendants' position seeks to segregate facts into little boxes, each distinct from the other, which has been repeatedly rejected by courts. *See, e.g., In re Toyota Motor Corp. Sec. Litig.*, 2012 U.S. Dist. LEXIS 124438, at *44-45 (C.D. Cal. 2012) ("Defendants' suggestion that discovery should be limited to discrete issues bearing on the remaining Actionable Statements is inconsistent with the liberal policies governing discovery[.]"); *see also In re Allergan PLC Sec. Litig.*, 2020 U.S. Dist. LEXIS 56164, at *2 (S.D.N.Y. 2020) ("As to the scope of discovery, the Court rejects the notion that a request is necessarily overbroad simply because it relates to a dismissed claim. It may well be that document requests that were relevant to dismissed claims are also relevant to the remaining claim.").

Next, Plaintiffs' requests are "relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *In re Toyota*, 2012 U.S. Dist. LEXIS 124438, at *19. The party resisting discovery "has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Sullivan v. Prudential Ins. Co. of Am.*, 233 F.R.D. 573, 575 (C.D. Cal. 2005). Defendants cannot carry this heavy burden. Indeed, the Court's Order partially denying Defendants' motion to dismiss found that the Complaint adequately alleged that multiple statements by the Velodyne Board touting Hall's continued involvement in the company were misleading, because—at the time Defendants made those statements—the Board had sidelined Hall by, *inter alia*, depriving him of sign-off authority on compensation and audits and "disregard[ing] Hall's input on corporate governance, strategy, and financial performance", thus directly contradicting Defendants' repeated assertions that Mr. Hall maintained a key leadership role in the Company. ECF No. 119 at 22.

In addition, Defendants' own meager document productions to date establish the relevance of the discovery sought by linking it to the purported reasons behind the Halls' ouster. These materials (which have been filed already under seal with this Court) can be discussed at greater length, with the appropriate sealing precautions in place, should the Court decide to invite further briefing. *See, generally,* Exhibits B and D to Lead Plaintiffs' Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support Thereof, at VLDR_SL_000000782 and VLDR_SL_000000770, respectively. *See also* Exhibit B at VLDR SL 000000774, Exhibit D at VLDR SL 000000779.



April 11, 2023

Accordingly, discovery in this case must necessarily focus on issues over which Hall raised concerns and for which Defendants limited his role at Velodyne—including broken corporate governance, false revenue projections, departure of key personnel, loss of customers, excessive compensation, and loss of market share. Documents and communications regarding these facts are discoverable. Pressed on this issue, Defendants attempted to rein in and redefine the Requests, proposing a limitation to only documents showing concerns expressed by David Hall. Such a compromise is unworkable as it excludes Marta Hall. Moreover, it also permits Defendants to limit their production to what they deem constitutes a "concern."

In sum, this Court found that the operative Complaint alleged that Defendants had engaged in a wrongful course of conduct by misleading shareholders about David Hall's involvement in Velodyne, writ large. Plaintiffs are entitled to test this claim through discovery. Accordingly, Lead Plaintiffs request that the Court order Defendants to produce documents responsive to Request Nos. 30, 31, and 34.

Respectfully submitted,

*/s/ Ramzi Abadou*

Ramzi Abadou

cc:      All parties (*via* ECF)