# EXHIBIT A

KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000; Facsimile: (628) 235-1001

TAMAR KAPLAN-MARANS (admitted *pro hac vice*)
tamar.kaplan-marans@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800; Facsimile: (212) 230-8888

IVAN PANCHENKO (admitted *pro hac vice*)
ivan.panchenko@wilmerhale.com
ROBERT DONOGHUE (admitted *pro hac vice*)
robert.donoghue@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000; Facsimile: (617) 526-5000

Attorneys for Defendants
*Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer,*
*James A. Graf, and Michael Dee*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN,<br><br>                              Defendants. | Case No.  3:21-CV-01486-SI<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules of the U.S. District Court for the Northern District of California, Defendants Velodyne Lidar, Inc. ("Velodyne" or the "Company"), Anand Gopalan, Andrew Hamer, James A. Graf, and Michael Dee ("Individual Defendants" and, together with Velodyne, "Defendants"), by and through their undersigned attorneys, Wilmer Cutler Pickering Hale and Dorr LLP, hereby respond and object to Lead Plaintiffs Diane Smith and William P. Smith's ("Plaintiffs") First Set of Interrogatories to Defendants (the "Interrogatories") served on December 9, 2022 in the above-captioned action (the "Action") as follows:

## PRELIMINARY STATEMENT

1. Any response by Defendants to the Interrogatories, notwithstanding any objections, is not a concession, and shall not be construed as an admission, that the Interrogatory or information provided in response thereto is relevant. Further, in responding to the Interrogatories, Defendants do not thereby waive, and expressly reserve, the following: all evidentiary objections as to form; all objections based on burden; all objections Defendants may have to the use of the information at trial; the right to supplement their objections and responses; the right to object on any applicable ground at any time to any demand for further responses to any Interrogatory or to any other discovery procedures involving or relating to the subject matter of the Interrogatories; and all other applicable objections, rights, privileges, and protections afforded to them under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California (including the E-Discovery (ESI) Guidelines) ("Local Rules"), the Standing Orders of this Court, the Stipulated Protocol Regarding Electronically Stored Information and Order executed by the parties and entered in this Action on December 22, 2022 (ECF No. 146) ("Stipulated ESI Protocol"), and/or any other applicable rules, statutes, or agreements.

2. Defendants have not completed discovery of the facts relating to the Action. The following responses are based upon information known at this time. Defendants reserve the right to revise, supplement, correct, or clarify any of their responses as necessary or appropriate.

- 2 -

**GENERAL OBJECTIONS**

3.    Defendants make the following General Objections to each and every Definition, Instruction, and Interrogatory, and these General Objections are hereby incorporated into Defendants' response to each and every Interrogatory.  These General Objections, the Objections to Definitions and Instructions, the Objections to the Purported Relevant Time Period, and the objections to each Interrogatory may be referred to collectively herein as the "Objections."  To the extent that any of the General Objections are not raised in any particular response, Defendants do not waive those objections.

4.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks to impose obligations upon Defendants that are broader than or inconsistent with the obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, the Standing Orders of this Court, the Stipulated ESI Protocol, and/or any other applicable rules, statutes, or agreements.

5.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks information not in the possession, custody, or control of Defendants. Defendants' responses herein are limited to information within their possession, custody, or control.

6.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity as provided by any applicable law.  Defendants do not intend to disclose such privileged or protected information.  Defendants' inadvertent disclosure of any such information is not to be deemed a waiver of any privilege or protection, and Defendants expressly reserve the right to object to the introduction at trial or any other use of such information that may be inadvertently disclosed.

7.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks information protected by the rights to privacy of Defendants and/or third

- 3 -

parties.  Any inadvertent disclosure of such information will not be deemed a waiver of any such right.

8.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks disclosure of confidential or proprietary information, trade secrets, or other confidential research, development, financial, or commercial information of Defendants or third parties.

9.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it is vague and ambiguous, fails to describe the information sought with the required reasonable particularity, or is so unintelligible that Defendants cannot respond.  This failure to describe information sought with reasonable particularity would impermissibly require Defendants to speculate as to the information Plaintiffs seek.  Defendants further object to each Interrogatory insofar as it refers to information unknown to Defendants.

10.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent it is overbroad, unduly burdensome, and/or oppressive, including to the extent that the Interrogatories are cumulative or duplicative of each other.

11.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks discovery that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  To the extent that information is provided in response to these Interrogatories, it will be limited to information sufficient to show matters that are appropriately discoverable and proportionate to the needs of the Action.

12.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it is compound, complex, or seeks information not relevant to the subject matter of the Action, or to any claims or defenses at issue in the Action.

13.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks information that is already in Plaintiffs' possession or is equally available to

- 4 -

Plaintiffs from other sources that are more convenient, less burdensome, or less expensive, including information that is publicly available, on the grounds that such Definitions, Instructions, and/or Interrogatories seek to require more of Defendants than any obligation imposed by law, would subject Defendants to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Defendants obligations and burdens that are not proportional to the needs of the case.

14.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it calls for a legal conclusion in connection with the identification of potentially responsive information.  Defendants' responses to the Interrogatories shall not be construed as agreement with or the provision of any legal conclusion concerning the meaning or application of any terms used in such Interrogatories.  Defendants further object to each Interrogatory insofar as it is premature at this stage of the litigation, when discovery is ongoing and the record has not yet been fully developed.

15.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent it seeks to impose any continuing duty to supplement or provide further responses, or otherwise seeks to impose on Defendants discovery obligations exceeding or inconsistent with the scope of the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.

16.    Defendants object to each and every Instruction, Definition, and Interrogatory to the extent that it does not specify a reasonable time period, particularly in light of the claims that have been dismissed by the Court and the limitations on the scope of the remaining claims in this case.

17.    The following specific objections and responses are subject to the General Objections.  By setting forth specific objections, Defendants do not intend to limit or waive the General Objections.  Defendants incorporate the General Objections into their responses to each of the Interrogatories, inclusive of any and all subparts.  To the extent that Defendants respond to the Interrogatories, any stated objections are not waived by providing responses.  Defendants' failure to object on a particular ground shall not be construed as a waiver of Defendants' rights to object on any additional ground.

- 5 -

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

18.    Defendants object to the definitions of the terms "Velodyne" and the "Company" as overbroad, unduly burdensome, and vague and ambiguous, especially inasmuch as they purport to include "practice groups, departments, affiliates, . . . and joint ventures," and "principals, . . . representatives, agents, attorneys, and advisors (and all other individuals acting or purporting to act on its behalf)." Defendants further object to the definitions to the extent that the inclusion of the term "attorneys" seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities. To the extent possible, Defendants will construe the terms in these definitions in accordance with their ordinary and accepted meanings.

19.    Defendants object to the definition of "Answer" as vague and ambiguous. Unless otherwise specified, Defendants will construe this term to refer to both the Answer of Defendants Velodyne Lidar, Inc., Anand Gopalan, James A. Graf and Michael Dee to Plaintiffs' Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws dated August 22, 2022 (ECF No. 127), and the Answer of Defendant Andrew Hamer to Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws dated October 26, 2022 (ECF No. 132).

20.    Defendants object to the definition of "Audit Committee Investigation" on the grounds that as used, including by use of the term "purported," it is vague and ambiguous. In these responses, unless otherwise specified, Defendants shall construe the term "Audit Committee Investigation" to refer to the investigation conducted by the independent Audit Committee of Velodyne's Board of Directors referred to in the Company's February 22, 2021 filing on Form 8-K.

21.    Defendants object to the definitions of the terms "Board" and "Board of Directors" as overbroad to the extent they encompass members of Velodyne's board of directors who were not affiliated with the Company during the period at issue in the Consolidated Amended Class Action Complaint ("CAC"), and had no involvement in and have no personal knowledge of events relevant to this Action.

- 6 -

22.    Defendants object to the definition of "Business Combination" on the grounds that the phrase "resulting in the publicly traded company called 'Velodyne Lidar, Inc.'" renders the definition vague and ambiguous.

23.    Defendants object to the definitions of "Class" and "Class Period" on the grounds that no class has been certified in this Action.

24.    Defendants object to the definitions of the terms "Communicate" and "Communication" as overbroad, unduly burdensome, and vague and ambiguous.  Defendants further object on the grounds that a response based on Plaintiffs' definitions would be unduly disruptive to Defendants, would be cumulative and duplicative of other information disclosed, and would cause Defendants to incur costs disproportionate to Plaintiffs' need for the information. Defendants further object to the extent that the definitions encompass information that is not relevant and/or not readily accessible through reasonable means.  Defendants further object to the definitions to the extent they exceed the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol. Defendants further object that the inclusion of the phrases "of any nature whatsoever," "potential or actual," and "other understandings between two or more persons" renders the definitions overbroad, unduly burdensome, and vague and ambiguous.  To the extent possible, Defendants will construe the terms in those definitions in accordance with their ordinary and accepted meanings.

25.    Defendants object to the definitions of the terms "Concern" and "Concerning" as overbroad.  To the extent possible, Defendants will construe the terms in those definitions in accordance with their ordinary and accepted meanings.

26.    Defendants object to the definition of "Document" as overbroad, unduly burdensome, and vague and ambiguous.  Defendants further object on the grounds that a response based on Plaintiffs' definition would be unduly disruptive to Defendants, would be cumulative and duplicative of other information disclosed, and would cause Defendants to incur costs disproportionate to Plaintiffs' need for the information.  Defendants further object to the extent that the definition encompasses information that is not relevant and/or not readily accessible

- 7 -

through reasonable means. Defendants further object to the definition to the extent it exceeds the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol. Defendants will construe the term "Document" in accordance with the Federal Rules of Civil Procedure.

27. Defendants object to the definition of the term "Electronic Data" as overbroad, unduly burdensome, and vague and ambiguous. Defendants further object to the definition to the extent it is inconsistent with and exceeds the scope of permissible discovery set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, the Stipulated ESI Protocol, and/or any other protocol relating to ESI to be agreed to by the parties. Defendants further object on the grounds that a response based on Plaintiffs' definition would be unduly burdensome and disruptive to Defendants, would be cumulative and duplicative of other information disclosed, and would cause Defendants to incur costs disproportionate to Plaintiffs' need for the information. Defendants further object to the extent that the definition encompasses information that is not relevant and/or not readily accessible through reasonable means. Defendants specifically object that inclusion of the phrases "Internet history of files and preferences" and "backup files" renders the definition overbroad, unduly burdensome, and vague and ambiguous.

28. Defendants object to the definition of "Employee" as overbroad, unduly burdensome, and vague and ambiguous, including to the extent it includes "messengers, agents, attorneys, representatives, or any person acting or authorized to act on behalf of You or any division, subsidiary or entity of You, individually or collectively." Defendants further object to the definition as vague and ambiguous and circular insofar as it includes the term "employees" in the definition. Defendants object to the definition as overbroad and vague and ambiguous to the extent it includes the term "directors," including to the extent the definition purports to suggest or presume that all "directors" constitute "employees." Defendants further object to the definition to the extent that the inclusion of the term "attorneys" seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities. Defendants further object to the definition to the extent it

- 8 -

purports to impute to Defendants any knowledge of persons or entities falling within the scope of the term as Plaintiffs have defined it, or imposes duties to ascertain the identity, existence, or relationships of or among any of the persons or entities listed or defined.  To the extent possible, Defendants will construe the terms in this definition in accordance with their ordinary and accepted meanings.

29.    Defendants object to the definition of "Litigation Hold Notice" to the extent it seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.  Defendants further object to the definition because it is vague and ambiguous.

30.    Defendants object to the definition of "Old Velodyne" as vague and ambiguous. Defendants will construe this term to refer to the privately held entity known as "Velodyne Lidar, Inc." that was incorporated in December 2015 and merged with Graf Industrial Corp. on September 29, 2020.

31.    Defendants object to the definition of "Person" as vague and ambiguous. Defendants further object to the definition to the extent that it seeks to impose obligations on Defendants which are broader than or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.  To the extent possible, Defendants will construe the terms in this definition in accordance with their ordinary and accepted meanings.

32.    Defendants object to the definitions of the terms "Regard," "Regarding," "Refer," "Referring," "Relate," "Relating," "Pertain," and "Pertaining" as unintelligible and incomprehensible to the extent they rely on the nonsensical notion that these terms "mean[] all documents," which is irreconcilable with their ordinary and accepted meaning.  Defendants further object on the grounds that inclusion of the terms and phrases "all [D]ocuments," "received in conjunction with," and "were generated as a result of" renders the definitions overbroad, unduly burdensome, and vague and ambiguous.

33.    Defendants object to the definitions of the terms "You" and "Your" on the grounds that inclusion of the phrase "agent, custodian, parent, subsidiary, affiliate, predecessor, successor,

- 9 -

attorney, or representative of any Defendant other person(s) purporting to act on behalf of any Defendant" renders the definitions overbroad, unduly burdensome, and vague and ambiguous. Defendants further object to the definitions to the extent they purport to impute to Defendants any knowledge of persons or entities falling within the scope of the terms as Plaintiffs have defined them, or imposes duties to ascertain the identity, existence, or relationships of or among any of the persons or entities listed or defined. Defendants further object to the definitions to the extent they purport to suggest or presume a specific legal relationship between Defendants and any individual. Defendants further object to the definitions to the extent that the inclusion of the term "attorneys" seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

34.    Defendants object to Instructions 1 through 7 to the extent that they seek to impose discovery obligations on Defendants that exceed or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, the Stipulated ESI Protocol, and/or any other applicable rules, statutes, or agreements. To the extent that information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities is withheld from Defendants' responses to the Interrogatories, Defendants will follow the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and the Stipulated ESI Protocol. To the extent that Defendants are unable to fully answer any of the Interrogatories, Defendants will follow the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and the Stipulated ESI Protocol.

35.    Defendants object to Instructions 5 to the extent it imposes any continuing duty to supplement or provide further responses, or otherwise seeks to impose on Defendants discovery obligations exceeding or inconsistent with the scope of the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol. Defendants reserve the right to revise, supplement, withdraw, or modify these responses in accordance with the Federal Rules of Civil Procedure and Local Rules.

- 10 -

**OBJECTION TO PURPORTED RELEVANT TIME PERIOD**

36.     Defendants object to the Relevant Time Period as overbroad, unduly burdensome, and beyond the proper scope of discovery.  Defendants further object to the Relevant Time Period to the extent it exceeds the period at issue in the CAC and seeks information that is not relevant. Unless otherwise stated or agreed, or as the context otherwise dictates, Defendants' responses will cover the period of April 1, 2020 through June 30, 2021.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:**

Identify every Person (by name and job description, where applicable) to whom You sent a Litigation Hold Notice and the date(s) the respective Litigation Hold Notice(s) were sent.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Interrogatory on the grounds that it calls for information not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities. Defendants further object to the Interrogatory on the grounds that it is overbroad and vague and ambiguous insofar as the term "You" refers to the Individual Defendants, none of whom sent, nor had a duty to send, Litigation Hold Notices in connection with this Action.  Defendants further object to the Interrogatory on the grounds that it is duplicative of Plaintiff's Request for Production of Documents No. 62, which asks for "[d]ocuments sufficient to identify all Persons who received any document preservation instructions and/or litigation hold notices concerning the Action."

Subject to and without waiving the foregoing objections, Defendants respond as follows: The answer to the Interrogatory may be determined by examining documents that Velodyne has agreed to produce, subject to locating such documents after a reasonable and diligent search, and the burden of deriving or ascertaining the answer to the Interrogatory from those documents is substantially the same for Plaintiffs as for Defendants.  *See* Fed. R. Civ. P. 33(d).  Following the

- 11 -

completion of Defendants' reasonable, diligent search, and the production of documents (if any are found) in response to Plaintiffs' Request for Production of Documents No. 62, Defendants will supplement this response to the extent necessary.

**INTERROGATORY NO. 2:**

Identify all sources of Electronic Data, including but not limited to, Company email systems at GIC, Velodyne, and/or Old Velodyne, the Individual Defendants' personal email addresses and services (*i.e.*, Gmail), electronic devices, text or instant messaging services (*i.e.*, WhatsApp and Slack), social media platforms, and/or videoconference services.  For each, describe what steps, if any, You took to preserve that information.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, vague and ambiguous, fails to describe the requested information with reasonable particularity, and calls for information not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks identification of "all sources of Electronic Data," regardless of whether those "sources of Electronic Data" could even conceivably contain information relevant to this Action.  Defendants further object to the Interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, not proportional to the needs of the case, and fails to describe the requested information with reasonable particularity, including to the extent it uses the phrases "email systems," "personal email addresses and services," "electronic devices," "text or instant message services," "social media platforms," and "videoconference services."  Defendants further object to the Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, vague and ambiguous, and fails to describe the requested information with reasonable particularity to the extent it fails to make clear whether Plaintiffs seek information concerning "all sources of Electronic Data" or "all sources of Electronic Data" that Defendants have taken steps to preserve. Defendants further object to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable

- 12 -

privileges, protections, or immunities. Defendants further object to the Interrogatory on the grounds that it is overbroad and vague and ambiguous insofar as the term "You" refers to the Individual Defendants and improperly purports to impose on Individual Defendants a duty to preserve Documents, Communications, and/or Electronic Data outside their personal possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants confirm that they are aware of their document preservation obligations and have taken reasonable and appropriate steps to preserve Documents, Communications, and Electronic Data potentially relevant to this Action, including, but not limited to, the email and text messages of each Individual Defendant. As discussed during the Parties' January 19, 2023 meet and confer, Defendants will provide Plaintiffs with a proposed list of individuals for which Defendants will review their Electronic Data, which will include the relevant forms of Electronic Data for each individual.

**INTERROGATORY NO. 3:**

Identify all steps You took to preserve Documents and Electronic Data at GIC, Velodyne, and Old Velodyne after the departure, termination, and/or resignation of any Employee or Director.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, fails to describe the requested information with reasonable particularity, and calls for information not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks identification of "all steps" taken to preserve "Documents and Electronic Data … after the departure termination, and/or resignation of any Employee or Director," regardless of whether that Employee or Director could even conceivably possess information relevant to this Action. Defendants further object to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities. Defendants further

- 13 -

object to the Interrogatory to the extent it seeks information duplicative of that sought in Interrogatory No. 2.  Defendants further object to the Interrogatory on the grounds that it is overbroad and vague and ambiguous insofar as the term "You" refers to the Individual Defendants and improperly purports to impose on Individual Defendants a duty to preserve Documents, Communications, and/or Electronic Data outside their personal possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants confirm that they are aware of their document preservation obligations and have taken reasonable and appropriate steps to preserve Documents, Communications, and Electronic Data potentially relevant to this Action.  The Company has taken reasonable and appropriate steps to preserve Documents, Communications, and Electronic Data of departing Employees identified as potentially possessing relevant information.  Consistent with customary practice, the Company did not maintain the Electronic Data of members of its Board of Directors.  However, the Company has instructed current and former directors identified as potentially possessing relevant information to preserve such Documents, Communications, and Electronic Data.  Additionally, each of the Individual Defendants has taken reasonable and appropriate steps to preserve Documents, Communications, and Electronic Data in their possession, custody, and control that are potentially relevant to this Action, including, but not limited to, the email and text messages of each Individual Defendant.

**INTERROGATORY NO. 4:**

Identify all steps You took to preserve the Documents, Communications, Files, and Electronic Data of GIC and Old Velodyne following the Business Combination.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Interrogatory on the grounds that it is overbroad, unduly burdensome, fails to describe the requested information with reasonable particularity, and calls for information not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent that it uses the term "preserve" and fails to specify the period "following the Business Combination" at issue.  Defendants will interpret the Interrogatory as seeking information

- 14 -

regarding steps taken to ensure that Documents, Communications, Files, and Electronic Data of GIC and Old Velodyne were not destroyed that were implemented on or around September 29, 2020. Defendants further object to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities. Defendants further object to the Interrogatory to the extent it implies or suggests that any of the Defendants had any obligation to "preserve the Documents, Communications, Files, and Electronic Data of GIC and Old Velodyne following the Business Combination." Defendants further object to the Interrogatory to the extent it seeks information duplicative of that sought in Interrogatory No. 2. Defendants further object to the Interrogatory on the grounds that it is overbroad and vague and ambiguous insofar as the term "You" refers to the Individual Defendants and improperly purports to impose on Individual Defendants a duty to preserve Documents and Communications outside their personal possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Upon completion of the Business Combination, the Documents, Communications, Files, and Electronic Data of Old Velodyne automatically became the Documents, Communications, Files, and Electronic Data of Velodyne. In light of the coextensive nature of the Documents, Communications, Files, and Electronic Data of Old Velodyne (immediately prior to the Business Combination) and Velodyne (immediately following the Business Combination), there was no need to take specific steps to "preserve" Old Velodyne data following the Business Combination except to the extent that any such data may have been preserved in the ordinary course of business, or to comply with existing preservation instructions regarding litigation pending at the time. Upon completion of the Business Combination, the Company continued to adhere to its prior practice of maintaining documents necessary for ongoing needs and obligations, including obligations in connection with litigation pending at the time.

**INTERROGATORY NO. 5:**

Identify all persons who drafted, in whole or in part, the Company's February 22, 2021 current report and related press release filed on Form 8-K with the SEC.

- 15 -

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Interrogatory on the grounds that it is overbroad, unduly burdensome, and calls for information not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent that it seeks identification of "all persons who drafted … the Company's February 22, 2021 current report and related press release filed on Form 8-K with the SEC," regardless of how tangentially involved any particular individual was in the drafting of the identified Form 8-K, or whether any particular individual drafted the statements in the Form 8-K regarding David Hall that are described in the CAC. Defendants further object to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities. Defendants further object to this Interrogatory as premature at this stage of the litigation, when discovery is ongoing and the record has not yet been fully developed.

Subject to and without waiving the foregoing objections, Defendants respond as follows: The following individuals were involved in the drafting process for Velodyne's February 22, 2021 current report and related press release filed on Form 8-K with the SEC:

- Andrew Hamer, former Velodyne Chief Financial Officer;

- Michael Vella, former Velodyne General Counsel;

- Sally Frykman, former Velodyne Chief Marketing Officer;

- Christopher Thomas, former Member of the Velodyne Board and Chair of the Audit Committee of the Board;

- Michael Dee, Member of the Velodyne Board and former member of the Audit Committee of the Board;

- Barbara Samardzich, former Member of the Velodyne Board and the Audit Committee of the Board;

- Attorneys from Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, LLP, outside counsel to Velodyne;

- Attorneys from Keker, Van Nest & Peters, LLP, outside counsel to the Audit Committee of the Velodyne Board;

- 16 -

DEFENDANTS' OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF ROGS

CASE NO. 3:21-cv-01486-SI

- Attorneys from White & Case, LLP, outside counsel to Velodyne; and

- Individuals from Joele Frank, Wilkinson Brimmer Katcher, outside consultants to Velodyne.

**INTERROGATORY NO. 6:**

Identify all Persons who participated and/or contributed in any way to the Audit Committee Investigation.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Interrogatory on the grounds that it is overbroad and calls for information not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent that it seeks identification of "all Persons who participated and/or contributed in any way to the Audit Committee Investigation," regardless of the nature or substance of that supposed participation.  Defendants further object to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.  Defendants further object to this Interrogatory as premature at this stage of the litigation, when discovery is ongoing and the record has not yet been fully developed.

Subject to and without waiving the foregoing objections, Defendants respond as follows: The following individuals were principally responsible for conducting and overseeing the Audit Committee Investigation:

- Christopher Thomas, former Member of the Velodyne Board and Chair of the Audit Committee of the Board

- Michael Dee, Member of the Velodyne Board and former member of the Audit Committee of the Board;

- Barbara Samardzich, former Member of the Velodyne Board and the Audit Committee of the Board; and

- Attorneys from Keker, Van Nest & Peters, LLP, outside counsel to the Audit Committee of the Velodyne Board.

- 17 -

DEFENDANTS' OBJECTIONS AND RESPONSES                              CASE NO. 3:21-cv-01486-SI
TO PLAINTIFFS' FIRST SET OF ROGS

**INTERROGATORY NO. 7:**

Identify all Persons who drafted, in whole or in part, the following Company press releases:

a) May 26, 2021, titled "Velodyne Lidar Responds to Baseless Assertions from David Hall, Marta Thoma Hall and Eric Singer";

b) August 24, 2021, titled "Velodyne Lidar Responds to David Hall's Latest False Statements"; and

c) October 27, 2021, titled "Velodyne Lidar Responds to Latest Falsehoods from David and Marta Thoma Hall."

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Interrogatory on the grounds that it is overbroad, unduly burdensome, and calls for information not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent that it seeks identification of "all persons who drafted" three press releases (all published after the end of the purported Class Period), regardless of how tangentially involved any particular individual was in the drafting of the identified press releases, or whether any particular individual drafted the statements in the press releases regarding David Hall that are described in the CAC. Defendants further object to the Interrogatory to the extent that it seeks information pertaining to events that occurred after June 30, 2021. Defendants further object to the Interrogatory on the grounds that it is compound and, pursuant to Federal Rule of Civil Procedure 33(a)(1), consists of three discrete subparts. Defendants further object to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities. Defendants further object to this Interrogatory as premature at this stage of the litigation, when discovery is ongoing and the record has not yet been fully developed.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Interrogatories 7(b) and 7(c) seek information outside the period conceivably relevant to this Action. The following individuals were involved in the drafting process for Velodyne's press

- 18 -

release dated May 26, 2021, titled "Velodyne Lidar Responds to Baseless Assertions from David Hall, Marta Thoma Hall and Eric Singer":

- Andrew Hamer, former Velodyne Chief Financial Officer;

- Anand Gopalan, former Velodyne Chief Executive Officer

- Michael Vella, former Velodyne General Counsel;

- Sally Frykman, former Velodyne Chief Marketing Officer;

- Kathy McBeath, Velodyne Chief People Officer

- Christopher Thomas, former Member of the Velodyne Board and Chair of the Audit Committee of the Board;

- Michael Dee, Member of the Velodyne Board and former member of the Audit Committee of the Board;

- Barbara Samardzich, former Member of the Velodyne Board and the Audit Committee of the Board;

- Brad Culkin, former Member of the Velodyne Board;

- Individuals from Joele Frank, Wilkinson Brimmer Katcher, outside consultants to Velodyne;

- Attorneys from Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, LLP, outside counsel to Velodyne;

- Attorneys from Keker, Van Nest & Peters, LLP, outside counsel to the Audit Committee of the Velodyne Board;

- Attorneys from White & Case, LLP, outside counsel to Velodyne; and

- Attorneys from Wilmer Cutler Pickering Hale & Dorr, LLP, outside counsel to Velodyne.

**INTERROGATORY NO. 8:**

Identify all facts You contend support Your Answer's Eighteenth Affirmative Defense (Reliance on Others).  If You are asserting advice of counsel as a defense in this Action, Your response should identify the counsel and the advice upon which You purportedly relied.

- 19 -

DEFENDANTS' OBJECTIONS AND RESPONSES                    CASE NO. 3:21-cv-01486-SI
TO PLAINTIFFS' FIRST SET OF ROGS

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Interrogatory on the grounds that it is premature, overbroad, and unduly burdensome to the extent it requires Defendants to identify documents concerning its Eighteenth Defense asserted in the Answer in advance of having conducted any discovery. Defendants cannot predict every contention they intend to make, and every fact they intend to rely on, in support of their Affirmative Defenses. Defendants further object that the Interrogatory calls for information relating to matters that may be the subject of expert analysis and testimony. Defendants further object to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: This Interrogatory is premature at this stage of the litigation, when discovery is ongoing and the record has not yet been fully developed. Defendants will respond within a reasonable time following the substantial completion of document discovery.

Dated:  January 23, 2023

WILMER CUTLER PICKERING, HALE AND DORR LLP

By:    */s/ William Brenc*
    William Brenc

*Attorneys for Defendants Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer, James A. Graf and Michael Dee*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2023, a true and correct copy of the above and foregoing Document has been served by electronic mail upon all counsel of record.

Dated:  January 23, 2023                                     By:    _/s/ William Brenc_

- 21 -

KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000; Facsimile: (628) 235-1001

TAMAR KAPLAN-MARANS (admitted *pro hac vice*)
tamar.kaplan-marans@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800; Facsimile: (212) 230-8888

IVAN PANCHENKO (admitted *pro hac vice*)
ivan.panchenko@wilmerhale.com
ROBERT DONOGHUE (admitted *pro hac vice*)
robert.donoghue@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000; Facsimile: (617) 526-5000

Attorneys for Defendants
*Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer,*
*James A. Graf, and Michael Dee*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated,<br><br>                                  Plaintiff,<br><br>        vs.<br><br>VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN,<br><br>                                  Defendants. | Case No.  3:21-CV-01486-SI<br><br>**DEFENDANTS' VERIFICATIONS OF RESPONSES TO LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

DEFENDANTS' VERIFICATIONS OF RESPONSES
TO PLAINTIFFS' FIRST SET OF ROGS

CASE NO. 3:21-cv-01486-SI

- 2 -

## **VERIFICATION**

I, Daniel Horwood, declare:

I am General Counsel of Velodyne Lidar, Inc. ("Velodyne"), a party to this action, and am authorized to make this Verification.  I hereby certify that I have read Defendants' Objections and Responses to Lead Plaintiffs' First Set of Interrogatories (Nos. 1-8), and know the contents thereof. I believe, based on reasonable inquiry, that the answers therein are true and correct to the best of Velodyne's present knowledge, information and belief, subject to correction or supplementation as needed based on further information that may come to Velodyne's attention.

I declare under penalty of perjury that the foregoing is true and correct this ____ day of January 2023.

Daniel Horwood

Digitally signed by Daniel Horwood
Date: 2023.01.20 09:52:54 -08'00'

Daniel Horwood

**<u>VERIFICATION</u>**

I, Anand Gopalan, declare:

I am a party to this action. I hereby certify that I have read Defendants' Objections and Responses to Lead Plaintiffs' First Set of Interrogatories (Nos. 1-8), and know the contents thereof. I believe, based on reasonable inquiry, that the answers therein are true and correct to the best of my present knowledge, information and belief, subject to correction or supplementation as needed based on further information that may come to my attention.

I declare under penalty of perjury that the foregoing is true and correct this 20th day of January 2023.

DocuSigned by:

39EBFD334969495...

Anand Gopalan

DEFENDANTS' VERIFICATIONS OF RESPONSES                    CASE NO. 3:21-cv-01486-SI
TO PLAINTIFFS' FIRST SET OF ROGS

## **VERIFICATION**

I, Andrew Hamer, declare:

I am a party to this action. I hereby certify that I have read Defendants' Objections and Responses to Lead Plaintiffs' First Set of Interrogatories (Nos. 1-8), and know the contents thereof. I believe, based on reasonable inquiry, that the answers therein are true and correct to the best of my present knowledge, information and belief, subject to correction or supplementation as needed based on further information that may come to my attention.

I declare under penalty of perjury that the foregoing is true and correct this 23rd day of January 2023.

_____
Andrew Hamer

- 4 -

## VERIFICATION

I, James A. Graf, declare:

I am a party to this action. I hereby certify that I have read Defendants' Objections and Responses to Lead Plaintiffs' First Set of Interrogatories (Nos. 1-8), and know the contents thereof. I believe, based on reasonable inquiry, that the answers therein are true and correct to the best of my present knowledge, information and belief, subject to correction or supplementation as needed based on further information that may come to my attention.

I declare under penalty of perjury that the foregoing is true and correct this 20th day of January 2023.

James A. Graf

DEFENDANTS' VERIFICATIONS OF RESPONSES
TO PLAINTIFFS' FIRST SET OF ROGS

CASE NO. 3:21-cv-01486-SI

**<u>VERIFICATION</u>**

I, Michael Dee, declare:

I am a party to this action.  I hereby certify that I have read Defendants' Objections and Responses to Lead Plaintiffs' First Set of Interrogatories (Nos. 1-8), and know the contents thereof.  I believe, based on reasonable inquiry, that the answers therein are true and correct to the best of my present knowledge, information and belief, subject to correction or supplementation as needed based on further information that may come to my attention.

I declare under penalty of perjury that the foregoing is true and correct this  23rd day of January 2023.

_____
Michael Dee

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2023, a true and correct copy of the above and foregoing Document has been served by electronic mail upon all counsel of record.

Dated: January 23, 2023                    By:    */s/ William Brenc*
                                                    William Brenc

- 7 -