# EXHIBIT B

KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000; Facsimile: (628) 235-1001

TAMAR KAPLAN-MARANS (admitted *pro hac vice*)
tamar.kaplan-marans@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800; Facsimile: (212) 230-8888

IVAN PANCHENKO (admitted *pro hac vice*)
ivan.panchenko@wilmerhale.com
ROBERT DONOGHUE (admitted *pro hac vice*)
robert.donoghue@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000; Facsimile: (617) 526-5000

*Attorneys for Defendants Velodyne Lidar, Inc.,*
*Anand Gopalan, Andrew Hamer, James A. Graf*
*and Michael Dee*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN,<br><br>                    Defendants. | Case No.  3:21-CV-01486-SI<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Velodyne Lidar, Inc. ("Velodyne" or the "Company"), Anand Gopalan, Andrew Hamer, James A. Graf and Michael Dee (together with Velodyne, "Defendants"), hereby respond and object to Lead Plaintiffs Diane Smith and William P. Smith's ("Plaintiffs") First Set of Requests for Production of Documents ("Requests"), dated November 18, 2022 in the above-captioned action (the "Action") as follows:

## GENERAL OBJECTIONS

1.      Defendants make the following General Objections to each and every Definition, Instruction, and Request, and these General Objections are hereby incorporated into Defendants' response to each and every Request.  These General Objections and the objections to each Request may be referred to collectively herein as the "Objections."  To the extent that any of the General Objections are not raised in any particular response, Defendants do not waive those objections.

2.      Defendants object to each and every Definition, Instruction, and Request to the extent that it seeks to impose obligations upon Defendants that are broader than or inconsistent with the obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California (including the E-Discovery (ESI) Guidelines) ("Local Rules")), the Standing Orders of this Court, the Stipulated Protocol Regarding Electronically Stored Information and Order executed by the parties and entered in this Action on December 22, 2022 (ECF No. 146) ("Stipulated ESI Protocol"), and/or any other applicable rules, statutes, or agreements.

3.      Defendants object to each and every Definition, Instruction, and Request to the extent that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity as provided by any applicable law.  Defendants do not intend to produce such privileged or protected documents or information.  Defendants' inadvertent disclosure of any such documents or information is not to be deemed a waiver of any privilege or protection, and

- 2 -

Defendants expressly reserve the right to object to the introduction at trial or any other use of such information that may be inadvertently disclosed.

4.    Defendants object to each and every Definition, Instruction, and Request to the extent it seeks documents or information protected by the rights to privacy of Defendants and/or third parties.  Any inadvertent production of such information will not be deemed a waiver of any such right.

5.    Defendants object to each and every Definition, Instruction, and Request to the extent it seeks production of documents that contain confidential or proprietary information, trade secrets or other confidential research, development, financial or commercial information of Defendants or third parties.  To the extent relevant, such information will be produced as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of the Stipulated Protective Order executed by the parties and entered in this Action on December 9, 2022 (ECF No. 144) ("Protective Order").

6.    Defendants object to each and every Definition, Instruction, and Request to the extent that it is vague and ambiguous, fails to describe the information sought with the required reasonable particularity, or is so unintelligible that Defendants cannot respond.  Defendants further object to each Request insofar as it refers to: (a) documents unknown to Defendants; (b) documents used, created, considered, or relied upon by persons unknown to Defendants; or (c) documents Defendants might know exist, but not know of their use, consideration, or reliance upon by persons known or unknown to Defendants.  This failure to describe documents with reasonable particularity would impermissibly require Defendants to speculate as to the documents Plaintiff seeks.

7.    Defendants object to each and every Definition, Instruction, and Request to the extent that it is overbroad, unduly burdensome, and/or oppressive.

8.    Defendants object to each and every Definition, Instruction, and Request to the extent that it seeks discovery that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

- 3 -

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, including insofar as the Requests purport to require production of "all documents" concerning various matters. To the extent that documents are produced in this action in response to such Requests, they will be limited to documents sufficient to show matters that are appropriately discoverable and proportionate to the needs of the action.

9. Defendants object to each and every Definition, Instruction, and Request to the extent it seeks materials which are not relevant to the subject matter of the Action, or to any claims or defenses at issue in the Action.

10. Defendants object to each and every Definition, Instruction, and Request to the extent that it seeks information that is already in Plaintiffs' possession or is equally available to Plaintiffs from other sources that are more convenient, less burdensome, or less expensive, including documents that are publicly available, or documents that refer to persons, entities, or events not known to Defendants, on the grounds that such Requests seek to require more of Defendants than any obligation imposed by law, would subject Defendants to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Defendants obligations and burdens that are not proportional to the needs of the case.

11. Defendants object to each and every Definition, Instruction, and Request to the extent that it seeks information not in the possession, custody, or control of Defendants.

12. Defendants object to each and every Definition, Instruction, and Request to the extent that it is compound, complex, or otherwise unintelligible.

13. Defendants object to each and every Definition, Instruction, and Request to the extent that it calls for a legal conclusion in connection with the identification of potentially responsive documents. Defendants' responses and/or production of documents pursuant to Plaintiffs' Requests shall not be construed as agreement with or the provision of any legal conclusion concerning the meaning or application of any terms used in such Requests.

14. Defendants object to each and every Definition, Instruction, and Request to the extent it seeks to impose any continuing duty to supplement or provide further responses, or otherwise seeks to impose on Defendants discovery obligations exceeding or inconsistent with

- 4 -

the scope of the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.

15.    Defendants object to each and every Definition, Instruction, and Request to the extent it exceeds the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol in seeking production of residual, unallocated, inaccessible, archived, duplicate, temporary, or inactive documents or materials or other documents or materials that are inaccessible or unduly burdensome to produce. Such production would provide minimal, if any, benefit to Plaintiffs, would be unduly disruptive to Defendants, would be cumulative and duplicative of other documents produced from other sources, would be unlikely to produce information important to the litigation, and will impose substantial and unwarranted costs on the parties and the Court.

16.    Defendants object to each and every Instruction, Definition, and Request to the extent that it does not specify a reasonable time period, particularly in light of the claims that have been dismissed by the Court and the limitations on the scope of the remaining claims in this case.

17.    To the extent that Defendants state that responsive, relevant, non-privileged documents will be produced in response to a particular Request, such statement is not a representation that any such documents exist, but rather that responsive, relevant, non-privileged documents will be produced if such documents are discovered in the course of a reasonable and proportionate search, consistent with the General Objections and other objections stated herein, and further based upon Defendants' understanding of the Request.

18.    Any response by Defendants to the Requests, notwithstanding any objections, is not a concession, and shall not be construed as an admission, that the Request or information provided in response thereto is relevant.  Further, in responding to the Requests, Defendants do not thereby waive, and expressly reserve, the following: all evidentiary objections; all objections as to form; all objections based on burden; all objections Defendants may have to the use of the information at trial; the right to supplement their objections and responses; the right to object on any applicable ground at any time to any demand for further responses to any request or to any

other discovery procedures involving or relating to the subject matter of any request; and all other applicable objections, rights, privileges and protections afforded to them under the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, the Stipulated ESI Protocol, and/or any other applicable rules, statutes, or laws.

19.    The following specific objections and responses are subject to the General Objections.  By setting forth specific objections, Defendants do not intend to limit or waive the General Objections.  Defendants incorporate the General Objections into their responses to each of the Requests, inclusive of any and all subparts.  To the extent that Defendants respond to the Requests, any stated objections are not waived by providing responses.

20.    Defendants are available to meet and confer at a mutually agreeable time regarding the appropriate scope of any Requests to which Defendants have objected.  To the extent the parties thereafter reach an agreement on any different or further production in response to any such Request, Defendants will endeavor to conduct a reasonable and proportionate search for and produce responsive, relevant, non-privileged documents, if any exist, within a reasonable time following such agreement.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

21.    Defendants object to the definitions of the terms "Velodyne" and the "Company" as overbroad, unduly burdensome, and vague and ambiguous, especially inasmuch as they purport to include "practice groups, departments, affiliates, . . . and joint ventures," and "principals, . . . representatives, agents, attorneys, and advisors (and all other individuals acting or purporting to act on its behalf)."  Defendants further object to the definitions to the extent that the inclusion of the term "attorneys" seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.  To the extent possible, Defendants will construe the terms in these definitions in accordance with their ordinary and accepted meanings.

22.    Defendants object to the definition of "Answer" as vague and ambiguous.  Unless otherwise specified, Defendants will construe this term to refer to both the Answer of Defendants Velodyne Lidar, Inc., Anand Gopalan, James A. Graf and Michael Dee to Plaintiffs'

Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws dated August 22, 2022 (ECF No. 127), and the Answer of Defendant Andrew Hamer to Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws dated October 26, 2022 (ECF No. 132).

23.    Defendants object to the definition of "Audit Committee Investigation" on the grounds that as used, including by use of the term "purported," it is vague and ambiguous.  In these responses, unless otherwise specified, Defendants shall construe the term "Audit Committee Investigation" to refer to the investigation conducted by the independent Audit Committee of Velodyne's Board of Directors referred to in the Company's February 22, 2021 filing on Form 8-K.

24.    Defendants object to the definitions of the terms "Board" and "Board of Directors" as overbroad to the extent they encompass members of Velodyne's board of directors who were not affiliated with the Company during the period at issue in the Consolidated Amended Class Action Complaint ("CAC"), and had no involvement in, and have no personal knowledge of, events relevant to this Action.

25.    Defendants object to the definition of "Business Combination" on the grounds that the phrase "resulting in the publicly traded company called 'Velodyne Lidar, Inc.'" renders the definition vague and ambiguous.

26.    Defendants object to the definitions of "Class" and "Class Period" on the grounds that no class has been certified in this Action.

27.    Defendants object to the definitions of the terms "Communicate" and "Communication" as overbroad, unduly burdensome, and vague and ambiguous.  Defendants further object on the grounds that a production based on Plaintiffs' definitions would be unduly disruptive to Defendants, would be cumulative and duplicative of other documents produced, and would cause Defendants to incur costs disproportionate to Plaintiffs' need for the information. Defendants further object to the extent that the definitions encompass information that is not relevant and/or not readily accessible through reasonable means.  Defendants further object to the definitions to the extent they exceed the requirements set forth in the Federal Rules of Civil

- 7 -

Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol. Defendants further object that the inclusion of the phrases "of any nature whatsoever," "potential or actual," and "other understandings between two or more persons" renders the definitions overbroad, unduly burdensome, and vague and ambiguous.  To the extent possible, Defendants will construe the terms in those definitions in accordance with their ordinary and accepted meanings.

28.    Defendants object to the definitions of the terms "Concern" and "Concerning" as overbroad.  To the extent possible, Defendants will construe the terms in those definitions in accordance with their ordinary and accepted meanings.

29.    Defendants object to the definition of "Document" as overbroad, unduly burdensome, and vague and ambiguous.  Defendants further object on the grounds that a production based on Plaintiffs' definition would be unduly disruptive to Defendants, would be cumulative and duplicative of other documents produced, and would cause Defendants to incur costs disproportionate to Plaintiffs' need for the information.  Defendants further object to the extent that the definition encompasses information that is not relevant and/or not readily accessible through reasonable means.  Defendants further object to the definition to the extent it exceeds the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.  Defendants will construe the term "Document" in accordance with the Federal Rules of Civil Procedure.

30.    Defendants object to the definitions of the terms "Electronic Data," "Electronically Stored Information," and "ESI" as overbroad, unduly burdensome, and vague and ambiguous. Defendants further object to the definitions of these terms to the extent they are inconsistent with and exceed the scope of permissible discovery set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, the Stipulated ESI Protocol, and/or any other protocol relating to ESI to be agreed to by the parties.  Defendants further object on the grounds that a production based on Plaintiffs' definitions would be unduly burdensome and disruptive to Defendants, would be cumulative and duplicative of other documents being produced, and would cause Defendants to incur costs disproportionate to Plaintiffs' need for the information.

Defendants further object to the extent that the definitions encompass information that is not relevant and/or not readily accessible through reasonable means.  Defendants specifically object that inclusion of the phrases "Internet history of files and preferences" and "backup files" renders the definitions overbroad, unduly burdensome, and vague and ambiguous.  Defendants will produce ESI in accordance with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and the Stipulated ESI Protocol.

31.    Defendants object to the definition of "Employee" as overbroad, unduly burdensome, and vague and ambiguous, including to the extent it includes "messengers, agents, attorneys, representatives, or any person acting or authorized to act on behalf of You (as defined herein) or any division, subsidiary or entity of You whether individually or collectively." Defendants further object to the definition as vague and ambiguous and circular insofar as it includes the term "employees" in the definition.  Defendants object to the definition as overbroad and vague and ambiguous to the extent it includes the term "directors," including to the extent the definition purports to suggest or presume that all "directors" constitute "employees."  Defendants further object to the definition to the extent that the inclusion of the term "attorneys" seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.  Defendants further object to the definition to the extent it purports to impute to Defendants any knowledge of persons or entities falling within the scope of the term as Plaintiffs have defined it, or imposes duties to ascertain the identity, existence, or relationships of or among any of the persons or entities listed or defined.  To the extent possible, Defendants will construe the terms in this definition in accordance with their ordinary and accepted meanings.

32.    Defendants object to the definition of "Keker Van Nest" to the extent that any Request based on this definition seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

33.    Defendants object to the definition of "Nominating & Governance Committee" as vague and ambiguous.  Unless otherwise specified, Defendants will construe this term to refer to the Nominating and Governance Committee of Velodyne's Board of Directors.

34.    Defendants object to the definition of "Old Velodyne" as vague and ambiguous. Defendants will construe this term to refer to the privately held entity known as "Velodyne Lidar, Inc." that was incorporated in December of 2015 and merged with Graf Industrial Corp. on September 29, 2020.

35.    Defendants object to the definition of "Person" as vague and ambiguous. Defendants further object to the definition to the extent that it seeks to impose obligations on Defendants which are broader than or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.  To the extent possible, Defendants will construe the terms in this definition in accordance with their ordinary and accepted meanings.

36.    Defendants object to the definition of "Personnel File" as overbroad, unduly burdensome, and vague and ambiguous, including to the extent that inclusion of the term "all [D]ocuments" renders the definition overbroad and unduly burdensome.  Defendants incorporate their objections to the definition of "Document" to the extent that term is included in the definition of "Personnel File."  Defendants further object to the definition as overbroad, unduly burdensome, and vague and ambiguous to the extent it calls for the listed "documents . . . whether or not such documents are maintained in a single file or repository," which is irreconcilable with the ordinary and accepted meaning of the term "Personnel File."  Defendants further object to the extent that the definition encompasses information that is not relevant and/or not readily accessible through reasonable means.  Defendants further object to the definition to the extent it exceeds the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.  To the extent possible, Defendants will construe the terms in this definition in accordance with their ordinary and accepted meanings.

DEFENDANTS' OBJECTIONS AND RESPONSES TO                    CASE NO. 3:21-cv-01486-SI
PLAINTIFFS' FIRST SET OF RFPS

37. Defendants object to the definitions of the terms "Regard," "Regarding," "Refer," "Referring," "Relate," "Relating," "Pertain," and "Pertaining" as unintelligible and incomprehensible to the extent they rely on the notion that these terms "mean[] all documents," which is irreconcilable with their ordinary and accepted meaning. Defendants further object on the grounds that inclusion of the terms and phrases "all Documents," "received in conjunction with," and "were generated as a result of" renders the definitions overbroad, unduly burdensome, and vague and ambiguous.

38. Defendants object to the definition of "Support Agreement" as vague and ambiguous. Defendants will construe this term to refer to the agreement titled "Support Agreement," which was executed on July 2, 2020 by Graf Industrial Corp. and David Hall.

39. Defendants object to the definitions of the terms "You" and "Your" on the grounds that inclusion of the phrase "agent, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, or other person(s) purporting to act on behalf of any Defendant" renders the definition overbroad, unduly burdensome, and vague and ambiguous. Defendants further object to the definitions to the extent they purport to impute to Defendants any knowledge of persons or entities falling within the scope of the terms as Plaintiffs have defined them, or imposes duties to ascertain the identity, existence, or relationships of or among any of the persons or entities listed or defined. Defendants further object to the definitions to the extent they purport to suggest or presume a specific legal relationship between Defendants and any individual. Defendants further object to the definitions to the extent that the inclusion of the term "attorneys" seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

40. Defendants object to Instructions 1 through 13 to the extent that they seek to impose discovery obligations on Defendants that exceed or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, the Stipulated ESI Protocol, and/or any other applicable rules, statutes, or agreements.

DEFENDANTS' OBJECTIONS AND RESPONSES TO                                    CASE NO. 3:21-cv-01486-SI
PLAINTIFFS' FIRST SET OF RFPS

41.    Defendants object to Instruction 1 to the extent that the inclusion of the term "attorneys" seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

42.    Defendants object to Instruction 4 to the extent it seeks to impose on Defendants discovery obligations with respect to information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities that exceed or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.  To the extent that information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities is withheld, Defendants will follow the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and the Stipulated ESI Protocol.

43.    Defendants object to Instruction 6 as overbroad, unduly burdensome, vague and ambiguous, and inconsistent with the Federal Rules of Civil Procedure to the extent it purports to impose on Defendants an obligation to produce "[d]ocuments not otherwise responsive to any of the discovery requests . . . if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials."

44.    Defendants object to Instruction 7 to the extent it seeks to impose on Defendants discovery obligations with respect to information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities that exceed or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.  To the extent that information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities is withheld, Defendants will follow the requirements set forth in the Federal Rules of Civil Procedure the Local Rules, the Standing Orders of this Court, and the Stipulated ESI Protocol.

45.    Defendants object to Instruction 8 to the extent it seeks to impose on Defendants discovery obligations with respect to documents no longer available for production that exceed or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.  To the extent that any documents responsive to these Requests were at any time in Defendants' possession, custody, or control, but are no longer available for production, Defendants will follow the obligations set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and the Stipulated ESI Protocol.

46.    Defendants object to Instruction 10 as overbroad, unduly burdensome, and vague and ambiguous.  To the extent possible, Defendants will construe the terms in this instruction in accordance with their ordinary and accepted meanings.

47.    Defendants object to Instruction 11 to the extent it seeks to impose on Defendants discovery obligations with respect to identifying responsive documents by Bates number that exceed or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.  Defendants will not identify the Bates number of particular documents produced in response to any Request.

48.    Defendants object to Instruction 12 to the extent it seeks to impose on Defendants any continuing duty to supplement or provide further responses that exceed or are inconsistent with the scope of the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.

49.    Defendants object to Instruction 14 to the extent it seeks to impose on Defendants discovery obligations with respect to hard copy documents that exceed or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.  Defendants will produce hard copy documents in accordance with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and the Stipulated ESI Protocol.

- 13 -

## OBJECTION TO PRODUCTION OF ESI

50.    Defendants object to Production of ESI Instructions 1 through 11 to the extent they seek to impose on Defendants discovery obligations that exceed or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, the Stipulated ESI Protocol, and/or any other protocol relating to ESI to be agreed to by the parties. Defendants will produce ESI in accordance with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and the Stipulated ESI Protocol.

## OBJECTION TO PURPORTED RELEVANT TIME PERIOD

51.    Defendants object to the Relevant Time Period as overbroad, unduly burdensome, and beyond the proper scope of discovery. Defendants further object to the Relevant Time Period to the extent it exceeds the period at issue in the CAC and seeks documents that are not relevant. Unless otherwise stated or agreed, or as the context otherwise dictates, Defendants' reasonable search for potentially responsive materials will cover the period of April 1, 2020 through June 30, 2021.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning the Audit Committee Investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications." Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents sufficient to describe the

- 14 -

process, findings, and/or conclusions of the Audit Committee Investigation that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning when any: (i) member(s) of the Audit Committee; (ii) member(s) of the Board of Directors, and/or (iii) of the Defendants first considered conducting any investigation and/or inquiry related to the Halls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications." Defendants further object on the grounds that the phrases "first considered" and "any investigation and/or inquiry related to the Halls" render the Request vague and ambiguous. Defendants further object to the Request on the grounds that it is overbroad, not proportional to the needs of the case, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action insofar as the term "the Halls" is used to refer to Marta Hall. Defendants further object to the Request to the extent it seeks documents duplicative of those sought in Request No. 1. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents concerning the decision to conduct an Audit Committee investigation and/or inquiry related to conduct or statements by David Hall that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning Velodyne's representation, as referenced in ¶ 420, n. 54 of the Complaint, that Hall "made certain statements and acted in a way that was inappropriate with regard to the Board and Velodyne procedures" "[b]eginning in the fall of 2020[.]"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications."  Defendants further object to the Request to the extent it seeks documents duplicative of those sought in Request No. 1.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents sufficient to describe the process, findings, and/or conclusions of the Audit Committee Investigation that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications between You and Keker Van Nest concerning the Audit Committee Investigation and/or Keker Van Nest's investigation as independent counsel to the Audit Committee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or

- 16 -

defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications." Defendants further object to the Request on the grounds that the phrase "Keker Van Nest's investigation as independent counsel to the Audit Committee" is vague and ambiguous. Defendants will construe this phrase to refer to the investigation that began in December 2020, as referenced in ¶ 19 of the CAC. Defendants further object to the Request to the extent it seeks documents duplicative of those sought in Request Nos. 1-3. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents sufficient to describe the process, findings, and/or conclusions of the Audit Committee Investigation that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications between and/or among any of the Individual Defendants, Board of Directors, and/or the Audit Committee concerning the Halls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll document and communications . . . concerning the Halls." Defendants further object to the Request to the extent it seeks documents duplicative of those sought in Request Nos. 1-4.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents and communications between and/or among any of the Individual Defendants, Board of Directors, and/or the Audit Committee concerning David Hall's and Marta Hall's conduct or statements that were the subject

- 17 -

of the Audit Committee Investigation, if any, to the extent that such documents are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning the Form 8-Ks Velodyne filed with the SEC on: (i) January 7, 2021; (ii) January 13, 2021; (iii) February 22, 2021; and (iv) March 4, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications" concerning the Form 8-Ks Velodyne filed with the SEC on: (i) January 7, 2021; (ii) January 13, 2021; (iii) February 22, 2021; and (iv) March 4, 2021, regardless of whether those documents or communications concern the statements regarding David Hall at issue in the CAC.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, concerning statements regarding Mr. Hall that are specifically alleged in the CAC to be misleading and that the Court has determined were adequately alleged to be misleading (hereafter referred to as the "Challenged Statements"), to the extent that such Challenged Statements were made in the Form 8-Ks that Velodyne filed with the SEC on (i) January 7, 2021, (ii) January 13, 2021, (iii) February 22, 2021, and (iv) March 4, 2021, to the extent that such documents are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning the Company's Class Period SEC filings that made any representations about or related to the Halls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications concerning the Company's Class Period SEC filings that made any representations about or related to the Halls," regardless of whether those documents or communications concern the Challenged Statements.  Defendants further object to the Request on the grounds that it is overbroad, not proportional to the needs of the case, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action insofar as the term "the Halls" is used to refer to Marta Hall. Defendants further object to the Request to the extent it seeks documents duplicative of those sought in Request No. 6.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, concerning Challenged Statements (as defined above) that were contained in Velodyne's Class Period SEC filings and that are specified in the CAC, to the extent that such documents are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning Your investor conferences, presentations, and analyst conference calls that made any representations about the Halls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications concerning Your investor conferences, presentations, and analyst conference calls that made any representations about the Halls," regardless of whether those documents or communications concern the Challenged Statements. Defendants further object to the Request on the grounds that it is overbroad, not proportional to the needs of the case, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action insofar as the term "the Halls" is used to refer to Marta Hall. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, concerning the Challenged Statements (as defined above) that were made in Velodyne's investor conferences, presentations, and analyst conference calls during the Class Period and that are specified in the CAC, to the extent that such documents are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning Your public Class Period representations about the Halls' role and/or anticipated role in the Company following the Business Combination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or

- 20 -

defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications concerning Your public Class Period representations about the Halls' role and/or anticipated role in the Company following the Business Combination," regardless of whether those documents or communications concern the Challenged Statements.  Defendants further object to the Request on the grounds that it is overbroad, not proportional to the needs of the case, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action to insofar as the term "the Halls" is used to refer to Marta Hall.  Defendants further object to the Request to the extent it seeks documents duplicative of those sought in Request Nos. 6-8.   Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, concerning Challenged Statements (as defined above) regarding David Hall's role and/or anticipated role in the Company following the Business Combination, to the extent that such documents are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning Your statements during the Class Period that:

a. "Velodyne is highly dependent on David Hall [. . .] he remains deeply involved in all aspects of Velodyne's business, including product development.  The loss of Mr. Hall would adversely affect Velodyne's business[.]"

b. "[n]egative public perception of, or negative news related to, Mr. Hall or Mr. Hall's other ventures, even if such ventures are entirely separate from Velodyne's business, may adversely affect Velodyne's brand, relationship with customers or standing in the industry."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the

- 21 -

needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications." Defendants further object to the Request to the extent it seeks documents duplicative of those sought in Request Nos. 7-9. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, concerning Challenged Statements (as defined above) regarding David Hall's role and/or anticipated role in the Company following the Business Combination, to the extent that such documents are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning amendments to Graf Industrial Corp.'s articles of incorporation and bylaws which extended its time to acquire a target company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to describe the requested documents with reasonable particularity. Defendants further object to the Request on the grounds that it calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications," and to the extent it seeks documents relating only to claims that the Court dismissed in its July 1, 2022 Order Granting In Part and Denying In Part Defendants' Motion to Dismiss Consolidated Amended Complaint (ECF No. 119) ("Motion to Dismiss Order"). Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

- 22 -

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 11.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning the founder shares and private placement warrants issued by Graf Industrial Corp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to describe the requested documents with reasonable particularity. Defendants further object to the Request on the grounds that it calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications," and to the extent it seeks documents relating only to claims that the Court dismissed in its Motion to Dismiss Order.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 12.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications concerning Graf Industrial Corp.'s decision to abandon each of its other potential acquisition opportunities as described in the Company's Preliminary Proxy on Schedule 14A and filed with the SEC on July 15, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to describe the requested documents with reasonable particularity. Defendants further object to the Request on the grounds that it calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in

- 23 -

the Action, including to the extent it seeks "[a]ll documents and communications," and to the extent it seeks documents relating only to claims that the Court dismissed in its Motion to Dismiss Order. Defendants further object on the grounds that the term "abandon" renders the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 13.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications concerning Graf Industrial Corp.'s inability or unwillingness to merge with PureCycle Technologies, LLC as a SPAC business combination target.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to describe the requested documents with reasonable particularity. Defendants further object to the Request on the grounds that it calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications," and to the extent it seeks documents relating only to claims that the Court dismissed in its Motion to Dismiss Order. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 14.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning Graf Industrial Corp.'s potential acquisition opportunities between April 1, 2020 and July 2, 2020.

- 24 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to describe the requested documents with reasonable particularity. Defendants further object to the Request on the grounds that it calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications," and to the extent it seeks documents relating only to claims that the Court dismissed in its Motion to Dismiss Order.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 15.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications concerning the redemption of an aggregate of 12,921,275 shares of Graf Industrial Corp.'s common stock by its shareholders as described in the Company's Preliminary Proxy on Schedule 14A and filed with the SEC on July 15, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to describe the requested documents with reasonable particularity. Defendants further object to the Request on the grounds that it calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications," and to the extent it seeks documents relating only to claims that the Court dismissed in its Motion to Dismiss Order.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

- 25 -

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 16.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications between You and Bank of America Corp. between May 9, 2020 and September 29, 2020 concerning the Business Combination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications."

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents and communications, if any, between Velodyne and Bank of America Corp. between May 9, 2020 and September 29, 2020 concerning the Business Combination, to the extent that such documents are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications concerning Your due diligence concerning the Business Combination, including any due diligence concerning the Halls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications."  Defendants further object to the Request as vague and ambiguous to the extent the phrase "due diligence" is undefined.  Defendants will construe the phrase "due diligence" to

- 26 -

mean the process of gathering information concerning Velodyne in connection with the decision whether to enter into the Business Combination. Defendants further object to the Request on the grounds that it is overbroad, not proportional to the needs of the case, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action insofar as the term "the Halls" is used to refer to Marta Hall. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, concerning due diligence performed by Graf Industrial Corp. regarding Velodyne and/or David Hall, as construed herein, to the extent that such documents are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications concerning Old Velodyne's Form S-1 that was confidentially filed with the SEC in anticipation of a possible initial public offering, including the pertinent Form S-1 itself.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications." Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce copies of Old Velodyne's Form S-1 that was confidentially filed with the SEC in anticipation of a possible initial public offering and correspondence with the SEC

concerning that filing, to the extent that such documents, if any, are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications concerning Old Velodyne's decision to go public *via* a SPAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications." Defendants further object to the Request on the ground that it is vague and ambiguous and confusing, including with respect to the phrase "go public *via* a SPAC." Defendants will construe the phrase "go public *via* a SPAC" to refer to the Business Combination. Defendants further object to the Request to the extent that it seeks documents duplicative of those sought in other Requests, including Request Nos. 17-19. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged communications, if any, between Velodyne and any SPAC concerning a potential business combination, to the extent that such documents are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 21:**

All documents You produced or were provided in the Derivative Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the ground that it is vague and ambiguous, including with respect to the phrase "You produced or were provided in the Derivative Litigation."

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce the requested documents.

**REQUEST FOR PRODUCTION NO. 22:**

All documents You produced or were provided in the State Court Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the ground that it is vague and ambiguous, including with respect to the phrase "You produced or were provided in the State Court Action."

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce the requested documents.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning the October 11, 2022 settlement agreement entered into between Velodyne and the Halls, as described in the Form 8-K Velodyne filed with the SEC on or around October 12, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to describe the requested documents with reasonable particularity. Defendants further object to the Request on the grounds that it calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents concerning the October 11, 2022 settlement agreement entered into between Velodyne and the Halls."  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 23.

- 29 -

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications concerning proposed and/or implemented amendments to Velodyne's certificate of incorporation or bylaws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications." Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, concerning proposed and/or implemented amendments to Velodyne's certificate of incorporation or bylaws referenced at ¶ 312 of the CAC that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning the Velodyne's Board meeting on or around September 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, vague and ambiguous, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents" concerning an undated Board meeting. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged minutes and presentations, if any, for any meeting of the Company's Board that took place in September 2020.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications concerning proposed and/or implemented changes to the Halls' executive and/or Board roles at Velodyne.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications."  Defendants further object that the Request is vague and ambiguous, especially with respect to the use of the phrase, "proposed and/or implemented changes to the Halls' executive and/or Board roles."  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, concerning (i) David Hall's resignation from his position as Velodyne's Executive Chairman, (ii) the Board of Directors' removal of David Hall as Chairman of the Board and Marta Hall as Velodyne's Chief Marketing Officer, and (iii) David Hall's resignation as a member of Velodyne's Board, that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications concerning any Halls' corporate governance proposals at Velodyne which, upon information and belief, were presented to the Board in December 2020.

- 31 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications."  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents sufficient to show the corporate governance proposals by David Hall and Marta Hall, as described on page 37 of Velodyne's Definitive Proxy Statement filed with the SEC on May 17, 2021.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications concerning the Special Committee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications."  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.  Defendants further object to the Request to the extent that it seeks documents duplicative of those sought in Request No. 27.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents sufficient to describe the process, findings, and/or conclusions of the Special Committee regarding David Hall's and Marta

Hall's corporate governance proposals, as described on page 37 of Velodyne's Definitive Proxy Statement filed with the SEC on May 17, 2021.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications concerning the nomination and/or election of Eric Singer to the Board of Directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to describe the requested documents with reasonable particularity. Defendants further object to the Request on the grounds that it calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications concerning the nomination and/or election of Eric Singer to the Board of Directors."  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications between You and the Halls concerning Velodyne's revenue projections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications" and to the extent it seeks documents relating only to claims that the Court dismissed in its Motion to Dismiss Order.  Defendants further object to the Request on the

- 33 -

grounds that it is overbroad, not proportional to the needs of the case, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action insofar as the term "the Halls" is used to refer to Marta Hall.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 30.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications between You and the Halls concerning Velodyne's internal controls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications" and to the extent it seeks documents relating only to claims that the Court dismissed in its Motion to Dismiss Order.  Defendants further object to the Request on the grounds that it is overbroad, not proportional to the needs of the case, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action insofar as the term "the Halls" is used to refer to Marta Hall.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 31.

- 34 -

**REQUEST FOR PRODUCTION NO. 32:**

All documents and communications concerning any lock-up agreement(s) concerning the Halls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications" and to the extent it seeks documents relating only to claims that the Court dismissed in its Motion to Dismiss Order.  Defendants further object to the Request on the grounds that it is overbroad, not proportional to the needs of the case, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action insofar as the term "the Halls" is used to refer to Marta Hall.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, during the Class Period reflecting David Hall's and Marta Hall's "lockup" agreements, any requests by the Halls for the provisions of such agreements to be modified or waived, or consideration of such requests, to the extent that such documents are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning any resolutions considered and/or adopted by the Board of Directors in November 2020 concerning the ability of any directors to sell their stock with lessened and/or unrestricted volume limitations (i.e., a full or partial release from any lock-up agreement).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents" and to the extent it seeks documents relating only to claims that the Court dismissed in its Motion to Dismiss Order. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce Board resolutions, if any, considered or adopted in November 2020 concerning the ability of any directors to sell their stock with lessened and/or unrestricted volume limitations, as well as minutes of any Board meeting, if any, at which such resolutions were considered or adopted.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications concerning: (i) Velodyne's loss of customers and/or cancellation of customer contracts; (ii) Velodyne's intellectual property theft by Velodyne's competitors; and (iii) the departure of research and development personnel from Velodyne.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications" and to the extent it seeks documents relating only to claims that the Court dismissed in its Motion to Dismiss Order.

- 36 -

DEFENDANTS' OBJECTIONS AND RESPONSES TO                    CASE NO. 3:21-cv-01486-SI
PLAINTIFFS' FIRST SET OF RFPS

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 34.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications concerning the statements made in Velodyne's: (i) Schedule 13D (Amendment No. 2) dated March 4, 2021; (ii) Proxy Statement on Schedule 14A on March 10, 2021; (iii) Form 8-K/A dated March 11, 2021; and (iv) Schedule 13D (Amendment No. 3) dated May 25, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications" concerning Velodyne's: (i) Schedule 13D (Amendment No. 2) dated March 4, 2021; (ii) Proxy Statement on Schedule 14A on March 10, 2021; (iii) Form 8-K/A dated March 11, 2021; and (iv) Schedule 13D (Amendment No. 3) dated May 25, 2021, regardless of whether those documents or communications concern the Challenged Statements.  Defendants further object to the Request to the extent that it seeks documents duplicative of those sought in other Requests, including Request Nos. 7, 9, and 26.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, concerning the statements regarding David Hall made in Velodyne's (i) Schedule 13D (Amendment No. 2) dated March 4, 2021, (ii) Proxy Statement on Schedule 14A on March 10, 2021, (iii) Form 8-K/A dated March 11, 2021, and (iv) Schedule 13D (Amendment No. 3) dated May 25, 2021, to the extent that such documents are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and communications concerning the Company's responses to the Halls' public press releases dated: (i) May 26, 2021, titled "Velodyne Lidar Responds to Baseless Assertions from David Hall, Marta Thoma Hall and Eric Singer."; (ii) August 24, 2021, titled "Velodyne Lidar Responds to David Hall's Latest False Statements."; and (iii) October 27, 2021, titled "Velodyne Lidar Responds to Latest Falsehoods from David and Marta Thoma Hall."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications" concerning the Company's responses to the Halls' public press releases dated: (i) May 26, 2021, titled "Velodyne Lidar Responds to Baseless Assertions from David Hall, Marta Thoma Hall and Eric Singer."; (ii) August 24, 2021, titled "Velodyne Lidar Responds to David Hall's Latest False Statements."; and (iii) October 27, 2021, titled "Velodyne Lidar Responds to Latest Falsehoods from David and Marta Thoma Hall," regardless of whether those documents or communications concern the Challenged Statements.  Defendants further object to the Request to the extent that it seeks documents dated after June 30, 2021.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, concerning the statements regarding David Hall made in Velodyne's public press release dated May 26, 2021, titled, "Velodyne Lidar Responds to Baseless Assertions from David Hall, Marta Thoma Hall and Eric Singer" that are identified after a reasonable and diligent search.

- 38 -

**REQUEST FOR PRODUCTION NO. 37:**

All document retention and/or preservation policies and efforts by Velodyne, Graf Industrial Corp. and Old Velodyne.  This Request extends up to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, sufficient to show Velodyne's document retention policies in place at the commencement of this Action.

**REQUEST FOR PRODUCTION NO. 38:**

All documents concerning the organizational personnel charts of Velodyne, Old Velodyne, and Graf Industrial Corp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents."  Defendants further object to the Request as vague and ambiguous to the extent the term "organizational personnel charts" is undefined.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged organizational charts, if any, for the

DEFENDANTS' OBJECTIONS AND RESPONSES TO                    CASE NO. 3:21-cv-01486-SI
PLAINTIFFS' FIRST SET OF RFPS

Company pertaining to the period of April 1, 2020 through June 30, 2021 that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 39:**

All documents concerning the organizational personnel charts of Graf Acquisition, OC Opportunities, and Owl Creek.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to describe the requested documents with reasonable particularity. Defendants further object to the Request on the grounds that it calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents concerning the organizational personnel charts of Graf Acquisition, OC Opportunities, and Owl Creek"  Defendants further object to the Request as vague and ambiguous to the extent the term "organizational personnel charts" is undefined.  Defendants further object to the Request to the extent that it seeks documents not in their possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 39.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications between You and Graf Acquisition, OC Opportunities, and/or Owl Creek concerning the Halls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications."  Defendants further object to the Request on the grounds that it is overbroad,

- 40 -

not proportional to the needs of the case, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action insofar as the term "the Halls" is used to refer to Marta Hall.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 40.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications concerning the Halls' Personnel File(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications." Defendants further object to the Request on the grounds that the term "Personnel File(s)" renders the Request overbroad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous, including insofar as "Personnel File(s)" is defined as "all documents . . . regardless of whether or not such documents are maintained in a single file or repository." Defendants further object to the Request on the grounds that it is overbroad, not proportional to the needs of the case, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action insofar as the term "the Halls" is used to refer to Marta Hall. Defendants further object to this Request to the extent that it calls for documents duplicative of those called for in other Requests.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, from the Personnel Files of David Hall and Marta Hall concerning (i) David Hall's resignation from his position as Velodyne's Executive Chairman, (ii) the Board of Directors' removal of David Hall as Chairman of the Board and Marta Hall as Velodyne's Chief Marketing Officer, and (iii) David

- 41 -

Hall's resignation as a member of Velodyne's Board, that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications concerning the Support Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications."

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, concerning the negotiation and execution of the Support Agreement that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and communications concerning the Halls' roles and/or participation on the Board of Directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, vague and ambiguous (especially given the use of the term "roles and/or participation on the Board of Directors"), fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications" and relates to Marta Hall's tenure on the Board of Directors.  Defendants further object to the Request to the extent that it seeks documents duplicative of those sought in other Requests, including Request Nos. 1, 2, 3, 5, 25, 26, and 27

- 42 -

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents sufficient to show the Halls' participation in Board of Directors and Board Committee meetings during the Class Period.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and communications concerning the Halls' ownership percentage in the Company and their related voting power at Velodyne.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications."  Defendants further object to the Request on the grounds that it seeks information that is already in Plaintiff's possession or is equally available to Plaintiff from other sources that are more convenient, less burdensome, or less expensive, including documents that are publicly available.  Defendants further object to the Request on the grounds that it is overbroad, not proportional to the needs of the case, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action insofar as the term "the Halls" is used to refer to Marta Hall.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce copies of SEC Forms 3 and 4 filed by David Hall and Marta Hall between September 29, 2020 and June 30, 2021.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and communications concerning the Individual Defendants' Personnel Files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the

- 43 -

needs of the case, and fails to describe the requested documents with reasonable particularity. Defendants further object to the Request on the grounds that it calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications concerning the Individual Defendants' Personnel Files."  Defendants further object to the Request on the grounds that the term "Personnel File(s)" renders the Request overbroad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous, including insofar as "Personnel File(s)" is defined as "all documents . . . regardless of whether or not such documents are maintained in a single file or repository."

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 45.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications concerning Thomas Tewell's Personnel File.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to describe the requested documents with reasonable particularity. Defendants further object to the Request on the grounds that it calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications concerning Thomas Tewell's Personnel File."  Defendants further object to the Request on the grounds that the term "Personnel File(s)" renders the Request overbroad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous, including insofar as "Personnel File(s)" is defined as "all documents . . . regardless of whether or not such documents are maintained in a single file or repository."  Defendants further object to the Request on the grounds that it improperly intrudes on the privacy rights of a non-party to this Action.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 46.

- 44 -

**REQUEST FOR PRODUCTION NO. 47:**

All documents and communications concerning Sheetal Patel's Personnel File.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications." Defendants further object to the Request on the grounds that the term "Personnel File(s)" renders the Request overbroad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous, including insofar as "Personnel File(s)" is defined as "all documents . . . regardless of whether or not such documents are maintained in a single file or repository." Defendants further object to the Request on the grounds that it improperly intrudes on the privacy rights of a non-party to this Action.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, from the Personnel File of Sheetal Patel concerning (i) David Hall's role at Velodyne, (ii) David Hall's resignation from his position as Velodyne's Executive Chairman, (iii) the Board of Directors' removal of David Hall as Chairman of the Board and Marta Hall as Velodyne's Chief Marketing Officer, and (iv) David Hall's resignation as a member of Velodyne's Board, that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications concerning changes in the composition of Velodyne's officers and Board members during the Class Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls

- 45 -

DEFENDANTS' OBJECTIONS AND RESPONSES TO                    CASE NO. 3:21-cv-01486-SI
PLAINTIFFS' FIRST SET OF RFPS

for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications." Defendants further object that use of the term "changes in the composition of Velodyne's officers and Board members during the Class Period" renders the Request vague and ambiguous. Defendants further object to the Request to the extent it seeks documents duplicative of those sought in Request No. 26.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents sufficient to show (i) changes to the composition of Velodyne's Board during the Class Period, and (ii) the identities and tenures of Velodyne's officers during the Class Period. Further, subject to and without waiving the foregoing objections, Defendants will produce responsive, relevant, non-privileged documents, if any, concerning (i) David Hall's resignation from his position as Velodyne's Chief Executive Officer; (ii) the Board of Directors' removal of David Hall as Chairman of the Board and Marta Hall as Velodyne's Chief Marketing Officer; and (iii) David Hall's resignation as a member of Velodyne's Board, that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and communications concerning Velodyne's status as a "controlled company" under the corporate governance rules of NASDAQ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications."

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents, if any, sufficient to show Velodyne's status as a "controlled company" as referenced on page 12 of Velodyne's Definitive

- 46 -

Proxy Statement filed with the SEC on May 17, 2021, and as referenced in ¶ 423 of the CAC, that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning all insurance coverage and/or indemnification agreements which may apply to any claims against any Defendant(s) in this Action. This Request extends up to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents." Defendants further object to the Request to the extent that it seeks documents duplicative of those Defendants already produced in connection with Defendants' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(A)(1)(A).

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants have already produced documents responsive to Request No. 50. *See* Bates Nos. VLDR_SL_000000001 through VLDR_SL_000000445.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and communications concerning meetings of the Board of Directors, including its Audit Committee, Compensation Committee, and Nominating & Governance Committee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and

- 47 -

communications." Defendants further object to the Request to the extent that it seeks documents duplicative of those sought in other Requests, including Request Nos. 1, 2, 4, 5, 25, 26, and 27.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged minutes, if any, of meetings of Velodyne's Board of Directors and Audit Committee relating to David Hall's role at the Company.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and communications concerning Velodyne's Code of Conduct and Corporate Governance Guidelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications." Defendants further object to the Request on the grounds that it seeks information that is already in Plaintiff's possession or is equally available to Plaintiff from other sources that are more convenient, less burdensome, or less expensive, including documents that are publicly available.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged minutes, if any, of meetings of Velodyne's Board of Directors relating to consideration or adoption of the Company's Code of Conduct or Corporate Governance Guidelines.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and communications concerning changes to Velodyne's executive compensation, bonus plans, stock vesting agreements, and/or lock-up agreements for the Halls, Individual Defendants and/or members of the Audit Committee.

- 48 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications."

Subject to and without waiving the foregoing objections, Defendants will produce responsive, relevant, non-privileged documents, if any, sufficient to show changes in compensation or lock-up agreements for the Halls and the Individual Defendants during the Class Period that are identified after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and communications concerning Velodyne's share and/or warrant values during the Class Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, especially to the extent it seeks "[a]ll documents and communications concerning Velodyne's share and/or warrant values during the Class Period." Defendants further object that use of the term "share and/or warrant values" renders the Request vague and ambiguous and unintelligible. Defendants further object to the Request on the grounds that it is unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents and communications." Defendants further object to the Request on the grounds that it seeks information that is already in Plaintiff's possession or is equally available to Plaintiff from other sources that are more convenient, less burdensome, or less expensive, including documents that are publicly available.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 54.

**REQUEST FOR PRODUCTION NO. 55:**

All documents concerning the "TENTH DEFENSE (Good Faith)" asserted in the Answer(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents."  Defendants further object to the Request as premature, overbroad, and unduly burdensome to the extent it requires Defendants to identify documents concerning its Tenth Defense asserted in the Answer in advance of having conducted any discovery.  Defendants further object that this Request calls for documents relating to matters that may be the subject of expert analysis and testimony. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents supporting their Tenth Defense identified after a reasonable, diligent search at an appropriate time prior to the completion of fact and/or expert discovery.

**REQUEST FOR PRODUCTION NO. 56:**

All documents concerning the "TWELFTH DEFENSE (No Artificial Inflation)" Asserted in the Answer(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the

needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents." Defendants further object to the Request as premature, overbroad, and unduly burdensome to the extent it requires Defendants to identify documents concerning its Twelfth Defense asserted in the Answer in advance of having conducted any discovery. Defendants further object that this Request calls for documents relating to matters that may be the subject of expert analysis and testimony. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents supporting their Twelfth Defense identified after a reasonable, diligent search at an appropriate time prior to the completion of fact and/or expert discovery.

**REQUEST FOR PRODUCTION NO. 57:**

All documents concerning the "FOURTEENTH DEFENSE (Truth on the Market)" Asserted in the Answer(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents." Defendants further object to the Request as premature, overbroad, and unduly burdensome to the extent it requires Defendants to identify documents concerning its Fourteenth Defense asserted in the Answer in advance of having conducted any discovery. Defendants further object that this Request calls for document relating to matters that may be the subject of expert analysis and testimony. Defendants further object to the Request to the extent it seeks information protected by

- 51 -

- 52 -

the attorney-client privilege, work-product doctrine, or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents supporting their Fourteenth Defense identified after a reasonable, diligent search at an appropriate time prior to the completion of fact and/or expert discovery.

**REQUEST FOR PRODUCTION NO. 58:**

All documents concerning the "SIXTEENTH DEFENSE (Lack of Inducement and Good Faith Conduct Under Section 20(a) of the Exchange Act)" asserted in the Answer(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents." Defendants further object to the Request as premature, overbroad, and unduly burdensome to the extent it requires Defendants to identify documents concerning its Sixteenth Defense asserted in the Answer in advance of having conducted any discovery. Defendants further object that this Request calls for documents relating to matters that may be the subject of expert analysis and testimony. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents supporting their Sixteenth Defense identified after a reasonable, diligent search at an appropriate time prior to the completion of fact and/or expert discovery.

DEFENDANTS' OBJECTIONS AND RESPONSES TO                CASE NO. 3:21-cv-01486-SI
PLAINTIFFS' FIRST SET OF RFPS

**REQUEST FOR PRODUCTION NO. 59:**

All documents concerning the "EIGHTEENTH DEFENSE (Reliance on Others)" asserted in the Answer(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents."  Defendants further object to the Request as premature, overbroad, and unduly burdensome to the extent it requires Defendants to identify documents concerning its Eighteenth Defense asserted in the Answer in advance of having conducted any discovery.  Defendants further object that this Request calls for documents relating to matters that may be the subject of expert analysis and testimony.  Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents supporting their Eighteenth Defense identified after a reasonable, diligent search at an appropriate time prior to the completion of fact and/or expert discovery.

**REQUEST FOR PRODUCTION NO. 60:**

All documents concerning the "NINETEENTH DEFENSE (Conduct of Others)" asserted in the Answer(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or

- 53 -

defenses at issue in the Action, including to the extent it seeks "[a]ll documents." Defendants further object to the Request as premature, overbroad, and unduly burdensome to the extent it requires Defendants to identify documents concerning its Nineteenth Defense asserted in the Answer in advance of having conducted any discovery. Defendants further object that this Request calls for documents relating to matters that may be the subject of expert analysis and testimony. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privileges, protections, or immunities.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents supporting their Nineteenth Defense identified after a reasonable, diligent search at an appropriate time prior to the completion of fact and/or expert discovery.

**REQUEST FOR PRODUCTION NO. 61:**

All documents concerning the "TWENTIETH DEFENSE (Contribution and/or Indemnity)" asserted in the Answer(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, fails to describe the requested documents with reasonable particularity, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action, including to the extent it seeks "[a]ll documents." Defendants further object to the Request as premature, overbroad, and unduly burdensome to the extent it requires Defendants to identify documents concerning its Twentieth Defense asserted in the Answer in advance of having conducted any discovery. Defendants further object that this Request calls for documents relating to matters that may be the subject of expert analysis and testimony. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privileges, protections, or immunities.

- 54 -

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS                          CASE NO. 3:21-cv-01486-SI

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce responsive, relevant, non-privileged documents supporting their Twentieth Defense identified after a reasonable, diligent search at an appropriate time prior to the completion of fact and/or expert discovery.

**REQUEST FOR PRODUCTION NO. 62:**

Documents sufficient to identify all Persons who received any document preservation instructions and/or litigation hold notices concerning the Action. This Request extends up to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities. Defendants further object that this Request is duplicative of information sought by Plaintiffs in interrogatories served in this Action.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

Documents sufficient to identify all Persons whose records were searched or otherwise assisted in the identification and production of documents to these document requests, *supra*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Request on the grounds that it is overly broad, not proportional to the needs of the case, and calls for the production of documents not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action. Defendants further object to the Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

- 55 -

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 63.

Dated:  January 4, 2023                           WILMER CUTLER PICKERING, HALE
                                                  AND DORR LLP

                                                  By:   *Ivan Panchenko*
                                                        Ivan Panchenko

                                                  *Attorney for Defendants Velodyne Lidar, Inc.,*
                                                  *Anand Gopalan, Andrew Hamer, James A.*
                                                  *Graf and Michael Dee*

- 56 -

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, a true and correct copy of the above and foregoing Document has been served by electronic mail upon all counsel of record.

Dated:  January 4, 2023                              By:  *Ivan Panchenko*

Ivan Panchenko

- 57 -