**K|S|F**

**KAHN SWICK & FOTI, LLC**

580 California Street, Suite 1200
San Francisco, CA 94104

TEL +1 504.455.1400
FAX +1 504.455.1498
KSFcounsel.com

NEW ORLEANS
NEW YORK
CHICAGO
NEW JERSEY
**SAN FRANCISCO**

April 13, 2023

**VIA ECF**
Hon. Susan Illston
United States District Court
Northern District of California

Ramzi Abadou
Partner – Admitted in CA
Direct: 415.231.4313
ramzi.abadou@ksfcounsel.com

RE:     *Moradpour v. Velodyne Lidar, Inc., et al.*,
        No. 3:21-cv-01486-SI (N.D. Cal.)

Dear Judge Illston:

Given Defendants' mischaracterizations in their April 12, 2023 letter brief (ECF No. 164), Plaintiffs reluctantly respond to clarify the record, and limit their response to apprise the Court of the true nature of the parties' attempts to resolve these discovery disputes.

First, despite Defendants' purported fidelity to the Court's Standing Order, Plaintiffs were forced to repeatedly ***insist*** on satisfying the Court's in-person meet and confer requirement and can produce the parties' communications to that end if so requested. Second, Plaintiffs informed Defendants ***during*** the April 5, 2023 in-person meet and confer that they would seek relief from the Court after Defendants made it clear they had no intention of supplementing their responses to Interrogatories 5-7.[1] It appears that Mr. Muck, who signed Defendants' letter brief response, but did not attend the in-person meet and confer (in person or otherwise), is, at best, mistaken about these facts. Ultimately, Mr. Muck may have been unaware that Plaintiffs specifically notified Defendants of their upcoming filing once Defendants flatly and repeatedly refused to supplement Interrogatories 5-7 during the parties' in-person meet and confer.

Either way, Defendants' claims that they were not provided notice of Plaintiffs' filing or that they had previously agreed to supplement the Interrogatories at issue here are both incorrect. Regardless, Plaintiffs are pleased that their April 11 letter brief apparently encouraged Defendants to begin living up to their discovery obligations in responding to Interrogatories 5-7. Hence, if any "admonishments" are in order, it is Defendants that should be so criticized for their April 12 letter's gamesmanship regarding the process the parties undertook for resolving these disputes.

Respectfully submitted,

*/s/ Ramzi Abadou*

Ramzi Abadou

---

[1]     While Defendants did agree to supplement their responses to 7(b) and 7(c), they maintained their refusal to provide the names of those involved in drafting specific press releases. After Plaintiffs repeatedly pressed for the names of those individuals, Defendants asserted that the parties were "at an impasse."

Kahn Swick & Foti LLC, A Louisiana Limited Liability Company · New Orleans · New York · Chicago · New Jersey

Kahn Swick & Foti LLP · San Francisco