Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Lead Counsel and Counsel for*
*Lead Plaintiffs, Diane Smith & William P. Smith*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MEYSAM MORADPOUR, et al., ) | Case No. 3:21-CV-01486-SI |
| ) | |
| Plaintiffs, ) | **LEAD PLAINTIFFS DIANE AND WILLIAM** |
| ) | **P. SMITH'S REPLY IN SUPPORT OF** |
| v. ) | **THEIR MOTION TO SOLELY WITHDRAW** |
| ) | **HER HUSBAND WILLIAM SMITH** |
| VELODYNE LIDAR, INC., et al., ) | |
| ) | **CLASS ACTION** |
| Defendants. ) | |
| ) | Judge:      Hon. Susan Illston |
| ) | Date:       May 5, 2023 |
| ) | Time:       10:00 a.m. |
| ) | Courtroom:  1 – 17th Floor |
| ) | |
| ) | |
| _____ ) | |

LEAD PLAINTIFFS' REPLY ISO MTN. TO SOLELY          CASE NO. 3:21-CV-01486-SI
WITHDRAW WILLIAM SMITH AS LEAD PLAINTIFF

## I.    INTRODUCTION

Defendants' Response to William Smith's Motion to Withdraw as Lead Plaintiff (*see* ECF No. 162 at 1) does not oppose Mr. Smith's withdrawal, seek to impose any conditions thereon, or request dismissal with prejudice to Mr. Smith's rights as an absent class member. Instead, Defendants attempt to manufacture a dispute as to Mrs. Smith's adequacy and typicality as a class member arising from Mr. Smith's disability and accompanying difficulties in sitting for a deposition. Indeed, they have never sought any written discovery concerning her status as power-of-attorney for her severely disabled husband or her ability to file suit on his behalf.

Lead Plaintiffs' Motion to withdraw Mr. Smith without conditions or prejudice is unopposed and should therefore be granted. *See Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218 (9th Cir. 2000) ("[T]he district court's order designating a lead plaintiff is not a conclusive, immutable determination of the issue. It can be revisited if circumstances warrant.").

## II.    ARGUMENT

Defendants have known since the Smiths moved for appointment as Lead Plaintiff on May 3, 2021 that Mr. Smith was paralyzed, that Mrs. Smith serves as power-of-attorney for his property interests, and that Mrs. Smith is attorney-in-fact for the couple's joint investment account. *See* ECF No. 45-4, at ¶¶ 3, 6-7. Mrs. Smith then clearly stated that "*I am* fully authorized to join this action to recover *our* investment losses from defendants' alleged violations of the federal securities laws." *Id.* at ¶ 7 (emphasis added). Defendants neither objected to the Smiths' appointment as Lead Plaintiff nor raised any concerns related to Mr. Smith's disability when the Court appointed the Smiths as Lead Plaintiffs. *See* ECF No. 65 at 4:17-20 (addressing his injury); *see also id.* at 7:19-20 (Defendants "have no position on the appointment of either the lead plaintiffs or counsel.").

Once discovery commenced, Defendants were yet again placed on notice that Mrs. Smith— and only Mrs. Smith—responded to Defendants' discovery requests on both her and her husband's behalf. *See* ECF No. 159-3, at 16 (stating that Diane Smith verified Lead Plaintiff's interrogatory responses and that she signed the Verification "individually and in her capacity as power of attorney

for William Smith"). Defendants never raised any objection to this either.[1] It is thus simply incorrect, as Defendants now suggest (*See* ECF No. 162 n.3), that the Smiths' discovery responses cannot be squared with Mr. Smith's contention that his testimony would be duplicative of his wife's.

Despite Plaintiffs' complete transparency on this issue throughout this litigation, Defendants have sought no written discovery concerning Mrs. Smith's power-of-attorney over her husband's affairs, her ability to litigate claims on his behalf, or her degree of control over the couple's joint investments. Accordingly, their suggestion that Mr. Smith's deposition is necessary to "fairly assess the issues in this case" (ECF No. 162, at 3), rather than simply burdensome and duplicative, is pure pretext.

Moreover, the record belies Defendants' claim that Plaintiffs' counsel somehow misled them to believe that Mr. Smith would sit for a deposition. Following Defendants' allusion at the March 3, 2023 Case Management Conference that they planned to depose Mr. and Mrs. Smith, Plaintiffs' counsel cleared up any possible ambiguity the very next business day. *See* ECF No. 159-4, at 1 ("As you know, Mr. Smith is severely disabled and also has genuine difficulty speaking. We therefore do not anticipate moving to have him certified as a class representative."); *In re Oxford Health Plans, Inc. Sec. Litig.*, 191 F.R.D. 369, 378-79 (S.D.N.Y. 2000) ("[t]here is no requirement found in the plain meaning of the statute that a Lead Plaintiff accept designation of class representative under Rule 23, and the statute does not provide for any specific action by the Court should it turn out after a Lead Plaintiff has been appointed; that Lead Plaintiff should on further examination . . . simply withdraw his or her expression of willingness to serve as Class Representative . . . for any reason.").

In their Motion for Class Certification, Plaintiffs then, as they previously informally informed Defendants, advanced Diane Smith as the sole class representative and attached the Smiths' power of attorney even though Defendants had never requested it (formally or otherwise). *See* ECF No. 157; *id.* at Ex. A (filed under seal). And in the Smiths' Second Joint Declaration, Mrs. Smith explained not

---

[1]    On March 27, 2023, Plaintiffs offered to expedite the briefing on this motion so it could be submitted before the date Defendants unilaterally noticed Mr. Smith's deposition. Despite their efforts to manufacture Rule 23 challenges to Mrs. Smith to avoid an accounting on the merits, Defendants tellingly ignored Plaintiffs' offer.

only that her husband's quadriplegia would cause him grave difficulty in sitting for a deposition—no matter the proposed accommodations—but also why she had to coordinate with him in choosing a date for her own deposition. As Mrs. Smith stated: "In scheduling my deposition, I coordinated with my husband to select a date that was feasible for both of us[,]" because "my husband is a quadriplegic, and I am his caregiver." ECF No. 159-2, ¶¶ 2, 5. As Mrs. Smith further explained:

> We are requesting William's withdrawal as lead plaintiff due to his quadriplegia, which renders an oral deposition deeply burdensome and potentially harmful. Given his quadriplegia, my husband also has grave difficulty breathing and speaking. Deposing William is also duplicative given that I, Diane Smith, have already agreed to sit for deposition.

*Id.* at ¶ 6. Mrs. Smith also succinctly explained that she had complete control over the couple's joint investment account and that "[t]he ultimate decision to purchase Velodyne common stock during the Class Period was mine." *Id.* at ¶¶ 7-8. Defendants therefore have no reason to insist on deposing Mr. Smith. Defendants tacitly concede as much in failing either to cite authority in support of their position or to cite, let alone distinguish, any of the cases on which Plaintiffs rely.[2]

Defendants likewise cite no authorities supporting their position that Mr. Smith may withdraw, while they "retain the right" to take his deposition. ECF No. 162, at 3. And in any event, courts routinely reject efforts to force a withdrawing plaintiff to sit for a deposition as a condition of that withdrawal. *See Senne v. Kan. City Royals Baseball Corp.*, 2016 U.S. Dist. LEXIS 88014, at *63-64 (N.D. Cal. 2016) (granting motion of two named plaintiffs, pursuant to FED. R. CIV. P. 41(a)(2) to be dismissed from a class action and refusing to require plaintiffs to sit for previously noticed depositions as a condition of their withdrawal); *Roberts v. Electrolux Home Prods.*, 2013 U.S. Dist. LEXIS 115870, at *5-6 (C.D. Cal. 2013) (holding that withdrawing plaintiffs "need not sit for a deposition **prior to withdrawal**.") (emphasis added); *Solano v. Kroger Co.*, 2022 U.S. Dist. LEXIS 140676, at *20 (D. Or. 2022) ("conditioning dismissal on depositions is unwarranted.").[3]

---

[2]    Mrs. Smith is scheduled to be deposed *via* Zoom on April 20, 2023.

[3]    Even if Defendants were correct—contrary to Plaintiffs' cited authority—that FED. R. CIV. P. 21 rather than 41(a)(2) governed the withdrawal of Mr. Smith in this circumstance (*see* ECF No. 162,

Similarly, there is no basis for permitting withdrawal of a named plaintiff and nevertheless requiring the already withdrawn plaintiff to sit for a deposition *after* withdrawal. *See, e.g.*, *Sun Gon Kang v. Credit Bureau Connection, Inc.*, 2022 U.S. Dist. LEXIS 201837, at *5 (E.D. Cal. 2022) (collecting cases and noting that "district courts in this circuit have consistently held that 'discovery of absent class members is ordinarily not permitted in class actions.'") (quotations omitted). Mr. Smith should thus be permitted to withdraw without conditions or prejudice to his claims as an absent class member.

Finally, to the extent that Defendants manufacture a controversy about Mrs. Smith's status as a typical and adequate class representative, their argument fails.[4] By analogy, and under well-established precedent, even an institutional investor whose investment decisions depended on advice from a financial advisor can be a typical and adequate class representative. *See, e.g.*, *In re Providian Fin. Corp. Sec. Litig.*, 2004 U.S. Dist. LEXIS 31107, at *12-13 (N.D. Cal. 2004) (explaining that "institutional investors are likely to use advisors[.] . . . Making careful investment decisions does not disqualify an investor from representing a class of defrauded investors or from relying on the presumption of reliance that is ordinarily available.") (cleaned up). Hence, even if Mrs. Smith had consulted with Mr. Smith before deciding to invest in Velodyne, such consultation would in no way call her adequacy or typicality as a class representative into question. If an institutional investor is permitted to outsource investment decisions to its financial advisor while remaining typical and adequate, then it would be absurd if one person in a married couple would somehow become atypical or inadequate because she happened to discuss an investment decision with her husband. And the relationship between the Smiths is, without question, far closer than that between an institutional investor and its financial advisor.

---

at 1 n.1), applying Rule 21 would not alter the outcome here. *See* Rule 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Defendants' effort is also reminiscent of their previous failed effort to recast Plaintiffs' Motion to Clarify and/or Amend (ECF No. 124) as a, "improper" motion for reconsideration (ECF No. 125 at 1). *See* ECF No. 130 at 3-4.

[4]    In any event, Defendants concede as they must that Mrs. Smith's adequacy and typicality is not before the Court at this time. ECF No. 162 at 3.

III.   **CONCLUSION**

For the foregoing reasons, William Smith should be permitted to withdraw as a lead plaintiff without prejudice to his ability to remain a member of the putative class.

Dated: April 17, 2023                                  Respectfully submitted,

**KAHN SWICK & FOTI, LLP**

By:   *s/ Ramzi Abadou*
Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
Alexander L. Burns
(admitted *pro hac vice*)
James Fetter
(admitted *pro hac vice*)
Alexandra Pratt (to seek *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 960
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
james.fetter@ksfcounsel.com
alexandra.pratt@ksfcounsel.com

*Lead Counsel and Counsel for Lead Plaintiffs,*
*Diane Smith & William P. Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Ramzi Abadou*
RAMZI ABADOU

## Mailing Information for a Case 3:21-cv-01486-SI Moradpour v. Velodyne Lidar, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **William Zachary Brenc**
  william.brenc@wilmerhale.com,william-brenc-3258@ecf.pacerpro.com,barbara.palomo@wilmerhale.com,whdocketing@wilmerhale.com

- **Alexander Louis Burns**
  alexander.burns@ksfcounsel.com

- **Robert Donoghue**
  robert.donoghue@wilmerhale.com

- **James Thomas Fetter**
  james.fetter@ksfcounsel.com

- **Tamar Kaplan-Marans**
  tamar.kaplan-marans@wilmerhale.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Sarah E. Maciel**
  Sarah.Maciel@wilmerhale.com

- **Kevin Peter Muck**
  Kevin.Muck@wilmerhale.com,whdocketing@wilmerhale.com,joann.ambrosini@wilmerhale.com,lindy.patrick@wilmerhale.com

- **Susan Samuels Muck**
  susan.muck@wilmerhale.com,whdocketing@wilmerhale.com,susan-muck-3159@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kperez@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,abarbosa@pomlaw.c

- **Ivan Panchenko**
  ivan.panchenko@wilmerhale.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Brian Jared Schall**
  brian@schallfirm.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)