UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>VELODYNE LIDAR, INC., *et al.*,<br><br>Defendants. | Case No. 21-cv-01486-SI<br><br>**ORDER RE: DISCOVERY**<br><br>Re: Dkt. Nos. 163-165 |

The parties have submitted two discovery disputes to the Court. During the course of briefing, the dispute regarding plaintiffs' interrogatories became moot.[1] The remaining dispute concerns plaintiffs' requests for production of documents Nos. 30, 31 and 34. Those requests seek:

> 30. All documents and communications between You and the Halls concerning Velodyne's revenue projections.
>
> 31. All documents and communications between You and the Halls concerning Velodyne's internal controls.
>
> 34. All documents and communications concerning: (i) Velodyne's loss of customers and/or cancellation of customer contracts; (ii) Velodyne's intellectual property theft by Velodyne's competitors; and (iii) the departure of research and development personnel from Velodyne.

Abadou Decl. Ex. B.

Plaintiffs argue that these document requests are relevant to their claim that defendants made false and misleading statements about David Hall's continued involvement in the company because the documents relate to the reasons for Hall's eventual ouster (and the Halls' claim that the ouster

---

[1] The parties' letter briefs accuse each other of failing to comply with this Court's standing order regarding discovery and/or failing to meet and confer in good faith. As the Court noted at the May 3 hearing regarding the withdrawal of Mr. Smith as a named plaintiff, the Court finds the tenor of these recent filings troubling, and ultimately unproductive. Counsel are strongly urged to cooperate civilly with each other and to adhere to the letter and spirit of the Court's standing order regarding discovery.

was retaliation for David and Marta Hall raising concerns about the issues specified in Requests 30, 31 and 34). Defendants assert that the requests are overbroad and burdensome and they state that applying plaintiffs' proposed search terms to Request No. 30 alone returned nearly 300,000 hits across the relevant ESI data for agreed-upon custodians. In their letter brief, defendants offer to produce documents sufficient to show concerns or complaints expressed by David and Marta Hall, if any, to the Individual Defendants or the Velodyne Board regarding the topics specified in Request Nos. 30, 31 and 34. Defendants also request that if the Court orders production of documents, that the parties engage in further meet and confer over appropriate search terms.

The Court agrees with plaintiffs that the information sought could be relevant to plaintiffs' remaining claim, and also finds that defendants' proposal is reasonable. The parties shall meet and confer about how to narrow the search to discover documents and communications regarding concerns or complaints expressed by the Halls to any of the individual defendants or the Velodyne Board about topics specified in Request Nos. 30, 31 and 34.

**IT IS SO ORDERED**.

Dated: May 4, 2023

_____
SUSAN ILLSTON
United States District Judge