# EXHIBIT A

KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000; Facsimile: (628) 235-1001

TAMAR KAPLAN-MARANS (admitted *pro hac vice*)
tamar.kaplan-marans@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800; Facsimile: (212) 230-8888

IVAN PANCHENKO (admitted *pro hac vice*)
ivan.panchenko@wilmerhale.com
ROBERT DONOGHUE (admitted *pro hac vice*)
robert.donoghue@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000; Facsimile: (617) 526-5000

Attorneys for Defendants
*Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer,*
*James A. Graf and Michael Dee*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN, <br><br> Defendants. | Case No. 3:21-CV-01486-SI <br><br> **DEFENDANTS' OBJECTIONS AND RESPONSES TO LEAD PLAINTIFF'S SECOND SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules of the U.S. District Court for the Northern District of California, Defendants Velodyne Lidar, Inc. ("Velodyne" or the "Company"), Anand Gopalan, Andrew Hamer, James A. Graf, and Michael Dee ("Individual Defendants" and, together with Velodyne, "Defendants"), by and through their undersigned attorneys, Wilmer Cutler Pickering Hale and Dorr LLP, hereby respond and object to Lead Plaintiff's ("Plaintiff") Second Set of Interrogatories to Defendants (the "Interrogatories") served on May 1, 2023 in the above-captioned action (the "Action") as follows:

## PRELIMINARY STATEMENT

1. Any response by Defendants to the Interrogatories, notwithstanding any objections, is not a concession, and shall not be construed as an admission, that the Interrogatory or information provided in response thereto is relevant. Further, in responding to the Interrogatories, Defendants do not thereby waive, and expressly reserve, the following: all evidentiary objections as to form; all objections based on burden; all objections Defendants may have to the use of the information at trial; the right to supplement their objections and responses; the right to object on any applicable ground at any time to any demand for further responses to any Interrogatory or to any other discovery procedures involving or relating to the subject matter of the Interrogatories; and all other applicable objections, rights, privileges, and protections afforded to them under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California (including the E-Discovery (ESI) Guidelines) ("Local Rules"), the Standing Orders of this Court, the Stipulated Protocol Regarding Electronically Stored Information and Order executed by the parties and entered in this Action on December 22, 2022 (ECF No. 146) ("Stipulated ESI Protocol"), and/or any other applicable rules, statutes, or agreements.

2. Defendants have not completed discovery of the facts relating to the Action. The following responses are based upon information known at this time. Defendants reserve the right to revise, supplement, correct, or clarify any of their responses as necessary or appropriate.

## GENERAL OBJECTIONS

3. Defendants make the following General Objections to each and every Definition, Instruction, and Interrogatory, and these General Objections are hereby incorporated into

- 2 -

Defendants' response to each and every Interrogatory.  These General Objections, the Objections to Definitions and Instructions, the Objections to the Purported Relevant Time Period, and the objections to each Interrogatory may be referred to collectively herein as the "Objections."  To the extent that any of the General Objections are not raised in any particular response, Defendants do not waive those objections.

4. Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks to impose obligations upon Defendants that are broader than or inconsistent with the obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, the Standing Orders of this Court, the Stipulated ESI Protocol, and/or any other applicable rules, statutes, or agreements.

5. Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks information not in the possession, custody, or control of Defendants. Defendants' responses herein are limited to information within their possession, custody, or control.

6. Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity as provided by any applicable law.  Defendants do not intend to disclose such privileged or protected information.  Defendants' inadvertent disclosure of any such information is not to be deemed a waiver of any privilege or protection, and Defendants expressly reserve the right to object to the introduction at trial or any other use of such information that may be inadvertently disclosed.

7. Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks information protected by the rights to privacy of Defendants and/or third parties.  Any inadvertent disclosure of such information will not be deemed a waiver of any such right.

8. Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks disclosure of confidential or proprietary information, trade secrets, or other

- 3 -

confidential research, development, financial, or commercial information of Defendants or third parties.

9.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it is vague and ambiguous, fails to describe the information sought with the required reasonable particularity, or is so unintelligible that Defendants cannot respond.  This failure to describe information sought with reasonable particularity would impermissibly require Defendants to speculate as to the information Plaintiff seeks.  Defendants further object to each Interrogatory insofar as it refers to information unknown to Defendants.

10.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent it is overbroad, unduly burdensome, and/or oppressive, including to the extent that the Interrogatories are cumulative or duplicative of each other.

11.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks discovery that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  To the extent that information is provided in response to these Interrogatories, it will be limited to information sufficient to show matters that are appropriately discoverable and proportionate to the needs of the Action.

12.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it is compound, complex, or seeks information not relevant to the subject matter of the Action, or to any claims or defenses at issue in the Action.  In particular, Interrogatory No. 9 is compound and, pursuant to Federal Rule of Civil Procedure 33(a)(1), consists of three discrete subparts.  To date, Plaintiff has served fourteen Interrogatories on Defendants in total, inclusive of subparts.

13.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it seeks information that is already in Plaintiff's possession or is equally available to Plaintiff from other sources that are more convenient, less burdensome, or less expensive,

- 4 -

including information that is publicly available, on the grounds that such Definitions, Instructions, and/or Interrogatories seek to require more of Defendants than any obligation imposed by law, would subject Defendants to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Defendants obligations and burdens that are not proportional to the needs of the case.

14.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent that it calls for a legal conclusion in connection with the identification of potentially responsive information.  Defendants' responses to the Interrogatories shall not be construed as agreement with or the provision of any legal conclusion concerning the meaning or application of any terms used in such Interrogatories.  Defendants further object to each Interrogatory insofar as it is premature at this stage of the litigation, when discovery is ongoing and the record has not yet been fully developed.

15.    Defendants object to each and every Definition, Instruction, and Interrogatory to the extent it seeks to impose any continuing duty to supplement or provide further responses, or otherwise seeks to impose on Defendants discovery obligations exceeding or inconsistent with the scope of the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.

16.    Defendants object to each and every Instruction, Definition, and Interrogatory to the extent that it does not specify a reasonable time period, particularly in light of the claims that have been dismissed by the Court and the limitations on the scope of the remaining claims in this case.

17.    The following specific objections and responses are subject to each of the General Objections.  By setting forth specific objections, Defendants do not intend to limit or waive the General Objections.  Defendants incorporate the General Objections into their responses to each of the Interrogatories, inclusive of any and all subparts.  To the extent that Defendants respond to the Interrogatories, any stated objections are not waived by providing responses.  Defendants' failure to object on a particular ground shall not be construed as a waiver of Defendants' rights to object on any additional ground.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

18.    Defendants incorporate by reference the Objections to Definitions and Instructions set forth in their Objections and Responses to Lead Plaintiffs' First Set of Interrogatories, served on January 23, 2023, as if fully stated herein.

19.    Defendants object to the definitions of the term "Joele Frank" as overbroad, unduly burdensome, and vague and ambiguous, especially inasmuch as it purports to include "attorneys" and "other agents acting on its behalf." Defendants further object to the definition to the extent that the inclusion of the term "attorneys" seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities. In responding to the Interrogatories, Defendants will not disclose information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

20.    Defendants object to the definitions of the terms "Velodyne" and the "Company" as overbroad, unduly burdensome, and vague and ambiguous, especially inasmuch as they purport to include "practice groups, departments, affiliates, . . . and joint ventures," and "principals, . . . representatives, agents, attorneys, and advisors (and all other individuals acting or purporting to act on its behalf)." Defendants further object to the definitions to the extent that the inclusion of the term "attorneys" seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities. To the extent possible, Defendants will construe the terms in these definitions in accordance with their ordinary and accepted meanings.

21.    Defendants object to the definition of "Audit Committee Investigation" on the grounds that as used, including by use of the term "purported," it is vague and ambiguous. In these responses, unless otherwise specified, Defendants shall construe the term "Audit Committee Investigation" to refer to the investigation conducted by the independent Audit Committee of Velodyne's Board of Directors referred to in the Company's February 22, 2021 filing on Form 8-K.

- 6 -

DEFENDANTS' OBJECTIONS AND RESPONSES
TO PLAINTIFF'S SECOND SET OF ROGS

CASE NO. 3:21-cv-01486-SI

22.    Defendants object to the definitions of the terms "Communicate" and "Communication" as overbroad, unduly burdensome, and vague and ambiguous.  Defendants further object on the grounds that a response based on Plaintiff's definitions would be unduly disruptive to Defendants, would be cumulative and duplicative of other information disclosed, and would cause Defendants to incur costs disproportionate to Plaintiff's need for the information. Defendants further object to the extent that the definitions encompass information that is not relevant and/or not readily accessible through reasonable means.  Defendants further object to the definitions to the extent they exceed the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol. Defendants further object that the inclusion of the phrases "of any nature whatsoever," "potential or actual," and "other understandings between two or more persons" renders the definitions overbroad, unduly burdensome, and vague and ambiguous.  To the extent possible, Defendants will construe the terms in those definitions in accordance with their ordinary and accepted meanings.

23.    Defendants object to the definitions of the terms "Concern" and "Concerning" as overbroad, unduly burdensome, and vague and ambiguous.  To the extent possible, Defendants will construe the terms in those definitions in accordance with their ordinary and accepted meanings.

24.    Defendants object to the definition of "Document" as overbroad, unduly burdensome, and vague and ambiguous.  Defendants further object on the grounds that a response based on Plaintiff's definition would be unduly disruptive to Defendants, would be cumulative and duplicative of other information disclosed, and would cause Defendants to incur costs disproportionate to Plaintiff's need for the information.  Defendants further object to the extent that the definition encompasses information that is not relevant and/or not readily accessible through reasonable means.  Defendants further object to the definition to the extent it exceeds the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.  Defendants will construe the term

"Document" in accordance with its ordinary and accepted meaning and the Federal Rules of Civil Procedure.

25.    Defendants object to the definitions of the terms "You" and "Your" on the grounds that inclusion of the phrase "agent, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, or representative of any Defendant other person(s) purporting to act on behalf of any Defendant" renders the definitions overbroad, unduly burdensome, and vague and ambiguous. Defendants further object to the definitions to the extent they purport to impute to Defendants any knowledge of persons or entities falling within the scope of the terms as Plaintiff has defined them, or imposes duties to ascertain the identity, existence, or relationships of or among any of the persons or entities listed or defined. Defendants further object to the definitions to the extent they purport to suggest or presume a specific legal relationship between Defendants and any individual. Defendants further object to the definitions to the extent that the inclusion of the term "attorneys" seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.

26.    Defendants object to Instructions 1 through 7 to the extent that they seek to impose discovery obligations on Defendants that exceed or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, the Stipulated ESI Protocol, and/or any other applicable rules, statutes, or agreements. To the extent that information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities is withheld from Defendants' responses to the Interrogatories, Defendants will follow the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and the Stipulated ESI Protocol. To the extent that Defendants are unable to fully answer any of the Interrogatories, Defendants will follow the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, the Standing Orders of this Court, and the Stipulated ESI Protocol.

27.    Defendants object to Instructions 5 to the extent it imposes any continuing duty to supplement or provide further responses, or otherwise seeks to impose on Defendants discovery obligations exceeding or inconsistent with the scope of the Federal Rules of Civil Procedure, the

- 8 -

Local Rules, the Standing Orders of this Court, and/or the Stipulated ESI Protocol.  Defendants reserve the right to revise, supplement, withdraw, or modify these responses in accordance with the Federal Rules of Civil Procedure and Local Rules.

### OBJECTION TO PURPORTED RELEVANT TIME PERIOD

28.     Defendants object to the so-called Relevant Time Period as overbroad, unduly burdensome, and beyond the proper scope of discovery.  Defendants further object to the Relevant Time Period to the extent it exceeds the period at issue in the CAC and seeks information that is not relevant.  Unless otherwise stated or agreed, or as the context otherwise dictates, Defendants' responses will cover the period of January 1, 2020 through July 23, 2021.

### SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 9:**

Identify all facts and documents which support your denial of Lead Plaintiffs' First Set of Requests for Admission Nos. 44-46.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants incorporate herein each of the foregoing Objections.  Defendants further object to the Interrogatory on the grounds that it is overly broad and unduly burdensome.  Defendants further object to the Interrogatory on the grounds that it is compound and, pursuant to Federal Rule of Civil Procedure 33(a)(1), consists of three discrete subparts, seeking identification of "all facts and documents which support" Defendants' denial of Lead Plaintiffs' Requests for Admission Nos. 44, 45, and 46, respectively.  Defendants further object to the Interrogatory in the grounds that the documents in question, Velodyne's press release filed with the SEC on Form 8-K on January 7, 2021 and current report filed with the SEC on Form 8-K on January 13, 2021, speak for themselves.  Defendants further object to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities.  Defendants further object to the Interrogatory on the grounds that it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

- 9 -

- Defendants deny Request for Admission 44, because it asks Defendants to admit something that is not accurate. Velodyne did not retain Keker for the purposes of conducting the Audit Committee Investigation. Rather, the independent Audit Committee of Velodyne's Board of Directors retained Keker for the Audit Committee Investigation. *See* VLDR_SL_000002528.

- Defendants deny Request for Admission No. 45 because it asks Defendants to admit something that is inaccurate, and because the Request is vague and ambiguous given the factual context. The use of the term "disclose" in Request for Admission No. 45 necessarily suggests that there was some fact with respect to the Audit Committee Investigation that Velodyne had an obligation to include in its January 7, 2021 press release and Form 8-K. As of January 7, 2021, the Audit Committee Investigation was ongoing, and there was nothing that Velodyne was required to or could say publicly with respect to the Audit Committee Investigation at that time, given the nature and status of the Investigation as of that date. *See, e.g.*, *In re Yahoo! Inc. Sec. Litig.*, 2012 WL 3282819, at *22 (N.D. Cal. Aug. 10, 2012) (proper for corporations to "tak[e] time to investigate a situation prior to disclosing [it] to the investing public"); *Constr. Laborers Pens. Tr. for S. Cal. v. CBS Corp.*, 433 F. Supp. 3d 515, 536-38 (S.D.N.Y. 2020) ("it would have been strange – and irresponsible – for CBS to publicly predict the outcome of its independent investigation into [the CEO and Chairman] before the investigation was complete or to disclose that [he] was at risk of being ousted"). In any event, the document in question (Velodyne's press release, attached to the Form 8-K filed with the SEC on January 7, 2021) speaks for itself.

- Defendants deny Request for Admission No. 46 because it asks Defendants to admit something that is inaccurate, and because the Request is vague and ambiguous given the factual context. The use of the term "disclose" in Request for Admission No. 46 necessarily suggests that there was some fact with respect to the Audit Committee Investigation that Velodyne had an obligation to include in its January 13, 2021 Form 8-K. As of January 13, 2021, the Audit Committee Investigation was

- 10 -

ongoing, and there was nothing that Velodyne was required to or could say publicly with respect to the Audit Committee Investigation at that time, given the nature and status of the Investigation as of that date. *See, e.g.*, *In re Yahoo! Inc. Sec. Litig.*, 2012 WL 3282819, at \*22 (N.D. Cal. Aug. 10, 2012) (proper for corporations to "tak[e] time to investigate a situation prior to disclosing [it] to the investing public"); *Constr. Laborers Pens. Tr. for S. Cal. v. CBS Corp.*, 433 F. Supp. 3d 515, 536-38 (S.D.N.Y. 2020) ("it would have been strange – and irresponsible – for CBS to publicly predict the outcome of its independent investigation into [the CEO and Chairman] before the investigation was complete or to disclose that [he] was at risk of being ousted"). In any event, the document in question (January 13, 2021 Form 8-K filing) speaks for itself.

**INTERROGATORY NO. 10:**

Identify and describe in full all communications concerning the Audit Committee Investigation between You and Joele Frank, including the date of such communications, the people who participated in such communications, the medium of communication (e.g., email, telephone, in person), and the contents of such communications. If you contend that any such communications are privileged, provide all grounds for this contention.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendants incorporate herein each of the foregoing Objections. Defendants further object to the Interrogatory on the grounds that it is overly broad and unduly burdensome, particularly because in light of Plaintiff's request to identify oral communications and because this Interrogatory is duplicative of document requests Plaintiff previously served on Defendants. Defendants further object to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privileges, protections, or immunities. Defendants further object to the Interrogatory as premature at this stage of the litigation, when discovery is ongoing and the record has not yet been fully developed.

- 11 -

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants interpret this interrogatory to seek communications between Joele Frank and the Company or its agents that occurred on or prior to the public issuance of Velodyne's press release regarding the Audit Committee Investigation, attached to the Form 8-K that Velodyne filed with the SEC on February 22, 2021. Many of the communications between Joele Frank and the Company or its agents are protected from discovery by the attorney-client privilege, the work product doctrine, and other applicable privileges, protections, or immunities. Defendants therefore direct Plaintiff to the privilege log(s) that will be produced in this Action in connection with Defendants' production of documents in response to Plaintiff's requests for production, and Joele Frank's production of documents in response to Plaintiff's subpoena. Pursuant to Federal Rule of Civil Procedure 33(d), Defendants further direct Plaintiff to documents that have been and will be produced in this Action, both by Defendants and by Joele Frank, from which the response to this Interrogatory may be equally ascertained, including, but not limited to, JF_000131, JF_000133, JF_000134, JF_000137, JF_000138, JF_000139, JF_000140, JF_000141, JF_000142, JF_000144, JF_000146, JF_000262, JF_000263, JF_000288, JF_000332, JF_000334, JF_000338, JF_000339, JF_000355, JF_001157, JF_001159, JF_003060, JF_003073, JF_003076, JF_003079, JF_003080, JF_003082, JF_003084, JF_003086, JF_004177, JF_0004180, JF_004182, JF_004184, JF_004187, JF_004191, and JF_004532. In addition, Joele Frank orally discussed the Audit Committee investigation with one or more of Defendants and/or Keker on numerous occasions on or prior to February 22, 2021, including on the following dates: February 6, 2021; February 7, 2021; February 8, 2021; February 15, 2021; February 17, 2021; February 18, 2021; February 19, 2021; February 20, 2021; February 21, 2021; February 22, 2021.

- 12 -

Dated:  June 14, 2023

WILMER CUTLER PICKERING, HALE AND DORR LLP

By:    */s/ William Z. Brenc*
          William Z. Brenc

*Attorneys for Defendants Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer, James A. Graf and Michael Dee*

- 13 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2023, a true and correct copy of Defendants' Objections and Responses to Lead Plaintiff's Second Set of Interrogatories has been served by electronic mail upon all counsel of record.

Dated:  June 14, 2023                              By:    */s/ Joshua A. Vittor*

- 14 -

DEFENDANTS' OBJECTIONS AND RESPONSES                              CASE NO. 3:21-cv-01486-SI
TO PLAINTIFF'S SECOND SET OF ROGS

- 5 -

## **VERIFICATION**

I, Michael Dee, declare:

I am a party to this action.  I hereby certify that I have read Defendants' Objections and Responses to Lead Plaintiff's Second Set of Interrogatories and know the contents thereof.  I believe, based on reasonable inquiry, that the answers therein are true and correct to the best of my present knowledge, information and belief, subject to correction or supplementation as needed based on further information that may come to my attention.

I declare under penalty of perjury that the foregoing is true and correct this 13th day of June 2023.

_____
Michael Dee

IND. DEFENDANTS' VERIFICATIONS OF
RESPONSES TO PLAINTIFF'S ROGS, SET TWO

CASE NO. 3:21-cv-01486-SI

**VERIFICATION**

I, Anand Gopalan, declare:

I am a party to this action. I hereby certify that I have read Defendants' Objections and Responses to Lead Plaintiff's Second Set of Interrogatories and know the contents thereof. I believe, based on reasonable inquiry, that the answers therein are true and correct to the best of my present knowledge, information and belief, subject to correction or supplementation as needed based on further information that may come to my attention.

I declare under penalty of perjury that the foregoing is true and correct this _____ day of June 2023.



DocuSigned by:

39EBFD334969495...

_____

Anand Gopalan

- 2 -

**VERIFICATION**

I, James A. Graf, declare:

I am a party to this action.  I hereby certify that I have read Defendants' Objections and Responses to Lead Plaintiff's Second Set of Interrogatories and know the contents thereof.  I believe, based on reasonable inquiry, that the answers therein are true and correct to the best of my present knowledge, information and belief, subject to correction or supplementation as needed based on further information that may come to my attention.

6/14/2023

I declare under penalty of perjury that the foregoing is true and correct this ____ day of June 2023.

*James Graf*

_____
James A. Graf

- 4 -

**VERIFICATION**

I, Andrew Hamer, declare:

I am a party to this action. I hereby certify that I have read Defendants' Objections and Responses to Lead Plaintiff's Second Set of Interrogatories and know the contents thereof. I believe, based on reasonable inquiry, that the answers therein are true and correct to the best of my present knowledge, information and belief, subject to correction or supplementation as needed based on further information that may come to my attention.

I declare under penalty of perjury that the foregoing is true and correct this 13th day of June 2023.

*Andrew Hamer*
_____
Andrew Hamer

- 3 -

IND. DEFENDANTS' VERIFICATIONS OF                    CASE NO. 3:21-cv-01486-SI
RESPONSES TO PLAINTIFF'S ROGS, SET TWO