KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000; Facsimile: (628) 235-1001

TAMAR KAPLAN-MARANS (admitted *pro hac vice*)
tamar.kaplan-marans@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800; Facsimile: (212) 230-8888

IVAN PANCHENKO (admitted *pro hac vice*)
ivan.panchenko@wilmerhale.com
ROBERT DONOGHUE (admitted *pro hac vice*)
robert.donoghue@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000; Facsimile: (617) 526-5000

*Attorneys for Defendants*
*Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer,*
*James A. Graf and Michael Dee*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>     vs.<br><br>VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN,<br><br>                       Defendants. | Case No.  3:21-CV-01486-SI<br><br>**DEFENDANTS AND NON-PARTY JOELE FRANK'S JOINT STATEMENT IN SUPPORT OF LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:     Hon. Susan Illston |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Defendants Velodyne Lidar, Inc. ("Velodyne" or the "Company"), Anand Gopalan, Andrew Hamer, James A. Graf, and Michael Dee (together, "Defendants") and non-party Joele Frank, Wilkinson Brimmer Katcher ("Joele Frank") respectfully submit this Joint Statement in Support of Lead Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 195). Lead Plaintiff's motion is narrowly tailored to seal only portions of the parties' Joint Submission (ECF No. 196) that reference, rely on, or quote from documents produced by Velodyne or Joele Frank that have been designated as "Confidential" pursuant to the Stipulated Protective Order (ECF No. 144).

While "[c]ourts generally apply a 'compelling reasons' standard when considering motions to seal documents," *Int'l Swimming League, Ltd. v. Fed'n Internationale de Natation*, 2021 WL 624172, at *1 (N.D. Cal. Jan. 19, 2021), the Ninth Circuit has "carved out an exception for sealed materials attached to a discovery motion" and other non-dispositive motions. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (internal quotation marks and citation omitted). "Under this exception, a party need only satisfy the less exacting 'good cause' standard" to succeed on motion to seal. *Id.*; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions."). Courts apply this "good cause" standard where a "motion to seal concern[s] information disclosed in connection with a discovery dispute" and "does not address the merits of the underlying claims or defenses." *Netlist, Inc. v. Montage Tech., Inc.*, 2023 WL 2940177, at *1 (N.D. Cal. Mar. 1, 2023); *see Int'l Swimming League*, 2021 WL 624172, at *1 ("good cause" standard applies to request "to seal excerpts from the parties' [case management] [s]tatement" where such statement is "discovery-related"). Because the parties' Joint Submission is a "discovery dispute" and "does not address the merits of the underlying claims or defenses" in the case, the "good cause" standard applies here. *Netlist*, 2023 WL 2940177, at *1.

The Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "Disclosure of information

- 2 -

that 'might harm a litigant's competitive standing' generally meet[s] the" more stringent "compelling reasons standard for sealing." *Williams v. Apple, Inc.*, 2021 WL 2476916, at *3 (N.D. Cal. June 17, 2021) (quoting *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). "Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019).  Further, it has been held that "[g]ood cause exists to seal excerpts that cite or reference contractual provisions" where disclosure of such information would cause the contracting parties to "be harmed in future negotiations." *Int'l Swimming League*, 2021 WL 624172, at *1-2; *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014) (good cause exists to seal documents containing "sensitive information regarding … technical aspects of licensing agreements and unique material terms" as "public disclosure of this information would harm [Plaintiff] by adversely affecting its future negotiations of licenses").

The portions of the Joint Submission that should be sealed are those which reference, rely on, or quote from highly sensitive, confidential documents produced by Velodyne or Joele Frank. These documents include (1) material contractual provisions of an agreement between Velodyne's Audit Committee and its counsel, Keker, Van Nest & Peters LLP ("Keker"); (2) material provisions of an agreement between Keker and Joele Frank, which was entered into in furtherance of Keker's representation of Velodyne's Audit Committee; and (3) documents reflecting Joele Frank's proprietary operations and business practices.  Consistent with the sensitive and confidential nature of such documents, they have been designated as "Confidential" under the Stipulated Protective Order.

Each of the documents at issue, particularly Keker's agreement with Velodyne's Audit Committee, contain confidential information pertaining to Velodyne's business, strategies, personnel issues, legal matters, and corporate governance.  Permitting such information to be made available to the public (including, but not limited to, the Velodyne's competitors) could severely

- 3 -

harm the Company, its business, its compliance processes, its competitive position, its ability to encourage reporting of issues and concerns through its reporting channels, and its ability to recruit and retain personnel. *See J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*, 2014 WL 12769806, at *1-2 (D. Nev. May 20, 2014) (sealing "propriety and confidential information about the internal governance of Plaintiffs' business" under "compelling reasons" standard); *see Barnes v. Hershey Co.*, 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015) (sealing, under the compelling reasons standard, documents "contain[ing] confidential and private information about Hershey's business strategy" including its "organization structure"). In addition, Joele Frank's agreement with Keker contains sensitive, confidential, and material contractual provisions utilized in its engagement with a client; the disclosure of such information would severely disadvantage Joele Frank in future negotiations with others, and would thereby harm its competitive standing. *See Int'l Swimming League*, 2021 WL 624172, at *1-2; *Digital Reg of Texas*, 2014 WL 6986068, at *1. Lastly, the documents to be sealed reflect "confidential business and propriety information relating to the operations of" Joele Frank, including its professional judgement and strategies deployed in carrying out its agreement with Keker. *Smith v. Keurig Green Mountain, Inc.*, 2020 WL 5630051, at *11 (N.D. Cal. Sept. 21, 2020) ("good cause" exists to seal documents that "contain confidential business and proprietary information relating to the operations of Defendant"). If such information were made publicly available to competitors and others, Joele Frank's competitive standing would be harmed. *See id.*

As demonstrated above, these documents contain precisely the sorts of confidential information that courts have permitted to file under seal, and which would injure both Velodyne and Joele Frank if publicly disclosed. The proposed redactions to the Joint Submission are carefully limited to cover only portions that directly reference, quote, or rely on such information. For these reasons, Defendants and Joele Frank respectfully request that the Court seal portions of the Joint Submission as indicated in the chart below and in the proposed order submitted by Plaintiffs:

- 4 -

| Joint Submission Page, Paragraph | Requested Redactions |
|---|---|
| Page 6, last complete paragraph | Text immediately following "*The retainer agreement between Keker and Joele Frank was entered into*" and preceding "*JF_000471.*" |
| Page 7, first complete paragraph | Text immediately following "*As explained below, Defendants cannot do so particularly given that*" and preceding "*. ").*", excluding "*See* JF_005227 (redacted email", "*JF_005253-54 (redacted internal*", "*containing*", and "*and beginning with*" |
| Page 9, third complete paragraph | Text immediately following "*Among the purposes for which the Audit Committee retained Keker was to provide*" and preceding "*VLDR_SL_000002528.*" |
| Page 9, fourth complete paragraph | Text immediately following "*(See https://www.joelefrank.com/.)*" and preceding "*JF_000471.*" |

Dated: July 26, 2023

WILMER CUTLER PICKERING, HALE AND DORR LLP

By:    */s/ Kevin P. Muck*
         Kevin P. Muck

*Attorneys for Defendants Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer, James A. Graf and Michael Dee*

Dated: July 26, 2023

DAVIS+GILBERT LLP

By:    */s/ Marc J. Rachman*
         Marc J. Rachman

*Attorneys for Non-Party Joele Frank, Wilkinson Brimmer Katcher*

**CERTIFICATION**

I, Kevin P. Muck, am the ECF user whose ID and password are being used to file this DEFENDANTS AND NON-PARTY JOELE FRANK'S JOINT STATEMENT IN SUPPORT OF LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each other signatory has concurred in this filing.


Dated: July 26, 2023                          /s/ *Kevin P. Muck*
                                             Kevin P. Muck

DEFS AND JOELE FRANK'S JOINT STATEMENT                          CASE NO. 3:21-cv-01486-SI
ISO PLFS' ADMIN MOTION TO SEAL