Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Class Counsel and Counsel for
Class Representative, Diane Smith*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MEYSAM MORADPOUR, et al., ) | Case No. 3:21-CV-01486-SI |
| ) | |
| Plaintiffs, ) | **LEAD PLAINTIFF'S OPPOSITION TO** |
| ) | **DEFENDANTS AND NON-PARTY JOELE** |
| ) | **FRANK'S JOINT STATEMENT IN** |
| v. ) | **SUPPORT OF LEAD PLAINTIFF'S** |
| ) | **ADMINISTRATIVE MOTION TO** |
| VELODYNE LIDAR, INC., et al., ) | **CONSIDER WHETHER ANOTHER** |
| ) | **PARTY'S MATERIAL SHOULD BE** |
| Defendants. ) | **SEALED** |

**CLASS ACTION**

Judge:        Hon. Susan Illston
Courtroom:   1 – 17th Floor

PLAINTIFF'S OPPOSITION TO DEFENDANTS' AND
JOELE FRANK'S STMT. IN SUPPORT OF ADMIN.
MTN. TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED

CASE NO. 3:21-CV-01486-SI

The parties' Joint Submission to resolve two discovery disputes (ECF No. 196; "Joint Submission") included a few quotations from certain materials which Defendants and their non-party public relations firm Joele Frank (the "Producing Parties") designated as "CONFIDENTIAL." Under the Protective Order, Lead Plaintiff was required to file an administrative motion to consider whether those portions of the Joint Submission should remain under seal. *See* ECF No. 144 at § 9; *see also* Civil L.R. 79-5(f). The Producing Parties supported the administrative motion. ECF No. 200. As set forth herein, however, the limited redacted portions of the Joint Submission do not warrant sealing.

It is axiomatic that "[t]he public has a right of access to the Court's files." Civil L.R. 79-5(a); *Kamakana v. City & Cnty. of Honolulu, 44*7 F.3d 1172, 1180 (9th Cir. 2006). "In a class action" such as this, "the public right of access to court documents is especially heightened." *Marsh v. First Bank of Del.*, 2014 U.S. Dist. LEXIS 4022, at *4 (N.D. Cal. 2014). "A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document." Civil L.R. 79-5(a). Furthermore, a party seeking to seal a document, or any portion thereof must demonstrate: "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *Id*. at (c)(1).[1]

General claims of competitive harm and privacy—such as those made here—do not pass muster. *See Martin v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 142816, at *8 (N.D. Cal. 2013) (Illston, J.); *Cypress Semiconductor Corp. v. Fujitsu Semiconductor, Ltd.*, 2020 U.S. Dist. LEXIS 33789, at *6 (N.D. Cal. 2020) (citing *Kamakana*, 447 F.3d at 1178-79). As set forth below, sealing is not warranted.

***First***, the Producing Parties mischaracterize the redacted material by repeatedly referring to the underlying documents at issue rather than the limited redacted information in the Joint Submission itself. Hence, what the Producing Parties describe as the purportedly "highly sensitive," "proprietary,"

---

[1]    By contrast, a party filing an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed need not meet this standard. *See* Civil L.R. 79-5(f)(1).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' AND
JOELE FRANK'S STMT. IN SUPPORT OF ADMIN.     1
MTN. TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED

CASE NO. 3:21-CV-01486-SI

"strategi[c]" information is simply not applicable here. *See* ECF No. 200 at 3-4. Instead, the limited passages the Producing Parties seek to keep secreted from the public involve: (i) a few lines of boilerplate language addressing the scope—not strategy—of public relations services rendered (*see* Joint Submission at 6 & 9, referencing JF_000471; *see also id*. at 9, referencing VLDR_SL_000002528); and (ii) a general description of the existence of communications and their participants, but not the substance of those conversations (*see id.* at 7, referencing JF_005227 & JF_005253-54).

*Second*, the Producing Parties bizarrely spend considerable time describing the purported harm that would result from unsealing the documents in their entirety as opposed to the brief quotations from those documents (*i.e.*, retainer agreements between and among Keker, Joele Frank and Defendants) in the Joint Submission. Even assuming *arguendo* that some portions of the underlying documents are actually somehow confidential (which Lead Plaintiff disputes), it does not follow that the boilerplate language quoted from those documents in the Joint Submission warrants sealing. Indeed, "that a contract contains certain confidential terms does not itself justify sealing of the entire contract, in light of Civil Local Rule 79-5(b), which requires that the sealing request be 'narrowly tailored to seek sealing only of sealable material.'" *Cypress Semiconductor*, 2020 U.S. Dist. LEXIS 33789, at *4. "Thus, requests to seal entire contracts are frequently overbroad and fail to comply with Civil Local Rule 79-5(b) where the requested sealing includes boilerplate terms and conditions contained within these documents [. . .] none of which can reasonably be said to reveal any confidential information." *Id.*; *Virun, Inc. v. Cymbiotika, L.L.C.*, 2022 U.S. Dist. LEXIS 172312, *5 (N.D. Cal. 2022) ("'[B]oilerplate' terms, generally applicable contract conditions, and agreed-upon definitions of contract terms are generally not considered sealable.").

*Third*, information the Producing Parties hope to seal is available on Joele Frank's own website. *See* https://www.joelefrank.com/expertise/#section-0 (last accessed Jul. 28, 2023). These public statements are far more revealing than the narrow and redacted quotes in the Joint Submission concerning JF_0000471. *See In re Diamond Foods, Inc.*, 2013 U.S. Dist. LEXIS 56610, at *6 (N.D. Cal. 2013) (denying sealing where substantially similar information is available on publicly accessible

PLAINTIFF'S OPPOSITION TO DEFENDANTS' AND JOELE FRANK'S STMT. IN SUPPORT OF ADMIN. MTN. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

2

CASE NO. 3:21-CV-01486-SI

website). It strains credulity to suggest that these redacted quotes would harm Joele Frank "in future negotiations" given the nearly identical language on the firm's website. *Cf. id. with Int'l Swimming League, Ltd. v. Fédération Internationale De Natation*, 2021 U.S. Dist. LEXIS 9886, at *4-5 (N.D. Cal. 2021) (sealing contractual information concerning profit-sharing arrangements and earnings).

**Fourth**, the Producing Parties do not articulate how these narrow quotations will harm Joele Frank in future negotiations and the authorities they cite are distinguishable. *See Elec. Arts, Inc. v. U.S. Dist. Court* (*In re Elec. Arts, Inc.*), 298 F. App'x 568, 569 (9th Cir. 2008) (sealing pricing terms, royalty rates, and guaranteed minimum payment terms); *Williams v. Apple, Inc.*, 2021 U.S. Dist. LEXIS 114028, at *7 (N.D. Cal. 2021) (sealing Apple's key metrics such as "iCloud userbase, costs, revenues, gross margins, and market research data"); *Int'l Swimming League*, 2021 U.S. Dist. LEXIS 9886, at *4-5 (sealing information on profit-sharing arrangements and earnings as brand ambassadors).

**Finally**, the Producing Parties seek to seal the limited references to JF_005227 and JF_005253-54 (*see* Joint Submission at 7). But the limited material in the Joint Submission does not reveal the substance of the communications in question—it simply notes that these communications occurred. The mere fact that a communication took place and was memorialized in email is not confidential, and the Joint Submission's references to it are "too general to reveal any confidential information." *Diamond Foods*, 2013 U.S. Dist. LEXIS 56610, at *7. This is particularly true where, as here, the underlying communications could support a finding of waiver. *See* Joint Submission at 7.

For the foregoing reasons, the redacted portion of the Joint Submission is not confidential and should not be sealed.

Dated: July 31, 2023

Respectfully submitted,

**KAHN SWICK & FOTI, LLP**

By:    *s/ Ramzi Abadou*
Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498

ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander L. Burns
(admitted *pro hac vice*)
James T. Fetter
(admitted *pro hac vice*)
Alexandra Pratt
(admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 960
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
james.fetter@ksfcounsel.com
alexandra.pratt@ksfcounsel.com

*Class Counsel and Counsel for
Class Representative, Diane Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Ramzi Abadou*
RAMZI ABADOU

PLAINTIFF'S OPPOSITION TO DEFENDANTS' AND
JOELE FRANK'S STMT. IN SUPPORT OF ADMIN.
MTN. TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED

4

CASE NO. 3:21-CV-01486-SI

# Mailing Information for a Case 3:21-cv-01486-SI Moradpour v. Velodyne Lidar, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **William Zachary Brenc**
  william.brenc@wilmerhale.com,william-brenc-3258@ecf.pacerpro.com,barbara.palomo@wilmerhale.com,whdocketing@wilmerhale.com

- **Alexander Louis Burns**
  alexander.burns@ksfcounsel.com

- **Robert Donoghue**
  robert.donoghue@wilmerhale.com

- **James Thomas Fetter**
  james.fetter@ksfcounsel.com

- **Tamar Kaplan-Marans**
  tamar.kaplan-marans@wilmerhale.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Sarah E. Maciel**
  Sarah.Maciel@wilmerhale.com

- **Kevin Peter Muck**
  Kevin.Muck@wilmerhale.com,linda.burch@wilmerhale.com,whdocketing@wilmerhale.com,lindy.patrick@wilmerhale.com

- **Susan Samuels Muck**
  susan.muck@wilmerhale.com,whdocketing@wilmerhale.com,susan-muck-3159@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kperez@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Ivan Panchenko**
  ivan.panchenko@wilmerhale.com

- **Alexandra Pratt**
  alexandra.pratt@ksfcounsel.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Brian Jared Schall**
  brian@schallfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)