KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
william.brenc@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000; Facsimile: (628) 235-1001

TAMAR KAPLAN-MARANS (admitted *pro hac vice*)
tamar.kaplan-marans@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800; Facsimile: (212) 230-8888

IVAN PANCHENKO (admitted *pro hac vice*)
ivan.panchenko@wilmerhale.com
ROBERT DONOGHUE (admitted *pro hac vice*)
robert.donoghue@wilmerhale.com
WILMER CUTLER PICKERING HALE and DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000; Facsimile: (617) 526-5000

*Attorneys for Defendants*
*Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer,*
*James A. Graf and Michael Dee*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>VELODYNE LIDAR, INC., ANAND GOPALAN, ANDREW HAMER, JAMES A. GRAF, MICHAEL DEE, and JOSEPH B. CULKIN,<br><br>                    Defendants. | Case No.  3:21-CV-01486-SI<br><br>**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT THE PARTIES' JOINT SUBMISSION**<br><br>Judge:      Hon. Susan Illston |

Pursuant to Civil Local Rule 7-11 and Section 3 of the Court's Standing Order, Defendants Velodyne Lidar, Inc. ("Velodyne" or the "Company"), Anand Gopalan, Andrew Hamer, James A. Graf, and Michael Dee (together, "Defendants") submit this Opposition to Lead Plaintiff's Administrative Motion for Leave (ECF No. 204, "Motion") to Supplement the Parties' July 19, 2023 Joint Submission (ECF No. 196, "Joint Submission").  Because Plaintiff's Administrative Motion is a transparent and improper attempt to submit further (albeit ineffectual) argument regarding a discovery dispute that was already submitted to the Court, it should be denied.

As discussed in the Joint Submission, Plaintiff served a subpoena on Joele Frank, Wilkinson Brimmer Katcher ("Joele Frank"), a communications consulting firm retained by Keker, Van Nest & Peters LLP ("Keker") to assist Keker in its representation of the Audit Committee of the Velodyne Board.  In connection with Joele Frank's response to the subpoena, Defendants conducted a privilege review of documents identified as responsive by Joele Frank.  On July 31, 2023, Defendants produced a detailed privilege log ("July 31 Log") reflecting documents withheld from production based on Velodyne's assertion of attorney-client privilege and work product protection.[1]  Plaintiff now seeks leave to submit the entirety of the July 31 Log, purportedly in support of her claim that privilege is automatically waived for any document or communication involving Joele Frank.  That ostensible justification is without merit.

Indeed, when Plaintiff initially proposed submitting the July 31 Log to the Court, she merely offered the cryptic (and unexplained) contention that the Log somehow "vitiates the arguments Defendants raised in the Joint Submission concerning ripeness."  *See* Decl. of William Z. Brenc ("Brenc Decl."), Ex. A at 2-3.  In response, Defendants:

- Noted that Plaintiff's argument was both unexplained and unsupported;
- Invited Plaintiff to meet and confer if she legitimately had any concerns about the privilege log and, to facilitate such a discussion, provide a summary of such concerns;

---

[1] Despite Plaintiff's unsupported assertion that Joele Frank completed its production two months ago, Defendants' understanding is that Joele Frank intends to complete its production of documents this month.

- 1 -

DEFS' OPPOSITION TO PLTF'S ADMINISTRATIVE MOTION TO SUPPLEMENT THE JOINT SUBMISSION

CASE NO. 3:21-cv-01486-SI

- Explained that until and unless the parties had conferred in good faith and determined there was some issue with respect to the July 31 Log that required the Court's intervention, there was no reason to burden the Court with the Log;

- Asked Plaintiff to explain why submission of the Log was appropriate given that Plaintiff herself had previously rushed to submit a premature discovery issue to the Court before completion of the Log;[2] and

- Asked Plaintiff to explain why submission of **any** document was consistent with this Court's Standing Order, and in particular Section 3 ("Absent an order of this Court, parties shall not file affidavits or exhibits, other than copies of the written requests for discovery and the answers or objections thereto.").

*See id.* at 1-2.  Rather than providing substantive answers to these questions or participating in a good-faith discussion of them, Plaintiff responded cursorily with a denial that she had rushed to submit a premature dispute before the Court but otherwise declined "to litigate the balance of [Defendants'] email here."  *Id.* at 3.

The reason that Plaintiff refused to engage in any meaningful discussion is because she knows that the July 31 Log is not relevant to her argument that a "subject matter waiver has occurred."  Again, Plaintiff's argument does not turn on the specifics of particular documents; rather, Plaintiff argues, on a categorical basis, that there are **no** circumstances in which information shared with a communications firm hired by counsel can retain privilege.  The July 31 Log—which details Velodyne's privilege claims as to specific documents in Joele Frank's possession—thus has no bearing whatsoever on whether, as Plaintiff argues, Joele Frank's documents are not privileged as a matter of law.

---

[2] The issue Plaintiff insisted on submitting to the Court was whether a communications firm's presence on communications somehow effects a broad privilege waiver – a position that, as discussed in the Joint Submission, is contrary to law.  *See, e.g.*, *Kirkpatrick v. City of Oakland*, 2022 WL 137628, at *1-2 (N.D. Cal. Jan. 14, 2022); *Klein v. Meta Platforms, Inc.*, 2022 WL 767096, at *3 (N.D. Cal. Mar. 11, 2022); *In re Grand Jury Subpoenas Dated Mar. 24, 2003 Directed to (A) Grand Jury Witness Firm & (B) Grand Jury Witness*, 265 F. Supp. 2d 321, 331 (S.D.N.Y. 2003).

- 2 -

DEFS' OPPOSITION TO PLTF'S ADMINISTRATIVE    CASE NO. 3:21-cv-01486-SI
MOTION TO SUPPLEMENT THE JOINT SUBMISSION

In any event, to the extent that Plaintiff now argues the July 31 Log is relevant to her sweeping waiver argument, that merely confirms that her decision to bring the Joele Frank matter to the Court was premature.  Defendants have consistently taken the position that Velodyne's claim of privilege over certain documents in Joele Frank's possession was not ripe for judicial intervention because the parties had not had the opportunity to meet and confer regarding any specific concerns that Plaintiff had with Velodyne's privilege claims – and that the privilege log (which Plaintiff knew would be provided by the end of July) could enable the parties to narrow or perhaps eliminate the issues in dispute.  Joint Submission at 11.  In other words, after improvidently running to Court twelve days before the privilege log was provided, Plaintiff now implicitly concedes that she should have waited.

For these reasons, Plaintiff's Administrative Motion should be denied.  However, Defendants remain willing to confer in good faith with Plaintiff regarding the July 31 Log and any questions or concerns Plaintiff might have with respect to the specific documents and assertions of privilege detailed therein.

Dated:  August 7, 2023

WILMER CUTLER PICKERING, HALE AND DORR LLP

By:  /s/ William Z. Brenc
        William Z. Brenc

*Attorneys for Defendants Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer, James A. Graf and Michael Dee*

- 3 -

DEFS' OPPOSITION TO PLTF'S ADMINISTRATIVE
MOTION TO SUPPLEMENT THE JOINT SUBMISSION

CASE NO. 3:21-cv-01486-SI