UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VELODYNE LIDAR, INC., et al., <br><br> Defendants. | Case No. 21-cv-01486-SI <br><br> **ORDER RE: DISCOVERY, DENYING ADMINISTRATIVE MOTION TO SEAL AND DENYING ADMINISTRATIVE MOTION TO SUPPLEMENT** <br><br> Re: Dkt. Nos. 195, 196, 204-205 |

The parties have submitted two discovery disputes to the Court. Regarding the first dispute, the Court has reviewed the redacted documents provided by the parties to determine whether Velodyne must provide a privilege log for every redaction. Federal Rule of Civil Procedure 26(b)(5) provides that when a party withholds information otherwise discoverable by claiming the material is privileged, the party must provide enough information about the document to "enable other parties to assess the claim." Fed. R. Civ. Proc. 26(b)(5). After review of the documents, the Court agrees with defendants that they need not provide a privilege log that describes the author, date, or type of document because that information is readily apparent from the document itself.

However, the Court finds that the redacted documents do not categorically provide enough information to allow plaintiffs to assess the claim of privilege. For example, although redacted e-mails provided by both sides contain a subject line (e.g., JF_003054 "Subject: VLDR") and the parties to the email are listed, it is not obvious what privilege is being asserted. As such, the Court directs defendants to provide plaintiffs with information about what privilege is asserted and why. The Court is not persuaded that doing so would be burdensome, as the Court suspects that defendants are asserting the same privilege(s) for broad swaths of documents (e.g., documents involving Joele Frank and the Keker firm or documents involving the Audit Committee's discussions of the investigation). Where possible, defendants may provide this information for groups of documents

rather than document by document. Defendants shall provide this information within three weeks of the filing of this order.

The second dispute concerns privilege issues regarding third party Joele Frank, a consulting firm retained by the Keker firm. Plaintiffs state that Joele Frank is a public relations firm that was hired to "handle Velodyne's public responses to the Halls' ouster," while defendants state that Keker retained Joele Frank to assist in providing legal advice to the Audit Committee.[1] Plaintiffs served a subpoena on Joele Frank, and defendants state that they conducted a privilege review of documents identified as responsive by Joele Frank. On July 31, 2023, defendants produced a privilege log reflecting documents that defendants have withheld on the basis of Velodyne's assertion of attorney-client privilege and work product protection.

Plaintiffs assert that none of the communications with Joele Frank are privileged and that by sharing privileged materials with Joele Frank, defendants have waived any privileges that attached to those documents. Defendants assert that documents shared with Joele Frank may be protected by the attorney client privilege and/or work product doctrine, citing cases in which courts have held that such documents are protected. *See, e.g.*, *Kirkpatrick v. City of Oakland*, Case No. 20-cv-05843-JSC, 2022 WL 137628, at *2 (N.D. Cal. Jan. 14, 2022) (holding communications between Keker firm and a public relations consultant were protected because "the communications show that KVP retained Mr. Singer as early as February 2020 to assist with anticipated litigation"; "the documents establish that Mr. Singer did, in fact, assist with the conduct of the litigation"; and "the communications also establish that while some of the communications were for a public relations purpose, that public relations purpose was part of a litigation strategy and the communications 'would not have been created in substantially similar form but for the prospect of litigation.'").

To the extent that plaintiffs assert as a categorical matter that none of the documents at issue are protected, the Court disagrees. The documents may be protected by the attorney-client privilege if the communication to Joele Frank was made for a legal purpose. *See id.* And the documents may be protected by the work product doctrine if "the document 'would not have been created in substantially similar form but for the prospect of litigation,' and that 'the litigation purpose so permeates any [PR] purpose that the two purposes cannot be discretely separated from the factual

---

[1] The Court DENIES the administrative motion to file portions of the discovery letter brief under seal. The redacted portions do not contain confidential or purportedly privileged information.

2

nexus as a whole." *Id*. at *1 (quoting *Lights Out Holdings, LLC v. Nike, Inc*., No. 14-CV-872 JAH (NLS), 2015 WL 11254687, at *4 (S.D. Cal. May 28, 2015)).

The Court directs the parties to meet and confer regarding the privilege log and any questions plaintiffs have regarding specific documents and assertions of privilege. Plaintiffs' administrative motion to file the privilege log is DENIED.

**IT IS SO ORDERED**.

Dated: August 15, 2023

_____
SUSAN ILLSTON
United States District Judge