UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Susan Illston, Magistrate Judge

MORADPOUR,                        )
                                  )
          Plaintiff,              )
                                  )
vs.                               )   No. C. 21-01486-SI
                                  )
VELODYNE LIDAR, INC., et al.,     )
                                  )
          Defendants.             )
_____   )

                                  San Francisco, California
                                  Friday, November 17, 2023

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
            RECORDING 3:29 - 3:42 = 13 MINUTES

APPEARANCES:

For Plaintiff:
                              Kahn Swick & Foti, LLP
                              1100 Poydras Street
                              Suite 960
                              New Orleans, Louisiana 70163
                         BY:  RAMZI ABADOU, ESQ.

For Defendants:
                              Wilmer Cutler Pickering Hale
                                & Dorr, LLP
                              One Front Street, Suite 3500
                              San Francisco, California
                                94111
                         BY:  KEVIN PETER MUCK, ESQ.

Transcribed by:               Echo Reporting, Inc.
                              Contracted Court Reporter/
                              Transcriber
                              echoreporting@yahoo.com

2

Friday, November 17, 2023                                    3:29 p.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK:  Calling civil case number 21-1486, Moradpour versus Velodyne Lidar, Inc., et al.

Counsel, please state your appearances for the record, starting with the Plaintiff.

MR. ABADOU (via Zoom):  Good afternoon, everyone. This is Ramzi Abadou for the Plaintiff.

THE COURT:  Good afternoon.

MR. ABADOU:  Hi, your Honor.

MR. MUCK (via Zoom):  Good afternoon.  This is Kevin Muck of Wilmer Hale for the Defendants.

THE COURT:  Good afternoon.

MR. MUCK:  Good afternoon, your Honor.

THE COURT:  Mr. Abadou, I'm looking for you on the masthead here to figure out what town you're in.

MR. MUCK:  I'm in the City.  It just started to rain a little bit.

THE COURT:  Oh, okay.

MR. MUCK:  I'm here in San Francisco.

THE COURT:  I don't have to apologize then for any three-hour time delays.

I read your statement, which was short and to the point.  It sounds like things are proceeding a pace, and --

oh, wait.

(Pause.)

THE COURT:  You have a settlement conference set for the 29th?

MR. ABADOU:  Yes, your Honor, here in the City.

THE COURT:  And good luck.  I hope you --

MR. ABADOU:  I think we'll need it.  Thank you.

THE COURT:  -- are very successful.

And the next -- what is the next thing on -- on our calendar with me?

MR. ABADOU:  So, your Honor, so, I appreciate you keeping this on -- on calendar today.  I know Defendants wanted to kick it down the road for a couple of months.  And keeping it on calendar I think was helpful in the sense that just a couple of days ago, a few outstanding items were resolved.  One was Defendants finally, after 17 volumes of production, produced a privilege log, despite the Court's order requiring them to do so on a volume-by-volume basis.

So -- so, that's helpful.  We also finally received a letter in response to our October 24th letter -- meet and confer letter with respect to privilege as well.  So I think, you know, keeping parties', you know, feet to the fire by keeping this on calendar was helpful.

I think the biggest issue, you know, that -- that we have as -- as Plaintiffs is privilege.  Privilege is going

4

to be a big issue in this case.  To date, I think there are approximately a thousand entries or documents, rather, that have been withheld on claims of privilege, a thousand documents.  We don't know how many pages that is because Defendants have refused to tell us.  But I can tell you, your Honor, the issues are complex, and while we're working with Defendants on trying to, you know, resolve some of these issues, the last letter we received from them a couple of days ago gives me the sense that we're going to have to bring these matters to the Court.

So, you know, the problem, you know, is, like I said, there's a thousand or so issues; and the issues are complex. this isn't like a -- a contract dispute.  There's a -- you know, a thousand entries.  And I'm not sure how to proceed under the Court's standing order where we get two and a half pages.  I think it's going to be extremely burdensome for the Court and for the parties to do this in a piecemeal fashion over the course of two and a half pages for Plaintiffs and -- and Defendants.

And, so, I would like to request, respectfully, that -- that we, you know, be able to file a motion under regular motion practice under the Local Rules to bring these issues, you know, before the court.  You know, is it business advice, is it legal advice?  There's --

THE COURT:  So, the privilege issues are the ones

you're thinking of mostly?

MR. ABADOU:  Yeah.  It's -- it's significant. Like, I can give you an example.  Most recently, we just received a response to one of our interrogatories which asked Defendants to identify third parties -- or, I'm sorry -- to identify whether or not they had produced any documents to the SEC.  This isn't in the complaint because we discovered it from the Keker firm, not from Defendants. But there was an SEC investigation during the class period that was undisclosed.  So, with respect to waiver, we served an interrogatory asking Defendants to tell us whether or not they produced any documents to the SEC, which certainly would waive privilege if those documents were privileged.

And Defendants responded that the company didn't produce any documents but didn't tell us whether or not their counsel did, which was contemplated by the interrogatory.

And, so, there's issues of waiver, business versus legal advice, communications with respect to whether or not there was an attorney on a -- on a communication.  So, the issues are complex.  At a minimum, you know, we would ask relief from the standing order to file a motion under regular motion practice because these issues are important.

In the alternative, you know, we'd be happy -- and I hate to pile on Judge Beeler, but competence sometimes is

6

punished, and she's outstanding to have a Magistrate assist with issues like this going forward because ultimately, given the position that Defendants have taken, which is we have to do this on a document-by-document basis and you've got a thousand documents, it will burden the Court, it will burden the parties; and I think doing this in kind of the regular Local Rule motion practice fashion or having a Magistrate would be really helpful.

THE COURT:  All right.  Mr. Muck?

MR. MUCK:  Well, your Honor, I -- I suspect that at 3:30 on a Friday afternoon you probably don't need me to spend a lot of time explaining all of the reasons why what I think Plaintiff's counsel just said was inaccurate not the least of which --

THE COURT:  I heard you gasping from time to time. So, it's okay.

MR. MUCK:  -- not the least of which was that there was an SEC investigation.  There wasn't.  That's just inaccurate.  And, frankly, Plaintiff's counsel knows that.

MR. ABADOU:  What was it?  Kevin, what was it?  It was an SEC inquiry.  We haven't --

MR. MUCK:  I'm sorry.  I'm -- I'm addressing the Court.

MR. ABADOU:  Well, you just accused me of saying something that was inaccurate, and there -- we have an email

from the SEC to the company inquiring about Mr. Hall's ouster.  So, what is inaccurate about that?

MR. ABADOU:  What's inaccurate, your Honor, is that it was a normal phone call from the SEC asking for information.  The information was provided.  Investigation means something.  And when the SEC picks up the phone and says, On an informal basis, can you give us some information; the information is provided, and they said, Thank you.  Nothing further is necessary.  That's not an investigation.

But, your Honor, again, I can detect from your expression as you hear this that this is not, again, what you need or want to hear at a case management conference.

Plaintiff's counsel has repeatedly made statements about disputes that have not borne out.  If there are disputes, the process is that we sit down and we meet and confer.  We've offered many times over the last month to meet and confer on these privilege issues.  Plaintiff's counsel, for whatever reason, seems more interested in dragging this before your Honor.

What I would propose is exactly what we said in the CMC statement, which is let's meet and confer.  If there are issues and disputes and the Plaintiff believes at that point that the Court's standing order isn't sufficient to address them, we can address it at that point.  But to, in the

8

abstract, suggest that because Plaintiffs may want to at some point in the future raise issues that we should dispense with the normal rules doesn't seem to us to make any sense, your Honor.

MR. ABADOU:  Your Honor, we -- we disagree, and let me tell you why.  So, we sent Defendants a letter about privilege on October 24th.  Wilmer Hale is a sophisticated law firm.  They've got three seasoned securities partners on this case.  They've got associates in Los Angeles and -- and Boston and San Francisco.  It took them nearly a month to respond.  And do you know how they responded?  They responded by saying, Kick rocks, right  We disagree.  Look at our previous letter.

And, so, we have been trying because we're required to --

THE COURT:  Well, I'll tell you what.  It's clear that it hasn't worked so far.  What you need to do is I will order that you need to meet and confer in person, by which I mean two individual humans at least in the same room, not mediated by a screen, just in the same room.  And I'd say you should probably allow two hours to talk to each other about this.  At the conclusion of that, you can write me a joint letter that tells me whether you were or were not able to make sufficient progress that you want me to let go of it.

If you write me and say, Even after that, we're not able to make any progress at all, then I shall do something. And it may be assignment to a Magistrate Judge.  It won't be Judge Beeler.  I'll tell you that, because you're right, she's terrific.  And there are some issues that she's most terrific at where other judges aren't as completely excellent, and -- and neither of you has the kind of client that really needs Judge Beeler's expertise.  So, we've got lots of good ones.  But, anyway, I'll do that if -- if need be.  But I would like you to spend at least two hours with each other in the same room.  Do not come to blows.  I'll be disappointed if you do that.  That's against like surely some of our civility rules in this Court.  But just try to talk it through.  I can't believe it's going to be all that hard.

For example, the SEC investigation issue, if it turns out to be what you two have just talked about, that may turn out to be a mole hill --

MR. MUCK:  Exactly.

THE COURT:  -- rather than a mountain.  I don't know.  But you'll have to find out.  So, I -- I'd recommend you do that.  Why don't you do that within the next -- let's see.  We are -- Thanksgiving.  Can you do it before December 15th?

MR. ABADOU:  We will -- so, we mediate on the

29th.  I'll see --

THE COURT:  Oh, I forgot.

MR. ABADOU:  And I look forward to seeing Kevin in person.  You know, maybe we can kind of, you know, have initial conversations.  I mean, there's a lot of sitting around during mediation.  So, perhaps we can, you know, grab some lunch or something and have some initial conversations.  But I'll tell you what, your Honor.  I will absolutely try to set aside two hours in person to work through these issues because that's what I'd like to do and -- and resolve them before the end of the year, and then --

THE COURT:  So, I just want -- I want to hear from you by December 15th.  Okay, one way or another.

MR. ABADOU:  Wonderful, and we'll --

THE COURT:  And I would love to hear from you on November 30th saying call off the dogs.  But if that doesn't happen, I just would like to know about this discovery matter by the 15th of December.  Okay.

MR. ABADOU:  Thank you, your Honor.

MR. MUCK:  Thank you, your Honor.

THE COURT:  Okay.  Now, what is our -- our next date together at this time?

MR. ABADOU:  I don't think we have one, your Honor; but we're happy to, you know, schedule one now.

THE COURT:  Yeah, what is the next thing that has

to happen?

MR. ABADOU:  So, the class is certified.  We're mediating on the 29th.  We're going to get back to you on the 15th.  So, I think the next thing that has to happen is -- is another CMC, which I think -- I think these are helpful.

THE COURT:  Do we have a trial date?  I know we do.

MR. MUCK:  We do, your Honor.  It's in August of 2025.

MR. ABADOU:  We've got plenty of time.

THE COURT:  You sure do.  Okay.  Well, I would suggest then that we have a further status in March.

MR. MUCK:  All right.

MR. ABADOU:  That sounds fine, your Honor.

THE COURT:  Brenda, what do you think?  I've been setting them all today for the 15th.  Is that filled up or are we still good?

THE CLERK:  No.  The 15th is still available.

THE COURT:  Okay.  Good.  I do like the Ides of March.  We'll do that at 3:00 o'clock on Friday, the 15th of March.  I'm setting it for 3:00.  If for some reason our calendar eases up in the morning, we may call you and ask you to move it up a little in the day just to free your day up.  But that would be closer to the time.

12

MR. MUCK:  That's fine.

MR. ABADOU:  That would be great.

THE COURT:  And a week prior, I'd like a joint statement that brings me up to speed on what's going on.

MR. MUCK:  Great.

MR. ABADOU:  Okay, your Honor.  Thank you.

THE COURT:  All right.

MR. ABADOU:  Happy Thanksgiving, your Honor.

MR. MUCK:  Thank you, your Honor.

MR. ABADOU:  Have a good weekend.

MR. MUCK:  Thank you.

(Proceedings recessed at 3:42 p.m.)

13

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Saturday, December 2, 2023

*Echo Reporting, Inc.*