# EXHIBIT 1

Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Class Counsel and Counsel for*
*Class Representative, Diane Smith*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MEYSAM MORADPOUR, et al., ) | Case No. 3:21-CV-01486-SI |
| ) | |
| Plaintiffs, ) | **STIPULATION OF SETTLEMENT** |
| ) | |
| v. ) | **CLASS ACTION** |
| ) | |
| VELODYNE LIDAR, INC., et al., ) | Judge:        Hon. Susan Illston |
| ) | Courtroom:  1 – 17th Floor |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

This Stipulation of Settlement dated March 5, 2024 (together with all Exhibits hereto, the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in §IV(1)(¶1.28)) to the above-captioned consolidated litigation (the "Litigation"): (i) Lead Plaintiff and Class Representative Diane Smith (as defined further in §IV(1)(¶1.11)) (on behalf of herself and each of the proposed Settlement Class Members (as defined further in §IV(1)(¶1.26)), by and through her counsel of record in the Litigation; and (ii) Velodyne and the Individual Defendants (as those terms are defined further in §IV(1)(¶¶1.1, 1.5 and 1.9)) (collectively, "Defendants" and, together with Lead Plaintiff, "the Parties"), by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, release, and settle the Released Claims (as defined further in §IV(1)(¶¶1.20 and 1.21)), upon and subject to the terms and conditions hereof and subject to the approval of the United States District Court for the Northern District of California (the "Court"). In entering into the Stipulation, the Settling Parties make no concessions or admissions as to the merits of the claims or allegations asserted in the Litigation. Lead Plaintiff continues to assert that the claims and allegations have merit and that she and the Class are entitled to recovery. Defendants continue to deny that the claims and allegations have any merit, deny that they engaged in any wrongdoing or other misconduct, and deny that they have any liability to Lead Plaintiff or members of the Class.

## I.    THE LITIGATION

On and after March 2, 2021, the following cases were filed in the United States District Court for the Northern District of California as putative class actions on behalf of persons who purchased the publicly traded securities of Velodyne: (i) *Meysam Moradpour v. Velodyne Lidar, Inc., et. Al*, No. 3:21-cv-1486 (N.D. Cal.); (ii) *Carol E. Nick v. Velodyne Lidar, Inc., et. Al*, No. 3:21-cv-1950 (N.D. Cal.); and (iii) *Robert Reese v. Velodyne Lidar, Inc.*, et. Al, No. 3:21-cv-01736 (N.D. Cal.). On July 2, 2021, the Court ordered these actions consolidated and appointed Diane and William Smith as Lead Plaintiffs, and their choice of counsel was approved by the Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (ECF No. 63).

Lead Plaintiffs filed their Consolidated Class Action Complaint on September 1, 2021 (ECF No. 73). Defendants filed a Motion to Dismiss the Consolidated Class Action Complaint on November 1, 2021 (ECF No. 84). Lead Plaintiffs opposed that motion on January 7, 2022 (ECF No. 92). On January 21, 2022, the Parties filed a stipulation and proposed order to vacate the briefing schedule on Defendants' motion to dismiss to enable Lead Plaintiffs to file an amended complaint, and setting a new briefing schedule (ECF No. 95). The Court executed the proposed order on January 28, 2023 (ECF No. 96).

Lead Plaintiff thereafter filed the operative Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws, on February 11, 2022 (the "Complaint") (ECF No. 99). The Complaint alleges claims against Defendants for violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Securities and Exchange Commission Rule 10b-5 promulgated thereunder. Defendants moved to dismiss the Complaint on March 4, 2022 (ECF No. 102). Lead Plaintiffs' opposition and Defendants' reply briefing were then filed on March 25, 2022 and April 8, 2022, respectively (ECF Nos. 105, 109).

On July 1, 2022, the Court partially granted and denied Defendants' motion to dismiss, finding that Lead Plaintiffs' Complaint plausibly stated causes of action under Section 10(b) and 20(a) of the Exchange Act against Defendants Velodyne, Anand Gopalan, James Graf, and Michael Dee for alleged misstatements regarding David Hall (ECF No. 119). All other claims were dismissed (*id*.). Lead Plaintiffs thereafter filed a Motion to Clarify and/or Amend Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, regarding the Court's dismissal of Section 20(a) claims against Defendant Andrew Hamer (ECF No. 124). The Court granted the motion and reinstated the Complaint's Section 20(a) claim against Defendant Hamer on October 12, 2022 (ECF No. 130).

Discovery commenced shortly thereafter, with the Parties exchanging their initial disclosures on November 18, 2022. The Parties negotiated the scope of a Stipulated [Proposed] Protective Order governing the treatment of confidential information, submitted it for the Court's consideration (ECF No. 143), which executed it December 9, 2022 (ECF No. 144). Similarly, the Parties negotiated a Stipulated Protocol Regarding Electronically Stored Information and submitted it for the Court's

consideration on December 22, 2022 (ECF No. 145). The Court approved that stipulation as well (ECF No. 146). The Parties have engaged in extensive written discovery, including the voluminous production and review of non-public documents. Throughout, the Parties have met and conferred, only seeking Court intervention to resolve certain discovery disputes when reaching an impasse.

On March 20, 2023, Lead Plaintiff Diane Smith moved to certify the class, appoint herself as the sole class representative, and approve her selection of Kahn, Swick & Foti, LLP ("KSF") as class counsel. ECF No. 157. William Smith, however, sought to withdraw as a Lead Plaintiff on March 27, 2023, while remaining a member of the Class. ECF No. 159. On May 19, 2023, Defendants filed their Statement of Non-Opposition to class certification (ECF No. 182), and on June 23, 2023, Lead Plaintiff filed a Notice of Unopposed Motion for Class Certification (ECF No. 187). Following a hearing on July 14, 2023, the Court entered an Order certifying the Class, appointing Diane Smith as Class Representative, and appointing her selection of KSF as Class Counsel.

Pursuant to the Court's directive to participate in a mediation prior to the end of 2023, the Parties engaged a third-party mediator, Jed. D. Melnick (JAMS). The Parties submitted comprehensive mediation statements and other materials, and participated in two full-day mediation sessions with Mr. Melnick on November 29, 2023 and January 16, 2024. As a result of that process, and following substantial arms-length negotiations, the Parties reached an agreement in principle to settle the Litigation. On January 30, 2024, the Parties filed a Joint Notice of Proposed Settlement with the Court (ECF No. 218). This Stipulation of Settlement (together with the Exhibits hereto) reflects the final and binding agreement between the Parties, and is intended to fully, finally, and forever resolve, discharge, release, compromise and settle the Released Claims (as defined below) upon and subject to the terms and conditions hereof, and to be submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure for approval by the Court.

## II.    CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit. Lead Plaintiff and Lead Counsel, however, recognize and acknowledge the expense and duration of continued proceedings necessary to prosecute the Litigation against Defendants through trial and appeals. Lead

Plaintiff and Lead Counsel also have considered the uncertain outcome and risks in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff and Lead Counsel also are mindful of the potential problems of proof and possible defenses to the violations asserted in the Litigation. Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Settlement Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff in the Litigation. Defendants have expressly denied and continue to expressly deny all charges of wrongdoing or liability whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Specifically, Defendants deny, *inter alia*, that they made any material misstatements or omissions in Velodyne's public filings, press releases, or other public statements, that they engaged in any wrongdoing or misconduct, that Lead Plaintiff or the Settlement Class have suffered any damages, that the prices of Velodyne securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Lead Plaintiff or the Settlement Class were harmed in any way by any conduct alleged in the Litigation or that could have been alleged therein.

This Stipulation shall in no event be construed or deemed to be evidence of an admission or concession on the part of any Defendant with respect to any claim or of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have asserted or could have asserted in the Litigation. Defendants believe the Lead Plaintiff would not be able to prove her claims or to refute Defendants' defenses, but recognize the burden, inconvenience, expense, and uncertainty inherent in any litigation, and enter into this Stipulation to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation and secure releases to the fullest extent permitted by law. Defendants' decision to settle the Litigation is based on the conclusion that further

conduct of the protracted Litigation would be expensive in terms of costs and distraction, and the determination that it is desirable and beneficial to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation and to put the Released Claims to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages to Lead Plaintiff and the Settlement Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (both individually and on behalf of the Settlement Class Members) and Defendants, by and through their respective counsel of record, that, without any admission or concession on the part of Lead Plaintiff regarding any lack of merit of the claims in this Litigation, and without any admission or concession on the part of Defendants of any liability or wrongdoing or lack of merit of their defenses in this Litigation, and subject to the approval of the Court, the Litigation and the Released Claims (defined below) shall be finally, fully, and forever compromised, settled, released, discharged, and dismissed with prejudice, as to all Settling Parties and Released Persons, upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

**1.1**    "Velodyne" or the "Company" means Velodyne Lidar, Inc., now Velodyne, LLC, and each of its predecessors, successors, and past and present affiliates (including Ouster, Inc.).

**1.2**    "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation and who submits a valid Proof of Claim and Release form to the Claims Administrator.

**1.3**    "Claims Administrator" means the firm of Epiq Class Action and Claims Solutions, Inc. located in New York City, New York.

**1.4**    "Class Period" means the period between July 2, 2020 and March 17, 2021, inclusive.

**1.5**    "Defendants" means Velodyne and the Individual Defendants.

**1.6**    "Effective Date" means the first date by which all of the events and conditions specified

1    in ¶8.1 of the Stipulation have been met and have occurred.

2    **1.7**    "Escrow Agent" means Kahn Swick & Foti, LLC or its successor(s).

3    **1.8**    "Final" means when the last of the following with respect to the Order and Final Judgment, substantially in the form of Exhibit B attached hereto, has occurred: (i) the expiration of three (3) business days after (a) the time for the filing of any motion to alter or amend the Order and Final Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed or, (b) if such a motion is filed, an order denying such motion; (ii) the expiration of three (3) business days after the time for the filing or noticing of any appeal from the Order and Final Judgment without any appeal or notice of appeal having been filed; and (iii) if such an appeal is filed or noticed, then three (3) business days after either (a) the Order and Final Judgment has been finally affirmed, the time for a petition for writ of certiorari to review the Order and Final Judgment has expired or, if certiorari is granted, the judgment following review pursuant to that grant has been finally affirmed; or (b) any appeal from the Order and Final Judgment or any proceeding on certiorari to review the Order and Final Judgment has been finally dismissed. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement but shall not include any appeal that concerns only the Fee and Expense Award or the Plan of Allocation of the Settlement Fund. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any Fee and Expense Award or Plan of Allocation of the Settlement Fund, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

21    **1.9**    "Individual Defendants" means Anand Gopalan, Andrew Hamer, James A. Graf and Michael Dee.

23    **1.10**    "Lead Counsel" or "Lead Plaintiff's Counsel" means Kahn Swick & Foti, LLC or its successor(s).

25    **1.11**    "Lead Plaintiff" means the Court-appointed Lead Plaintiff and Class Representative Diane Smith. "Lead Plaintiffs", when referring to events taking place before May 3, 2023, refers to Diane Smith and William Smith.

**1.12**    "Notice Order" means the order described in ¶4.1.

**1.13**    "Order and Final Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B (or in such other form as may be approved in writing by all of the Settling Parties acting by and through their respective counsel of record in the Litigation).

**1.14**    "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited liability company, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

**1.15**    "Plaintiff's Counsel" means any counsel who have appeared for Lead Plaintiff in the Litigation.

**1.16**    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such Fee and Expense Award as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and Released Defendant Parties shall have no responsibility or liability with respect thereto.

**1.17**    "Released Defendant Parties" means Defendants, any person named as a defendant at any time in the Litigation (or named as a defendant in any of the actions consolidated in the Litigation), and each of their respective present and former parents, subsidiaries, divisions, departments, affiliates, officers, directors, partners, principals, employees, contractors, administrators, auditors, agents, attorneys, accountants, advisors, predecessors, successors, assigns, insurers, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Defendant Parties who is an individual, as well as any trust of which any of the Released Defendant Parties is the settlor or which is for the benefit of any of their immediate family members.

**1.18**   "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiff, Plaintiff's Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, accountants, advisors, predecessors, successors, assigns, insurers, parents, divisions, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

**1.19**   "Released Persons" means the Released Defendant Parties and the Released Plaintiff Parties.

**1.20**   "Released Claims" means any and all claims (including "Unknown Claims" as defined in ¶1.29), rights, demands, obligations, damages, actions, suits, matters, issues, causes of action, or liabilities whatsoever, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description, whether known or unknown, whether arising under federal, state, local, common or foreign law or any other law, rule, or regulation, that arise out of or relate in any way, in whole or in part, directly or indirectly, to (a) the purchase, acquisition, disposition, or sale of Velodyne securities during the Class Period and (b) the acts, facts, transactions, events, occurrences, statements, disclosures, representations, filings, publications, disseminations, press releases, presentations, omissions, or failures to act that were, could have been, or could in the future be alleged or asserted by Lead Plaintiff or any member of the Settlement Class (i) in the Litigation; or (ii) in any other action in any court or forum. Released Claims do not include claims asserted on Velodyne's purported behalf in shareholder derivative actions, except that Lead Plaintiff and Lead Counsel agree not to bring, or in any way to cause any other person to bring, any derivative claims in connection with, arising out of, related to, and/or based upon, in whole or in part, directly or indirectly, in any way, any acts, facts, wrongdoing, or any other matter alleged or asserted, or which could have been alleged or asserted, in the Litigation.

**1.21** "Released Claims" does not include: (i) any claims relating to the enforcement of the Settlement; and (ii) claims asserted in the shareholder action filed in the Delaware Court of Chancery, entitled *Berger v. Graf Acquisition LLC, et al.*, Case No. 2023-0873-LWW.

**1.22** "Settled Defendants' Claims" means all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Litigation or any forum by the Defendants or any of them or the successors, administrators, and assigns of any of them against the Lead Plaintiff, Settlement Class Members, or Plaintiff's Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Litigation (except for claims to enforce the Settlement or orders issued by the Court in connection with the Settlement); for the avoidance of doubt, "Settled Defendants' Claims" does not include any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, under or related to any policies of insurance.

**1.23** "Settlement" means the settlement of the Litigation as set forth in this Stipulation. The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement. If the Settlement is finally approved, Defendants have no ability to get back any of the Settlement Amount monies.

**1.24** "Settlement Amount" means the principal amount of Twenty-Seven Million Five-Hundred-Thousand Dollars ($27,500,000.00) in cash to be paid pursuant to ¶2.1 of this Stipulation. Defendants and their insurers shall not have any obligation whatsoever to pay any amount over and above the principal amount of Twenty-Seven Million Five-Hundred-Thousand Dollars ($27,500,000.00) in cash.

**1.25** "Settlement Class" means: All persons who purchased Velodyne securities between July 2, 2020 and March 17, 2021, inclusive and were damaged thereby. Excluded from the Class are Defendants and members of their immediate families, the officers and directors of the Company, at all relevant times, and members of their immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice (as defined in ¶4.1).

**1.26** "Settlement Class Member" or "Settlement Class Members" mean any Person who falls within the definition of the Settlement Class as set forth in ¶1.25 of the Stipulation.

**1.27** "Settlement Fund" means the interest-bearing escrow account into which the Settlement Amount is to be paid. The Settlement Fund shall include the Settlement Amount plus any interest that may accrue thereon as provided for herein.

**1.28** "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiff on behalf of herself and each Settlement Class Member.

**1.29** "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any member of the Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Defendant Parties or might have affected his, her or its decision not to object to the Settlement or not exclude himself, herself, or itself from the Settlement Class. Lead Plaintiff and every Settlement Class Member expressly waive, and by operation of the Order and Final Judgment shall be deemed to have waived and shall have waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent applicable), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff and each Settlement Class Member may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released, any and all Released

Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and every member of the Settlement Class by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

## 2.     The Settlement

### a.     The Settlement Fund

**2.1**     In consideration of the terms of this Settlement and the full and final settlement, resolution, release, and discharge of all Released Claims, the Defendants shall pay, or shall cause Defendants' insurance carrier(s) to pay the Settlement Amount. Lead Counsel shall provide counsel for Defendants with wiring instructions for the Settlement Fund, the payee's W-9, and any other documents reasonably required by Defendants' insurance carrier(s) to process the payments as expeditiously as possible and in any event within five (5) business days of the Court's entry of the Notice Order preliminarily approving the Settlement. The Settlement Amount shall be deposited into the Settlement Fund within twenty (20) business days of the Court's entry of the Notice Order preliminarily approving the Settlement or within twenty (20) business days of receipt by Defendants' counsel of the wiring instructions for the Settlement Fund and the payee's W-9, whichever occurs later.

**2.2**     Other than the obligation to deposit the Settlement Amount into the Settlement Fund pursuant to ¶2.1 of the Stipulation, Defendants and their insurance carrier(s) shall have no obligation to make any other payment pursuant to this Stipulation.

### b.     The Escrow Agent

**2.3**     The Escrow Agent shall invest any funds in excess of the $250,000 (advanced pursuant

to ¶2.7 below) in short-term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon in the same instruments. Any funds held in escrow in an amount of less than or equal to $250,000 may be held in an interest-bearing bank account insured by the Federal Deposit Insurance Corporation. The interest from the Settlement Fund will accrue to the benefit of the Settlement Class upon the Effective Date. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.4     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation.

2.5     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of the Stipulation.

2.6     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.7     Escrow Agent shall advance $250,000 from the Settlement Amount to the Claims Administrator solely for costs in connection with the distribution of the Notice to the Settlement Class Members and the administration of the Settlement Fund pursuant to the Plan of Allocation ("Notice and Administration Component"), as follows. The Escrow Agent shall establish a "Notice and Administration Fund," and deposit the $250,000 from the Notice and Administration Component Fund in it. The Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.3 of this Stipulation.

2.8     The Notice and Administration Component shall be used, without further approval from Defendants or the Court, for the reasonable costs and expenses associated with identifying Settlement Class Members and effecting mail notice and publication notice to the Settlement Class,

and the administration of the Settlement, including, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims, provided that the foregoing costs and expenses shall not exceed $250,000. To the extent the foregoing costs and expenses do exceed $250,000, prior to the Effective Date, Lead Counsel shall apply to the Court for an order allowing for reimbursement to the Claims Administrator from the Settlement Fund of the foregoing costs and expenses in excess of $250,000.

        **c.**    **Taxes**

    **2.9**    The Settling Parties and their counsel agree that:

    (a)    the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. The Settling Parties and their counsel agree that the Settlement Fund should at all times be treated as being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the sole responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

    (b)    For the purpose of §468B of the Code and the Treasury regulations promulgated thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.9(a) hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes as defined in ¶2.9(c) hereof

(including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) hereof.

(c)     All: (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants or the Released Defendant Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.9) ("Tax Expenses"), shall be paid out of the Settlement Fund. In no event shall Defendants or the Released Defendant Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Escrow Agent shall indemnify and hold each of the Defendants and the Released Defendant Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor the Released Defendant Parties are responsible therefor nor shall they have any liability with respect thereto. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.9.

(d)     For the purpose of this ¶2.9, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Component and shall also include any earnings thereon.

### 3.     Termination of Settlement

**3.1**     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Order and Final Judgment is reversed or vacated following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund (including accrued interest), less reasonable expenses actually incurred or due and owing from the Settlement Fund for the notice and administration of the Settlement pursuant to ¶2.8 above, shall be refunded to Defendants and their insurance carrier(s) pursuant to written instructions provided by counsel for Defendants to the Escrow Agent in accordance with ¶8.6 herein.

### 4.     Notice Order and Settlement Hearing

**4.1**     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court, and Lead Counsel shall apply for entry of an order (the "Notice Order"), substantially in the form and content of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, approval for the mailing of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), substantially in the form of Exhibit A-1 attached hereto, and approval of the publication of a Summary Notice, substantially in the form of Exhibit A-2 attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶7.1, and the date of the Settlement Hearing as defined in ¶4.2 below.

**4.2**     The Settling Parties agree to request that, after Notice is given and not earlier than ninety (90) calendar days after Defendants serve the appropriate Federal official and the appropriate State officials with notice of the proposed Settlement pursuant to the Class Action Fairness Act ("CAFA"), the Court hold a hearing (the "Settlement Hearing") and finally approve the Settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application, and the Settling Parties shall request and obtain from the Court the Order and Final Judgment (or a judgment

substantially in the form of Exhibit B attached hereto). The Order and Final Judgment shall contain a bar order substantially in the form set forth in Exhibit B that permanently bars, enjoins, and restrains any Person from commencing, prosecuting, or asserting any Released Claims against any of the Released Persons, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Litigation or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere. The bar order shall be the broadest permitted under the PSLRA but shall not release or bar any claim by Defendants for insurance coverage, any claims that the Individual Defendants may have for indemnification or advancement against the Company or any of its successors and/or affiliates, or the claims identified in ¶¶1.20—1.21 of this Stipulation. Pursuant to CAFA, no later than ten (10) calendar days after this Settlement Agreement is filed with the Court, Defendants shall serve, or cause to be served, proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA. Defendants shall bear the cost of serving the CAFA notice.

     **4.3**     Except for Defendants' obligation to pay, and/or to cause Defendants' insurance carriers to pay, the Settlement Amount into the Settlement Fund as set forth in ¶2.1, and to use their best efforts to provide Lead Plaintiff with information from Velodyne's transfer agent, if any, with respect to the identification of Settlement Class Members, Defendants and the Released Defendant Parties shall have no involvement, liability, obligation or responsibility for selection of the Claims Administrator, the claims administration process, the Plan of Allocation, or the distribution of the Net Settlement Fund (as defined below in ¶6.2(d) below) after approval. It shall be solely Lead Plaintiff's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims arising from any alleged failure of the notice process.

     **5.**     **Releases and Covenant Not to Sue**

     **5.1**     Upon the Effective Date, as defined in ¶1.6 hereof, the Lead Plaintiff, each and all of the Settlement Class Members and anyone claiming through or on behalf of any of them, and

Plaintiff's Counsel shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice all Released Claims against all Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Released Defendant Parties, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim and Release form, and whether or not such Settlement Class Member shares in the Settlement Fund.

**5.2**    Upon the Effective Date, as defined in ¶1.6 hereof, each of the Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, Released Plaintiff Parties and Plaintiff's Counsel from all Settled Defendants' Claims, and shall be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Settled Defendants' Claims against Lead Plaintiff, any of the Settlement Class Members, Released Plaintiff Parties, or Plaintiff's Counsel.

**5.3**    Lead Plaintiff, each and all of the Settlement Class Members, and Plaintiff's Counsel agree and covenant not to file or pursue any of the Released Claims against any Released Defendant Parties between the date of this Stipulation and the Effective Date. The Settling Parties agree that, if the Settlement does not become Final, the period of time between the date of this Stipulation and the date that Defendants became aware that the Settlement would not become Final shall not be counted for purposes of any defense based on passage of time.

**6.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund**

**6.1**      The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

**6.2**      The Settlement Fund shall be applied as follows:

(a)      to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)      to pay the Taxes and Tax Expenses described in ¶2.9 above;

(c)      to pay Plaintiff's Counsel's attorneys' fees, expenses, and costs with interest thereon (the "Fee and Expense Award") and Lead Plaintiff's expenses, if and to the extent allowed by the Court; and

(d)      to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

**6.3**      Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)      Each Settlement Class Member who wishes to participate in the Net Settlement Fund shall be required to submit a Proof of Claim and Release form, substantially in a form approved by the Court, supported by such documents as are designated therein, including proof of the transactions claimed, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable. All Proof of Claim and Release forms must be submitted by the date specified in the Notice unless such period is extended by order of the Court, in which case all Proof of Claim

and Release forms must be submitted by the later date specified in that order;

(b)     Any Settlement Class Member who fails to submit a Proof of Claim and Release form by the date specified in the Notice (or by the later date, if any, specified by order of the Court), shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later-submitted Proof of Claim and Release form by such Settlement Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims. A Proof of Claim and Release form shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In cases of online submission and all other cases, the Proof of Claim and Release form shall be deemed to have been submitted when actually received by the Claims Administrator. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed;

(c)     Each Proof of Claim and Release form shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Proof of Claim and Release forms that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim and Release form, the Claims Administrator shall communicate with the claimant in order to remedy any curable deficiencies in the Proof of Claim and Release form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proof of Claim and Release forms it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

(f)     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice and approved by the Court.

6.4     Except for the Defendants' obligation to pay, and/or to cause Defendants' insurance carrier(s) to pay, the Settlement Amount into the Settlement Fund as set forth in ¶2.1, and to cooperate in the production of information with respect to the identification of Settlement Class Members from Velodyne's shareholder transfer records, if any, as provided herein, Defendants and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund (except insofar as Defendants' insurance carrier(s) retains(retain) the right to a potential refund of the Settlement Amount and accrued interest thereon pursuant to the terms of ¶8.6 hereof), the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. Lead Plaintiff and Lead Counsel shall be solely responsible for formulation of the Plan of Allocation of the Settlement Amount to claimants of the Settlement Fund.

6.5     No Person shall have any claim against Lead Plaintiff, the Escrow Agent, Plaintiff's Counsel or any Claims Administrator, or Defendants, the Released Defendant Parties, or counsel for Defendants based on distribution determinations or claim rejections made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

6.6     If there is any balance remaining in the Net Settlement Fund after six (6) months from

the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining shall be re-distributed among Authorized Claimants in an equitable and economic manner and any remainder donated to an appropriate non-profit 501(c)(3) organization recommended by Lead Counsel and approved by the Court.

**6.7**     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a necessary term of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Order and Final Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**7.     Plaintiff's Counsel's Attorneys' Fees and Expenses**

**7.1**     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to it from the Settlement Fund for: (a) an award of attorneys' fees from the Settlement Fund; (b) payment of expenses and costs incurred in connection with prosecuting the Litigation; (c) any interest on such attorneys' fees, costs, and expenses at the same rate and for the same periods as earned by the Settlement Fund; and (d) reimbursement for the expenses of Lead Plaintiff, pursuant to 15 U.S.C. §78u-4(a)(4). Lead Counsel reserves the right to make additional applications for fees and expenses incurred to be paid out of the Settlement Fund.

**7.2**     The Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund one (1) business day after the Court executes an order awarding such Fee and Expense Award. Lead Counsel shall thereafter allocate, subject to the conditions below, the attorneys' fees amongst Plaintiff's Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Litigation. In the event that the Effective Date does

not occur, or the Order and Final Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including their law firms, partners, and/or shareholders, shall within fifteen (15) business days from receiving notice from a court of appropriate jurisdiction, refund to the Settlement Fund the fees, expenses, and costs previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification, and the refunded amount shall thereafter be distributed by the Escrow Agent to Defendants and/or their insurance carriers pursuant to the terms of ¶8.6 hereof. Lead Counsel, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

**7.3**     The procedure for and allowance or disallowance by the Court of any Fee and Expense Application, including the fees and expenses of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Order and Final Judgment approving the Stipulation and the Settlement of the Litigation set forth herein.

**7.4**     Defendants and the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Plaintiff's Counsel, from the Settlement Fund or otherwise.

**7.5**     Defendants and the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to the award to Plaintiff's Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

8. **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

**8.1**     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Notice Order, as required by ¶4.1;

(b)     the Settlement Amount has been paid, as required by ¶2.1;

(c)     the Court has approved the Settlement, following Notice to the Settlement Class Members and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(d)     the Court has entered the Order and Final Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)     the Order and Final Judgment has become Final, as defined in ¶1.8.

**8.2**     Upon the occurrence of all of the events referenced in ¶8.1, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If it becomes clear that any of the conditions specified in ¶8.1 cannot or will not be met, then the Stipulation shall be canceled and terminated subject to ¶¶8.6-8.8 unless Lead Counsel and counsel for Defendants mutually agree in writing to otherwise proceed with the Settlement. None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed herein. Without limitation of any Settling Party's other rights or remedies at law or in equity to enforce its rights against any other Settling Party that breaches its obligations under this Stipulation, no breach by any Settling Party of its obligations under this Stipulation shall permit any other Party (i) to terminate this Stipulation, except to the extent that the terms of this Stipulation expressly authorize such termination and termination is undertaken in accordance with such terms, or (ii) after the Effective Date to affect or impair the disposition of the Litigation or release of claims contemplated by ¶¶5.1-5.3.

**8.3**     Any of the Settling Parties may terminate the Settlement and this Stipulation by providing written notice no later than twenty (20) calendar days following (a) a Court order declining to (i) certify the Settlement Class or altering in any material respect the scope or definition of the

Settlement Class; (ii) enter the Notice Order preliminarily approving the Settlement in any material respect; (iii) grant final approval to the Settlement in any material respect; or (iv) enter the Order and Final Judgment in any material respect; (b) the Order and Final Judgment being vacated, modified, or reversed in any material respect; (c) the Effective Date (as defined herein) of the Settlement not otherwise occurring; or (d) any material term of the Settlement as set forth in herein not being satisfied.

8.4     As set forth in a separate document executed concurrently with this Stipulation (the "Supplemental Agreement"), the Company shall also have the option, in its sole and absolute discretion, to terminate the Settlement and this Stipulation in the event that proposed Settlement Class Members collectively representing more than a certain specified percentage of the total number of 188,303,228 Velodyne common shares outstanding on March 10, 2021, as set forth in Velodyne's annual report on Form 10-K filed with the Securities and Exchange Commission on March 17, 2021, choose to exclude themselves from the Settlement Class. For avoidance of doubt, the final sentence of the definition of "Settlement Class" provided in ¶1.25 shall not apply with respect to calculating the percentage of the total number of Velodyne common shares pursuant to this ¶8.4 or the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless requested by the Court or unless a dispute arises among the Settling Parties concerning its interpretation or application. Although the terms of the Supplemental Agreement are not explicitly set forth herein, they are a material and integral part of this Stipulation. Other than as expressly provided in ¶8.3 and this ¶8.4, none of the Settling Parties shall have the right to terminate the Stipulation for any reason.

8.5     The Settlement Hearing shall be held at a date and time convenient to the Settling Parties and the Court, at the United States District Court for the Northern District of California's San Francisco Courthouse, Courtroom 1 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 or at such other location or via telephonic or video appearance as determined by the Court, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate as to the Settlement Class and should be approved by the Court; whether an Order and Final Judgment as provided in ¶1.13 should be entered herein; whether the proposed Plan of Allocation should be approved; and whether the Fee and Expense Application

should be approved.

**8.6**     Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or shall not become effective for any reason, within fifteen (15) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, subject to the terms of ¶3.1, the Settlement Fund (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶2.7 or ¶2.8 or are determined to be chargeable to the Settlement Fund for the notice and administration of the Settlement pursuant to ¶2.8 herein, shall be refunded by the Escrow Agent to Defendants and Defendants' insurance carrier(s) plus accrued interest attributable to that amount by wire transfer pursuant to written instructions from counsel for Defendants. At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to Defendants' insurance carrier(s).

**8.7**     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored *nunc pro tunc* to their respective positions in the Litigation as of January 19, 2024. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.29, 3.1, 7.2-7.5, 8.1-8.8, 9.1, and 10.6, shall have no further force and effect and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

**8.8**     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund for the notice and administration of the Settlement pursuant to ¶¶2.7-2.8. In addition, any expenses already incurred and properly chargeable

to the Settlement Fund for the notice and administration of the Settlement pursuant to ¶¶2.7-2.8 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶8.6 hereof.

**9.    No Admission of Wrongdoing**

**9.1**    This Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings in connection herewith shall not be:

(a)    used, offered or received against any Defendant or Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant or Released Defendant Parties of the truth of any allegations by Lead Plaintiff or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants or Released Defendant Parties;

(b)    used, offered or received against any Defendant or Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant or Released Defendant Parties that any damages were suffered by Lead Plaintiff, the Settlement Class, or anyone else;

(c)    used, offered or received against any Defendant or Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or Released Defendant Parties, or against Lead Plaintiff or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiff and the Settlement Class;

(d)    used, offered or received against any Defendant or Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or

proceeding in any court, administrative agency, or other forum, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants or Released Defendant Parties may refer to the Stipulation to effectuate the releases granted them hereunder; or

(e)     used, offered or received against any Defendant, Released Person, Lead Plaintiff, or Settlement Class Member as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission that the consideration to be given hereunder represents an amount equal to, less than, or greater than any amount which could have or would have been recovered after trial.

### 10.    Miscellaneous Provisions

**10.1**     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation. Lead Counsel and counsel for Defendants shall cooperate with one another in seeking Court approval of the Notice Order and the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement. The Settling Parties understand that there are no admissions of liability by Defendants, and the Settling Parties shall, in good faith, endeavor to communicate the terms of the Settlement in a manner that is respectful of the fact that no final adjudication of fault was determined by a court or jury.

**10.2**     This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between the Settling Parties as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties. No representations, warranties, or inducements have been made to any party concerning the Stipulation, its Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

**10.3**    Except as otherwise provided for herein, each of the Settling Parties shall bear his, her or its own costs.

**10.4**    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation, as well as any disputes which could have been raised in the Litigation by Lead Plaintiff, the Settlement Class Members, and each or any of them, against Defendants, the Released Defendant Parties, counsel for Defendants, and each or any of them, on the one hand, and by Defendants, the Released Defendant Parties, and each or any of them, against Lead Plaintiff, Lead Counsel, and each or any of them, on the other hand. The Settlement compromises all claims that were contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Order and Final Judgment will contain a statement that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied fully with the requirements of good faith litigation under the Securities Exchange Act, the Federal Rules of Civil Procedure (including Federal Rule of Civil Procedure 11), and any similar provision of state law. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties shall not take the position that the Litigation was brought or defended in bad faith or in violation of Rule 11 or the PSLRA, and each Settling Party reserves its right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

**10.5**    Defendants and/or the Released Defendant Parties may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Lead Plaintiff understands, acknowledges, and agrees that Defendants have denied and continue to deny all claims of wrongdoing, liability, and damages alleged in the Litigation.

**10.6**    Except as otherwise provided for herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

**10.7**    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

**10.8**    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

**10.9**    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which Lead Counsel deems appropriate.

**10.10**    Each counsel or other person executing the Stipulation or any of its Exhibits on behalf of any of the Settling Parties hereby warrants that such person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

**10.11**    The Stipulation may be executed in one or more counterparts, including by signature transmitted via an electronically generated or recorded image of the signature in .pdf or .tif file format transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

**10.12**    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Persons.

**10.13**    With the exception of the matters expressly declared subject to mediation in ¶10.14 hereto, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

**10.14**    If any disputes arise out of the finalization of the settlement documentation or the Settlement itself prior to submission to the Court for preliminary approval of the Settlement, then those

disputes shall be presented for mediation before Jed Melnick, Esq. (JAMS).

**10.15**   The waiver by one of the Settling Parties of any breach of this Stipulation by any other of the Settling Parties shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

**10.16**   The Stipulation and the Exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the Settling Parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

**10.17**   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.18**   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

**10.19**   Whenever this Stipulation requires or contemplates that one party shall or may give notice to another, notice shall be provided by electronic mail or next-day (excluding Saturday and Sunday) express delivery service as follows and shall be deemed effective upon such transmission or delivery, to the email or business address set forth below:

If to Defendants, then to:

Kevin P. Muck
WILMER CUTLER PICKERING HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, California 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001
kevin.muck@wilmerhale.com

Tamar Kaplan-Marans
WILMER CUTLER PICKERING HALE AND DORR LLP

7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
tamar.kaplan-marans@wilmerhale.com

If to Lead Plaintiff, then to:

Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

**10.20**   The Settling Parties reserve the right, subject to Court approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

1

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by

2

their duly authorized attorneys on Tuesday, March 5, 2024.

3

Dated: March 6, 2024

Respectfully submitted,
**KAHN SWICK & FOTI, LLP**

Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander L. Burns
(admitted *pro hac vice*)
James T. Fetter
(admitted *pro hac vice*)
Alexandra Pratt
(admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 960
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
james.fetter@ksfcounsel.com
alexandra.pratt@ksfcounsel.com

*Class Counsel for Class Representative and the Class*

Dated: March 6, 2024

WILMER CUTLER PICKERING HALE
AND DORR LLP

_Kevin P. Muck (SBN 120918)_
Susan S. Muck (SBN 126930)
William Z. Brenc (SBN 318544)
One Front Street, Suite 3500
San Francisco, California 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001
Kevin.muck@wilmerhale.com
Susan.muck@wilmerhale.com
William.brenc@wilmerhale.com

Tamar Kaplan-Maran
7 World Trade Center
250 Greenwich Street
New York City, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Tamar.kaplan-marans@wilmerhale.com

Joshua A. Vittor (SBN 326221)
350 S. Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5300
Joshua.vittor@wilmerhale.com

*Attorneys for Defendants*

# EXHIBIT A

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| MEYSAM MORADPOUR, et al., | ) | Case No. 3:21-CV-01486-SI |
| | ) | |
| Plaintiffs, | ) | **[PROPOSED] ORDER GRANTING** |
| | ) | **PRELIMINARY APPROVAL OF** |
| v. | ) | **SETTLEMENT** |
| | ) | |
| VELODYNE LIDAR, INC., et al., | ) | **CLASS ACTION** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

WHEREAS, this consolidated class action (the "Litigation") comes before the Court on Lead Plaintiff's Unopposed Motion for Preliminary Approval of Settlement ("Motion") and on the Stipulation of Settlement dated March 6, 2024 (the "Stipulation") entered into by and among the following Settling Parties to the Litigation: (i) Lead Plaintiff Diane Smith (on behalf of herself and each of the Class Members), by and through her counsel of record in the Litigation; and (ii) Defendants Anand Gopalan, Michael Dee, James Graf, and Andrew Hamer (the "Individual Defendants") and Defendant Velodyne Lidar, Inc. ("Velodyne" or the "Company") (together with the Individual Defendants, "Defendants") (together with Lead Plaintiff, "the Parties"), by and through their counsel of record. The Stipulation is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Together with the exhibits attached thereto, the Stipulation sets forth the terms and conditions for the proposed settlement of the claims alleged in the Consolidated Amended Class Action Complaint for Violation of Federal Securities Laws filed with the Court on February 11, 2022 (ECF No. 99); and

WHEREAS, on July 14, 2023, the Court certified a class pursuant to Rule 23 consisting of all Persons who purchased Velodyne publicly traded securities between July 2, 2020 and March 17, 2021, inclusive. ECF No. 193. Excluded from the Class are Defendants and members of their immediate families, the officers and directors of the Company, at all relevant times, and members of their immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the procedure described in this Notice; and

WHEREAS, the July 14, 2023 class certification Order also certified Lead Plaintiff Diane Smith as representative for the Class ("Class Representative"), and appointed Kahn Swick & Foti, LLC as Class Counsel for the Class ("Class Counsel"); and

WHEREAS, the Court is familiar with and has reviewed the record in the Litigation, reviewed the Motion and the Stipulation, together with the exhibits attached thereto and incorporated by reference therein, and found good cause for entering the following Order; and

**IT IS THEREFORE ORDERED that**:

1.    This Order (the "Preliminary Approval Order" or "Notice Order") hereby incorporates by reference the definitions in the Stipulation and all capitalized terms used shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

2.    Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

3.    The Court preliminarily finds that:(i) the Stipulation is the product of good faith, arm's-length negotiations conducted under the auspices of an independent mediator, Jed D. Melnick of JAMS, who has extensive experience in mediating securities class actions of this type; and (ii) the terms of the proposed Settlement are sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to Settlement Class Members and the scheduling of a Settlement Hearing, as set forth herein. Accordingly, the Court preliminarily approves: (i) the Settlement of the Litigation as set forth in the Stipulation, including the releases contained therein; and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Litigation based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Order.

4.    Class Counsel is hereby authorized to retain Epiq Class Action and Claims Solutions, Inc.as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures as well as the processing of claims at a cost that is estimated to be no more than $250,000 as more fully set forth below:

     a.  No later than 21 calendar days after entry of this Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form, substantially in the forms attached hereto as Exhibits A-1 and A-3, respectively, to be mailed by first class mail, postage prepaid, to all potential members of the Class who may be identified through

reasonable effort, including through the cooperation of Velodyne to provide security holder lists as set forth in the Stipulation;

b.  Class Counsel shall cause a summary notice (the "Summary Notice"), substantially in the form attached hereto as Exhibit A-2, to be published in the national edition of *Investor's Business Daily* no later than fourteen (14) calendar days after the Notice Date;

c.  Class Counsel shall serve on Defendants' Counsel and file with the Court proof by affidavit or declaration of mailing and publication not later than seven (7) calendar days before the Settlement Hearing, as defined below in ¶ 9 of this Preliminary Approval Order;

5.    Class Counsel shall cause the Notice, the Summary Notice, and the Proof of Claim and Release form to be placed on the Claims Administrator's website, on or before the Notice Date. Pursuant to Paragraph 4.2 of the Stipulation, Defendants shall file proof of compliance with the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. § 1715) with the Court at least thirty-five (35) calendar days prior to Final Approval Hearing.

6.    The Court hereby approves the form of Notice and Summary Notice (together, the "Notices") and the Proof of Claim and Release form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in ¶ 4 of this Preliminary Approval Order meet the requirements of Rule 23, the Securities Exchange Act of 1934 and Securities Act of 1933, both of which as amended by the Private Securities Litigation Reform Act of 1995, and the Constitution of the United States, including the requirements of due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

7.    The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased certain publicly traded Velodyne Securities for the benefit of another Person during the Class Period. Those brokers and other nominees are directed to either: (i) send the Notice and Proof of Claim and Release form to all such beneficial owners, postmarked within ten (10) calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such beneficial

owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Proof of Claim and Release form to such beneficial owners within ten (10) calendar days after receipt thereof.

8.      Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Proof of Claim and Release form to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Proof of Claim and Release form. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with respect to any dispute concerning such compensation.

9.      Pursuant to FED. R. CIV. P. 23(e), a hearing (the "Settlement Hearing") shall be held before the Honorable Susan Illston on _____, 2024, at ____ __.m., in the Phillip Burton Federal Building & United States Courthouse, United States District Court for the Northern District of California or at such other location or *via* telephonic or video appearance as determined by the Court, for the following purposes:

   a.  to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interests of the Settlement Class and should be finally approved by the Court;

   b.  to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

   c.  to determine whether the Order and Final Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered, *inter alia*, dismissing

the Litigation against the Defendants with prejudice and extinguishing and releasing all Released Claims (as defined in the Stipulation);

d.   to consider Class Counsel's Fee and Expense Application;

e.   to consider any application for reimbursement of costs and expenses (including lost wages) by Lead Plaintiff, pursuant to 15 U.S.C § 78u-4(a)(4), in connection with her representation of the Class; and

f.   to rule on such other matters as the Court may deem appropriate.

10.   The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the Fee and Expense Application, or with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

11.   Following the Settlement Hearing, the Court reserves the right to approve the Settlement without modification, or with such modifications as the Settling Parties may agree, without further notice, and to enter its Judgment approving the Settlement and dismissing the Litigation with prejudice, and regardless of whether it has approved the Plan of Allocation or awarded fees and expenses to Class Counsel or Lead Plaintiff.

12.   Any member of the Class who wishes to object to the Settlement must, at least twenty-one (21) calendar days prior to the Settlement Hearing, file with the Court and serve on counsel (listed below) a written statement of objection to the Settlement, the Plan of Allocation, Fee and Expense Application and/or a request for reimbursement of costs and expenses (including lost wages) by Lead Plaintiff in connection with her representation of the Class.

13.   Any member of the Class who timely objects to the Settlement, the Plan of Allocation, Fee and Expense Application, and/or a request for reimbursement of costs and expenses (including lost wages) by Lead Plaintiff in connection with her representation of the Class, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Settlement Hearing and present evidence or argument that may be proper or relevant. They may do so provided that no Person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Court, unless

within twenty-one (21) calendar days prior to the Settlement Hearing, such Person files with the Court and serves upon counsel listed below:

      a.  a statement of such Person's objections to any matters before the Court concerning the Settlement;

      b.  the grounds therefore or the reasons that such Person desires to appear and be heard, as well as all documents or writings such Person desires the Court to consider;

      c.  whether that Person intends to present any witnesses; and

      d.  proof of the Person's membership in the Class, which proof shall include the Person's purchases/acquisitions/transactions of certain publicly traded Velodyne Securities during the Class Period and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition and sale. Such filings shall be served upon the Court and the following counsel at the following addresses, respectively:

| CLERK'S OFFICE | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| United States District Court for the Northern District of California Clerk's Office 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489 | Ramzi Abadou Kahn Swick & Foti, LLC 1100 Poydras Street, Suite 960 New Orleans, LA 70163 (504) 455-1400 | Kevin P. Muck Wilmer Cutler Pickering Hale and Dorr, LLP One Front Street, Suite 3500, San Francisco, CA 94111 94304-1130 (628) 235-1000 |

Any Person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court. Any papers, in response to any such objections, in further support of the above-noted motions shall be served and filed no later than seven (7) days prior to the Settlement Hearing.

14.     All Class Members shall be bound by all determinations and judgments in this Litigation concerning the Settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have previously timely and validly requested exclusion from the Class. The Persons who request exclusion from the Class will be excluded from the Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim and Release forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or Order and Final Judgment, if entered, as to Defendants in the Litigation.

15.     Any Person falling within the definition of the Class may upon request be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") at least twenty-one (21) calendar days prior to the date of the Settlement Hearing. To be valid, a Request for Exclusion must state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) the Person's purchases/acquisitions/transactions of Velodyne publicly traded securities during the Class Period and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition, and sale; (iii) a clear and unambiguous statement that the Person wishes to be excluded from the Class; and (iv) must include the Person's signature. No further opportunity to request exclusion will be given in this Litigation. Requests for Exclusion may not be submitted by e-mail, unless otherwise ordered by the Court.

16.     Any Class Member who wishes to be eligible to participate in the Net Settlement Fund must timely submit a valid Proof of Claim and Release form to the Claims Administrator, either by mail as indicated below and in the Proof of Claim and Release form or electronically at [website], no later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be extended further by Court order. If the Notice Date is extended by order of the Court, then all Proof of Claim and Release forms must be submitted by the date specified in that order. A Proof of Claim and Release form shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim and Release form. In cases of online submission and all other cases, a Proof of Claim and Release form shall be deemed to have been submitted at the time it is actually received by

the Claims Administrator. To be valid, a Proof of Claim and Release form must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Claim Form; (ii) include the release by the claimant of all Released Persons as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. As part of the Proof of Claim and Release form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to the effectuation of the Settlement reflected in the Stipulation) agree and enter into the release as provided in the Stipulation. All Class Members who do not submit a valid and timely Proof of Claim and Release form shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Proof of Claim and Release form, unless such Persons request exclusion from the Class in a timely and proper manner, as provided herein.

17.     If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity. Each party shall be restored *nunc pro tunc* to their respective positions in the Litigation as of January 19, 2024. In such circumstances, each of the Settling Parties shall retain his, her or its currently existing rights in the Litigation, including (but not limited to) any existing rights to seek or to object to the certification of this litigation as a class action under FED. R. CIV. P. 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

18.     All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, Lead

Plaintiff, Class Counsel, and all Class Members are barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Released Defendant Parties, as defined in the Stipulation.

19.     The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     Class Counsel, or an agent thereof, is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court. The Court authorizes payment out of the Settlement Fund for the Notice and Administration Component in accordance with the Stipulation.

21.     The Settling Parties make no concessions or admissions as to the merits of the claims or allegations asserted in the Litigation. Lead Plaintiff continues to assert that the claims and allegations have merit and that she and the Class are entitled to recovery. Defendants continue to deny that the claims and allegations have any merit, deny that they engaged in any wrongdoing or other misconduct, and deny that they have any liability to Lead Plaintiff or members of the Class. This Preliminary Approval Order, the Settlement, the Stipulation, and all negotiations, statements, discussions, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiff, any Defendant or the other Released Persons, any Class Member, or any other Person, of any liability or wrongdoing whatsoever by them, or any of them, and shall not be deemed to create any inference that there is any liability on the part of Lead Plaintiff, any Defendant or the other Released Persons, any Class Member, or any other Person. This Preliminary Approval Order, the Settlement, the Stipulation, and all negotiations,

statements, discussions, and proceedings in connection therewith shall not be used, offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, any Class Member, or any other Person, has or has not suffered any damage.

22.     All motions and papers in support of the Settlement, the Plan of Allocation, the Fee and Expense Application, and/or a request for reimbursement of costs and expenses (including lost wages) by any Lead Plaintiff in connection with her representation of the Class, shall be filed and served no later than thirty-five (35) calendar days before the date scheduled for the Settlement Hearing, and all reply briefs in support of said motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

23.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation. The Court further retains jurisdiction over this Litigation to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Class Members, and may approve the Settlement, with such modifications as may be agreed to by Plaintiff and Defendants, if appropriate, without further notice to the Class.

IT IS SO ORDERED.


DATED: _____    _____
                                                THE HONORABLE SUSAN ILLSTON
                                                UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Class Counsel and Counsel for*
*Class Representative, Diane Smith*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MEYSAM MORADPOUR, et al., ) | Case No. 3:21-CV-01486-SI |
| ) | |
| Plaintiffs, ) | **NOTICE OF PENDENCY AND PROPOSED** |
| ) | **SETTLEMENT OF CLASS ACTION** |
| v. ) | |
| ) | **EXHIBIT A-1** |
| VELODYNE LIDAR, INC., et al., ) | |
| ) | <u>**CLASS ACTION**</u> |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**NOTICE OF (I) PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**To:   ALL PERSONS WHO PURCHASED VELODYNE LIDAR, INC. PUBLICLY TRADED SECURITIES BETWEEN JULY 2, 2020 AND MARCH 17, 2021, INCLUSIVE (THE "CLASS")**

*A FEDERAL COURT HAS AUTHORIZED THIS NOTICE.*
*THIS IS NOT A SOLICITATION FROM A LAWYER.*

**NOTICE OF SETTLEMENT:** Please be advised that the Court-appointed Lead Plaintiff and Class Representative Diane Smith, on behalf of herself and the Court-certified Class, has reached a proposed settlement of the above-captioned securities class action lawsuit (the "Litigation") for a total of Twenty Seven Million Five-Hundred-Thousand Dollars ($27,500,000.000) in cash that, if approved, will resolve all claims in the Litigation.[1] As described more fully below, Lead Plaintiff's damages expert estimates that, if valid claims for all such Velodyne Securities[2] are submitted, the average recovery per share for the Velodyne Common Stock will be approximately $0.24 per share and the average recovery per share for the Velodyne Warrant will be approximately $0.11 per share, before deduction of attorneys' fees (not to exceed 28% of the Settlement Fund), costs and expenses awarded by the Court (not to exceed $315,000) and the costs of providing notice and administering the Settlement (not to exceed $250,000).

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a Class Member, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please do not contact Velodyne Lidar, Inc. ("Velodyne" or the**

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated March 6, 2024 (the "Stipulation"), which is available on the website for the Settlement at [settlement website].

[2]   Herein, Velodyne publicly traded Common Stock and Warrants are referred to collectively as "Velodyne Securities."

"Company"), Defendants' Counsel, or the Court. **All questions should be directed to Lead Counsel or the Claims Administrator.**

1.    **Description of the Litigation and Class**: This Notice relates to a proposed settlement of claims in a pending securities class action lawsuit brought by an investor alleging, among other things, that Defendants Anand Gopalan, James A. Graf, Michael Dee, and Andrew Hamer ("Individual Defendants") and Velodyne (together with the Individual Defendants, "Defendants"), violated the federal securities laws by allegedly making materially false and misleading statements and/or omitting material facts necessary to make the statements not misleading because, among other reasons, Defendants either knew, or deliberately disregarded, facts regarding, facts regarding an undisclosed effort to remove the Company's founder David Hall from his leadership position. Defendants deny that the claims and allegations have any merit, deny that they engaged in any wrongdoing or other misconduct, and deny that they have any liability to Lead Plaintiff or members of the Class. The proposed settlement, if approved by the United States District Court for the Northern District of California (the "Court"), will settle claims of the Class of Persons that were certified by the Court pursuant to an Order issued on _____, 2024 (the "Preliminary Approval Order" or "Notice Order"). The "Class," as certified by the Court, means all Persons who purchased Velodyne publicly traded securities between July 2, 2020 and March 17, 2021, inclusive. Excluded from the Class are Defendants and members of their immediate families, the officers and directors of the Company, at all relevant times, and members of their immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the procedure described in this Notice.

2.    **Summary of the Class's Recovery**: Subject to Court approval, and as described more fully below, Lead Plaintiff, on behalf of herself and the Class, has agreed to settle all claims based on the purchase or other acquisition of Velodyne publicly traded securities during the Class Period that were or could have been asserted against Defendants in the Litigation in exchange for a settlement payment of Twenty-Seven Million Five-Hundred-Thousand Dollars ($27,500,000) in cash (the

"Settlement Amount") to be deposited into an interest-bearing escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Component; (iii) Lead Plaintiff's expenses, if and to the extent allowed by the Court; and (iv) Plaintiff's Counsel's attorneys' fees, expenses, and costs with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶ 42-64, below.

3.    **Estimate of Average Amount of Recovery Per Share**: Lead Plaintiff's damage expert estimates that, between July 2, 2020 and March 17, 2021, approximately 109,828,643 million shares of Velodyne Securities were purchased during the Class Period and held through an alleged corrective disclosure and therefore allegedly were damaged. Lead Plaintiff's damages expert estimates that, if valid claims for all such Velodyne Securities are submitted, the average recovery per share for the Velodyne Common Stock will be approximately $0.24 per share, before deduction of attorneys' fees, costs and expenses awarded by the Court and the costs of providing notice and administering the Settlement. Lead Plaintiff's damage expert also estimates that, between July 2, 2020 and March 17, 2021, approximately 9,764,925 million warrants of Velodyne Securities were purchased during the Class Period and held through an alleged corrective disclosure and therefore allegedly were damaged. Lead Plaintiff's damages expert estimates that, if valid claims for all such Velodyne Securities are submitted, the average recovery per warrant for the Velodyne Warrant will be approximately $0.11 per share, before deduction of attorneys' fees, costs and expenses awarded by the Court and the costs of providing notice and administering the Settlement. A Class Member's actual recovery will depend on several things, including: (i) the total number of claims filed; (ii) the date when Class Members purchased, acquired, or transacted in their Velodyne Securities during the Class Period; and (iii) whether and when Class Members sold their Velodyne Securities. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (see ¶¶ 42-64, below) or as may be modified by order of the Court.

4. **Statement of Potential Outcome of Case**: The Parties disagree on the potential liability of Defendants, and they do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff would have prevailed at trial. Defendants deny that they are liable in any respect or that Lead Plaintiff, or any Class Member, suffered any injury. The issues on which the Parties disagree include: (i) whether any Defendant engaged in any conduct that violated the federal securities laws; (ii) the amounts by which Velodyne Securities were allegedly artificially inflated (if at all) during the Class Period; (iii) the effect of various market forces influencing the trading price of Velodyne Securities at various times during the Class Period; (iv) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Velodyne Securities during the Class Period; (v) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the trading price of Velodyne Securities during the Class Period; (vi) whether the statements made or facts allegedly omitted were material, false, misleading, or otherwise actionable under the securities laws; and (vii) whether, even if liability could be proven, total damages would be greater than $0. Lead Plaintiff's Counsel's expert performed a damages analysis and estimates the aggregate damages recoverable after trial to be approximately $190 million, although that amount could be substantially lower or zero if certain arguments by the Defendants were accepted by the Court or a jury. Lead Plaintiff believes that the proposed settlement, which was reached following discovery in the Litigation and a mediation process overseen by an experienced independent, third-party mediator (Jed D. Melnick of JAMS), represents a fair and reasonable recovery in light of the risks of continued litigation and is in the best interests of the Class Members.

5. **Statement of Attorneys' Fees and Expenses Sought**: Court-appointed Lead Counsel, Kahn Swick & Foti, LLC, has been prosecuting the Litigation on a wholly contingent basis for three years since its inception in 2021, has not received any payment of attorneys' fees for their representation of the Class and has advanced hundreds of thousands of dollars in expenses necessarily incurred in order to prosecute the Litigation. As set forth in greater detail below (see ¶¶ 14-23 below), Lead Counsel was responsible for: (i) conducting an extensive investigation into the Class's claims;

(ii) filing two amended consolidated complaints; (iii) opposing Defendants' motion to dismiss the complaint; (iv) engaging in multiple in-person, telephonic, and videoconference meetings regarding discovery; (v) conducting extensive document review; and, (vi) briefing an independent and experienced mediator on relevant claims and applicable law, before reaching with the mediator's assistance an agreement in principle to settle the Litigation. Lead Counsel will ask the Court to award attorneys' fees in an amount not to exceed 28% of the Settlement Fund. Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Litigation, in an amount not to exceed $315,000, as well as the reasonable costs and expenses of Lead Plaintiff directly related to her representation of the Class pursuant to 15 U.S.C §78u-4(a)(4) in an amount not to exceed $20,000. If the Court approves Lead Counsel's fee and expense application, the average cost per affected share of Velodyne Common Stock will be approximately $0.07.

      6.    **Identification of Attorneys' Representatives:** Lead Plaintiff and the Class are being represented by: Ramzi Abadou, Esq., Kahn Swick & Foti, LLP, 580 California Street, Suite 1200, San Francisco, CA 94117; Lewis S. Kahn, Esq., Alexander Burns, Esq., James Fetter, Esq., Alexandra Pratt, Esq., Kahn Swick & Foti, LLC, 1100 Poydras Street, Suite 960, New Orleans, LA 70163, (504) 455-1400, www.ksfcounsel.com.

      7.    **Reasons for the Settlement**: Lead Plaintiff's principal reason for entering into the Settlement is the substantial cash benefit for the Class, without the risk or the delays inherent in further litigation. Lead Plaintiff has also considered the uncertain outcome and risks in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or, indeed, no recovery at all—might be achieved after a trial of the Litigation and the likely appeals that would follow a trial, a process that could last many months, or even years, into the future. Defendants, who believe that Lead Plaintiff would not be able to prove her claims or to refute Defendants' defenses and who deny all allegations of wrongdoing or liability whatsoever, and further deny that Lead Plaintiff or members of the Class sustained any damages for which they

are entitled to recover, are entering into the Settlement to eliminate the uncertainty inherent in any litigation, to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation and to secure releases to the fullest extent permitted by law. The amount of damages recoverable by Class Members was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants would have asserted that all or most of the losses of Class Members were caused by non-actionable conduct or market, industry, or general economic factors. Defendants would also assert, among other things, that their conduct complied with all applicable legal standards, that their challenged statements were not false or misleading, and that they did not act with the required state of mind to be liable for any violations of the federal securities laws.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY: [＿＿], 2024.** | This is the only way to be eligible to receive a payment from the Settlement. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (as defined in ¶ 66 below) that you have against the Released Defendant Parties (as defined in ¶ 67 below), so Lead Counsel believes it is in your interest to submit a Proof of Claim and Release form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN [＿＿], 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, the Fee and Expense Application, or Lead Plaintiff's request for reimbursement, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, the Fee and Expense Application, or Lead Plaintiff's request for reimbursement unless you are a Class Member and you did not previously submit a request for exclusion from the Class. |

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2024, AND GO TO THE HEARING ON [_____], 2024 AT THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, COURTROOM 1, 450 GOLDEN GATE AVENUE, SAN FRANCISCO, CA 94102.** | Filing a written objection and notice of intention to appear by [_____], 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, the Fee and Expense Application, or Lead Plaintiff's request for reimbursement. If you submit a written objection, you may (but do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2024.** | If you do not wish to be included in the Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded, as described in more detail below. You cannot exclude yourself by phone or by e-mail. If you ask to be excluded from the Class, you will not get any settlement payment. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a Proof of Claim and Release form by [_____], 2024 or by later date, if any, specified by the Court, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

| WHAT THIS NOTICE CONTAINS | PAGE |
|---|---|
| Why Did I Get This Notice? | 8 |
| What Is This Case About? | 10 |
| How Do I Know If I Am Affected by the Settlement? | 13 |
| What Are the Parties' Reasons for the Settlement? | 14 |
| What Might Happen If There Were No Settlement? | 16 |
| How Much Will My Payment Be? | 16 |
| How Will My Claim Be Calculated? | 19 |
| How Are Class Members Affected by the Litigation and the Settlement? | 27 |
| What Payment Are the Attorneys for the Class Seeking? How Will the Lawyers Be Paid? | 30 |
| How Do I Participate in the Settlement?  What Do I Need to Do? | 30 |
| When and Where Will the Court Decide Whether to Approve the Settlement? | 31 |
| Do I Have to Come to the Hearing? May I Speak at the Hearing If I Don't Like the Settlement? | 31 |
| How Do I Exclude Myself from the Settlement? | 34 |
| What If I Bought Velodyne Securities On Someone Else's Behalf? | 35 |
| Can I See the Court File? | 36 |
| Whom Should I Contact If I Have Questions? | 36 |

## WHY DID I GET THIS NOTICE?

8.     This Notice is being sent to you pursuant to an Order of the Court because of purchases or acquisitions of Velodyne Securities during the Class Period (*i.e.*, July 2, 2020 to March 17, 2021, inclusive) by you, someone in your family, or an investment account for which you serve as custodian. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this Litigation. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, then Epiq Class Action and Claims Solutions, Inc. ("Claims Administrator"), the Claims Administrator selected by Lead Plaintiff and approved by the

Court, will distribute payments pursuant to the Plan of Allocation after any objections and appeals are resolved.

9.     In a class action lawsuit, under a federal law governing such lawsuits, the Court appoints one or more investors to oversee litigation brought on behalf of all investors with similar claims, commonly known as the class or the class members. In this Litigation, the Court has appointed Diane Smith to serve as "Lead Plaintiff" and has appointed the law firm of Kahn Swick & Foti, LLC as "Lead Counsel" for Lead Plaintiff and the Class in the Litigation. Pursuant to the Court's Order issued on July 14, 2023, Lead Plaintiff was certified as "Class Representative" and Lead Counsel was certified as "Class Counsel." A class action is a type of lawsuit in which the claims of many individuals are resolved together, thus providing the class members with both consistency and efficiency. Here, the Court has already certified the Class. Accordingly, the Settlement, if approved by the Court, will resolve all issues on behalf of the Class Members, except for any Persons who timely submit a request for exclusion in accordance with this Notice.

10.     The Court in charge of this case is the United States District Court for the Northern District of California, and the case is known as *Meysam Moradpour, et al., v. Velodyne Lidar, Inc. et al.*, 3:21-cv-01486-SI (N.D. Cal.). The Judge presiding over this Litigation is the Honorable Susan Illston, United States Senior District Judge. The person who is suing is called plaintiff, and those who are being sued are called defendants. In this case, the Lead Plaintiff is suing on behalf of herself and the Class and has brought claims against the Defendants (defined above). If the Settlement is approved, it will resolve all claims in the Litigation, all claims that could have been included in the Litigation, and all Released Claims against each and all Released Defendant Parties, and will bring the Litigation to an end.

11.     This Notice explains the lawsuit, the Settlement, your legal rights, the benefits that are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you that a settlement has been reached in the Litigation and how you might be affected. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court (the "Settlement Hearing") to consider the fairness, reasonableness, and adequacy of the proposed

Settlement, the proposed Plan of Allocation, the Fee and Expense Application, and Lead Plaintiff's request for reimbursement pursuant to 15 U.S.C. §78u-4(a)(4).

12.   The Settlement Hearing will be held on ____, 2024, at ____.m., before the Honorable Susan Illston, United States Senior District Judge, at the United States District Court for the Northern District of California, San Francisco Division, Phillip Burton Federal Building & United States Courthouse – Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 or at such other location or *via* telephonic or video appearance as determined by the Court, for the purposes of determining:

> (a)   whether the proposed settlement is fair, just, reasonable, and adequate and should be approved by the Court;
>
> (b)   whether the proposed Plan of Allocation is fair and reasonable and adequate and should be approved;
>
> (c)   whether the Litigation should be dismissed with prejudice against the Defendants as set forth in the Stipulation;
>
> (d)   whether the Fee and Expense Application and Lead Plaintiff's request for reimbursement pursuant to 15 U.S.C. § 78u-4(a)(4) should be approved by the Court; and
>
> (e)   any other relief the Court deems necessary to effectuate the terms of the Settlement.

13.   This Notice does not express any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. The claims process could take substantial time to complete fully and fairly. Please be patient.

## WHAT IS THIS CASE ABOUT?

### Summary of Procedural History and Background of Lead Plaintiff's Claims

14.   This case involves allegations that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and SEC Rule 10b-5(b) promulgated thereunder. The operative complaint in the Litigation is the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws, filed on February 11, 2022 (the "Complaint") (ECF No. 99).

15.     On March 2, 2021, the initial complaint was filed by an individual investor named Meysam Moradpour, on behalf of himself and a proposed class of shareholders who purchased Velodyne securities during the Class Period. Two related actions were subsequently filed: (i) *Reese v. Velodyne Lidar, Inc., et. al.*, No. 3:21-cv-01736 (N.D. Cal.); and (ii) *Nick v. Velodyne Lidar, Inc., et. al*, No. 3:21-cv-01950 (N.D. Cal.).

16.     On July 2, 2021, the Court consolidated these lawsuits and appointed Diane and William Smith as Lead Plaintiffs in this Litigation. The Court also approved their selection of Kahn Swick & Foti, LLC as Lead Counsel. William Smith subsequently withdrew as a Lead Plaintiff, while Diane Smith remained as a Lead Plaintiff and was advanced as the sole proposed representative for the Class.

17.     The Lead Plaintiffs filed their Consolidated Amended Complaint on February 11, 2022 (ECF No. 99). The Complaint alleged that certain of Velodyne's filings with the SEC and other publicly made statements were materially false and misleading when made, and omitted from disclosure material facts necessary to not make the statements made misleading because, among other reasons, Defendants either knew, or deliberately disregarded, facts regarding an undisclosed power struggle at the Company, including a plot to oust the Company founder David Hall from his leadership position through a pretextual Audit Committee Investigation. The Complaint alleged that the Audit Committee Investigation went undisclosed to investors until its conclusion in February 2021, when the Company announced, among other things, that it had: (i) removed David Hall from his role as Chairman of the Board; (ii) terminated his wife Marta Thoma Hall from her role as the Company's Chief Marketing Officer; and (iii) censured them both. David Hall subsequently resigned from the Company's Board of Directors in March 2021. The Complaint further alleged that these materially false and misleading statements caused Velodyne securities to trade at artificially inflated prices. The Complaint alleged that as the truth about Defendants' Class Period misstatements was revealed, it caused the value of Velodyne common stock and stock warrants to fall.

18.     Defendants moved to dismiss the Complaint, and that motion was partially granted and partially denied on July 1, 2022 (ECF No. 119). Then on October 12, 2022, the Court clarified its

1    dismissal order to confirm that Andrew Hamer remained as a Defendant in this Litigation (ECF No.

2    130). Substantial discovery, including production of documents, proceeded thereafter.

3         19.    In accordance with the Court's Initial Case Management Order setting a discovery and

4    briefing schedule with respect to Lead Plaintiff's motion for class certification, on March 20, 2023.

5    Lead Plaintiff filed their Notice of Motion and Motion for Class Certification (ECF No. 157). After

6    class certification discovery, Defendants filed a notice with the Court stating they did not oppose class

7    certification. Accordingly, on July 14, 2023, the Court issued an Order that granted Lead Plaintiff's

8    Notice of Motion and Motion for Class Certification, which allowed the Litigation to proceed as a

9    class action (ECF No. 193).

10   **The Parties' Settlement Negotiations**

11        20.    On November 29, 2023, the Parties conducted a full-day mediation with Mr. Melnick.

12   The Parties did not resolve the case on that date but continued to actively discuss settlement with Mr.

13   Melnick's assistance including engaging in a second full-day of mediation on January 16, 2024. On

14   January 19, 2024, the Parties reached an agreement in principle to settle this Litigation in its entirety.

15   On January 30, 2024, the Parties filed a Joint Notice of Settlement with the Court and asked that further

16   proceedings be stayed in light of the Parties' agreement in principle (ECF No. 218), which the Court

17   granted on February 6, 2024 (ECF No. 219).

18        21.    Based on their investigation, prosecution and mediation of the case, Lead Counsel has

19   concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Lead

20   Plaintiff and Class Members, and in their best interests. Based on Lead Plaintiff's oversight of the

21   prosecution of this matter and with the advice of Lead Counsel, Lead Plaintiff has agreed to settle the

22   claims raised in the Litigation pursuant to the terms and provisions of the Stipulation, after considering

23   (i) the very substantial financial benefit that Lead Plaintiff and the other members of the Class will

24   receive under the proposed Settlement, (ii) the uncertain outcome and risks in complex actions such

25   as this Litigation, as well as the difficulties and delays inherent in such litigation, and (iii) the

26   desirability of permitting the Settlement to be consummated as provided by the terms of the

27   Stipulation. The fact that Lead Plaintiff has agreed to settle the Litigation shall in no event be construed

28

or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Litigation, or an admission or concession that any of Defendants' affirmative defenses to liability have any merit.

22.      Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff in the Litigation. Defendants have expressly denied and continue to expressly deny all charges of wrongdoing or liability whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Specifically, Defendants deny, *inter alia*, that they made any material misstatements or omissions in Velodyne's public filings, press releases, or other public statements, that they engaged in any wrongdoing or misconduct, that Lead Plaintiff or the Class have suffered any damages, that the prices of Velodyne securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Lead Plaintiff or the Class were harmed in any way by any conduct alleged in the Litigation or that could have been alleged therein. Defendants believe the Lead Plaintiff would not be able to prove her claims or to refute Defendants' defenses, but recognize the burden, inconvenience, expense, and uncertainty inherent in any litigation. Defendants' decision to settle the Litigation is based on the conclusion that further conduct of the protracted Litigation would be expensive in terms of costs and distraction, and the determination that it is desirable and beneficial to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation and to put the Released Claims to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages to Lead Plaintiff and the Class.

23.      On [_____], 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

24.      If you are a member of the Class, you are subject to and bound by the terms of the Settlement unless you are excluded from the Class as set forth below. The Class, as certified by the

Court, consists of all Persons who purchased Velodyne publicly traded Securities between July 2, 2020 to March 17, 2021, inclusive. Excluded from the Class are Defendants and members of their immediate families, the officers and directors of the Company, at all relevant times, and members of their immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE PROOF OF CLAIM AND RELEASE FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN ELECTRONICALLY NO LATER THAN [____], 2024 OR POSTMARKED NO LATER THAN [____], 2024, OR BY LATER DATE, IF ANY, SPECIFIED BY THE COURT.**

### WHAT ARE THE PARTIES' REASONS FOR THE SETTLEMENT?

25.     The principal reason for Lead Plaintiff's consent to the Settlement is that it provides an immediate and substantial benefit to the Class, in the form of a substantial monetary recovery. The benefit of the present Settlement must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly many months, or even years, into the future.

26.     If the Parties had not agreed to the Settlement, this Litigation would have proceeded to summary judgment motions and, depending on the outcome of those motions, trial. The claims advanced on behalf of the Class in the Litigation involve numerous complex legal and factual issues. If the Litigation were to proceed to trial, Lead Plaintiff would have to overcome significant defenses asserted by Defendants. Among other things, the parties disagree about: (i) whether any Defendant

engaged in any conduct that violated the federal securities laws; (ii) the amounts by which Velodyne Securities were allegedly artificially inflated (if at all) during the Class Period; (iii) the effect of various market forces influencing the trading price of Velodyne Securities at various times during the Class Period; (iv) the extent to which the various matters that Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Velodyne Securities during the Class Period; (v) the extent to which the various allegedly adverse material facts that Plaintiff alleged were omitted influenced (if at all) the trading price of Velodyne Securities during the Class Period; (vi) whether the statements made or facts allegedly omitted were material, false, misleading, or otherwise actionable under the federal securities laws; and (vii) whether, even if liability could be proven, total damages would be greater than $0. Even after an extensive investigation and review of documents produced in the course of discovery, and in connection with mediation, questions remain regarding Defendants' liability or the extent thereof, and whether a jury would find them liable. This Settlement enables the Class to recover without incurring any additional risk or costs.

27.     Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff in the Litigation. Defendants have expressly denied and continue to expressly deny all charges of wrongdoing or liability whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Specifically, Defendants deny, *inter alia*, that they made any material misstatements or omissions in Velodyne's public filings, press releases, or other public statements, that Lead Plaintiff or the Class have suffered any damages, that the prices of Velodyne securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Lead Plaintiff or the Class were harmed in any way by any conduct alleged in the Litigation or that could have been alleged therein. Defendants believe the Lead Plaintiff would not be able to prove her claims or to refute Defendants' defenses, but recognize the burden, inconvenience, expense, and uncertainty inherent in any litigation, and enter into this Stipulation to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation and secure releases to the fullest extent permitted by law. Defendants' decision to

settle the Litigation is based on the conclusion that further conduct of the protracted Litigation would be expensive in terms of costs and distraction, and the determination that it is desirable and beneficial to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation and to put the Released Claims to rest finally and forever, without in any way conceding or acknowledging any wrongdoing, fault, liability, or damages to Lead Plaintiff and the Class.

28.     In light of the risks associated with a trial of this Litigation, the monetary amount of the Settlement and the immediacy of this recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely Twenty-Seven-Million Five-Hundred-Thousand Dollars ($27,500,000.00) in cash (less the various deductions described in this notice), as compared to the risk that the claims In the Litigation would produce a smaller, or no, recovery after trial and appeals.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims, neither Lead Plaintiff nor the other Class Members would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class likely would recover substantially less than the amount provided in the Settlement or nothing at all.

### HOW MUCH WILL MY PAYMENT BE?

30.     At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

31.     Pursuant to the Settlement, Defendants have agreed to pay Twenty-Seven-Million Five-Hundred-Thousand Dollars ($27,500,000.00) in cash. The Settlement Amount will be deposited into an interest-bearing escrow account. The Settlement Amount plus all interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection

with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (ii) the Notice and Administration Component; (iii) Lead Plaintiff's expenses, if and to the extent allowed by the Court; and (iv) the Fee and Expense Award, if and to the extent allowed by the Court) will be distributed to Class Members who submit valid Proof of Claim and Release forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

32.     The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation and the Settlement, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

33.     Neither Defendants nor any other Person that paid any portion of the Settlement Amount on their behalf are entitled to get any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Except for the Defendants' obligation to pay, or cause Defendants' insurance carriers to pay, the Settlement Amount into the Settlement Fund and to cooperate in the production of information with respect to the identification of Class Members from Velodyne's shareholder transfer records, if any, Defendants and the Released Defendant Parties shall have no obligation to make any other payment pursuant to the Settlement Agreement and no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund (except insofar as Defendants' insurance carrier retains the right to a potential refund of the Settlement Amount and accrued interest thereon pursuant to the terms of the Stipulation), the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

34.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

35.     Only Class Members, *i.e.*, all Persons who purchased Velodyne's publicly traded Securities between July 2, 2020 to March 17, 2021, inclusive, who are not excluded from the Class, will be eligible to share in the distribution of the Net Settlement Fund.

36. Each Class Member wishing to participate in the distribution of the Net Settlement Fund must timely submit a valid Proof of Claim and Release form establishing membership in the Class, including all required documentation, electronically or postmarked to the address set forth in the Proof of Claim and Release form that accompanies this Notice on or before __, 2024 or by later date, if any, specified by the Court.

37. Unless the Court otherwise orders, any Class Member who fails to submit a Proof of Claim and Release form electronically or postmarked on or before _____, 2024 or by such later date, if any, specified by the Court, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Claims against the Released Defendant Parties and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Defendant Parties, whether or not such Class Member submits a Proof of Claim and Release form.

38. Information Required on the Proof of Claim and Release form: Among other things, each Proof of Claim and Release form must state and provide sufficient documentation for the Claimant's position in Velodyne Securities as of the beginning of the Class Period, all transactions in Velodyne Securities during the Class Period, and the Claimant's closing position in them on the date specified in the Claim Form.

39. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

40. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Proof of Claim and Release form.

41. Persons who are either excluded from the Class by definition or who choose to be excluded in accordance with the process described in this Notice will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim and Release forms.

## PROPOSED PLAN OF ALLOCATION

### HOW WILL MY CLAIM BE CALCULATED?

42.    As discussed above, the Settlement provides $27,500,000.00 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitutes the "Settlement Fund." The Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Component; (iii) Lead Plaintiff's expenses, if and to the extent allowed by the Court; and (iv) Plaintiff's Counsel's attorneys' fees, expenses, and costs with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants, *i.e.*, members of the Class who timely submit valid Proof of Claim and Release forms that are accepted for payment by the Court, in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proof of Claim and Release forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without any additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the settlement website, [settlement website].

43.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws, as opposed to losses caused by market or industry factors or company-specific factors unrelated to the alleged violations of law. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

44.    A Recognized Loss will be calculated for each share of Velodyne Common stock ("Common Stock") and each Velodyne Warrant ("Warrant") purchased during the Class Period during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when Velodyne Securities were purchased during the Class Period, and in what amounts, and whether such securities were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor

to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

45. The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Velodyne Common Stock was artificially inflated throughout the Class Period. The estimated alleged artificial inflation in the price of Velodyne Common Stock during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Velodyne Common Stock during the Class Period is based on certain misrepresentations alleged by Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiff.

46. The federal securities laws allow investors to seek to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of Velodyne Securities. In this Litigation, Plaintiff alleges that Defendants made false statements and/or omitted material facts during the Class Period, which had the purported effect of artificially inflating the price of Velodyne Securities. Plaintiff further alleges that corrective disclosures removed artificial inflation from the price of Velodyne Securities on January 8, 2021, February 22, 2021 and March 17, 2021 (the "Corrective Disclosure Dates"). Thus, in order for a Class Member to have a Recognized Loss under the Plan of Allocation, Velodyne Securities must have been purchased during the Class Period and held through at least one of these Corrective Disclosure Dates. The computation of the estimated alleged artificial inflation in the price of Velodyne Securities is stated in Table 1 below.

47. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Velodyne Securities. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such

that losses on Velodyne Securities purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on Velodyne Securities purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

48.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Velodyne Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

49.     A Recognized Loss will be calculated as set forth below each share of Velodyne Common Stock and each Velodyne Warrant purchased during the Class Period, that is listed in the Proof of Claim and Release form and for which adequate documentation is provided.

50.     A Recognized Loss Amount will be calculated for each share of Velodyne common stock purchased during the Class Period from July 2, 2020 through March 16, 2021, inclusive. If the calculation of a Recognized Loss Amount for any particular share purchased during the Class Period results in a negative number, that number shall be set to zero.

**CALCULATION OF RECOGNIZED LOSS – COMMON STOCK**

51.     For each share of Velodyne common stock purchased during the Class Period, and:

(a)     sold before January 8, 2021, the Recognized Loss Amount for each share shall be zero;

(b)     sold from January 8, 2021, through and including March 16, 2021, the Recognized Loss Amount for each share is ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table 1 below **minus** the amount of artificial inflation per share on the date of sale as stated in Table 1 below; or (ii) the purchase/acquisition price per share **minus** the sale price;

(c)     sold from March 17, 2021, through and including the close of market trading on June 14, 2021, the Recognized Loss Amount for each share is ***the least of***:

(i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table 1 below; (ii) the purchase/acquisition price per share **minus** the average closing price of Velodyne common stock between March 17, 2021 and the date of sale as stated in Table 2 below; or (iii) the purchase/acquisition price per share **minus** the sale price;

(d) held as of the close of market trading on June 14, 2021, the Recognized Loss Amount for each share is ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table 1 below; or (ii) the purchase/acquisition price **minus** $12.09, the average closing price of Velodyne common stock between March 17, 2021 and June 14, 2021, as shown on the last row of Table 2 below.[3]

### CALCULATION OF RECOGNIZED LOSS – WARRANTS

52. A Recognized Loss Amount will be calculated for each Velodyne warrant purchased during the Class Period from July 2, 2020 through March 16, 2021, inclusive. If the calculation of a Recognized Loss Amount for any particular warrant purchased during the Class Period results in a negative number, that number shall be set to zero.

53. For each Velodyne warrant purchased during the Class Period, and:

(a) sold before January 8, 2021, the Recognized Loss Amount for each warrant shall be zero;

(b) sold from January 8, 2021, through and including March 16, 2021, the Recognized Loss Amount for each warrant is ***the lesser of***: (i) the amount of artificial inflation per warrant on the date of purchase/acquisition as stated in Table 1 below **minus** the amount of artificial inflation per warrant on the date of sale as stated in Table 1 below; or (ii) the purchase/acquisition price per warrant **minus** the sale price;

(c) sold from March 17, 2021, through and including the close of market trading on June 14, 2021, the Recognized Loss Amount for each warrant is ***the least of***: (i) the amount of artificial inflation per warrant on the date of purchase/acquisition as stated in Table 1 below; (ii) the purchase/acquisition price per warrant **minus** the average closing price of Velodyne warrants

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Velodyne common stock during the "90-day look-back period," March 17, 2021 through and including June 14, 2021. The mean (average) closing price for Velodyne common stock during this 90-day look-back period was $12.09.

between March 17, 2021 and the date of sale as stated in Table 2 below; or (iii) the purchase/acquisition price per warrant **minus** the sale price;

(d)     held as of the close of market trading on June 14, 2021, the Recognized Loss Amount for each warrant is *the lesser of*: (i) the amount of artificial inflation per warrant on the date of purchase/acquisition as stated in Table 1 below; or (ii) the purchase/acquisition price **minus** $3.64, the average closing price of Velodyne warrants between March 17, 2021 and June 14, 2021, as shown on the last row of Table 2 below.[4]

**TABLE 1**
**Estimated Artificial Inflation in Velodyne Securities**
**July 2, 2020 through March 16, 2021**

| Date Range | Artificial Inflation Per Share of Velodyne Common Stock | Artificial Inflation Per Velodyne Warrant |
|---|---|---|
| July 2, 2020 – January 7, 2021 | $2.85 | $1.31 |
| January 8, 2021 – February 21, 2021 | $2.84 | $1.30 |
| February 22, 2021 – March 16, 2021 | $0.01 | $0.01 |

**TABLE 2**
**90-Day Look-back Table for Velodyne Securities**
**Closing Prices from March 17, 2021 through June 14, 2021**

| Date | Velodyne Common Stock Average Closing Price between March 17, 2021 and Date Shown | Velodyne Warrants Average Closing Price between March 17, 2021 and Date Shown | | Date | Velodyne Common Stock Average Closing Price between March 17, 2021 and Date Shown | Velodyne Warrants Average Closing Price between March 17, 2021 and Date Shown |
|---|---|---|---|---|---|---|
| 3/17/2021 | $14.01 | $4.58 | | 4/30/2021 | $13.29 | $4.04 |
| 3/18/2021 | $13.64 | $4.40 | | 5/3/2021 | $13.27 | $4.03 |
| 3/19/2021 | $13.57 | $4.43 | | 5/4/2021 | $13.25 | $4.02 |
| 3/22/2021 | $13.61 | $4.49 | | 5/5/2021 | $13.23 | $4.00 |
| 3/23/2021 | $13.49 | $4.48 | | 5/6/2021 | $13.19 | $3.98 |
| 3/24/2021 | $13.19 | $4.39 | | 5/7/2021 | $13.15 | $3.96 |

[4] As described in footnote 2, consistent with the requirements of the Exchange Act, Recognized Loss Amounts for warrants are reduced to an appropriate extent by taking into account the closing prices of Velodyne warrants during the 90-day look-back period, March 17, 2021 through and including June 14, 2021. The mean (average) closing price for Velodyne warrants during this 90-day look-back period was $3.64.

| Date | Velodyne Common Stock Average Closing Price between March 17, 2021 and Date Shown | Velodyne Warrants Average Closing Price between March 17, 2021 and Date Shown | | Date | Velodyne Common Stock Average Closing Price between March 17, 2021 and Date Shown | Velodyne Warrants Average Closing Price between March 17, 2021 and Date Shown |
|---|---|---|---|---|---|---|
| 3/25/2021 | $13.05 | $4.34 | | 5/10/2021 | $13.10 | $3.94 |
| 3/26/2021 | $12.99 | $4.35 | | 5/11/2021 | $13.07 | $3.92 |
| 3/29/2021 | $12.83 | $4.31 | | 5/12/2021 | $13.00 | $3.90 |
| 3/30/2021 | $12.70 | $4.26 | | 5/13/2021 | $12.91 | $3.87 |
| 3/31/2021 | $12.58 | $4.22 | | 5/14/2021 | $12.83 | $3.85 |
| 4/1/2021 | $12.60 | $4.21 | | 5/17/2021 | $12.78 | $3.84 |
| 4/5/2021 | $12.61 | $4.19 | | 5/18/2021 | $12.73 | $3.82 |
| 4/6/2021 | $12.73 | $4.20 | | 5/19/2021 | $12.68 | $3.81 |
| 4/7/2021 | $12.78 | $4.20 | | 5/20/2021 | $12.63 | $3.79 |
| 4/8/2021 | $12.83 | $4.20 | | 5/21/2021 | $12.58 | $3.77 |
| 4/9/2021 | $12.86 | $4.19 | | 5/24/2021 | $12.53 | $3.75 |
| 4/12/2021 | $12.84 | $4.17 | | 5/25/2021 | $12.49 | $3.74 |
| 4/13/2021 | $12.87 | $4.16 | | 5/26/2021 | $12.46 | $3.72 |
| 4/14/2021 | $12.87 | $4.14 | | 5/27/2021 | $12.41 | $3.71 |
| 4/15/2021 | $12.88 | $4.12 | | 5/28/2021 | $12.36 | $3.70 |
| 4/16/2021 | $12.90 | $4.10 | | 6/1/2021 | $12.31 | $3.68 |
| 4/19/2021 | $12.95 | $4.09 | | 6/2/2021 | $12.27 | $3.67 |
| 4/20/2021 | $12.99 | $4.07 | | 6/3/2021 | $12.22 | $3.66 |
| 4/21/2021 | $13.03 | $4.05 | | 6/4/2021 | $12.19 | $3.65 |
| 4/22/2021 | $13.05 | $4.04 | | 6/7/2021 | $12.15 | $3.64 |
| 4/23/2021 | $13.09 | $4.03 | | 6/8/2021 | $12.15 | $3.64 |
| 4/26/2021 | $13.15 | $4.04 | | 6/9/2021 | $12.14 | $3.64 |
| 4/27/2021 | $13.20 | $4.04 | | 6/10/2021 | $12.12 | $3.64 |
| 4/28/2021 | $13.24 | $4.04 | | 6/11/2021 | $12.11 | $3.64 |
| 4/29/2021 | $13.27 | $4.04 | | 6/14/2021 | $12.09 | $3.64 |

## ADDITIONAL PROVISIONS

54.     The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

55.     If a Class Member has more than one purchase/acquisition or sale of Velodyne Securities during the Class Period, all purchases/acquisitions and sales of like securities shall be

matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings of the respective securities at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

56.     Purchases or acquisitions and sales of Velodyne Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Velodyne Securities during the Class Period shall not be deemed a purchase, acquisition, or sale of these Velodyne Securities for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Velodyne Securities unless (i) the donor or decedent purchased such Velodyne Securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those Velodyne Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

57.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the respective Velodyne Securities. The date of a "short sale" is deemed to be the date of sale of respective Velodyne Securities. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases/acquisition covering "short sales" is zero. In the event that a Claimant has an opening short position in Velodyne Securities, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

58.     With respect to Velodyne common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

59.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement

Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

60.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

61.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

62.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

63.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against the Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages expert, or other agent designated by Lead Counsel, Defendants, Defendants' Counsel, or any other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all of the Released Plaintiff Parties or Released Defendant Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or payment of any Claim or any actions taken (or not taken) by the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

64.     The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation as proposed or it may modify the Plan without further notice to the Class. Any orders regarding a modification of the Plan of Allocation will be posted to the website for this Settlement, [website].

## HOW ARE CLASS MEMBERS AFFECTED BY THE LITIGATION AND THE SETTLEMENT?

65.     If you are a Class Member, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"), which will dismiss with prejudice the claims against Defendants. The Judgment will also provide that, upon the Effective Date of the Settlement, Lead Plaintiff, each and all other Class Members and anyone claiming through or on behalf of any of them, and Plaintiff's Counsel will fully, finally, and forever waive, release, relinquish, discharge, and dismiss all Released Claims against all Released Defendant Parties, to the fullest extent that the law permits.

66.     "Released Claims" means any and all claims (including "Unknown Claims" as defined in ¶ 70 below), rights, demands, obligations, damages, actions, suits, matters, issues, causes of action,

or liabilities whatsoever, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description, whether known or unknown, whether arising under federal, state, local, common or foreign law or any other law, rule, or regulation, that arise out of or relate in any way, in whole or in part, directly or indirectly, to (a) the purchase, acquisition, disposition, or sale of Velodyne Securities during the Class Period and (b) the acts, facts, transactions, events, occurrences, statements, disclosures, representations, filings, publications, disseminations, press releases, presentations, omissions, or failures to act that were, could have been, or could in the future be alleged or asserted by Lead Plaintiff or any member of the Class (i) in the Litigation or (ii) in any other action in any court or forum, including, but not limited to, the Bankruptcy Proof of Claim. Released Claims do not include claims asserted on Velodyne's purported behalf in shareholder derivative actions, except that Lead Plaintiff and Lead Counsel agree not to bring, or in any way to cause any other person to bring, any derivative claims in connection with, arising out of, related to, and/or based upon, in whole or in part, directly or indirectly, in any way, any acts, facts, wrongdoing, or any other matter alleged or asserted, or which could have been alleged or asserted, in the Litigation.

67. "Released Defendant Parties" means Defendants, any person named as a defendant at any time in the Litigation (or named as a defendant in any of the actions consolidated in the Litigation), and each of their respective present and former parents, subsidiaries, division, departments, affiliates, officers, directors, partners, principals, employees, contractors, administrators, auditors, agents, attorneys, accountants, advisors, predecessors, successors, assigns, insurers, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Defendant Parties who is an individual, as well as any trust of which any of the Released Defendant Parties is the settlor or which is for the benefit of any of their immediate family members.

68. "Released Plaintiff Parties" means each and every Class Member, Lead Plaintiff, Plaintiff's Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, accountants, advisors, predecessors,

successors, assigns, insurers, parents, divisions, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

69.     "Released Persons" means the Released Defendant Parties and the Released Plaintiff Parties.

70.     "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any member of the Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Defendant Parties or might have affected his, her or its decision not to object to the Settlement or not exclude himself, herself, or itself from the Class. Lead Plaintiff and every Class Member expressly waive, and by operation of the Order and Final Judgment shall be deemed to have waived and shall have waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent applicable), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff and each Class Member may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall

have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and every member of the Class by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
### HOW WILL THE LAWYERS BE PAID?

71.     Lead Counsel has not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 28% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for the reimbursement of expenses and costs incurred in connection with prosecuting the Litigation not to exceed $315,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to her representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4) in an amount not to exceed $20,000. The Court will determine the amount of any Fee and Expense Award and any reimbursement of Lead Plaintiff's reasonable costs and expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

### HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

72.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and submit the Proof of Claim and Release form with adequate supporting documentation electronically or postmarked no later than _____, 2024

or by later date, if any, specified by the Court. A Proof of Claim and Release form is included with this Notice, or you may obtain one from the website for this Litigation, [website], or you may request that a Proof of Claim and Release form be mailed to you by calling the Claims Administrator at [Phone Number]. The Claims Administrator may also be reached by email at [email address]. Please retain all records of your ownership of and transactions in Velodyne Securities, as they may be needed to document your Claim. If you are excluded from the Class by definition or you submit a request for exclusion in connection with this Notice, or if you do not submit a timely and valid Proof of Claim and Release form, you will not be eligible to share in the Net Settlement Fund.

73. As a Class Member, you are represented by the Class Representative and Class Counsel unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

74. If you are a Class Member and you wish to object to the Settlement, the proposed Plan of Allocation, Fee and Expense Application, or Lead Plaintiff's request for reimbursement, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING?**

**MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

75. Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.

76. The Settlement Hearing will be held on __, 2024 at ____.m. before the Honorable Susan Illston, United States Senior District Judge, at the United States District Court for the Northern District of California, San Francisco Division, Phillip Burton Federal Building & United States

Courthouse – Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 or at such other location or *via* telephonic or video appearance as determined by the Court. The Court reserves the right to approve the Settlement, the Plan of Allocation, Fee and Expense Application, Lead Plaintiff's request for reimbursement, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to Class Members.

77.     Any Class Member who is not requesting exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, the Fee and Expense Application, or Lead Plaintiff's request for reimbursement. Objections must be in writing, and all objections and papers must clearly identify the case name and number (*Moradpour v. Velodyne*, Case No. 3:21-cv-01486). You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office of the Court at the address set forth below on or before _____, 2024. All objections will be scanned into the electronic case docket, and the parties will receive electronic notices of filings. You must also serve the papers on Lead Counsel for the Class and Defendants' Counsel at the addresses set forth below so that the papers are received on or before _____, 2024.

| CLERK'S OFFICE | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| United States District Court for the Northern District of California<br><br>James M. Carter and Judith N. Keep<br>United States Courthouse, Clerk's Office<br>450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489 | Ramzi Abadou<br>KAHN SWICK & FOTI, LLC<br>1100 Poydras Street, Suite 960<br>New Orleans, LA 70163<br>(504) 455-1400 | Kevin P. Muck<br>Wilmer Cutler Pickering Hale and Dorr, LLP<br>One Front Street, Suite 3500, San Francisco, CA 94111 94304-1130<br>(628) 235-1000 |

78.     Any objection to the Settlement (i) must state the name, address and telephone number of the Person objecting and must be signed by the objector; (ii) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (iii) must include

documents sufficient to prove the objector's membership in the Class such as transaction dates and supporting records of Velodyne Securities that the objecting Class Member purchased during the relevant period. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

79.     You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

80.     If you wish to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, Fee and Expense Application, or Lead Plaintiff's request for reimbursement and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is received on or before _____, 2024. Persons who intend to object and desire to present evidence at the Settlement Hearing must include the following in their written objection or notice of appearance: the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Such persons may be heard orally at the discretion of the Court.

81.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that the notice is received on or before _____, 2024.

82.     The date and time Settlement Hearing may be changed by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date

and time by checking the settlement website or the Federal Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

83. **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, the Fee and Expense Application, or Lead Plaintiff's request for reimbursement. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

### HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

84. If you do not want to be bound by the Judgment or recover money from the Settlement Fund, and instead want to keep any claims you may have and any right you may have to sue the Defendants on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself from – or opting out of – the Class.

85. If you do not wish to be included in the Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded. To do so, you must submit a written request for exclusion that must be received on or before _____, 2024 (at least 21 calendar days prior to the date of the Settlement Hearing) and must state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) the Person's purchases/acquisitions/transactions of Velodyne Securities during the Class Period and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition and sale; (iii) a clear and unambiguous statement that the Person wishes to be excluded from the Class, and (iv) must include the Person's signature. No request will be considered valid unless all of the information described above is included in the request. You cannot exclude yourself by phone or email. The written request must be addressed as follows:

> Velodyne Securities Litigation
> c/o Epiq Class Action and Claims Solutions, Inc.
> Exclusions
> [PO BOX]
> [City, State, Zip Code]

86.     **If you ask to be excluded from the Class, you will not get any settlement payment.**

87.     If you do not exclude yourself, you give up any right to sue any of the Defendants about the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue or file any lawsuit alleging the same claims as are alleged herein. Remember, the exclusion deadline is _____, 2024 – not later than 21 calendar days before the Settlement Hearing.

**WHAT IF I BOUGHT VELODYNE SECURITIES ON SOMEONE ELSE'S BEHALF?**

88.     If, for the beneficial interest of any Person other than yourself, you purchased Velodyne publicly traded securities between July 2, 2020 and March 17, 2021, inclusive, you must either: (i) within ten (10) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and, within ten (10) calendar days of receipt of the copies of the Notice, forward them to all such beneficial owners; or (ii) within ten (10) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to Velodyne Securities Litigation, c/o Epiq Class Action and Claims Solutions, Inc. [PO BOX], [City, State, Zip Code].

89.     If you choose the first option, *i.e.*, you elect to mail the Notice directly to beneficial owners, you must retain the mailing records for use in connection with any further notices that may be provided in the Litigation. If you elect that option, the Claims Administrator will forward the Notice and Proof of Claim and Release form (together, the "Notice Packet") to you to send to the beneficial owners. You must mail the Notice Packets to the beneficial owners within ten (10) calendar days of your receipt of the packets. Upon mailing of the Notice Packets, you may seek reimbursement of your reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

90.     If you choose the second option, you must within ten (10) calendar days of receipt of this Notice provide a list of the names and addresses of all such beneficial owners Velodyne Securities Litigation, c/o Epiq Class Action and Claims Solutions, Inc. [PO BOX], [City, State, Zip Code]. The Claims Administrator will send a copy of the Notice Packet to the beneficial owners whose names and

addresses you supply. Upon full compliance with these directions, you may seek reimbursement of your reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of the Notice Packet may also be obtained from the website for this Litigation, [website], or by calling the Claims Administrator toll-free at [phone number].

**CAN I SEE THE COURT FILE?**

**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

91.     This notice summarizes the proposed Settlement. For the precise terms of the settlement, please see the settlement agreement available at [website], by contacting class counsel at the phone number listed in ¶ 77, by accessing the Court docket in the Litigation through the Federal Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website for this Litigation, [website]. All inquiries concerning this Notice or the Proof of Claim Release form should be directed to the Claims Administrator or Lead Counsel.

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK'S OFFICE**
**REGARDING THIS SETTLEMENT OR THE CLAIMS PROCESS.**
**PLEASE DO NOT CALL OR WRITE VELODYNE REGARDING THIS NOTICE.**

DATED: _____

BY ORDER OF THE COURT
United States District Court
Northern District of California

# EXHIBIT A-2

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

11

12

13

14

15

16

17

18

| | | |
|---|---|---|
| MEYSAM MORADPOUR, et al., | ) | Case No. 3:21-CV-01486-SI |
| | ) | |
| Plaintiffs, | ) | **SUMMARY NOTICE** |
| | ) | |
| v. | ) | **EXHIBIT A-2** |
| | ) | |
| VELODYNE LIDAR, INC., et al., | ) | <u>**CLASS ACTION**</u> |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

19

20

21

22

23

24

25

26

27

28

**TO:     ALL PERSONS WHO PURCHASED VELODYNE SECURITIES BETWEEN JULY 2, 2020 AND MARCH 17, 2021, INCLUSIVE, AND WERE DAMAGED THEREBY.**

**YOU ARE HEREBY NOTIFIED,** pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on _____, 2024, at _____.m., before the Honorable Susan Illston, United States Senior District Judge, at the United States District Court for the Northern District of California, San Francisco Division, Phillip Burton Federal Building & United States Courthouse – Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 or at such other location or *via* telephonic or video appearance as determined by the Court, for the purposes of determining: (1) whether the proposed settlement of the claims in the Litigation for the amount of $27,500,000.00 cash should be approved by the Court as fair, just, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice; (3) whether the proposed Plan of Allocation is fair, reasonable and adequate and should be approved; (4) whether the Fee and Expense Application and Lead Plaintiff's request for reimbursement pursuant to 15 U.S.C §78u-4(a)(4) should be approved; and (5) such other matters as the Court may deem appropriate.

Lead Counsel has not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 28% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for the reimbursement of expenses and costs incurred in connection with prosecuting the Litigation not to exceed $315,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to her representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4) in an amount not to exceed $20,000. The Court will determine the amount of any Fee and Expense Award and any reimbursement of Lead Plaintiff's reasonable costs and expenses. Such sums as may be approved by the Court, including the costs of providing notice and administering the Settlement (not to exceed $250,000), will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or

expenses. If all fees and expenses are approved by the Court, the net settlement fund is estimated to be $19,235,000.

This Summary Notice relates to a proposed settlement of claims in a pending securities class action lawsuit brought by investors alleging, among other things, that Defendants Anand Gopalan, Michael Dee, James Graf, and Andrew Hamer (the "Individual Defendants") and Defendant Velodyne Lidar, Inc. ("Velodyne" or the "Company") (together with the Individual Defendants, "Defendants"), violated the federal securities laws by allegedly making materially false and misleading statements and/or omitting material facts necessary to make the statements not misleading because, among other reasons, Defendants either knew, or deliberately disregarded, facts regarding an undisclosed power struggle at the Company, including a plan to oust the Company founder David Hall from his leadership position, including through a pretextual Audit Committee Investigation. The proposed settlement was reached following two mediation sessions and extensive arm's-length negotiations conducted with the assistance of an experienced third-party mediator, Jed D. Melnick of JAMS.

Defendants have expressly denied and continue to expressly deny all charges of wrongdoing or liability whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of the federal securities laws. Specifically, Defendants deny, among other things, that they made any material misstatements or omissions in Velodyne's public filings, press releases, or other public statements, that they engaged in any wrongdoing or misconduct, or that they are liable for any of the claims or damages that have been asserted, or could be asserted, in the Litigation. These issues have not been ruled on by the Court.

**IF YOU PURCHASED VELDOYNE PUBLICLY TRADED SECURITIES BETWEEN JULY 2, 2020 AND MARCH 17, 2021, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.**

If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to Velodyne Securities Litigation c/o Epiq Class Action and Claims Solutions, Inc., [address line 1],

[city, state zip], or at [website]. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form by mail (***postmarked no later than _____, 2024***), or electronically ***no later than _____, 2024***, establishing that you are entitled to recovery. Failure to submit your Proof of Claim and Release by _____, 2024 will subject your claim to possible rejection and may preclude you from receiving any payment from the settlement.

As a Class Member, you are represented by Lead Plaintiff Diane Smith as Class Representative and Kahn Swick & Foti, LLC as Lead Counsel for the Class, unless you enter an appearance on your behalf or through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and serve copies of his or her notice of appearance on the following attorneys: (1) Ramzi Abadou, Kahn Swick & Foti, LLC, 1100 Poydras Street, Suite 960, New Orleans, LA, 70163 and (2) Kevin P. Muck, Wilmer Cutler Pickering Hale and Dorr, LLP, One Front Street, Suite 3500, San Francisco, CA 94111.

If you are a Class Member and you wish to be excluded from the Class, you must submit a request for exclusion such that it is ***postmarked no later than _____, 2024***, in the manner and form explained in the detailed Notice, referred to above. All Class Members who do not timely and validly request exclusion from the Class in response to the Notice will be bound by any judgment entered in the Litigation pursuant to the Stipulation.

If you are a Class Member, you have the right to object to the Settlement, the Plan of Allocation, the Fee and Expense Application, Lead Plaintiff's request for reimbursement pursuant to 15 U.S.C §78u-4(a)(4), or otherwise request to be heard. To object, you may submit a written objection in accordance with the procedures described in the more detailed Notice, referred to above, and/or you may appear at the hearing described above. Any written objection must be delivered to: (1) the Clerk of Court, United States District Court, Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489; (2) Ramzi Abadou, Kahn Swick & Foti, LLC, 1100 Poydras Street, Suite 960, New Orleans, LA, 70163; and, (3) Kevin Muck, Wilmer Cutler Pickering Hale and

Dorr, LLP, One Front Street, Suite 3500, San Francisco, CA 94111, such that it is ***postmarked no later than _____, 2024***.

**PLEASE DO NOT CONTACT THE COMPANY, COURT OR CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Lead Counsel at the address listed below:

Ramzi Abadou
**KAHN SWICK & FOTI, LLC**
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Tel (Toll Free): (866) 467-1400

DATED: _____

BY ORDER OF THE COURT
United States District Court
Northern District of California

# EXHIBIT A-3

Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Class Counsel and Counsel for*
*Class Representative, Diane Smith*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MEYSAM MORADPOUR, et al., | Case No. 3:21-CV-01486-SI |
| Plaintiffs, | **PROOF OF CLAIM AND RELEASE EXHIBIT A-3** |
| v. | **CLASS ACTION** |
| VELODYNE LIDAR, INC., et al., | |
| Defendants. | |

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Class Member based on your claims in the action entitled *Moradpour v. Velodyne Lidar, Inc., et al.*, No. 3:21-cv-01486-SI (the "Litigation"), you must complete and, on page 10, sign this Proof of Claim and Release form. If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      **YOU MUST MAIL (POSTMARKED ON OR BEFORE _____, 2024) OR SUBMIT ELECTRONICALLY (ON OR BEFORE _____, 2024) YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, ADDRESSED AS FOLLOWS**:

> Velodyne Securities Litigation
> c/o Epiq Class Action and Claims Solutions, Inc.
> [PO BOX]
> [City, State, Zip Code]
>
> Online Submissions: [website][1]

If you are not a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

4.      If you are a Class Member and you did not timely request exclusion in response to the Notice, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.     CLAIMANT IDENTIFICATION

If you purchased Velodyne Securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Velodyne Securities

---

[1]      For details on electronic file submission, see page 3.

and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Velodyne Securities that form the basis of this claim. **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE VELODYNE SECURITIES UPON WHICH THIS CLAIM IS BASED**.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   CLAIM FORM

Use Parts II-III of this form entitled "Schedule of Transactions in Velodyne Common Stock" and "Schedule of Transactions of Velodyne Warrants", respectively, to supply all required details of your transaction(s) in Velodyne Securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to all of your purchases and all of your sales of Velodyne Securities which took place during the period July 2, 2020 through and including March 17, 2021 whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to all of the Velodyne Securities you held at the close of trading on July 1, 2020, July 2, 2020, March 17, 2021, and June 15, 2021. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Velodyne Common Stock or Warrant. The date of a "short sale" is deemed to be the date of sale of Velodyne Common Stock or Warrant.

Copies of broker confirmations or other documentation of your transactions in Velodyne Securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

**NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at [phone number] to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

*Continues on next page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*Moradpour v. Velodyne, Lidar, Inc. et al.*

No. 3:21-CV-01486-SI

PROOF OF CLAIM AND RELEASE FORM

**Must Be Postmarked (if Mailed) or Received (if Filed Electronically)**

**No Later Than: _____, 2024**

<u>Please Type or Print</u>

**PART I:        CLAIMANT IDENTIFICATION**

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                                      State or Province

_____        _____

Zip Code or Postal Code                    Country

_____    _____    Individual

Last 4 digits of Social Security Number or    _____    Corporation/Other
Taxpayer Identification Number

_____    _____

Area Code           Telephone Number (work)

_____    _____

Area Code           Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

**PART II: SCHEDULE OF TRANSACTIONS IN VELODYNE COMMON STOCK**

     A.    Number of shares of Velodyne Common Stock held at the close of trading on July 1, 2020: _____

     B.    Purchases of Velodyne Common Stock (July 2, 2020 – March 17, 2021, inclusive) (excluding commissions, transfer taxes or other fees) [2]:

| Trade Date Month Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:** If any purchase listed covered a "short sale," please mark Yes:  ☐ Yes

     C.    Sales of Velodyne Common Stock (July 2, 2020 – March 17, 2021, inclusive) (excluding commissions, transfer taxes or other fees):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

     D.    Number of shares of Velodyne Common Stock held at the close of trading on:

     July 2, 2020: _____

     March 17, 2021: _____

     June 15, 2021: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

---

[2]    Please note, purchases of Velodyne Common Stock during the 90-day period from March 17, 2021 through June 15, 2021, inclusive, will be used to balance your claim only.

**PART III:      SCHEDULE OF TRANSACTIONS IN VELODYNE WARRANTS**

    A.      Number of Velodyne Warrants held at the close of trading on July 1, 2020: _____

    B.      Purchases of Velodyne Warrants (July 2, 2020 – March 17, 2021, inclusive) (excluding commissions, transfer taxes or other fees):

| Trade Date Month Day Year | Number of Call Options Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

    C.      Sales Velodyne Warrants (July 2, 2020 – March 17, 2021, inclusive):

| Trade Date Month Day Year | Number of Call Options Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

    D.      Number of Velodyne Warrants held at the close of trading on:

    July 2, 2020: _____

    March 17, 2021: _____

    June 15, 2021: _____

    If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**IMPORTANT**: Be sure to attach the required documentation. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

**YOU MUST READ AND SIGN THE RELEASE ON PAGES 7-10. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.      SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Velodyne Securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of Velodyne Securities during the Class Period and know of no other person having done so on my (our) behalf.

**V.      RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Defendant Parties," defined as Defendants, any person named as a defendant at any time in the Litigation (or named as a defendant in any of the actions consolidated in the Litigation), and each of their respective present and former parents, subsidiaries, division, departments, affiliates, officers, directors, partners, principals, employees, contractors, administrators, auditors, agents, attorneys, accountants, advisors, predecessors, successors, assigns, insurers, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Defendant Parties who is an individual, as well as any trust of which any of the Released Defendant Parties is the settlor or which is for the benefit of any of their immediate family members.

2.      "Released Claims" means any and all claims (including "Unknown Claims" as defined below), rights, demands, obligations, damages, actions, suits, matters, issues, causes of action, or liabilities whatsoever, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description, whether known or unknown, whether arising under federal, state, local, common or foreign law or any other law, rule, or regulation, that arise out of or relate in any way, in whole or in part, directly or indirectly, to (a) the purchase, acquisition, disposition,

or sale of Velodyne Securities during the Class Period and (b) the acts, facts, transactions, events, occurrences, statements, disclosures, representations, filings, publications, disseminations, press releases, presentations, omissions, or failures to act that were, could have been, or could in the future be alleged or asserted by Lead Plaintiff or any member of the Class (i) in the Litigation or (ii) in any other action in any court or forum. Released Claims do not include claims asserted on Velodyne's purported behalf in shareholder derivative actions, except that Lead Plaintiff and Lead Counsel agree not to bring, or in any way to cause any other person to bring, any derivative claims in connection with, arising out of, related to, and/or based upon, in whole or in part, directly or indirectly, in any way, any acts, facts, wrongdoing, or any other matter alleged or asserted, or which could have been alleged or asserted, in the Litigation.

3.      "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any member of the Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which if known by him, her or it might have affected his, her or its settlement Released Defendant Parties or might have affected his, her or its decision not to object to the Settlement or not exclude himself, herself, or itself from the Class. Lead Plaintiff and every Class Member expressly waive, and by operation of the Order and Final Judgment shall be deemed to have waived and shall have waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent applicable), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff and each Class Member may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment

shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and every member of the Class by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

4.      This release shall be of no force or effect unless and until the Court approves the Settlement set forth in the Stipulation and it becomes effective on the Effective Date (as defined in the Stipulation).

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Velodyne Securities which are the subject of this claim, which occurred during the Class Period as well as the opening and closing positions in such securities held by me (us) on the dates requested in this claim form.

7.      I (We) hereby warrant and represent that I am (we are) not excluded from the Class, as defined in the Notice.

8.      I (We) am (are) NOT subject to back withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

**NOTE: If the Internal Revenue Service has notified you that you are subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above. The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.**

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release form by the undersigned is true and correct.

Executed this _____ day of _____
                                              (Month/Year)
in _____
            (City)                          (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser, Executor
or Administrator)

**<u>ACCURATE CLAIMS PROCESSING</u>**

**<u>TAKES A SIGNIFICANT AMOUNT OF TIME.</u>**

**<u>THANK YOU FOR YOUR PATIENCE.</u>**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send** originals of certificates.
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ELECTRONICALLY OR, IF MAILED, POSTMARKED NO LATER THAN _____, 2024, ADDRESSED AS FOLLOWS:**

*Moradpour v. Velodyne Lidar, Inc. et al.*

c/o Epiq Class Action and Claims Solutions, Inc.

[PO BOX]

[City, State, Zip Code]

[website]

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| MEYSAM MORADPOUR, et al., | ) | Case No. 3:21-CV-01486-SI |
| | ) | |
| Plaintiffs, | ) | **[PROPOSED] FINAL JUDGMENT AND** |
| | ) | **ORDER OF DISMISSAL WITH PREJUDICE** |
| v. | ) | |
| | ) | **CLASS ACTION** |
| VELODYNE LIDAR, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

WHEREAS, this matter came before the Court for hearing pursuant to this Court's Order Granting Preliminary Approval of Settlement dated _____, 2024 ("Preliminary Approval Order" or "Notice Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated _____, 2024 (the "Stipulation"), and following a hearing on _____, 2024 before this Court to consider the application of the Settling Parties.

WHEREAS, on July 14, 2023, the Court granted Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure for a class the consisting of all Persons who purchased Velodyne publicly traded securities between July 2, 2020 and March 17, 2021, inclusive (ECF No. 193). Excluded from the Class are Defendants and members of their immediate families, the officers and directors of Velodyne, at all relevant times, and members of their immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice sent to potential Class Members. A list of such Persons, if any, who filed timely, completed, and valid requests for exclusion from the Class is attached hereto as Exhibit 1.

WHEREAS, Lead Plaintiff Diane Smith was certified as representative for the Class and Lead Counsel Kahn Swick & Foti, LLC was appointed as class counsel for the Class on July 14, 2023 (ECF No. 193).

WHEREAS, the Court having considered all papers filed and proceedings held herein, and having received declarations attesting to the mailing of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and the publication of the Summary Notice in accordance with the Preliminary Approval Order, and good cause appearing therefore,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that**:

1.      This Order and Final Judgment hereby incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless set forth differently herein.

2.      This Court has jurisdiction over the subject matter of the above-captioned litigation ("Litigation") and over all parties to the Litigation, including Class Members.

3.      The Court hereby finds that the distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances – including individual notice to all Class Members who could be identified through reasonable effort – of those proceedings and of the matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement, including all transactions preparatory and incident thereto, is, in all respects, fair, reasonable, adequate to, and in the best interests of, the Lead Plaintiff, the Class, and each of the Class Members, based on, among other things: (i) the Settlement followed full briefing and oral argument on Defendants' motion to dismiss the complaint; (ii) the Settlement followed completion of substantial fact discovery; (iii) the Settlement resulted from arm's-length negotiations between the Settling Parties and their counsel, including two mediation sessions with the assistance of an experienced, independent third-party mediator (Jed D. Melnick of JAMS); (iv) the amount of the recovery for Class Members being within the range of reasonableness given the strengths and weaknesses of the claims and defenses thereto and the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pretrial, trial and appellate procedures; (v) the Parties have been represented throughout by experienced and competent counsel; and (vi) the recommendation of the Settling Parties. All objections to the proposed Settlement, if any, are overruled in their entirety. The Court further finds that if the Settlement had not been achieved, the Parties faced the expense, risk, and uncertainty of protracted litigation. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

5.     Pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure, all Class Members who have not filed timely, completed, and valid requests for exclusion from the Class are thus Class Members who are bound by this Order and Final Judgment and by the terms of the Stipulation.

6.     Except as to any individual claim of those Persons who validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Released Defendant Parties. Lead Plaintiff and the Class will not make applications against any Released Defendant Parties, and Defendants will not make applications against Released Plaintiff Parties, for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Litigation or to any aspect of the institution, prosecution, or defense of this Litigation.

7.     Upon the Effective Date, each and all of the Class Members (including Lead Plaintiff) and anyone claiming through or on behalf of any of them, and Plaintiff's Counsel shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against all Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Released Defendant Parties, regardless of whether such Class Member executed and delivered a Proof of Claim and Release form, and whether or not such Class Member shares in the Settlement Fund. All S Class Members (including Lead Plaintiff) are bound by ¶ 5.1 of the Stipulation and are hereby forever barred and enjoined from taking any action in violation of that provision.

8.     Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Released Plaintiff Parties from all Settled Defendants' Claims, and shall be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or

continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Settled Defendants' Claims against Released Plaintiff Parties. Each of the Defendants are bound by ¶ 5.2 of the Stipulation and are hereby forever barred and enjoined from taking any action in violation of that provision.

9.      The terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, including that any Person is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Released Claims against any of the Released Persons, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Litigation or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere. This bar order shall be the broadest permitted under 15 U.S.C. § 78u-4(f)(7) but shall not release or bar any claim by Defendants for insurance coverage, any claims that the Individual Defendants may have for indemnification or advancement against the Company or any of its successors and/or affiliates, or the claims identified in ¶¶ 1.21 and 4.2 of the Stipulation.

10.      Neither the Plan of Allocation submitted by Lead Counsel nor any ruling the Court may make regarding the Fee and Expense Application shall in any way disturb or affect the finality of any other portion of this Order and Final Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Order and Final Judgment.

11.      Neither this Order and Final Judgment, the Stipulation, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Litigation, the deficiency of any defense that has been or could have been asserted in the Litigation, any damages allegedly suffered by Lead Plaintiff, the Class, or anyone else, or of any alleged wrongdoing, liability,

negligence, or fault of any Released Defendant Parties; or (ii) is or may be deemed to be or may be used as an admission, concession or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Released Defendant Parties in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body; or (iii) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Any Released Person may file the Stipulation and/or the Order and Final Judgment in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

12. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement; (ii) disposition of the Settlement Fund; (iii) all Parties hereto for the purpose of construing, enforcing, and administering the Stipulation and this Order and Final Judgment; and (iv) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

13. After completion of the processing of all claims by the Claims Administrator, the Escrow Agent shall disburse the Net Settlement Fund in accordance with the Stipulation and Plan of Allocation without further order of this Court.

14. The Court finds that, during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them: (a) that Lead Counsel would seek an award of attorneys' fees of up to 28% of the Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of the Litigation not to exceed $315,000; and (b) that Class Members had a right to object to such application(s). A full and

fair opportunity was given to all Persons who are Class Members to be heard with respect to the application for the award of attorneys' fees and expenses. The Court finds and concludes that the requested fee award is reasonable and awards attorneys' fees of _____% percent of the Settlement Fund, plus reimbursement of expenses in the amount of $_____, which includes reimbursement to Lead Plaintiff pursuant to 15 U.S.C §78u-4(a)(4), both to be paid from the Settlement Fund pursuant to the terms of the Stipulation within five (5) business days after entry of this Order.

16. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice sent to Class Members, provides a fair and reasonable basis upon which to allocate among Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

17. The Court hereby dismisses with prejudice this Litigation in its entirety and all Released Claims against each and all Released Persons without costs as to any of the Settling Parties as against the others.

18. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered, and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation, and each of the Parties shall be restored to his, her or its respective litigation positions as of January 19, 2024 in accordance with ¶ 8.7 of the Stipulation.

19.     This Order and Final Judgment is a final judgment in the Litigation as to all claims asserted. The Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of this Order and Final Judgment and expressly directs immediate entry of judgment by the Clerk of the Court as set forth herein.

IT IS SO ORDERED.

DATED: _____     _____

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE