UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MEYSAM MORADPOUR, et al., | Case No. 3:21-CV-01486-SI |
| Plaintiffs, | [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT |
| v. | Dkt. 220 |
| VELODYNE LIDAR, INC., et al., | **CLASS ACTION** |
| Defendants. | |

1    WHEREAS, this consolidated class action (the "Litigation") comes before the Court on Lead
2 Plaintiff's Unopposed Motion for Preliminary Approval of Settlement ("Motion") and on the
3 Stipulation of Settlement dated March 6, 2024 (the "Stipulation") entered into by and among the
4 following Settling Parties to the Litigation: (i) Lead Plaintiff Diane Smith (on behalf of herself and
5 each of the Class Members), by and through her counsel of record in the Litigation; and (ii) Defendants
6 Anand Gopalan, Michael Dee, James Graf, and Andrew Hamer (the "Individual Defendants") and
7 Defendant Velodyne Lidar, Inc. ("Velodyne" or the "Company") (together with the Individual
8 Defendants, "Defendants") (together with Lead Plaintiff, "the Parties"), by and through their counsel
9 of record. The Stipulation is subject to review under Rule 23 of the Federal Rules of Civil Procedure
10 ("Rule 23"). Together with the exhibits attached thereto, the Stipulation sets forth the terms and
11 conditions for the proposed settlement of the claims alleged in the Consolidated Amended Class Action
12 Complaint for Violation of Federal Securities Laws filed with the Court on February 11, 2022 (ECF
13 No. 99); and

14    WHEREAS, on July 14, 2023, the Court certified a class pursuant to Rule 23 consisting of all
15 Persons who purchased Velodyne publicly traded securities between July 2, 2020 and March 17, 2021,
16 inclusive. ECF No. 193. Excluded from the Class are Defendants and members of their immediate
17 families, the officers and directors of the Company, at all relevant times, and members of their
18 immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing, and
19 any entity in which Defendants have or had a controlling interest. Also excluded from the Class are
20 those Persons who timely and validly request exclusion from the Class pursuant to the procedure
21 described in this Notice; and

22    WHEREAS, the July 14, 2023 class certification Order also certified Lead Plaintiff Diane
23 Smith as representative for the Class ("Class Representative"), and appointed Kahn Swick & Foti,
24 LLC as Class Counsel for the Class ("Class Counsel"); and

25    WHEREAS, the Court is familiar with and has reviewed the record in the Litigation, reviewed
26 the Motion and the Stipulation, together with the exhibits attached thereto and incorporated by
27 reference therein, and found good cause for entering the following Order; and

28    **IT IS THEREFORE ORDERED that**:

1. This Order (the "Preliminary Approval Order" or "Notice Order") hereby incorporates by reference the definitions in the Stipulation and all capitalized terms used shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

2. Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

3. The Court preliminarily finds that:(i) the Stipulation is the product of good faith, arm's-length negotiations conducted under the auspices of an independent mediator, Jed D. Melnick of JAMS, who has extensive experience in mediating securities class actions of this type; and (ii) the terms of the proposed Settlement are sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to Settlement Class Members and the scheduling of a Settlement Hearing, as set forth herein. Accordingly, the Court preliminarily approves: (i) the Settlement of the Litigation as set forth in the Stipulation, including the releases contained therein; and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Litigation based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Order.

4. Class Counsel is hereby authorized to retain Epiq Class Action and Claims Solutions, Inc.as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures as well as the processing of claims at a cost that is estimated to be no more than $250,000 as more fully set forth below:

    a. No later than 21 calendar days after entry of this Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form, substantially in the forms attached hereto as Exhibits A-1 and A-3, respectively, to be mailed by first class mail, postage prepaid, to all potential members of the Class who may be identified through

|  |  |
|---|---|
| | reasonable effort, including through the cooperation of Velodyne to provide security holder lists as set forth in the Stipulation; |
| b. | Class Counsel shall cause a summary notice (the "Summary Notice"), substantially in the form attached hereto as Exhibit A-2, to be published in the national edition of *Investor's Business Daily* no later than fourteen (14) calendar days after the Notice Date; |
| c. | Class Counsel shall serve on Defendants' Counsel and file with the Court proof by affidavit or declaration of mailing and publication not later than seven (7) calendar days before the Settlement Hearing, as defined below in ¶ 9 of this Preliminary Approval Order; |

5. Class Counsel shall cause the Notice, the Summary Notice, and the Proof of Claim and Release form to be placed on the Claims Administrator's website, on or before the Notice Date. Pursuant to Paragraph 4.2 of the Stipulation, Defendants shall file proof of compliance with the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. § 1715) with the Court at least thirty-five (35) calendar days prior to Final Approval Hearing.

6. The Court hereby approves the form of Notice and Summary Notice (together, the "Notices") and the Proof of Claim and Release form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in ¶ 4 of this Preliminary Approval Order meet the requirements of Rule 23, the Securities Exchange Act of 1934 and Securities Act of 1933, both of which as amended by the Private Securities Litigation Reform Act of 1995, and the Constitution of the United States, including the requirements of due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

7. The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased certain publicly traded Velodyne Securities for the benefit of another Person during the Class Period. Those brokers and other nominees are directed to either: (i) send the Notice and Proof of Claim and Release form to all such beneficial owners, postmarked within ten (10) calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such beneficial

owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Proof of Claim and Release form to such beneficial owners within ten (10) calendar days after receipt thereof.

8. Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Proof of Claim and Release form to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Proof of Claim and Release form. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with respect to any dispute concerning such compensation.

9. Pursuant to FED. R. CIV. P. 23(e), a hearing (the "Settlement Hearing") shall be held before the Honorable Susan Illston on **August 16, 2024**, at **10:00 a.m.**, in the Phillip Burton Federal Building & United States Courthouse, United States District Court for the Northern District of California or at such other location or *via* telephonic or video appearance as determined by the Court, for the following purposes:

    a. to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interests of the Settlement Class and should be finally approved by the Court;

    b. to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

    c. to determine whether the Order and Final Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered, *inter alia*, dismissing

the Litigation against the Defendants with prejudice and extinguishing and releasing all Released Claims (as defined in the Stipulation);

  d. to consider Class Counsel's Fee and Expense Application;

  e. to consider any application for reimbursement of costs and expenses (including lost wages) by Lead Plaintiff, pursuant to 15 U.S.C § 78u-4(a)(4), in connection with her representation of the Class; and

  f. to rule on such other matters as the Court may deem appropriate.

10.  The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the Fee and Expense Application, or with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

11.  Following the Settlement Hearing, the Court reserves the right to approve the Settlement without modification, or with such modifications as the Settling Parties may agree, without further notice, and to enter its Judgment approving the Settlement and dismissing the Litigation with prejudice, and regardless of whether it has approved the Plan of Allocation or awarded fees and expenses to Class Counsel or Lead Plaintiff.

12.  Any member of the Class who wishes to object to the Settlement must, at least twenty-one (21) calendar days prior to the Settlement Hearing, file with the Court and serve on counsel (listed below) a written statement of objection to the Settlement, the Plan of Allocation, Fee and Expense Application and/or a request for reimbursement of costs and expenses (including lost wages) by Lead Plaintiff in connection with her representation of the Class.

13.  Any member of the Class who timely objects to the Settlement, the Plan of Allocation, Fee and Expense Application, and/or a request for reimbursement of costs and expenses (including lost wages) by Lead Plaintiff in connection with her representation of the Class, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Settlement Hearing and present evidence or argument that may be proper or relevant. They may do so provided that no Person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Court, unless

1  within twenty-one (21) calendar days prior to the Settlement Hearing, such Person files with the Court
2  and serves upon counsel listed below:

  a. a statement of such Person's objections to any matters before the Court concerning the Settlement;

  b. the grounds therefore or the reasons that such Person desires to appear and be heard, as well as all documents or writings such Person desires the Court to consider;

  c. whether that Person intends to present any witnesses; and

  d. proof of the Person's membership in the Class, which proof shall include the Person's purchases/acquisitions/transactions of certain publicly traded Velodyne Securities during the Class Period and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition and sale. Such filings shall be served upon the Court and the following counsel at the following addresses, respectively:

| CLERK'S OFFICE | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| United States District Court for the Northern District of California Clerk's Office 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489 | Ramzi Abadou Kahn Swick & Foti, LLC 1100 Poydras Street, Suite 960 New Orleans, LA 70163 (504) 455-1400 | Kevin P. Muck Wilmer Cutler Pickering Hale and Dorr, LLP One Front Street, Suite 3500, San Francisco, CA 94111 94304-1130 (628) 235-1000 |

Any Person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court. Any papers, in response to any such objections, in further support of the above-noted motions shall be served and filed no later than seven (7) days prior to the Settlement Hearing.

14. All Class Members shall be bound by all determinations and judgments in this Litigation concerning the Settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have previously timely and validly requested exclusion from the Class. The Persons who request exclusion from the Class will be excluded from the Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim and Release forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or Order and Final Judgment, if entered, as to Defendants in the Litigation.

15. Any Person falling within the definition of the Class may upon request be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") at least twenty-one (21) calendar days prior to the date of the Settlement Hearing. To be valid, a Request for Exclusion must state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) the Person's purchases/acquisitions/transactions of Velodyne publicly traded securities during the Class Period and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition, and sale; (iii) a clear and unambiguous statement that the Person wishes to be excluded from the Class; and (iv) must include the Person's signature. No further opportunity to request exclusion will be given in this Litigation. Requests for Exclusion may not be submitted by e-mail, unless otherwise ordered by the Court.

16. Any Class Member who wishes to be eligible to participate in the Net Settlement Fund must timely submit a valid Proof of Claim and Release form to the Claims Administrator, either by mail as indicated below and in the Proof of Claim and Release form or electronically at [website], no later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be extended further by Court order. If the Notice Date is extended by order of the Court, then all Proof of Claim and Release forms must be submitted by the date specified in that order. A Proof of Claim and Release form shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim and Release form. In cases of online submission and all other cases, a Proof of Claim and Release form shall be deemed to have been submitted at the time it is actually received by

the Claims Administrator. To be valid, a Proof of Claim and Release form must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Claim Form; (ii) include the release by the claimant of all Released Persons as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. As part of the Proof of Claim and Release form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to the effectuation of the Settlement reflected in the Stipulation) agree and enter into the release as provided in the Stipulation. All Class Members who do not submit a valid and timely Proof of Claim and Release form shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Proof of Claim and Release form, unless such Persons request exclusion from the Class in a timely and proper manner, as provided herein.

17. If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity. Each party shall be restored *nunc pro tunc* to their respective positions in the Litigation as of January 19, 2024. In such circumstances, each of the Settling Parties shall retain his, her or its currently existing rights in the Litigation, including (but not limited to) any existing rights to seek or to object to the certification of this litigation as a class action under FED. R. CIV. P. 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

18. All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, Lead

Plaintiff, Class Counsel, and all Class Members are barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Released Defendant Parties, as defined in the Stipulation.

19. The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. Class Counsel, or an agent thereof, is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court. The Court authorizes payment out of the Settlement Fund for the Notice and Administration Component in accordance with the Stipulation.

21. The Settling Parties make no concessions or admissions as to the merits of the claims or allegations asserted in the Litigation. Lead Plaintiff continues to assert that the claims and allegations have merit and that she and the Class are entitled to recovery. Defendants continue to deny that the claims and allegations have any merit, deny that they engaged in any wrongdoing or other misconduct, and deny that they have any liability to Lead Plaintiff or members of the Class. This Preliminary Approval Order, the Settlement, the Stipulation, and all negotiations, statements, discussions, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiff, any Defendant or the other Released Persons, any Class Member, or any other Person, of any liability or wrongdoing whatsoever by them, or any of them, and shall not be deemed to create any inference that there is any liability on the part of Lead Plaintiff, any Defendant or the other Released Persons, any Class Member, or any other Person. This Preliminary Approval Order, the Settlement, the Stipulation, and all negotiations,

1  statements, discussions, and proceedings in connection therewith shall not be used, offered or received
2  in evidence or used for any other purpose in this or any other proceeding in any court, administrative
3  agency, arbitration tribunal, or other forum of any kind or character in the United States or any other
4  country (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used
5  in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and
6  shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff,
7  any Class Member, or any other Person, has or has not suffered any damage.

8       22.    All motions and papers in support of the Settlement, the Plan of Allocation, the Fee and Expense Application, and/or a request for reimbursement of costs and expenses (including lost wages) by any Lead Plaintiff in connection with her representation of the Class, shall be filed and served no later than thirty-five (35) calendar days before the date scheduled for the Settlement Hearing, and all reply briefs in support of said motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

14       23.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation. The Court further retains jurisdiction over this Litigation to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Class Members, and may approve the Settlement, with such modifications as may be agreed to by Plaintiff and Defendants, if appropriate, without further notice to the Class.

21      IT IS SO ORDERED.

DATED:    April 23, 2024

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE