The Honorable Susan Illston

Senior Judge of the United States District Court
for the Northern District of California

Dr. Girma Tewolde
9204 Village Woods Ct., Grand Blanc, MI 48439
July 23, 2024

James M. Carter and Judith N. Keep
United States Courthouse
Clerk's Office
450 Golden Gate Avenue
Box 36060
San Francisco, CA 94102-3489

Re: Meysam Moradpour, et al., v. Velodyne
Lidar, Inc. et al., 3:21-cv-01486-SI (N.D. Cal.).

Dear Judge Illston,

My name is Girma Tewolde, and I am a professor of Electrical and Computer Engineering at Kettering University in Flint, Michigan. As an educator, I consider financial literacy to be just as important as conventional literacy, which is why I have placed high importance in teaching myself and my children important aspects, including the stock market.

One of the first stocks that we invested in was that of Velodyne Lidar Inc., an investment (made repeatedly during the period July 2, 2020-March 17, 2021, evidence of which is attached) which has allowed me to become a class member of this suit. I agree wholeheartedly with the concerns brought by the plaintiff concerning Velodyne Lidar and its (mis)management, particularly surrounding the security's overvaluation and management's overemphasizing of the Ford investment, both of which misled us as investors.

However, I write today to express my deep concern about procedural flaws surrounding the distribution of the settlement notice to class members. Sent solely by snail mail and not by any digital means, I only received notice of this class action suit in my mailbox yesterday evening, Monday, July 23. The deadlines to opt out of the settlement, file a complaint with the

court, or request to speak in front of the court are all Friday, July 26. Whatsmore, you may only exercise your right to these actions, seen by plaintiffs as detrimental to their cause (complaints, opt-outs, and requests to speak in front of the court are all because you disagree with the settlement), by mail --- without an online option. This is unlike the form to submit a claim, which can be submitted by mail *and* online.

Furthermore, the settlement notice stipulates that all of these requests must be *received* in mail by the deadline. Not postmarked, but received. This presents a possibility where someone could send their requests to opt-out of the settlement *days* in advance, only to be rejected because of delays in the postal system. In the case that this person had weeks or even months to send in their documentation but waited until the last minute to do so, an unfortunate ending like that is understandable and can be chalked up to procrastination. However, when someone has all of four days, *including* the time for the postal service to deliver the letter cross-country, such an expectation is unacceptable.

This requirement that all requests to opt-out, complain, or speak in front of the court presents an undue burden on claimants, who are expected to write letters, compile forms and evidence of stock transactions, send letters, and have such letters be received on the other side of the country (Michigan to California) all in the span of four days. In my case, I was unable to receive full receipts from by brokerage in such a small time period (there is a waiting period of three business days, by which time the deadline will pass), and because of such I have attached the number of shares/prices/dates and a screenshot from the web application (Fidelity Investments) through which I purchased them. While I understand that this may not be sufficient evidence for opting-out or registering for the settlement, I hope that the court will accept this complaint in light of these heavy burdens.

Usually, this is not a problem. In previous (unrelated) class-action lawsuits that I have been involved in, my experience has been that participants usually have a month to respond or opt themselves out. In this case, the firm responsible for handling the settlement had the foresight to allow an extended deadline (September 11, 2024), for people submitting claims (beneficial to the plaintiffs), a deadline that allows a month and a half for claimants to make submissions from the time that they received the settlement notice (July 22, 2024). Whatsmore, they do not have a requirement that they mail their submissions, instead having the option to submit online! On the other hand, when concerning people submitting complaints, opt-outs, and requests to speak in front of the court, all detrimental to the goal of the plaintiffs, the firm responsible for handling the settlement showed no such foresight, instead only allowing four days between receipt of settlement notice and deadline for all documents to be received by mail (without any online option). Such oversight, from a plaintiff in a class-action lawsuit meant to represent the interest of all claimants, is completely unacceptable, and seems designed to minimize the number of opt-outs, complaints, and requests to speak in front of the court.

If the notice period is to remain as it is now, many class members such as myself will find ourselves unable to voice our opinions to the court or to opt-out of the settlement. This is important because without opting out of the settlement, people will lose their right to sue Velodyne Lidar, Inc. in the future for the same reasons. In this manner, a longer notice period would benefit class members by allowing us to thoroughly consider our options and make calculated decisions on our participation in this lawsuit.

With these blatant procedural flaws in mind, I strongly urge the court to reject the settlement agreement on the basis of providing ample time for class members and potential class members to review the available information and submit forms. It is in the best interests of class

members to have reasonable time and means (online, for example) to submit all claims, opt-outs,

and requests to speak in the court.


Sincerely,


Dr. Girma Tewolde