Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (628) 800-9371
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Class Counsel and Counsel for*
*Class Representative, Diane Smith*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MEYSAM MORADPOUR, et al., ) | Case No. 3:21-CV-01486-SI |
| ) | |
| Plaintiffs, ) | **CLASS REPRESENTATIVE DIANE** |
| ) | **SMITH'S REPLY IN FURTHER SUPPORT** |
| v. ) | **OF MOTIONS FOR: (i) FINAL APPROVAL** |
| ) | **OF PROPOSED CLASS ACTION** |
| ) | **SETTLEMENT AND (ii) AWARD OF** |
| VELODYNE LIDAR, INC., et al., ) | **ATTORNEYS' FEES, LITIGATION** |
| ) | **EXPENSES, AND LEAD PLAINTIFF** |
| Defendants. ) | **REIMBURSEMENT** |
| ) | |
| ) | **CLASS ACTION** |
| ) | |
| ) | Judge:      Hon. Susan Illston |
| ) | Date:       August 16, 2024 |
| ) | Time:       10:00 a.m. |
| ) | Courtroom:  1 – 17th Floor |
| ) | |

REPLY IFSO FINAL APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT & ATTORNEYS'
FEES, LITIGATION EXPENSES, & PLAINTIFF
REIMBURSEMENT

CASE NO. 3:21-CV-01486-SI

## I.    INTRODUCTION

Lead Plaintiff and Class Representative Diane Smith (hereinafter "Lead Plaintiff") respectfully submits this Reply Memorandum in Further Support of: (i) Lead Plaintiff's Motion for Final Approval of the Proposed Class Action Settlement (ECF No. 230); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees, Litigation Expenses, and Lead Plaintiff Reimbursement (ECF No. 231) (together, the "Motions"), which the Court preliminarily approved on April 23, 2024 (the "Preliminary Approval Order").[1] *See* ECF No. 227.

Lead Plaintiff is pleased to advise the Court that there has been near unanimous approval from the Class to the proposed $27,500,000 Settlement, Plan of Allocation, fee and expense application and Lead Plaintiff's service award. In fact, there have been no objections to the Plan of Allocation, Fee and Expense Application or Lead Plaintiff's service award. *See Allagas v. BP Solar Int'l, Inc.*, 2016 U.S. Dist. LEXIS 187785, at *4 (N.D. Cal. 2016) ("it is notable that no Class Member objected to the . . . requested fees, costs, and service awards.") (Illston, J.). As described in the accompanying Supplemental Declaration of Cameron R. Azari, Esq. Regarding Compliance with Notice Requirements in Support of Plaintiff's Motion for Final Approval of Class Action Settlement ("Supp. Azari Decl.") and prior Azari Declaration (ECF No. 230-2, at ¶ 14), notice of the Settlement was sent to more than 227,489 potential Class Members and their nominees. Class Members continue to submit claims by mail and online, and the Claims Administrator has received 1,404 proofs of claim as of August 7, 2024. Suppl. Azari Decl. at ¶ 18.

In accordance with the Preliminary Approval Order, Notice of the Settlement was published in *Investor's Business Weekly* on May 27, 2024 and posted on the Claims Administrator's case-dedicated website, www.VelodyneSecuritiesLitigation.com, alongside downloadable copies of relevant case documents. *See* ECF No. 230-2 at ¶¶ 16-17. A toll-free telephone number continues to

---

[1]    All capitalized terms not defined herein have the meanings ascribed to them in the Stipulation of Settlement (the "Stipulation"). *See* ECF No. 220-3 at 2-35. The Class was certified by order of the Court dated July 14, 2023. ECF No. 193. The definition of the Class in the Stipulation is consistent with the Court's July 14, 2023 Order. *Id*.

REPLY IFSO FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT & ATTORNEYS' FEES, LITIGATION EXPENSES, & PLAINTIFF REIMBURSEMENT

1

CASE NO. 3:21-CV-01486-SI

accommodate Class Member inquiries. *Id.* at ¶ 18. The deadline for objections was July 26, 2024, and only two objections were received by counsel. *See* Supp. Azari Decl. at ¶ 16.[2] As set forth herein, the two objections should be overruled. This is so particularly given that neither objector responded to Lead Counsel's emails hoping to address their stated concerns. And there is no proof that the writer of one of the letters objecting to the Settlement is even a Class Member. Further, only five requests for exclusion have been submitted. *Id.* at ¶ 16. The Class's overwhelming support demonstrates the fairness, adequacy, and reasonableness of the relief sought by the Motions.

Accordingly, Lead Plaintiff and Lead Counsel respectfully submit that the Settlement, proposed Plan of Allocation, and requested attorneys' fees and reimbursement of expenses are fair, reasonable, adequate, and warrant approval by the Court.

## II.     THE FIVE REQUESTS FOR EXCLUSION DEMONSTRATE THE POSITIVE REACTION OF THE CLASS TO THE SETTLEMENT

At the final approval stage, the Court is "to determine whether the settlement is fundamentally fair to the class[.]" *Larsen v. Trader Joe's Co.*, 2014 U.S. Dist. LEXIS 95538, at *17 (N.D. Cal. 2014); *Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1258 (C.D. Cal. 2016). That there are only five requests for exclusion out of the more than 227,489 Notice Packets mailed demonstrates that the Settlement is fair, reasonable, and adequate. *See Hunt v. Bloom Energy Corp.*, 2024 U.S. Dist. LEXIS 82465, at *18 (N.D. Cal. 2024) ("Only four class members requested exclusion from the settlement"); *In re Splunk Inc. Sec. Litig.*, 2024 U.S. Dist. LEXIS 37635, at *20 (N.D. Cal. 2024) ("only 11 individuals have requested to be excluded from the class."); *McKenzie v. Fed. Express Corp.*, 2012 U.S. Dist. LEXIS 103666, at *18 (C.D. Cal. 2012) ("the reaction of the class weighs in favor of granting final approval" where "only four class members requested to be excluded from the settlement"); *Gong-Chun v. Aetna Inc.*, 2012 U.S. Dist. LEXIS 96828, at *44 (E.D. Cal. 2012) ("less

---

[2]     *See also* Declaration of Ramzi Abadou in Further Support of (i) Lead Plaintiff's Motion for Final Approval of Proposed Class Action Settlement and Plan of Allocation; and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees, Litigation Expenses, and Lead Plaintiff Reimbursement pursuant to 15 U.S.C. § 78u-4(a)(4) ("Abadou Decl.") at ¶ 4, submitted herewith. Since the Settlement Fund was deposited in escrow, it has earned approximately $53,000 in interest. *Id.* at ¶ 3.

REPLY IFSO FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT & ATTORNEYS' FEES, LITIGATION EXPENSES, & PLAINTIFF REIMBURSEMENT

2

CASE NO. 3:21-CV-01486-SI

than two percent of Class Members opted out of the Settlement.").

One request for exclusion is from an early investor in private Velodyne whose preferred shares were converted into shares of publicly-traded Velodyne on September 29, 2020 at $10.25 per share. Supp. Azari Decl., Attachment 1. However, because Velodyne's common stock never traded below $10.93 per share (on March 5, 2021) during the Class Period, this investor did not suffer a recognizable loss and is not a member of the Class. The Court-approved Claims Administrator also received four other opt-outs from: (i) Quanyu Jin; (ii) T. Irene Estes and Charles E. Estes; (iii) Xiamei Chen; and (iv) Joseph Lee. *See Id*. Each of these opt-outs were received after the July 26, 2024 deadline for opting out of the Settlement. *See* ECF No. 227, at ¶ 12. Further, none provided "the Person's purchases/acquisitions/transactions of Velodyne publicly traded securities during the Class Period and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition, and sale" as required by the Preliminary Approval Order and the Class Notice.[3] *See* ECF No. 227, at ¶ 15; ECF No. 220-3, at ¶ 85.

Those four requests for exclusion are therefore invalid and should be rejected. *See Nguyen v. Radient Pharms. Corp.*, 2014 U.S. Dist. LEXIS 63312, at *11 (C.D. Cal. 2014) (denying "procedurally inadequate opt-out request" from potential class member who did not list stock purchases and sales during the class period) (Carter, J.); *In re: Charles Schwab Corp. Sec. Litig.*, 2010 U.S. Dist. LEXIS 60793, at *6-8 (N.D. Cal. 2010) (rejecting untimely opt-out requests in securities class action) (Alsup, J.); *In re Healthsouth Corp. Sec. Litig.*, 334 F. App'x 248, 250 (11th Cir. 2009) (holding that district court did not abuse its discretion by rejecting an untimely opt-out request in securities class action).

### III.   THE TWO OBJECTIONS SHOULD BE OVERRULED

"An objector to a proposed settlement agreement bears the burden of proving any assertions they raise challenging the reasonableness of a class action settlement." *Abadilla v. Precigen, Inc.*, 2023 U.S. Dist. LEXIS 199150, at *39 (N.D. Cal. 2023) (quotations omitted). Here, out of the more than

---

[3]   The opt-out from Ms. Jin did provide a list of purchase and sale prices with dates, but it did not indicate how many shares she purchased or sold.

227,489 Notices mailed to Class Members, only two objections to the Settlement have been received. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) (Conti, J.); *see also Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement with 45 objections out of 90,000 notices sent); *In re Google Location Hist. Litig.*, 2024 U.S. Dist. LEXIS 81673, at *5 (N.D. Cal. 2024) (granting final approval of class action settlement despite receiving one written objection filed on behalf of three objectors) (Davila, J.); *Wong v. Arlo Techs.*, 2021 U.S. Dist. LEXIS 58514, at *29-30 (N.D. Cal. 2021) (granting motion for final approval in securities class action and overruling one objection) (Labson Freeman, J.); *Rieckborn v. Velti PLC*, 2015 U.S. Dist. LEXIS 13542, at *26 (N.D. Cal. 2015) (granting final approval over eight potential class members that objected out of 43,110 notices sent) (Orrick, J.); *In re Apple Inc. Sec. Litig.*, 2011 U.S. Dist. LEXIS 52685, at *10 (N.D. Cal. 2011) (overruling three objections, and holding that "[t]he small number of objections raises a strong presumption that the settlement is favorable to the class.") (Fogel, J.); *Stevens v. Safeway, Inc.*, 2008 U.S. Dist. LEXIS 17119, at *26-27 (C.D. Cal. 2008) (granting final approval after receiving two timely objections out of 4308 notices sent).

Neither objection addresses the Settlement Amount, the Plan of Allocation, Lead Counsel's fee application, or Lead Plaintiff's service award.

### A.    The Bullen Objection

Liz Bullen's objection, which she emailed to Lead Counsel on July 26, 2024, should be overruled for three reasons. ***First,*** the objection is procedurally improper because the Preliminary Approval Order requires an objector to file their objection with the Court and serve it on all counsel.[4] ECF No. 227 at ¶ 13. Here, Ms. Bullen did neither. *See In re Yahoo! Inc. Customer Data Sec. Breach*

---

[4]    Under the Preliminary Approval Order, objectors "must, at least twenty-one (21) calendar days prior to the Settlement Hearing, file with the Court and serve on counsel (listed below) a written statement of objection to the Settlement[.] . . ." ECF No. 227, at ¶ 12. Neither objection conforms with these requirements.

REPLY IFSO FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT & ATTORNEYS' FEES, LITIGATION EXPENSES, & PLAINTIFF REIMBURSEMENT

4

CASE NO. 3:21-CV-01486-SI

*Litig.*, 2020 U.S. Dist. LEXIS 129939, at *62 (N.D. Cal. 2020) ("[t]he Court need not consider these noncompliant objections.") (collecting cases); *Perkins v. LinkedIn Corp.*, 2016 U.S. Dist. LEXIS 18649, at *13 (N.D. Cal. 2016) (court overrule objections "[o]n this basis alone").

**Second,** Ms. Bullen has not provided proof that she is, in fact, a member of the Class. While she claims to have purchased and held 90 shares of Velodyne between July 2, 2020 and June 14, 2021, she provided no proof of those transactions. *See* Abadou Decl., Ex. A. The Preliminary Approval Order required objectors to provide proof of Class membership, including transactional records. ECF No. 227 at ¶ 13(d). By failing to include such proof, Ms. Bullen has not established standing to object to the Settlement. *Peifa Xu v. Fibrogen, Inc.*, 2024 U.S. Dist. LEXIS 94784, at *5 (N.D. Cal. 2024) (overruling objection because, as here, "[t]he objector did not establish standing as required.").

**Finally,** even if the Court does consider this objection on the merits, it is too vague and generalized to sustain. Specifically, Ms. Bullen has objected—without explanation—to the Release in Section V of the Claim Form, which is customary in securities class actions such as this. *See* Abadou Decl., Ex. A; s*ee also* ECF No. 220-3, at 100. Because Ms. Bullen did not provide the basis of her objection or explain what she found objectionable about the release, Lead Counsel emailed her on July 29, 2024 and offered to discuss her concerns. Abadou Decl., Ex. B. To date, Ms. Bullen has not responded. In any event, courts in this Circuit routinely approve releases nearly identical to the release here. *See Jian Zhou v. Faraday Future Intelligent Elec. Inc.*, 2024 U.S. Dist. LEXIS 54181, at *22-23 (C.D. Cal. 2024) (collecting cases). Accordingly, Ms. Bullen's objection should be overruled.

### B.    The Tewolde Objection

The only other objection by Mr. Tewolde contends that Notice was insufficient because it did not give him sufficient time to either object or opt out of the Settlement. This objection should also be overruled. On July 30, 2024, four days after the July 26, 2024 deadline for objections, Lead Counsel received a letter from Mr. Tewolde, which the Court subsequently docketed. ECF No. 232, at 1. Mr. Tewolde, who lost approximately $104 during the Class Period, objects to the Settlement because he claims he received the Class Notice on July 23, 2024 which, he argues, gave him insufficient time to

REPLY IFSO FINAL APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT & ATTORNEYS'
FEES, LITIGATION EXPENSES, & PLAINTIFF
REIMBURSEMENT

5

CASE NO. 3:21-CV-01486-SI

object or opt-out. *See id*. In response, Lead Counsel immediately contacted Mr. Tewolde *via* email to discuss his request to opt-out, object and/or file a claim. He never responded.[5] Abadou Decl. Ex. C. It appears that Mr. Tewolde incorrectly assumed that all potential claimants received the Class Notice simultaneously. Not so, however, as over a thousand proofs of claim have already been filed. Supp. Azari Decl. at ¶ 18.

Furthermore, given that the Claims Administrator has no record of Tewolde as a potential Class Member, this strongly suggests that he received a Class Notice from his broker. Supp. Azari Decl. at ¶ 7. "Where 'brokerages, banks and institutions [hold] shares in their street names for the beneficial owners,' delays in dissemination of class notice may result." *Hefler v. Wells Fargo & Co.*, 2018 U.S. Dist. LEXIS 213045, at *29 (N.D. Cal. 2018) (quoting *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993)). "Nonetheless, adequacy of notice does not turn on 'whether some individual shareholders got adequate notice, but whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement.'" *Id.* (quoting *Torrisi*, 8 F.3d at 1375).

Indeed, the Ninth Circuit holds that, even when a putative class member receives notice after the deadline to opt out or object, the notice program does not violate Federal Rule of Civil Procedure 23(c)(2) as long as it was "'the best notice practicable under the circumstances.'" *Torrisi*, 8 F.3d at 1374 (quoting FED. R. CIV. P. 23(c)(2)); *see also Silber v. Mabon*, 18 F.3d 1449, 1452-54 (9th Cir. 1994) (finding that best notice practicable had been given even though individual shareholders did not receive notice from nominee until after opt-out deadline). Here, Epiq executed the Notice Program as approved by this Court. Supp. Azari Decl. at ¶ 5; ECF No. 227, at ¶ 6. While Mr. Tewolde may not have received Notice until shortly before the deadline to object, this occurrence was beyond Lead Counsel's and Epiq's control, and does not invalidate the Court-approved Notice Program. Notice

---

[5]    Lead Counsel provided Mr. Tewolde with the Velodyne settlement website which provides detailed information on objecting—including appearing at the August 16, 2024 final approval hearing if so chooses.

need not be flawless for every potential Class Member—it must simply be the best practicable under the circumstances. *Mabon*, 18 F.3d at 1452-54. Such is the case here.

Finally, the Court should view Mr. Tewolde's objection with at least some skepticism given that his loss on purchasing Velodyne securities during the Class Period is $104.51 for the 28 shares he (and other family members) purchased across four accounts. Abadou Decl., Ex. D.[6] These 28 shares pale in comparison to the 109,828,643 shares affected here. *See* Notice, ECF No. 230-2, Attachment 1 at ¶ 3; *see also Hefler*, 2018 U.S. Dist. LEXIS 213045, at *26 (overruling objections in part because "the objectors have alleged ownership of a combined 452 shares, as compared to 1.1 billion shares affected."); *Destefano v. Zynga, Inc.*, 2016 U.S. Dist. LEXIS 17196, at *47 (N.D. Cal. 2016) (collecting cases and holding that "a low number of exclusions representing a small fraction of shares in the public float also supports the reasonableness of a securities class action settlement.") (Whyte, J.).

And they also pale in comparison to the over $3,000,000 loss suffered on 375,678 shares purchased by Lead Plaintiff who strongly endorses the Settlement. *See* ECF No. 45-2, at 3; Smith Decl., ECF No. 230-3, at ¶ 21 ("*I strongly endorse final approval of the Settlement by the Court.*") (emphasis added); *see also In re Apollo Grp. Sec. Litig.*, 2012 U.S. Dist. LEXIS 55622, at *10 (D. Ariz. 2012) ("The Class Representatives, who have a substantial understanding and experience with this action and the settlement, have voiced their support for the settlement."). Lead Plaintiff, who actively monitored this Action since its onset, fully supports the Settlement. ECF No. 230-3, at ¶¶ 3-21. "[T]he representatives' views . . . may be entitled to special weight because the representatives may have a better understanding of the case than most members of the class." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004). That is clearly the case here.

---

[6] Mr. Tewolde's physical mailing to Lead Counsel included a handwritten note directing the undersigned to a file-sharing website where his brokerage statements were available for download. Lead Plaintiff has not filed them here because they contained personal identifying information but is prepared to submit them *in camera*, if the Court wishes to review them and verify the estimated loss.

REPLY IFSO FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT & ATTORNEYS' FEES, LITIGATION EXPENSES, & PLAINTIFF REIMBURSEMENT — 7 — CASE NO. 3:21-CV-01486-SI

## IV.    CONCLUSION

For these reasons, those set forth in the previously submitted memoranda (ECF Nos. 230 and 231), and the entire record herein, Lead Plaintiff and Lead Counsel respectfully request that the Court: (i) approve the Settlement and proposed Plan of Allocation as fair, reasonable, adequate, and in the best interests of the Class; (ii) grant an award of attorneys' fees in the amount of 28% of the Settlement Fund ($7,700,000.00); (iii) approve Lead Counsel's expenses request in the amount of $314,393.56; and (iv) approve Lead Plaintiff's request for a service award in the amount of $20,000.00.

Dated: August 9, 2024

Respectfully submitted,

**KAHN SWICK & FOTI, LLP**

By: _s/ Ramzi Abadou_
Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (628) 800-9371
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

Alexander L. Burns
(admitted *pro hac vice*)
James T. Fetter
(admitted *pro hac vice*)
Alexandra Pratt
(admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 960
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
alexander.burns@ksfcounsel.com
james.fetter@ksfcounsel.com
alexandra.pratt@ksfcounsel.com

*Class Counsel and Counsel for*
*Class Representative, Diane Smith*

REPLY IFSO FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT & ATTORNEYS' FEES, LITIGATION EXPENSES, & PLAINTIFF REIMBURSEMENT

8

CASE NO. 3:21-CV-01486-SI

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Ramzi Abadou*
RAMZI ABADOU

## Mailing Information for a Case 3:21-cv-01486-SI Moradpour v. Velodyne Lidar, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **William Zachary Brenc**
  william.brenc@wilmerhale.com,william-brenc-3258@ecf.pacerpro.com,barbara.palomo@wilmerhale.com,whdocketing@wilmerhale.com

- **Alexander Louis Burns**
  alexander.burns@ksfcounsel.com

- **Robert Donoghue**
  robert.donoghue@wilmerhale.com

- **James Thomas Fetter**
  james.fetter@ksfcounsel.com

- **Noah Stephen Guiney**
  noah.guiney@wilmerhale.com,whdocketing@wilmerhale.com

- **Tamar Kaplan-Marans**
  tamar.kaplan-marans@wilmerhale.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Sarah E. Maciel**
  Sarah.Maciel@wilmerhale.com

- **Kevin Peter Muck**
  Kevin.Muck@wilmerhale.com,linda.burch@wilmerhale.com,whdocketing@wilmerhale.com,lindy.patrick@wilmerhale.com

- **Susan Samuels Muck**
  susan.muck@wilmerhale.com,whdocketing@wilmerhale.com,susan-muck-3159@ecf.pacerpro.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,tsayre@pomlaw.com,egoodman@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Ivan Panchenko**
  panchenkoiv@sec.gov

- **Alexandra Pratt**
  alexandra.pratt@ksfcounsel.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Brian Jared Schall**
  brian@schallfirm.com

- **Joshua Aisen Vittor**
  joshua.vittor@wilmerhale.com,whdocketing@wilmerhale.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)