**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

|  |  |  |
|---|---|---|
| MEYSAM MORADPOUR, et al., | ) ) | Case No. 3:21-CV-01486-SI |
| Plaintiffs, | ) ) | **SUPPLEMENTAL DECLARATION OF** |
| | ) | **CAMERON R. AZARI, ESQ. REGARDING** |
| v. | ) | **IMPLEMENTATION AND ADEQUACY OF** |
| | ) | **NOTICE PLAN** |
| VELODYNE LIDAR, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1.    My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.    I am a nationally recognized expert in the field of legal notice and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.    I am a Senior Vice President of Epiq Class Action and Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications; a firm that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.  Hilsoft Notifications is a business unit of Epiq.  References to Epiq in this declaration include Hilsoft Notifications.

SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING
IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

4.    The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq.

## OVERVIEW

5.    This Declaration describes the implementation of the Notice Plan ("Notice Plan") and notices (the "Notice" or "Notices") for *Moradpour v. Velodyne Lidar, Inc., et al.*, Case No.: 3:21-cv-01486, pending in the United States District Court for the Northern District of California.  I previously executed my *Declaration of Cameron R. Azari, Esq., Regarding Notice Plan*, on March 11, 2024, which described the Notice Plan, detailed Hilsoft's class action notice experience, and attached Hilsoft's *curriculum vitae*.  Subsequently, I executed my *Declaration of Cameron R. Azari, Esq. Regarding Implementation and Adequacy of Notice Plan* ("Implementation Declaration") on July 9, 2024, which described the successful implementation of the Notice Program and provided settlement administration statistics.

## NOTICE PLAN METHODOLOGY

6.    As detailed in my Implementation Declaration, the Notice Plan as designed and implemented reached the greatest practicable number of members of the Class with individual notice via mail or email.  The reach was further enhanced by publication of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice") and a settlement website.  In my experience, the Notice Plan was consistent with other court-approved notice plans for securities class action settlements, was the best notice practicable under the circumstances of this case and satisfied the requirements of due process, including its "desire to actually inform" requirement.[1]

---

[1] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . ."); *see also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019) ("To satisfy Rule 23(e)(1), settlement notices must 'present information about a proposed settlement neutrally, simply, and understandably.' 'Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'") (citations omitted); N.D. Cal. Procedural Guidance for Class Action Settlements, Preliminary Approval (3) (articulating best practices and procedures for class notice).

2

SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING
IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

**NOTICE PLAN**

***Individual Notice***

7.     As detailed in my Implementation Declaration, Epiq received data with 355 records for identified members of the Class, from Velodyne Lidar, Inc. ("VLDR") available from or through Velodyne's shareholder lists of persons and entities who purchased or otherwise acquired VLDR common stock between July 2, 2020, and March 17, 2021, inclusive (the "Class Period"). Epiq deduplicated and loaded the unique, identified members of the Class records into its database. These efforts resulted in 137 unique, identified records. Epiq has developed and maintains a proprietary database with names and addresses of the largest and most common nominee holders, which consists of U.S. banks, brokerage firms, and nominees, including national and regional offices of certain nominees (the "Nominee Database"). The Nominee Database was used to provide notice to 981 Nominees included in the Database.

***Individual Notice – Direct Mail***

8.     As detailed in my Implementation Declaration, on May 14, 2024, Epiq sent Notice (Long Form Notice and Claim Form) via United States Postal Service ("USPS") first-class mail to the 137 potential members of the Class identified by VLDR.

9.     As detailed in my Implementation Declaration, on May 14, 2024, Epiq also mailed a Notice to the 981 Nominees listed in Epiq's proprietary Nominee database. In addition to a Notice, a letter was included explaining that if the Nominee had previously submitted names and addresses for potential members of the Class in connection with the Notice Mailing, or had previously requested copies of the Notice in bulk, it did not need to submit that information again unless it had additional names and addresses to provide, or needed a different number of Notices. Nominees or custodians receiving the Notice were directed, within ten (10) calendar days of receipt of the Notice, to either (a) forward copies of the Notice to their beneficial owners or (b) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which case the Claims Administrator will send the Notice promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice to their beneficial owners were directed to send a statement to the

SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING
IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice are available to any record holder requesting such for the purpose of distribution to beneficial owners.

10.    As of August 7, 2024, a total of 227,489 Notices have been disseminated to potential members of the Class by first-class mail by Epiq or sent by Nominees via bulk shipment or email. [2]  As of August 7, 2024, Epiq has logged a total of 2,499 undeliverable Notices, including undeliverable remailed Notices.

11.    Additionally, Notices are mailed to all persons who request one via the toll-free telephone number or by other means.  As of August 7, 2024, four Notices have been mailed as a result of such requests.

### *Publication Notice*

12.    As detailed in my Implementation Declaration, a Summary Notice ("Publication Notice") ran in the May 27, 2024, edition of *Investor's Business Weekly* (*"IBW"*) as a 1/4 page ad unit.

### *Settlement Website*

13.    The settlement website (www.VelodyneSecuritiesLitigation.com) continues to be available 24 hours per day, 7 days per week.  Relevant documents, including the Notice, Summary Notice, Stipulation of Settlement, Preliminary Approval Order, and other case-related documents are available on the settlement website.  The settlement website also includes information for Nominees.  In addition, the website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for how members of the Class could opt-out (request exclusion) from or object to the Settlement prior to the deadlines, contact information for the Claims Administrator, and how to obtain other case-related information.  Members of the Class are able to file a Claim on the settlement website.  As of August 7, 2024, there have been 5,230 unique visitor sessions to the settlement website, and 14,199 web pages have been presented.

### *Toll-Free Telephone Number and Other Contact Information*

14.    The toll-free telephone number (1-877-393-0073) continues to be available for the Settlement.  Callers are able to hear an introductory message, have the option to learn more about the

---

[2] Of the 226,780 Notices, it is my understanding Broadridge sent 103,119 Notices via email rather than first-class mail, which was approved by Class Counsel.  At the time of my Implementation Declaration, it was my understanding that Broadridge would be sending these Notices via first-class mail and that was reported accordingly in my Implementation Declaration.

SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

Settlement in the form of recorded answers to FAQs, and request that a Notice be mailed to them. The automated phone system is available 24 hours per day, 7 days per week. The toll-free telephone number was prominently displayed in all notice documents. As of August 7, 2024, there have been 108 calls to the toll-free telephone number representing 762 minutes of use, and service agents have handled 62 incoming calls representing 595 minutes of use and seven outbound call representing 18 minutes of use.

15.   A postal mailing address and email address were established and continue to be available to allow members of the Class the opportunity to request additional information or ask questions.

### *Requests for Exclusion and Objections*

16.   The deadline to request exclusion from the Settlement or to object to the Settlement was July 26, 2024. As of August 7, 2024, Epiq has received five requests for exclusion. As of August 7, 2024, I am aware of two objections to the Settlement. The Request for Exclusion Report is included as **Attachment 1**.

### *Claim Submissions and Distribution Options*

17.   The Notices provided a detailed summary of the relevant information about the Settlement, including the settlement website address and how members of the Class can file a Claim Form online or by mail prior to the claim filing deadline. With any method of filing a Claim Form, members of the Class will be given a traditional paper check.

18.   The deadline for members of the Class to file a claim is September 11, 2024. As of August 7, 2024, Epiq has received 1,404 Claim Forms (1,157 online and 247 paper). Since the September 11, 2024, claim filing deadline is more than a month away, I expect additional Claim Forms will be filed by members of the Class. As standard practice, Epiq is in the process of conducting a complete review and audit of all Claim Forms received. There is a likelihood that after detailed review, the total number of Claim Forms received will change due to duplicate and denied Claim Forms, and additional Claim Forms filed by the claim filing deadline.

### <u>CONCLUSION</u>

19.   In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and by case

5

SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING
IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

law pertaining to notice.  This framework directs that the notice plan be designed to reach the greatest practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice plan not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way.  All of these requirements were met in this case.

20.    The Notice Plan included individual notice via mail or email to identified members of the Class.  The Notice Plan individual notice efforts reached the greatest practicable number of identified members of the Class.  The reach was further enhanced by a published Summary Notice and a settlement website.  These methods of providing Notice to members of the Class are customary for securities class action settlements.

21.    The Notice Plan for this Settlement provided the best notice practicable under the circumstances, conformed to all aspects of Federal Rules of Civil Procedure Rule 23 regarding notice as well as the N.D. Cal. Procedural Guidance for Class Action Settlements, comported with the guidance for effective notice stated in the Manual for Complex Litigation, Fourth and applicable FJC materials, and satisfied the requirements of due process, including its "desire to actually inform" requirement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed August 9, 2024.

_____
Cameron R. Azari, Esq.

SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING
IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

# Attachment 1



**Request for Exclusion Report**
*Moradpour v Velodyne Lidar Settlement*

| Number | Name |
|--------|------|
| 1 | Nikon |
| 2 | Quanyu Jin |
| 3 | T. Irene Estes & Charles Estes |
| 4 | Xiamei Chen |
| 5 | Joseph K. Lee |