# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

MEYSAM MORADPOUR, et al.,

          Plaintiffs,

          v.

VELODYNE LIDAR, INC., et al.,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:21-CV-01486-SI

**[PROPOSED] ORDER GRANTING LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND LEAD PLAINTIFF REIMBURSEMENT**

**<u>CLASS ACTION</u>**

[PROPOSED] ORDER GRANTING LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND LEAD PLAINTIFF'S REIMBURSEMENT OF REASONABLE COSTS

CASE NO. 3:21-CV-01486-SI

This matter came for hearing on August 16, 2024 (the "Settlement Hearing") on Lead Counsel's Motion for an Award of Attorneys' Fees, Litigation Expenses, and Lead Plaintiff Reimbursement in the above-captioned class action ("Action"). The Court, having considered all papers filed and proceedings conducted herein, and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated March 5, 2024 (ECF No. 220-3) ("Stipulation"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action, Lead Plaintiff, all Class Members, and the Defendants.

3. Notice of Lead Counsel's Motion for an Award of Attorneys' Fees, Litigation Expenses, and Reimbursement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the Motion for an Award of Attorneys' Fees, Litigation Expenses, and Reimbursement satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), as amended, and all other applicable laws and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of $7,700,000.00, 28% of the Settlement Fund (including interest earned at the same rate as the Settlement Fund) and $314,393.56 in reimbursement of Lead Counsel's litigation expenses. These attorneys' fees and expenses shall be paid from the Settlement Fund, and the Court finds these sums to be fair and reasonable.

5. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

[PROPOSED] ORDER GRANTING LEAD COUNSEL'S    1    CASE NO. 3:21-CV-01486-SI
MOTION FOR AN AWARD OF ATTORNEYS' FEES,
LITIGATION EXPENSES, AND LEAD PLAINTIFF'S
REIMBURSEMENT OF REASONABLE COSTS

(a)    The Settlement has created a fund of $ 27,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b)    The fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff, who oversaw the prosecution and resolution of the Action;

(c)    An aggregate of 227,489 copies of the Notice were mailed to potential Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 28% of the Settlement Fund, and Litigation Expenses in an amount not to exceed $315,000, which amount may include a request for reimbursement to Lead Plaintiff and her husband in an amount not to exceed $20,000. No objections to the requested attorneys' fees, litigation expenses, or service award were submitted.

(d)    Lead Counsel has conducted the litigation and achieved the Settlement with skillful and diligent advocacy;

(e)    The Action raised a number of complex issues;

(f)    Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Class may have recovered less or nothing from Defendants;

(g)    Lead Counsel devoted more than 10,900 hours, with a lodestar value of $6,800,000, to achieve the Settlement; and

(h)    The amount of attorneys' fees awarded and litigation expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.    Lead Plaintiff Diane Smith is hereby awarded a total of $20,000 from the Settlement Fund as reimbursement for their representation of the Class. The Notice stated that Lead Plaintiff would seek a payment not to exceed $20,000 for her time and expenses incurred in representing the Class. No objections to the requested reimbursement were submitted.

7.    Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.    Exclusive jurisdiction is hereby retained over Lead Plaintiff, Defendants, and the Class Members for all matters related to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

[PROPOSED] ORDER GRANTING LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND LEAD PLAINTIFF'S REIMBURSEMENT OF REASONABLE COSTS
CASE NO. 3:21-CV-01486-SI

9.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.      There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED**.

This _____ day of _____, 2024.

_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

[PROPOSED] ORDER GRANTING LEAD COUNSEL'S    3    CASE NO. 3:21-CV-01486-SI
MOTION FOR AN AWARD OF ATTORNEYS' FEES,
LITIGATION EXPENSES, AND LEAD PLAINTIFF'S
REIMBURSEMENT OF REASONABLE COSTS