1
2
3
4
5
6
7
8  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**
9  **SAN FRANCISCO DIVISION**
10

11 | MEYSAM MORADPOUR, et al.,           )  Case No. 3:21-CV-01486-SI
                                        )
12 |                       Plaintiffs,  )  **FINAL JUDGMENT AND ORDER OF**
                                        )  **DISMISSAL WITH PREJUDICE**
13 |              v.                    )
                                        )  <u>**CLASS ACTION**</u>
14 | VELODYNE LIDAR, INC., et al.,      )
                                        )
15 |                       Defendants.  )
                                        )
16                                      )
                                        )
17                                      )
                                        )
18                                      )

19
20
21
22
23
24
25
26
27
28

WHEREAS, this matter came before the Court for hearing pursuant to this Court's Order Granting Preliminary Approval of Settlement dated April 23, 2024 ("Preliminary Approval Order" or "Notice Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated March 6, 2024 (the "Stipulation"), and following a hearing on August 16, 2024 before this Court to consider the application of the Settling Parties.

WHEREAS, on July 14, 2023, the Court granted Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure for a class the consisting of all Persons who purchased Velodyne publicly traded securities between July 2, 2020 and March 17, 2021, inclusive (ECF No. 193). Excluded from the Class are Defendants and members of their immediate families, the officers and directors of Velodyne, at all relevant times, and members of their immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice sent to potential Class Members. A list of such Persons, if any, who filed timely, completed, and valid requests for exclusion from the Class is attached hereto as Exhibit 1.

WHEREAS, Lead Plaintiff Diane Smith was certified as representative for the Class and Lead Counsel Kahn Swick & Foti, LLC was appointed as class counsel for the Class on July 14, 2023 (ECF No. 193).

WHEREAS, the Court having considered all papers filed and proceedings held herein, and having received declarations attesting to the mailing of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and the publication of the Summary Notice in accordance with the Preliminary Approval Order, and good cause appearing therefore,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that**:

1. This Order and Final Judgment hereby incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless set forth differently herein.

2. This Court has jurisdiction over the subject matter of the above-captioned litigation ("Litigation") and over all parties to the Litigation, including Class Members.

3. The Court hereby finds that the distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances – including individual notice to all Class Members who could be identified through reasonable effort – of those proceedings and of the matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement, including all transactions preparatory and incident thereto, is, in all respects, fair, reasonable, adequate to, and in the best interests of, the Lead Plaintiff, the Class, and each of the Class Members, based on, among other things: (i) the Settlement followed full briefing and oral argument on Defendants' motion to dismiss the complaint; (ii) the Settlement followed completion of substantial fact discovery; (iii) the Settlement resulted from arm's-length negotiations between the Settling Parties and their counsel, including two mediation sessions with the assistance of an experienced, independent third-party mediator (Jed D. Melnick of JAMS); (iv) the amount of the recovery for Class Members being within the range of reasonableness given the strengths and weaknesses of the claims and defenses thereto and the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pretrial, trial and appellate procedures; (v) the Parties have been represented throughout by experienced and competent counsel; and (vi) the recommendation of the Settling Parties. All objections to the proposed Settlement, if any, are overruled in their entirety. The Court further finds that if the Settlement had not been achieved, the Parties faced the expense, risk, and uncertainty of protracted litigation. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

5.	Pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure, all Class Members who have not filed timely, completed, and valid requests for exclusion from the Class are thus Class Members who are bound by this Order and Final Judgment and by the terms of the Stipulation.

6.	Except as to any individual claim of those Persons who validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Released Defendant Parties. Lead Plaintiff and the Class will not make applications against any Released Defendant Parties, and Defendants will not make applications against Released Plaintiff Parties, for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Litigation or to any aspect of the institution, prosecution, or defense of this Litigation.

7.	Upon the Effective Date, each and all of the Class Members (including Lead Plaintiff) and anyone claiming through or on behalf of any of them, and Plaintiff's Counsel shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against all Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Released Defendant Parties, regardless of whether such Class Member executed and delivered a Proof of Claim and Release form, and whether or not such Class Member shares in the Settlement Fund. All S Class Members (including Lead Plaintiff) are bound by ¶ 5.1 of the Stipulation and are hereby forever barred and enjoined from taking any action in violation of that provision.

8.	Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Released Plaintiff Parties from all Settled Defendants' Claims, and shall be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or

continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Settled Defendants' Claims against Released Plaintiff Parties. Each of the Defendants are bound by ¶ 5.2 of the Stipulation and are hereby forever barred and enjoined from taking any action in violation of that provision.

9. The terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, including that any Person is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Released Claims against any of the Released Persons, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Litigation or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere. This bar order shall be the broadest permitted under 15 U.S.C. § 78u-4(f)(7) but shall not release or bar any claim by Defendants for insurance coverage, any claims that the Individual Defendants may have for indemnification or advancement against the Company or any of its successors and/or affiliates, or the claims identified in ¶¶ 1.21 and 4.2 of the Stipulation.

10. Neither the Plan of Allocation submitted by Lead Counsel nor any ruling the Court may make regarding the Fee and Expense Application shall in any way disturb or affect the finality of any other portion of this Order and Final Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Order and Final Judgment.

11. Neither this Order and Final Judgment, the Stipulation, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Litigation, the deficiency of any defense that has been or could have been asserted in the Litigation, any damages allegedly suffered by Lead Plaintiff, the Class, or anyone else, or of any alleged wrongdoing, liability,

negligence, or fault of any Released Defendant Parties; or (ii) is or may be deemed to be or may be used as an admission, concession or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Released Defendant Parties in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body; or (iii) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Any Released Person may file the Stipulation and/or the Order and Final Judgment in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

12.   Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement; (ii) disposition of the Settlement Fund; (iii) all Parties hereto for the purpose of construing, enforcing, and administering the Stipulation and this Order and Final Judgment; and (iv) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

13.   After completion of the processing of all claims by the Claims Administrator, the Escrow Agent shall disburse the Net Settlement Fund in accordance with the Stipulation and Plan of Allocation without further order of this Court.

14.   The Court finds that, during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.   Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them: (a) that Lead Counsel would seek an award of attorneys' fees of up to 28% of the Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of the Litigation not to exceed $315,000; and (b) that Class Members had a right to object to such application(s). A full and

1  fair opportunity was given to all Persons who are Class Members to be heard with respect to the
2  application for the award of attorneys' fees and expenses. The Court finds and concludes that the
3  requested fee award is reasonable and awards attorneys' fees of 28% percent of the Settlement Fund,
4  plus reimbursement of expenses in the amount of $334,393.56, which includes $314,393.56 in
5  litigation expenses and a $20,000 reimbursement to Lead Plaintiff pursuant to 15 U.S.C §78u-4(a)(4),
6  both to be paid from the Settlement Fund pursuant to the terms of the Stipulation within five (5)
7  business days after entry of this Order.

8  16.  Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice sent to Class Members, provides a fair and reasonable basis upon which to allocate among Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

18  17.  The Court hereby dismisses with prejudice this Litigation in its entirety and all Released Claims against each and all Released Persons without costs as to any of the Settling Parties as against the others.

21  18.  In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered, and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation, and each of the Parties shall be restored to his, her or its respective litigation positions as of January 19, 2024 in accordance with ¶ 8.7 of the Stipulation.

19.     This Order and Final Judgment is a final judgment in the Litigation as to all claims asserted. The Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of this Order and Final Judgment and expressly directs immediate entry of judgment by the Clerk of the Court as set forth herein.

IT IS SO ORDERED.

DATED:   August 19, 2024

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE